JOHN M. BEGAKIS (Bar No. 278681)
john@altviewlawgroup.com
SHEENA B. TEHRANI (Bar No. 326373)
sheena@altviewlawgroup.com
**ALTVIEW LAW GROUP, LLP**
12100 Wilshire Boulevard, Suite 800
Los Angeles. California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC,
a California limited liability company

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>1. **Declaratory Relief**<br>2. **Breach of Contract** |

COMPLAINT

Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff"), by and through its undersigned counsel of record, hereby alleges the following:

## THE PARTIES

1. Plaintiff TOVE is, and at all relevant times herein alleged was, a limited liability company existing under and by virtue of the laws of the State of California, with its principal place of business located at 2459 W. 208th Street, Suite #101, Torrance, California 90501.

2. Plaintiff is informed and believes and, on the basis of such information and belief, herein alleges that Defendant KOIL CONTENT CREATION PTY LTD. ("NoPixel") is, and at all relevant times herein was, an Australian proprietary limited company, with its principal place of business located at Docklands, Victoria, Australia 3008.

3. Plaintiff is informed and believes and, on the basis of such information and belief, herein alleges that Defendant MITCHELL CLOUT ("Clout") is, and at all relevant times herein was, an individual residing in Victoria, Australia.

4. The true names and capacities of DOES 1 through 25, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names, and when the true names, capacities, and relationships of such defendants are ascertained, Plaintiff will ask leave of this Court to amend Plaintiff's Complaint to assert the same.

5. Plaintiff is informed and believes and, on the basis of such information and belief, herein alleges that each defendant named in this Complaint was, at all times herein mentioned, and now is, the agent and/or employee of each of the other defendants herein, and was at all times acting within the course and scope of said agency and/or employment. When referring to "Defendants" herein, Plaintiff intends to include Defendants NoPixel, Clout, and all other defendants.

///

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' claims under the Declaratory Judgment Act, 28 U.S.C. § 2201, as well as supplemental jurisdiction over all additional non-federal claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because, among other things, Defendants are conducting business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants have caused injury to Plaintiff within the State of California, and in this judicial district.

8. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this Complaint occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. TOVE is a content creation and business management company that employs various individuals in the videogame industry. Specifically, in this instance, TOVE hired Daniel Tracey, a talented software developer and streaming personality professionally known as "DW," to work as Lead Developer for TOVE. Because Mr. Tracey is a foreign national working in the United States ("U.S."), and TOVE is a U.S.-based company, TOVE also sponsored Mr. Tracey's work visa.

10. Pursuant to the terms of Mr. Tracey's employment relationship, whereby Mr. Tracey was compensated well for his services as a software developer, TOVE was permitted to contract with third parties for the services of Mr. Tracey, in exchange for Mr. Tracey's agreement that TOVE would be entitled to receive all compensation paid by any such third parties for Mr. Tracey's services or otherwise.

11. NoPixel operates a videogame server, wherein individuals who play the "open world" videogame entitled "Grand Theft Auto V" (the "Game") can "role-play" with other individuals in a closed Game environment on such server (the "NoPixel Server"). The NoPixel Server is the most successful role-play server of its kind,

boasting tens of thousands of members, and generating millions of dollars a year in revenue by charging an application and membership fee to individuals who wish to gain access to, and role-play in, the Game on the NoPixel Server.

12. In or about early 2020, NoPixel desired to engage Mr. Tracey, in his role as a software developer, to make significant updates to the NoPixel Server (the "Services"). Accordingly, NoPixel contracted with TOVE for the services of Mr. Tracey to render the Services as an independent contractor for NoPixel, in exchange for NoPixel's agreement to pay fifty percent (50%) of Game revenue to TOVE by way of Mr. Tracey (the "Agreement"). At no point during the entirety of such arrangement, however, did Mr. Tracey or anyone for TOVE ever execute anything in writing with anyone for NoPixel setting forth that the contributions stemming from Mr. Tracey's Services were rendered as works-made-for-hire, or were otherwise owned by NoPixel.

13. From in or about early 2020 to in or about December of 2022, Mr. Tracey rendered the Services to NoPixel. In the process of rendering such Services, Mr. Tracey contributed significant creative contributions to both the "front end" visual aesthetics of the Game, and – far more importantly – to the "back end" information management systems that allow the NoPixel Server to function. Specifically, Mr. Tracey designed and created the entire payment processing system utilized by the NoPixel Server, which has facilitated the processing of millions of dollars in payments to Defendants.

14. At all relevant times during Mr. Tracey's engagement with NoPixel, Mr. Tracey also participated in the Game on the NoPixel Server, and was an important character in the role-playing community. Accordingly, Mr. Tacey gained significant notoriety, and therefore revenue, from "streaming" his participation in the Game on the NoPixel Server via the online live streaming platform Twitch. By the end of 2022, Mr. Tracey had amassed nearly 245,000 followers to his Twitch streaming channel as a direct and proximate result of his activities on the NoPixel Server.

15. However, in or about late 2022, a personal dispute developed between

Mr. Tracey and Defendant Clout, NoPixel's founder and owner. Such dispute ultimately culminated, on or about December 27, 2022, in Clout terminating Mr. Tracey's role with NoPixel and, thus, his authority to access to the NoPixel Server.

16. However, Clout never informed TOVE or Tracey of such termination, or subsequent restriction of access to the NoPixel Server.

17. Because Mr. Tracey received no notice of his termination whatsoever, Mr. Tracey subsequently logged onto the NoPixel Server as he normally would – completely unaware that such action could technically constitute unauthorized access to the NoPixel Server.

18. Likely seeing such action as an opportunity to attack Mr. Tracey in connection with their personal dispute, Defendants issued a formal public statement on or about December 28, 2022, whereby Defendants claimed that a "former NoPixel employee" had caused a data breach of the NoPixel Server. Almost immediately thereafter, on or about December 31, 2022, Clout issued a follow-up public statement via Twitch, wherein he identified Mr. Tracey as the "former NoPixel employee."

19. As a result of Defendants' very serious allegations, Mr. Tracey was removed from the NoPixel Server, thereby preventing him from streaming popular Game content and generating revenue to TOVE therefrom.

20. Accordingly, this Complaint necessarily results.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

21. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 20, as though set forth in full herein.

22. An actual controversy has arisen and now exists between TOVE and Defendants regarding the parties' respective rights in and to any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, and all monies generated from the exploitation thereof.

23. TOVE therefore seeks the Court's determination as to whether TOVE is

entitled to assert a joint ownership interest in and to any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, pursuant to the Copyright Act.

24. Accordingly, an actual and justifiable controversy has arisen and now exists between TOVE and Defendants regarding TOVE's claim to joint ownership of any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, and a declaration from this Court is therefore warranted under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., to establish such parties' respective rights and obligations.

## SECOND CAUSE OF ACTION

**(Breach of Contract Against All Defendants)**

25. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 24, as though set forth in full herein.

26. Commencing in or about mid-2021, TOVE and NoPixel entered into the Agreement for the Services of Mr. Tracey, in exchange for NoPixel's agreement to pay 50% of revenue generated from the NoPixel Server.

27. Mr. Tracey provided the Services on behalf of TOVE to Defendants, pursuant to the Agreement. TOVE has therefore performed all terms, conditions, and covenants on its part to be performed pursuant to the Agreement. Notwithstanding the terms thereof, Defendants have materially breached the Agreement in that they have failed and refused, and continue to fail and refuse, to pay TOVE 50% of revenue generated from the NoPixel Server. As a result of Defendants' breach, there is now due, owing and unpaid from Defendants an amount to be determined at trial but exceeding the jurisdictional minimum of this Court, together with interest thereon at the maximum rate allowed by law, for the Services provided by TOVE, via Mr. Tracey, to NoPixel.

28. Since in or about February 2023, demand has been made upon Defendants by TOVE. Defendants have failed and refused to address the delinquent

balance, however, and there is now due, owing, and unpaid from Defendants to TOVE an amount to be determined at trial but exceeding the jurisdictional minimum of this Court, together with interest thereon at the maximum rate allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a declaration of the rights and obligations of Plaintiff and Defendants as it relates to ownership of all copyrights in and to the relevant creative contributions to the development of the NoPixel Server;

2. For an accounting of all revenues pertaining to, and derived from, the NoPixel Server;

3. For general damages in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court;

4. For pre-judgment interest according to proof at trial; and

5. For such other and further relief as this Court deems just and proper.

Dated:  April 10, 2023

Respectfully submitted,

**ALTVIEW LAW GROUP, LLP**

By:   /s/ John Begakis
JOHN M. BEGAKIS
SHEENA B. TEHRANI
*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

COMPLAINT