1  Larry Zerner (SBN 155473)
   Morrison Cooper
2  10900 Wilshire, Suite 930
   Los Angeles, California 90024
3  Telephone: (310) 773-3623
   Email: Larry@MorrisonCooper.com
4
   Attorney for Defendants Mitchell Clout
5  And Koil Content Creation Pty Ltd.

6
                    UNITED STATES DISTRICT COURT
7
                   CENTRAL DISTRICT OF CALIFORNIA
8

9  THAT ONE VIDEO                     )  Case No. 2:23-CV-02687 SVW
   ENTERTAINMENT, LLC, a California   )  (JCx)
10 limited liability company,         )
                                      )  DEFENDANTS' NOTICE OF
11              Plaintiff,            )  MOTION AND MOTION TO
                                      )  DISMISS COMPLAINT;
12      v.                            )  MEMORANDUM OF POINTS
                                      )  AND AUTHORITIES
13 KOIL CONTENT CREATION PTY          )
   LTD., an Australian proprietary    )
14 limited company doing business as  )  HEARING DATE: July 17, 2023
   NOPIXEL; MITCHELL CLOUT, an        )  TIME: 1:30 p.m.
15 individual; and DOES 1-25,         )  COURTROOM 10A
   inclusive,                         )
16                                    )  Action Filed: April 10, 2023
                Defendants.           )  Trial Date: Not Set
17                                    )
                                      )
18                                    )
                                      )
19                                    )
                                      )
20                                    )
                                      )
21                                    )

22
23     TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS

24 OF RECORD:

25
       Please take notice that on July 17, 2023 at 1:30 p.m. or as soon thereafter as
26
   the matter may be heard before the Honorable Stephen V. Wilson, located in
27
   Courtroom 10A, 350 West 1st Street, Los Angeles, CA. 90012, Defendants Koil
28

Content Creation Pty, LTD ("Koil") and Mitchel Clout ("Clout") will move the Court for dismissal of Plaintiff That One Video Entertainment, LLC's ("Plaintiff" or "TOVE") complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Motion is made on the following grounds:

    1. Plaintiff has not stated a claim for declaratory relief in that there is no actual controversy to be adjudicated.

    2. This is not a claim that asks for a remedy expressly granted by the Copyright act, or which requires an interpretation of the Copyright Act, or which federal principles should control the claim.

    3. If the claim for declaratory relief is dismissed, then the claim for breach of contract must also be dismissed because there would no longer be any federal court jurisdiction over the claim.

    4. Even assuming, *arguendo*, that Plaintiff has stated a claim (or claims) against Koil, Plaintiff has not stated any causes of action against Defendant Mitchell Clout in that Plaintiff specifically states in the Complaint that any alleged contract was between Plaintiff and NoPixel (i.e., Koil). Plaintiff does not allege any agreement between Plaintiff and Clout or any copyright ownership by Clout. Accordingly, even if the court finds that Plaintiff has stated a cause of action against Koil, Clout should be dismissed from the Complaint.

    In the alternative, this Court may consider this as a motion for judgment on the pleadings pursuant to FRCP Rule 12(c) and 12(h)(3).

    This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers filed herein, and on such other arguments as may be received by this Court at the hearing of this Motion.

    This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 24, 2023.

Date: June 14, 2023 MORRISON COOPER

By: /s/ Larry Zerner_____
 Larry Zerner
 Attorney for Defendant Koil Content Creation Pty Ltd and Mitchell Clout

## I. INTRODUCTION

Plaintiff has filed what is a fairly basic breach of contract lawsuit against Defendants. However, instead of filing the action in the Los Angeles Superior Court, where it belongs, Plaintiff filed the action in federal court. There is no good reason why the federal court should have jurisdiction over this case. "State courts are fully competent to adjudicate state-law breach of contract claims, even where the underlying contract involves the ownership, assignment, or license of a copyright." *Durgom v. Janowiak* 74 Cal.App.4th 178 (1999).

Moreover, with regard to the declaratory judgment claim, there is no actual controversy that the Plaintiff is seeking to resolve. Plaintiff's claim for declaratory relief is merely seeking an advisory opinion as to whether it is entitled to assert a joint ownership in the "copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server." (Complaint ¶23). Plaintiff does not claim that it is using the copyrights or that Defendants have threated to sue Plaintiff for copyright infringement for this use.

Finally, the Complaint does not state a claim against Mitchell Clout, the owner of NoPixel. The Complaint does not allege that Clout has any ownership interest in the copyrights to the server (he does not), nor does the Complaint allege that Clout is a party to the alleged contract between TOVE and NoPixel.

For these reasons, the complaint should be dismissed, and the Plaintiff should be instructed to file its claims in the Superior Court.

## II. FACTUAL BACKGROUND

The Complaint alleges, in pertinent part, as follows:

a. Plaintiff TOVE is a California limited liability company, located in Torrance, California. (¶1).

b. Defendant Koil (aka NoPixel) is an Australian proprietary limited company located in Victoria, Australia. (¶2)

- 1 –

Reply Brief Re Motion to Dismiss

      c.      Defendant Mitchell Clout lives in Australia and is the owner of NoPixel. (¶3 & 15).

      d.      At some unstated point in time, TOVE hired a software developer named Daniel Tracey as its lead developer. (¶9).

      e.      TOVE was permitted to contract with third parties for Tracey's service in exchange for Tracey's agreement that TOVE would be entitled to receive all compensation by any such third parties for Tracey's services. (¶10).

      f.      NoPixel operates a very successful role-play server for the game "Grand Theft Auto V" which generates millions of dollars a year in revenue by charging an application and membership fee to individuals who wish to play the game on the server (¶11).

      g.      In either early 2020 or mid-2021, TOVE and NoPixel entered into an agreement for Tracey's services and that NoPixel agreed to pay 50% of the game revenue to TOVE by way of Tracey. (¶12 and ¶26).[1] [2]

      h.      From about early 2020 to about December 2022, Tracey rendered services to NoPixel. (¶13).

      i.      On or about December 27, 2022, Clout terminated Tracey's role with NoPixel (¶15).

---

[1] In ¶12, Plaintiff states the alleged agreement was entered into in early 2020, but in Paragraph 26, Plaintiff states the Agreement was in Mid-2021. Plaintiff does not state whether this alleged Agreement was oral or written. Nor does Plaintiff allege for what period of time NoPixel allegedly agreed to pay TOVE 50% of its revenue. Or for what period of time NoPixel was required to use Tracey's services.

[2] Nowhere in the Complaint does Plaintiff allege that TOVE entered into an agreement with Clout.

  j. Defendants have breached the agreement by failing and refusing to pay 50% of the revenue generated from the NoPixel server. (¶27).

  k. An actual controversy has arisen between TOVE and Defendants regarding the parties' respective rights in and to any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, and the monies generated from the exploitation thereof. (¶22).

## III. THE COURT SHOULD DISMISS THE FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT BECAUSE THERE IS NO ACTUAL CONTROVERSY.

The Declaratory Judgment Act requires an actual controversy before a plaintiff can seek declaratory relief. 28 U.S.C.S. § 2201(a). *Di Angelo Publs., Inc. v. Kelley* 9 F.4th 256, 257 (5th Cir. 2021). Here, other than the breach of contract covered in the second cause of action, there is no separate controversy that the court is being asked to resolve.

Plaintiff merely makes a conclusionary statement that an actual controversy has arisen between the parties but gives no details as to what that controversy is. Plaintiff does not allege that it is using any code developed by Tracey, nor does it allege that Defendant has made any threat to Plaintiff to sue it for copyright infringement.

As pled, the Complaint merely asks the court to provide an advisory opinion as to the parties' respective rights to the copyrights derived from Tracey's work on the server (Complaint ¶22).

The Supreme Court held the following as to the standard required to bring an action for declaratory judgment.

> "Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a

conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (Citation Omitted). In Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941), we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*MedImmune, Inc. v. Genentech, Inc.* 549 U.S. 118, 127, 127 S.Ct. 764, 771 (2007).

In order to properly plead a cause of action for declaratory relief, "the defendant's actions must have caused the plaintiff to harbor a 'real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product.'"

*Royal Palm Filmworks, Inc. v. Fifty-Six Hope Rd. Music, Ltd.,* 2017 U.S. Dist. LEXIS 208539, *9 (C.D. Cal. 2015).

As Plaintiff failed to plead that an actual controversy exists between the parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," or that it has a real apprehension of liability, the first cause of action should be dismissed.

## IV. THE FACT THAT THE CASE HAS SOME TIES TO COPYRIGHT LAW IS NOT SUFFICIENT GROUNDS TO JUSTIFY FEDERAL COURT JURISDICTION.

Plaintiff will probably argue that the Federal Court should retain jurisdiction because this case is tangentially related to a copyright dispute. But just having a copyright element in the case is not sufficient reason to retain federal jurisdiction.

"State courts are fully competent to adjudicate state-law breach of contract claims, even where the underlying contract involves the ownership, assignment, or license of a copyright . . ." *Durgom v. Janowiak* 74 Cal.App.4th 178, 180 (1999).

Just because Plaintiff has asserted that the contract dispute has some relationship to copyright does not provide the federal court with jurisdiction.

"[T]he word 'copyright ' is not so compelling as to invoke federal jurisdiction upon its mere mention." (Citation omitted) For instance, federal courts do not have jurisdiction over a suit on a contract simply because a copyright is the subject matter of the contract. *T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 826 (2d Cir. 1964), cert. denied, 381 U.S. 915, 14 L. Ed. 2d 435, 85 S. Ct. 1534 (1965); *Wells v. Universal Pictures Co.*, 166 F.2d 690, 691 (2d Cir. 1948); *Stepdesign, Inc. v. Research Media, Inc.*, 442 F. Supp. 32, 33 (S.D.N.Y. 1977); *Muse*, 212 F. Supp. at 316; 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3582 (1975).

*Topolos v. Caldewey,* 698 F.2d 991, 993 (9th Cir. 1983).

Here, the mere fact that Plaintiff has pled a breach of contract claim that involves a copyright is not sufficient to invoke Federal Court jurisdiction. Accordingly, the court should dismiss the first cause of action for declaratory relief.

Or course, if the court agrees and dismisses the first cause of action, then the entire case should be dismissed because Plaintiff's is only bringing the breach of contract claim under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367. If the first cause of action is dismissed, the court no longer has supplemental jurisdiction over the breach of contract cause of action.

## V. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANT MITCHELL CLOUT.

Even if the Court were to decide that the complaint stated a valid cause of action for declaratory relief, Defendant Clout should be dismissed because in no event does the complaint state sufficient facts to state a claim against him personally.

The Complaint identifies Clout as NoPixel's "founder and owner." (Complaint ¶15). Other than this fact, the Complaint does not state any facts that would give rise to a claim against Clout personally for declaratory relief or breach of contract.

With regard to the declaratory relief action, the Complaint specifically alleges that NoPixel operates a videogame server ("the most successful role play server of its kind"). (¶11). And that Tracey was hired to work on and did work on the NoPixel servers.

The complaint does not allege that the servers are in any way *personally* owned by Clout. The servers are owned by NoPixel. As such, Clout does not personally own any copyrights at issue in this case. Therefore, there could not be a declaratory judgment against him because there is no claim involving Clout as an individual.

Similarly, with regard to the second cause of action for breach of contract, the complaint specifically states that the alleged contract was with NoPixel, not Clout.

- "NoPixel contracted with TOVE for the services of Mr. Tracey . . ." (¶12)
- "Tracey rendered the Services to NoPixel." (¶13).
- "Tracey designed and created the entire payment processing system utilized by the NoPixel Server . . ." (¶13).
- " . . . during Mr. Tracey's engagement with NoPixel." (¶14).
- Commencing in or about mid-2021, TOVE and NoPixel entered into the Agreement for the Services of Mr. Tracey . . ." (¶26).

The complaint is completely devoid of any allegations that Tracey or TOVE ever entered into an agreement with Clout as an individual. Accordingly, the Court should dismiss Clout from the complaint with prejudice.

## VI. CONCLUSION

Because Plaintiff has failed to plead facts showing an actual controversy, the first cause of action should be dismissed as well as the second cause of action for lack of supplemental jurisdiction. Furthermore, Mitchell Clout should be dismissed from the complaint with prejudice.

Date: June 14, 2023                                  MORRISON COOPER

By: /s/Larry Zerner
Larry Zerner
Attorney for Defendants