1  **ALTVIEW LAW GROUP, LLP**
   John M. Begakis, Esq. (SBN 278681)
2  john@altviewlawgroup.com
   Sheena B. Tehrani, Esq. (SBN 326373)
3  sheena@altviewlawgroup.com
   12100 Wilshire Blvd., Suite 800
4  Los Angeles, California 90025
   Telephone: (310) 230-5580
5  Facsimile: (562) 275-8954

6  *Attorneys for Plaintiff*
   THAT ONE VIDEO ENTERTAINMENT, LLC, a
7  California limited liability company

8

                    **UNITED STATES DISTRICT COURT**
9
          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11 | THAT ONE VIDEO                  | CASE NO: 2:23-cv-02687 CAS (JCx)
   | ENTERTAINMENT, LLC, a           |
12 | California limited liability company, |
   |                                 | [Assigned to the Hon. Christina A. Snyder;
13 |          Plaintiff,             |  Ctrm 8D]
   |       vs.                       |
14 |                                 |
   | KOIL CONTENT CREATION PTY       | **PLAINTIFF'S OPPOSITION TO**
15 | LTD., an Australian proprietary | **DEFENDANTS' NOTICE OF MOTION**
   | limited company doing business as | **AND MOTION TO DISMISS**
16 | NOPIXEL; MITCHELLE CLOUT,       | **PLAINTIFF'S COMPLAINT;**
   | an individual; and DOES 1-25,   | **MEMORANDUM OF POINTS AND**
17 | inclusive,                      | **AUTHORITIES; DECLARATION OF**
   |                                 | **JOHN BEGAKIS IN SUPPORT**
18 |          Defendants.            | **THEREOF**

19                                     **Hearing**
                                       Date:  July 17, 2023
20                                     Time: 1:30 p.m.
                                       Dept.: Courtroom 8D (8th Floor)
21                                            350 W. First Street
                                              Los Angeles, CA 90012]
22                                     Judge: Hon. Christina A. Snyder

23

24

25

26

27

28

_____
           PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

I.   INTRODUCTION.................................................................................................1

II.  STATEMENT OF FACTS..................................................................................1

    A.  Plaintiff's Relevant Allegations.................................................................1

    B.  The Parties' Meet And Confer Efforts.......................................................2

III. LEGAL STANDARD .........................................................................................3

IV.  ARGUMENT ......................................................................................................4

    A.  An Actual Controversy Exists And, Therefore, Justifies Plaintiff's Request
    For Declaratory Relief ................................................................................4

    B.  This Court Has Proper Jurisdiction Over This Dispute ..............................5

    C.  The Complaint Properly Alleges Causes Of Action Individually Against
    Defendant Clout ..........................................................................................6

V.   LEAVE TO AMEND MUST BE GRANTED ....................................................6

VI.  CONCLUSION ...................................................................................................7

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ............................................................3, 4

4

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 .................................................4

5

*Conley v. Gibson* (1957) 355 U.S. 41 ..................................................................4

6

*Hal Roach Studios, Inc. v. Richard Feiner and Co. Inc.*, 896 F.2d 1542 (9th Cir.

7

   1990) ...................................................................................................................4

8

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) .................................4

9

*Severe Records, LLC v. Rich*, 658 F.3d 571 (6th Cir. 2011)...............................5

10

*U.S. v. Corinthian Colleges* (9th Cir. 2011) 655 F.3d 984 .................................6

11

*Willing v. Chicago Auditorium Assn.*, 277 U.S. 274 (1928) ...............................4

12

**STATUTES**

13

14

17 U.S.C. § 101 .....................................................................................................5

15

FRCP 12(b)(6)........................................................................................................1

16

FRCP 8(a)(2) .........................................................................................................4

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited

3 liability company ("TOVE" or "Plaintiff") hereby submits this Opposition to the

4 Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure ("FRCP")

5 12(b)(6), by Defendants KOIL CONTENT CREATION PTY LTD., an Australian

6 proprietary limited company doing business as NOPIXEL ("NoPixel") and

7 MITCHELL CLOUT, an individual ("Clout") (collectively, "Defendants") on or

8 about June 14, 2023 (the "Motion").

9 ## I.    INTRODUCTION

10      The success of Defendants' Motion rests entirely on whether TOVE has

11 alleged the existence of an actual controversy that can form the basis of a cause of

12 action for declaratory relief. Without that, Defendants' additional argument that the

13 Court lacks jurisdiction over TOVE's second claim for breach of contract loses all

14 basis. What this Court will see, however, is that TOVE's claim for declaratory relief

15 is sufficiently plead, and even if it isn't, leave to amend should be granted for TOVE

16 to easily set forth documented details evidencing an actual, pending controversy.

17 ## II.    STATEMENT OF FACTS

18 ### A.    Plaintiff's Relevant Allegations

19      TOVE is a content creation and business management company that hired

20 Daniel Tracey, a talented software developer, to work as its lead developer.

21 Complaint at ¶ 9. Because Mr. Tracey is a foreign national working in the United

22 States, and TOVE is a U.S.-based company, TOVE also sponsored Mr. Tracey's

23 work visa. *Id*. Pursuant to the terms of his employment relationship, TOVE was

24 permitted to contract with third parties for the services of Mr. Tracey, in exchange

25 for Mr. Tracey's agreement that TOVE would be entitled to receive all

26 compensation paid by any such third parties for Mr. Tracey's services. *Id*. at ¶ 10.

27      Defendants operate a very successful videogame server, wherein individuals

28 who play the "open world" videogame entitled "Grand Theft Auto V" (the "Game")

1

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

can "role-play" with other individuals in a closed Game environment on such server (the "NoPixel Server"). *Id*. at ¶ 11. In or about early 2020, NoPixel desired to engage Mr. Tracey, in his role as a software developer, to make significant updates to the NoPixel Server (the "Services"). *Id*. at ¶ 12. Accordingly, NoPixel contracted with TOVE for the services of Mr. Tracey, in exchange for NoPixel's agreement to pay TOVE fifty percent (50%) of Game revenue by way of Mr. Tracey (the "Agreement"). *Id*.

From in or about early 2020 to in or about December of 2022, Mr. Tracey rendered the Services to NoPixel. *Id*. at ¶ 13. In rendering such Services, Mr. Tracey made significant creative contributions to both the "front end" visual aesthetics of the Game, and to the "back end" information management systems that allow the NoPixel Server to function. *Id*. Specifically, Mr. Tracey designed and created the entire payment processing system for the NoPixel Server, which facilitated the processing of millions of dollars a year in payments to Defendants. *Id*.

In or about late 2022, a personal dispute developed between Mr. Tracey and Defendant Clout, NoPixel's founder and owner. *Id*. at ¶ 15. Their dispute ultimately culminated, on or about December 27, 2022, in Clout terminating Mr. Tracey's role with NoPixel and, thus, his authority to access to the NoPixel Server. *Id*. Clout, however, never informed Mr. Tracey of his termination, or of the removal of his access to the NoPixel Server, and thereafter claimed that Mr. Tracey caused a "data breach" when he attempted to access the NoPixel Server believing he still possessed access authority. *Id*. at ¶¶ 16-18.

## B.   The Parties' Meet And Confer Efforts

TOVE filed its Complaint, and therefore commenced this action, on April 10, 2023. Dkt. No. 1. On or about May 12, 2023, TOVE effected service on Defendants, who are located in Australia. Declaration of John Begakis ("Begakis Decl.") at ¶ 2. Accordingly, on or about May 24, 2023, Defendants' counsel contacted TOVE's

2

1  counsel to meet and confer regarding Defendants' anticipated Motion to Dismiss the
2  Complaint. Begakis Decl. at ¶ 3.

3       During the parties' meet and confer call, Defendants' counsel claimed that
4  TOVE's First Cause of Action for Declaratory Relief should be dismissed for lack
5  of a pending controversy because Defendants purportedly did not, and were not
6  planning to, dispute TOVE's claim to joint ownership to the NoPixel Server. *Id*. at
7  3. In other words, there was no need for TOVE to seek declaratory relief because
8  Defendants were waiving the white flag and acknowledging TOVE's joint
9  ownership of the NoPixel Server. *Id*. Defendants' counsel made no mention of the
10 argument they've now made by way of their Motion: namely, that TOVE's First
11 Cause of Action for Declaratory Relief should be dismissed simply because it does
12 not set forth the existence of an actual and immediate controversy. *Id*.

13      Had Defendants' counsel accurately framed the actual argument Defendants
14 now make by way of their Motion, TOVE's counsel would have likely agreed to
15 amend its allegations to more clearly show that an actual and immediate controversy
16 over TOVE's claim to joint ownership of the NoPixel Server <u>does</u> presently exist.
17 *Id*. at 4. In one of several prelitigation communications exchanged between counsel
18 for the parties hereto, for example, Defendants' counsel contended that TOVE does
19 not have an ownership claim because counsel failed "in providing any information
20 showing ownership by TOVE, or Mr. Tracey, for the alleged contributions Mr.
21 Tracey made…" *Id*. Accordingly, the Court need only look as far as such pre-
22 litigation communications, the existence and contents of which TOVE will allege
23 via an amended pleading if Defendants' Motion is granted, to see that such a
24 controversy exists as to TOVE's joint ownership claim. *Id*.

25 **III.   LEGAL STANDARD**

26      "To survive a motion to dismiss, a complaint or counterclaim must contain
27 sufficient factual matter, accepted as true, to state a claim to relief that is plausible
28 on its face." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 677-78 (internal citations

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  omitted). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain
2  statement of the claim showing that the pleader is entitled to relief,' in order to 'give
3  the defendant fair notice of what…the claim is and the grounds upon which it
4  rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Conley v.*
5  *Gibson*, 355 U.S. 41, 47 (1957)). Stated differently, "a complaint must contain
6  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
7  on its face.'" *Iqbal*, 556 U.S. at 678.

8  **IV.    ARGUMENT**

9        **A.    An Actual Controversy Exists And, Therefore, Justifies Plaintiff's**
10           **Request For Declaratory Relief**

11       "The purpose of the Declaratory Judgment Act is to relieve potential
12 defendants from the Damoclean threat of impending litigation which a harassing
13 adversary might brandish, while initiating suit at his leisure-or never." *Hal Roach*
14 *Studios, Inc. v. Richard Feiner and Co. Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990).
15 The *MedImmune* Court recently re-defined the case or controversy standard that
16 must necessarily be established to assert a claim for declaratory relief, setting forth
17 that a dispute must be "definite and concrete, touching the legal relations of parties
18 having adverse legal interests" and that it be "real and substantial" and "admi[t] of
19 specific relief through a decree of a conclusive character…". *MedImmune, Inc. v.*
20 *Genentech, Inc.*, 549 U.S. 118, 127 (2007). In so doing, the Court also called out the
21 ruling in *Willing v. Chicago Auditorium Assn.*, 277 U.S. 274 that no case or
22 controversy had arisen because "[n]o defendant ha[d] wronged the plaintiff or ha[d]
23 threatened to do so," stating that "[h]ad *Willing* been decided after the enactment…of
24 the Declaratory Judgment Act, and had the legal disagreement between the parties
25 been as lively as this one, we are confident a different result would have been
26 obtained." *MedImmune, Inc*, 549 U.S. at 131.

27       TOVE alleges that Mr. Tracey made significant creative contributions to the
28 creation and development of the NoPixel Server in his role as a developer contracted

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

out by TOVE to NoPixel. Complaint at ¶¶ 10, 12-13. TOVE also alleges, however, that Defendants unceremoniously terminated Mr. Tracey from such position, and thereafter did not acknowledge his contributions made in the course of such engagement, or his rights thereto. Complaint at ¶¶ 15-17. Furthermore, Defendants issued a formal public statement characterizing Mr. Tracey as a "former employee" whose contributions would, therefore, be the property of Defendants. 17 U.S.C. § 101 (Defining a "work made for hire" as "a work prepared by an employee within the scope of his or her employment").

Even if such allegations are insufficient, however, the Court should grant TOVE leave to amend to plead additional facts regarding the hostile legal position Defendants have taken in opposition to TOVE's joint ownership claim. In their exchange of written correspondences, a "lively" disagreement has developed between the parties over TOVE's joint ownership claim. Defendants' counsel even went so far in one such correspondence as to flatly deny that Mr. Tracey made any copyrightable contributions at all, and threated to bring their own cause of action for declaratory relief as a result of the parties differing positions on such issue.

Accordingly, an actual controversy exists between the parties hereto, and if Plaintiff's allegations do not fully reflect the existence thereof, leave should be freely given for TOVE to better allege such fact.

**B.    This Court Has Proper Jurisdiction Over This Dispute**

***First***, if TOVE's claim for declaratory relief is found to be sufficiently plead, this Court has sufficient jurisdiction without more. This is because "a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act." *Severe Records, LLC v. Rich*, 658 F.3d 571, 582 (6th Cir. 2011) (internal citations omitted).

***Second***, *even if* TOVE's claim for declaratory relief is dismissed without leave to amend, this Court still has proper jurisdiction over TOVE's breach of contract claim because such claim must be determined through the lens of TOVE's

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

potential joint ownership of half of the rights in the NoPixel Server. In furtherance of such claim, TOVE alleges that it "entered into the Agreement for the Services of Mr. Tracey" with Defendant NoPixel, and Defendants subsequently breached that Agreement by refusing to pay TOVE "50% of the revenue generated from the NoPixel Server." Complaint at ¶¶ 26-27. Whether Mr. Tracey's Services constituted copyrightable contributions entitling TOVE to half of Defendants' profits derived from the NoPixel Server is, therefore, a question contained within TOVE's breach of contract claim that must be determined according to the Copyright Act.

### C. The Complaint Properly Alleges Causes Of Action Individually Against Defendant Clout

As to TOVE's first cause of action for declaratory relief, TOVE alleges that the agreement for Mr. Tracey to render services was oral, and resulted in creative contributions to the NoPixel Server that facilitated the processing of millions of dollars in payments to **both** Defendants. Complaint at ¶¶ 12-13. Accordingly, this claim is properly alleged as to both Defendants because it alleges the existence of contributions from Mr. Tracey that have enriched both Defendants. As to TOVE's second cause of action for breach of the Agreement entered into between NoPixel and TOVE, TOVE has also properly asserted liability individually as to Defendant Clout by alleging that it was Clout who terminated Mr. Tracey's role with NoPixel.

### V.  LEAVE TO AMEND MUST BE GRANTED

In the event the Court grants all or any portion of Defendants' Motion, leave to amend the Complaint should be liberally granted. "The Standard for granting leave to amend is generous…[as] the court considers five factors in assessing the propriety of leave to amend – bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *U.S. v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) (internal citations omitted). Although Defendants have failed to raise – and therefore waive –

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

any argument contending that Plaintiff should not be granted leave, each factor identified above nevertheless weighs in favor of granting Plaintiff leave to amend.

Calculated amendments to clarify Defendants' hostile legal position in response to TOVE's claim to joint ownership of the NoPixel Server, and to specify that TOVE's causes of action are applicable against both Defendants, would not be futile because they would directly address the only basis for Defendants' Motion. Allowing TOVE the opportunity to amend its Complaint would also not create undue delay or prejudice to Defendants, given that this dispute has only recently commenced and TOVE has already effected international service on Defendants. TOVE has also not yet made any amendments to its allegations.

## VI.   CONCLUSION

Based on the foregoing, Plaintiff respectfully request that Defendants' Motion be denied, or, in the alternative, Plaintiff be granted leave to amend the Complaint.

DATED:  June 26, 2023                    ALTVIEW LAW GROUP, LLP

By: _____
      JOHN M. BEGAKIS
      SHEENA B. TEHRANI
      *Attorneys for* THAT ONE VIDEO
      ENTERTAINMENT, LLC, a California
      limited liability company

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**DECLARATION OF JOHN BEGAKIS**

I, John Begakis, declare and state as follows:

1.      I am an attorney duly licensed to practice law in the State of California and before this Court. I am a founding partner at AltView Law Group, LLP and co-counsel for THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE"), the Plaintiff in this action. I hereby submit this Declaration in support of TOVE's Opposition to the Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), by Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel") and MITCHELL CLOUT, an individual ("Clout") (collectively, "Defendants") on or about June 14, 2023 (the "Motion"). I know all of the following facts of my own personal knowledge and, if called upon and sworn as a witness, could and would competently testify thereto.

2.      On or about April 10, 2023, our office commenced this action on behalf of TOVE, by filing the operative Complaint. Thereafter, we reached out to the attorneys who I had previously been communicating with regarding the claims we were ultimately forced to bring via the Complaint, to see if they would provide us with the courtesy of accepting service of the Complaint on behalf of Defendants. They inexplicably refused – forcing us to unnecessarily incur costs to serve the Defendants in Australia. Despite such bad faith lack of cooperation, we accomplished this task in short order, serving both Defendants on or about May 12, 2023.

3.      On or about May 24, 2023, I conducted a meet and confer call with Defendants' newly retained litigation counsel, Larry Katz, regarding Defendants' perceived issues with the allegations made in TOVE's Complaint. Most of those issues were based on Counsel's differing view of the facts. However, I thought I understood Mr. Katz to be contending that the Complaint should be dismissed because TOVE's claim for declaratory relief was unnecessary since Defendants did not dispute TOVE's claim to joint ownership of the NoPixel Server. In other words, I

1

DECLARATION OF JOHN BEGAKIS

1   thought I understood Mr. Katz to be contending that Defendants intended to "waive

2   the white flag" and not fight TOVE's claim to joint ownership of the NoPixel Server.

3       4.    Instead, however, Defendants' Motion simply states that TOVE's claim

4   for declaratory relief should be dismissed because TOVE has not alleged the

5   existence of an actual and immediate controversy over TOVE's claim for joint

6   ownership. Had I understood this to be Defendants' position during my meet and

7   confer call with Mr. Katz, I would have suggested that TOVE amend its Complaint to

8   assert concrete details regarding our office's prior communications with Defendants'

9   other attorneys, in which such attorneys **did** dispute TOVE's claim to joint ownership

10  – and even threatened to seek declaratory relief as to such issue themselves.

11      I declare under penalty of perjury under the laws of the State of California that

12  the foregoing is true and correct, and that this Declaration was executed on June 26,

13  2023, at Los Angeles, California.

14

15                             JOHN BEGAKIS

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JOHN BEGAKIS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: June 26, 2023                              By:   /s/ John Begakis
                                                              John M. Begakis

CERTIFICATE OF SERVICE