Larry Zerner (SBN 155473)
Morrison Cooper
10900 Wilshire, Suite 930
Los Angeles, California 90024
Telephone: (310) 773-3623
Email: Larry@MorrisonCooper.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS COMPLAINT<br><br>HEARING DATE: July 17, 2023<br>TIME: 1:30 p.m.<br>COURTROOM 10A<br><br>Action Filed: April 10, 2023<br>Trial Date: Not Set |

The question for the court to decide in ruling on this motion is whether Plaintiff has pled facts in the complaint sufficient to show a) an actual controversy between Plaintiff and NoPixel regarding the rights to the copyrights and b) a cause of action for breach of contract against Mitchell Clout individually. As the answer to both of these questions is "no," the motion should be granted.

- 1 –

Reply Brief Re Motion to Dismiss

With regard to the first cause of action for declaratory relief, Plaintiff's admit in their Opposition that they have not pled adequate facts to state a claim. They claim that this was not discussed in the meet and confer hearing (incorrect, as discussed *infra*), but concede that if they had been aware of these arguments, "Tove's counsel would have likely agreed to amend its allegations to more clearly show that an actual and immediate controversy over Tove's claim to joint ownership of the NoPixel Server <u>does</u> presently exist." Opposition, p.3:14-16 (emphasis in original).

If Plaintiff believes, after reviewing the present motion, that it should have added additional facts to the Complaint, then it should have simply filed an amended complaint which Plaintiff has an absolute right to do and can still do. "A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15.

Plaintiff may certainly amend the complaint to try to correct the deficiencies in its pleading and hopefully will file an amended complaint before the 21 days expires so that the court does not have to spend time ruling on this motion. But as currently pled, and as set forth in Defendants' Motion, there is no controversy at stake.

With regard to Plaintiff's claims that during the meet and confer call, Defendants' counsel claimed that Defendants did not and were not planning to dispute Tove's claim to joint ownership of the NoPixel server, this is incorrect. Defendants counsel said no such thing.

What Defendants' counsel explained to Plaintiffs counsel during the call is not that Defendants were conceding that Tove was a joint owner of the NoPixel server. What Defendants counsel explained to Plaintiff's counsel is that NoPixel was not making any claim to <u>own</u> the copyright to the content prepared by Tracey.

This is because the evidence will show that when Tracey began working for NoPixel he agreed that while he would retain ownership of the copyright to the work

performed, he was granting NoPixel a perpetual, irrevocable, unlimited, non-exclusive license to use, publish or re-publish the content he contributed to the server.  Zerner Decl. ¶3.

Accordingly, NoPixel is not making any claim to <u>own</u> the copyright in any of the content that Tracey contributed to the Server.  It is NoPixel's position that all of the content that Tracey contributed to the server is owned by Tracey (or by TOVE if Tracey assigned the work to it).  Therefore, there is no present copyright dispute between TOVE and NoPixel.  NoPixel will continue to use Tracey's content pursuant to the license he granted, and Tracey and Tove are free to fully exploit all of the work that he created.

At no point has NoPixel threatened to sue Tracey or TOVE for using Tracey's content in other servers.  As there is no current dispute or threatened dispute, there is no actual controversy for the court to rule on.

## I. THERE IS NO PERSONAL CLAIM AGAINST MITCHELL CLOUT

With regard to the claims against Mitchell Clout, Plaintiff has failed to provide any rational argument as to why he was named individually in the lawsuit. With regard to the Declaratory Judgment action, Plaintiff's sole claim is that the pleading states that both NoPixel and Clout received money.  Plaintiff does not provide any context as to why this argument helps.  Clout is NoPixel's founder and owner and so, of course, at the end of the day, he receives money if NoPixel receives money.  But there is no allegation in the complaint that Clout owns the copyrights in the NoPixel server in his individual capacity (and such allegation would be absurd). The declaratory relief action is solely about determining copyright ownership.  As there is no allegation that one of the copyright owners is Clout, he is an improper party to this cause of action.

With regard to the breach of contract cause of action, Plaintiff's argument is even weaker.  Plaintiff argues that there is a cause of action against Clout because

the complaint alleges that Clout terminated Tracy's role with NoPixel. Plaintiff does not bother to explain why this helps its case because it doesn't. The Complaint alleges that there was a contract between TOVE and NoPixel. Complaint ¶12, 26. Nowhere in the Complaint does it allege that Clout was a party to the contract. Even assuming, *arguendo*, that Clout fired Tracey, why would this impose individual liability against Clout? TOVE admits that Clout was not a party to the contract and therefore he cannot be sued in his individual capacity for breach of the contract.

Accordingly, the Motion to Dismiss should be granted although if Plaintiff really believes that it can fix the problems in the complaint by amending it, then it should do so within the 21 day statutory time period so that the court's time is not wasted dealing with this motion.

Date: July 3, 2023				MORRISON COOPER

						By: /s/Larry Zerner
						 Larry Zerner
						 Attorney for Defendants Mitchell Clout
						 and Koil Content Creation Pty Ltd.

## DECLARATION OF LARRY ZERNER

I, Larry Zerner, declare as follows:

1. I am the attorney for Defendants in this action, and I have personal knowledge of each fact stated in this declaration.

2. On May 24, 2023, I had a meet and confer conference with Plaintiff's counsel, John Begakis. Mr. Begakis identifies me in his declaration as "Larry Katz" for reasons that are unknown to me.

3. During our conversation, I explained to Mr. Begakis that it was Defendants position that there was no valid copyright dispute because NoPixel did not claim to <u>own</u> the content Tracey added to the NoPixel server. Instead, NoPixel's position was that Tracey retained ownership of his content but that Tracey had granted a perpetual, irrevocable, unlimited, non-exclusive license to NoPixel to use, publish or re-publish the content he contributed to the server.

4. At no point did I ever tell Mr. Begakis that NoPixel was not planning to dispute TOVE's claim to joint ownership of the NoPixel or that Defendants were "waiving the white flag." I do not know why he states this in his declaration, but as he misstates my name in the declaration, perhaps he did not hear me correctly.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 30th day of June 2023 at Los Angeles, California.

By: _____
Larry Zerner
Attorney for Defendants Mitchell Clout
and Koil Content Creation Pty Ltd.

REPLY BRIEF RE MOTION TO DISMISS     - 5 –