1  Larry Zerner (SBN 155473)
   Morrison Cooper
2  10900 Wilshire, Suite 930
   Los Angeles, California 90024
3  Telephone:  (310) 773-3623
   Email: Larry@MorrisonCooper.com
4
5  Attorney for Defendants Mitchell Clout
   And Koil Content Creation Pty Ltd.
6
7                    UNITED STATES DISTRICT COURT
8                    CENTRAL DISTRICT OF CALIFORNIA

9  THAT ONE VIDEO                              ) Case No. 2:23-CV-02687 SVW
   ENTERTAINMENT, LLC, a California            ) (JCx)
10 limited liability company,                  )
                                               ) DEFENDANTS' NOTICE OF
11                Plaintiff,                   ) MOTION AND MOTION TO
                                               ) DISMISS FIRST AMENDED
12      v.                                     ) COMPLAINT; MEMORANDUM
                                               ) OF POINTS AND AUTHORITIES
13 KOIL CONTENT CREATION PTY                   )
   LTD., an Australian proprietary             )
14 limited company doing business as           ) HEARING DATE: August 21, 2023
   NOPIXEL; MITCHELL CLOUT, an                 ) TIME: 1:30 p.m.
15 individual; and DOES 1-25,                  ) COURTROOM 10A
   inclusive,                                  )
16                                             ) Action Filed: April 10, 2023
                  Defendants.                  ) Trial Date: Not Set
17                                             )
18                                             )
19                                             )
20                                             )
21                                             )
22
23      TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS
24 OF RECORD:
25
26      Please take notice that on August 21, 2023 at 1:30 p.m. or as soon thereafter as
27 the matter may be heard before the Honorable Stephen V. Wilson, located in
   Courtroom 10A, 350 West 1st Street, Los Angeles, CA. 90012, Defendants Koil
28

Content Creation Pty, LTD ("Koil") and Mitchel Clout ("Clout") will move the Court for dismissal of Plaintiff That One Video Entertainment, LLC's ("Plaintiff" or "TOVE") complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Motion is made on the following grounds:

1. Plaintiff's claim for declaratory relief is actually a claim for copyright infringement. But, as Plaintiff does not have a registered copyright, Plaintiff cannot bring a claim for infringement.

2. If the claim for declaratory relief is dismissed, then the additional claims must also be dismissed because there would no longer be any federal court jurisdiction over the claim.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers filed herein, and on such other arguments as may be received by this Court at the hearing of this Motion.

This motion is not made following the conference of counsel pursuant to L.R. 7-3 because Plaintiff's counsel, John Begakis, refused to participate in a meet and confer, despite numerous requests by Defendants' counsel for him to do so. This is discussed in the motion, *infra*.

Date: July 20, 2023               MORRISON COOPER

                                                                  By: /s/ Larry Zerner
                                                                     Larry Zerner
                                                     Attorney for Defendants Koil Content Creation Pty Ltd and Mitchell Clout

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has filed what purports to be a claim for declaratory relief, but which, upon inspection, is actually a claim for copyright infringement in that Plaintiff is asking the court to declare that Defendant is infringing Plaintiff's copyright by using software code allegedly belonging to Plaintiff without a license.

Plaintiff has styled this claim as one for declaratory relief, instead of simply suing for copyright infringement because Plaintiff did not register the alleged infringed software code with the Copyright Office prior to filing the lawsuit. As Plaintiff cannot get around the requirement of a copyright registration required to bring a claim for infringement by simply characterizing the claim as one for declaratory relief, the complaint must be dismissed without leave to amend.

## II. FACTUAL BACKGROUND

The First Amended Complaint ("FAC") alleges, in pertinent part, as follows:

a. Plaintiff TOVE is a California limited liability company, located in Torrance, California. (¶1).

b. Defendant Koil (aka NoPixel) is an Australian proprietary limited company located in Victoria, Australia. (¶2)

c. Defendant Mitchell Clout lives in Australia and is the owner of NoPixel. (¶3 & 15).

d. At some unstated point in time, TOVE hired a software developer named Daniel Tracey as its lead developer. (¶9).

e. TOVE was permitted to contract with third parties for Tracey's service in exchange for Tracey's agreement that TOVE would be entitled to receive all compensation by any such third parties for Tracey's services. (¶10).

f. NoPixel operates a very successful role-play server for the game "Grand Theft Auto V" which generates millions of dollars a year in revenue by charging an

application and membership fee to individuals who wish to play the game on the server (¶11).

    g.    In either early 2020 or mid-2021, TOVE and NoPixel entered into an agreement for Tracey's services and that NoPixel agreed to pay 50% of the game revenue to TOVE by way of Tracey. (¶12 and ¶31).[1]

    h.    At no point did Tracey or TOVE ever execute anything in writing with Defendants setting forth that Tracey's services were work-for-hire, or were otherwise owned by Defendants. (¶12).

    i.    From about early 2020 to about December 2022, Tracey rendered services to NoPixel. Tracey contributed significant creative contributions to both the front end visual aesthetics of the game and to the back end information management systems that allow the NoPixel server to function. (¶13).

    j.    On or about December 27, 2022, Clout terminated Tracey's role with NoPixel (¶15).

    k.    On or about January 9, 2023, Tove's counsel sent Defendants a demand to cease and desist, wherein TOVE's counsel asserted that all of Tracey's contributions to the development of the NoPixel Server were exclusively owned by Tove. (¶20).

    l.    On or about January 23, 2023, Defendants counsel sent a response to Tove's counsel in which they asserted, *inter alia*, that any work that Tracey

---

[1] In ¶12, Plaintiff states the alleged agreement was entered into in early 2020, but in Paragraph 31, Plaintiff states the Agreement was in Mid-2021. Plaintiff does not state whether this alleged Agreement was oral or written. Nor does Plaintiff allege for what period of time NoPixel allegedly agreed to pay TOVE 50% of its revenue. Or for what period of time NoPixel was required to use Tracey's services.

contributed to the NoPixel server was permanently and irrevocably licensed to Defendants. (¶21).

m.   On or about February 6, 2023, Tove's counsel sent Defendants' counsel another letter in which Tove made clear their intention to sue Defendants for copyright infringement if their demands were not met. (¶22 and Ex. 1).

n.   On or about February 10, 2023, Defendants' counsel sent a response to Tove's counsel in which they, *inter alia*, stated that they would be recommending to their clients that their clients (that is, Defendants) bring a cause of action for declaratory relief against Tove. (¶23).

o.   An actual controversy has arisen between TOVE and Defendants regarding the parties' respective rights in and to any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, and whether a permanent and irrevocable license for Defendants to continue exploiting or otherwise utilizing such contributions was ever granted to Defendants. (¶26).

p.   TOVE is seeking the Court's determination as to as to whether TOVE possesses a claim to ownership of any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, pursuant to the Copyright Act, and whether TOVE is entitled to prevent Defendants from utilizing such contributions under the guise of a "permanent and irrevocable license" that TOVE did not grant. (¶28).

q.   There is an actual controversy between TOVE and Defendants regarding TOVE's claim to ownership of any and all copyrights derived from Tracey's creative contributions to the NoPixel server and whether Defendants possess a license thereto. (¶29).

### III.   THE COURT SHOULD DISMISS THE FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT BECAUSE THIS IS A DISGUISED CLAIM FOR COPYRIGHT INFRINGEMENT.

Plaintiff's FAC purports to be for declaratory relief. But a simple review of the allegations in the FAC show that what Plaintiff is asking the court to declare is that Defendants are infringing Plaintiff's copyright by utilizing Tracey's contributions to the NoPixel server, without a license.

This is expressly stated in Paragraphs 28 of the FAC in which Plaintiff alleges that it is seeking the court's, "determination as to whether TOVE possesses a claim to ownership of any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, pursuant to the Copyright Act, and whether TOVE is entitled to prevent Defendants from utilizing such contributions under the guise of a "permanent and irrevocable license" that TOVE did not grant. (¶28).

This is made even more expressly clear in the February 6, 2023 letter attached as Exhibit 1.[2] The letter, begins with a heading stating, "**TOVE'S Claim for Copyright Infringement**" (Emphasis in original). Under that, the letter states that TOVE "believes it presently possesses a claim for ownership of any of Mr. Tracey's contributions to the development of the Game, as it exists on the NoPixel server."

The letter continues, "a significant portion of the code developed for the most recent version of the Game, as it exists on the NoPixel Server, derives from Mr. Tracey's creative contributions, which are owned by TOVE."

The section of the letter concludes, in pertinent part, "TOVE believes it possesses *significant copyright infringement claims*, and absolutely intends to bring any such viable claims against NoPixel if Mr. Tracey's reasonable demands brought by way of our initial January 9, 2023 correspondence are not met." (Emphasis added).

---

[2] The letter may be included as an exhibit under the "incorporation by reference" doctrine because its contents are alleged in a complaint. *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005).

So, there can be no doubt that Plaintiff's claim for declaratory relief is actually a claim for copyright infringement.  Plaintiff is aware of this but is also aware that it cannot sue NoPixel for copyright infringement because it has not met the statutory requirement that Plaintiff register any such copyright before filing a lawsuit.

As this court itself stated in *Kuhnzstedt v. Enttech Media Grp., LLC,* "[R]egistration of a copyright is "akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 887, 203 L. Ed. 2d 147 (2019). Thus, generally speaking, a plaintiff is "required to show registration as an element of an infringement claim." *Unicolors, Inc. v. Urban Outfitters, Inc.,* 853 F.3d 980, 988 (9th Cir. 2017)."

*Kuhnzstedt v. Enttech Media Grp., LLC,* No. 2:21-cv-10032-SVVV-JEM, 2022 U.S. Dist. LEXIS 85456, at *5-6 (C.D. Cal. Apr. 11, 2022)

Plaintiff has not pled any facts showing that it has a registered copyright, and therefore the FAC must be dismissed.

Plaintiff's attempt to get around the registration requirement set forth in the *Fourth Estate* case is fruitless because Plaintiff has it backwards.  In order to be able to sue for declaratory relief regarding copyright infringement, the plaintiff must be the one with the fear of being sued, not the one with the affirmative claim.  The Plaintiff "must have 'a real and reasonable apprehension that he will be subject to liability if he continues" the allegedly infringing conduct.'"

*Amaretto Ranch Breedables v. Ozimals Inc*., 907 F. Supp. 2d 1080, 1084-85 (N.D. Cal. 2012) (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1556 (9th Cir. 1989).

Here, Plaintiff has no fear of liability.  Plaintiff has not been threatened with a lawsuit for damages from Defendant.  The threat that Plaintiff complains of in the

FAC, is that after receiving the February 6, 2023 letter accusing Defendants of copyright infringement, Defendants counsel stated in a February 10, 2023 letter that they would recommend to their clients that they bring a cause of action for declaratory relief <u>against</u> TOVE (FAC ¶23).

But, of course, Defendants contemplating bringing a claim for declaratory relief of <u>non-infringement</u>, does not give Plaintiff standing to bring a claim for declaratory relief that there <u>has</u> been infringement.  If that were the case, it would completely subvert the Supreme Court's holding in *Fourth Estate, supra,* in which the Court held that the Plaintiff <u>must</u> have complied with the registration formalities before bringing a lawsuit for infringement.

As Plaintiff has not complied with the statutory formalities and is not under a threat of liability, the FAC must be dismissed without leave to amend.

Or course, if the court agrees and dismisses the first cause of action, then the entire case should be dismissed because Plaintiff's is bringing the additional claims under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367.  If the first cause of action is dismissed, the court no longer has supplemental jurisdiction over the breach of contract and accounting causes of action and they must be dismissed as well.

## IV.   THE FAC MUST BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE PLAINTIFF HAS NOT REGISTERED THE COPYRIGHT.

No civil infringement action "shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. §411(a), *Fourth Estate, supra,* at *888*.

Plaintiff do not allege that they have registered the allegedly infringed copyright with the U.S. Copyright Office.  Accordingly, the FAC must be dismissed without leave to amend.  If and when Plaintiff does register the allegedly infringed

contributions of Mr. Tracey, then Plaintiff can refile a new lawsuit.  But without proof of a registration that occurred before the lawsuit was filed, this lawsuit must be dismissed.

## V. PLAINTIFF'S COUNSEL REFUSED TO MEET AND CONFER AS REQUIRED BY LOCAL RULE 7-3.

Local Rule 7-3 states, in pertinent part, "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."

Mindful of this obligation, on July 11, 2023, Mr. Zerner sent an email to Plaintiff's counsel, John Begakis, explaining that Defendants would be filing a motion to dismiss, giving the reasons why, and providing proposed times for a meet and confer.

Ten minutes later, Mr. Begakis replied to Mr. Zerner's email stating, "We will of course not be dismissing your predictable second attempt to dismiss our Complaint. Go ahead and file. We will consider this sufficient meet and confer efforts."

Later that same day, Mr. Zerner sent a second email to Mr. Begakis informing him that his email did not constitute a sufficient meet and confer and again asking his availability for a phone call. Mr. Begakis did not respond to the second email.

On July 13, 2023, Mr. Zerner sent a third email to Mr. Begakis stating, "As I have not heard back from you, I will have no choice but to inform the court that you refused to meet and confer as required under the rules."

Mr. Begakis responded, "Your opinion is that we have not sufficiently meet and conferred. We disagree. And we will present our side to the Court. Best, John."[3]

While Defendants have asked that the court dismiss this case without leave to amend, so Defendants would not have further interaction with Mr. Begakis in this

---

[3] All of the emails are attached in reverse chronological order as Exhibit 2.

case, in the event that the court does not do so, or if it does so but Plaintiff files a new lawsuit after obtaining a valid copyright registration, it is Defendants' hope that the court remind Mr. Begakis of his obligations to meaningfully meet and confer as required by Rule 7-3.

Defendants believe that if Plaintiff's counsel had participated in the meet and confer, there is at least a chance that the issue could have been resolved without the need for motion practice. Should this case continue on, it is important that the parties are able to discuss their differences so as to avoid wasting both their time and the court's time on motions that could be resolved with a phone call.

RESPECTFULLY SUBMITTED

Date: July 20, 2023                    MORRISON COOPER

By: /s/Larry Zerner
     Larry Zerner
     Attorney for Defendants