Larry Zerner (SBN 155473)
Morrison Cooper
10900 Wilshire, Suite 930
Los Angeles, California 90024
Telephone:  (310) 773-3623
Email: Larry@MorrisonCooper.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 2:23-CV-02687 SVW (JCx)<br><br>DECLARATION OF LARRY ZERNER IN SUPPORT OF MOTION TO DISMISS<br><br>HEARING DATE: August 21, 2023<br>TIME: 1:30 p.m.<br>COURTROOM 10A<br><br>Action Filed: April 10, 2023<br>Trial Date: Not Set |

I, Larry Zerner, declare as follows:

1. I am the attorney for Defendants Koil Content Creation Pty Ltd dba NoPixel and Mitchell Clout in this action, and I have personal knowledge of each fact stated in this declaration. If called to testify, I could and would competently testify to these facts.

2. Attached hereto as Exhibit 1 is a true and correct copy of the February 6, 2023 that Plaintiff's lawyer, John Begakis, sent to Defendants' Counsel and which is referred to in Paragraph 22 of Plaintiff's First Amended Complaint. I added highlights to those portions of the letter which are referred to in the motion.

3. On July 11, 2023, I sent an email to Mr. Begakis, explaining that Defendants would be filing a motion to dismiss, giving the reasons why, and providing proposed times for a meet and confer.

4. Ten minutes later, Mr. Begakis replied to my email stating, "We will of course not be dismissing your predictable second attempt to dismiss our Complaint. Go ahead and file. We will consider this sufficient meet and confer efforts."

5. Later that day, I sent a second email to Mr. Begakis informing him that his email did not constitute a sufficient meet and confer and again asking his availability for a phone call. Mr. Begakis did not respond to the second email.

6. On July 13, 2023, I sent a third email to Mr. Begakis stating, "As I have not heard back from you, I will have no choice but to inform the court that you refused to meet and confer as required under the rules."

7. Mr. Begakis responded, "Your opinion is that we have not sufficiently meet and conferred. We disagree. And we will present our side to the Court. Best, John."

8. A true and correct copy of this email is attached as Exhibit 2 in reverse

chronological order.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this 20th day of July 2023 at Los Angeles, California.

                                /s/ Larry Zerner
                                 Larry Zerner
                                 Attorney for Defendants

# EXHIBIT 1



12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Tel: 310.230.5580
Fax: 562.275.8954
www.AltViewLawGroup.com

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

February 6, 2023

<u>*Via E-Mail*</u>

Katayoon Iravani, Esq.
Morrison Rothman LLP
10900 Wilshire Blvd., Ste. 930
Los Angeles, CA 90024
kat@morrisonrothman.com

    RE:    <u>Danney Tracey v. Koil Content Creation PTY LTD, et al.</u>

Ms. Iravani:

We are in receipt of your January 23, 2023 correspondence, wherein you attempt to address the claims made by way of our initial January 9, 2023 cease and desist letter to your clients Mitchell Clout, an individual, and Koil Content Creation PTY LTD (collectively, "NoPixel"). Please allow this correspondence to address such response, and serve as a renewal of our demand that NoPixel issue a public retraction regarding its false statements about Mr. Tracey. We look forward to your prompt attention to this, in light of the fact that your office has now been given time to review the contents of our initial correspondence, and the merits of our claims.

    1.    <u>**TOVE's Claim for Copyright Infringement**</u>

First, please be advised that we now represent That One Video Entertainment, LLC, a California limited liability company ("TOVE"), with respect to any claims it may have against NoPixel for copyright infringement. For reference, Mr. Tracey entered into an employment relationship with TOVE on or about October 14, 2021 (the "Employment Agreement"), and it is pursuant to this Employment Agreement that TOVE believes it presently possesses a claim for ownership of any of Mr. Tracey's contributions to the development of the Game, as it exists on the NoPixel server. Therefore, and as it currently stands now, all claims of IP ownership <u>will</u> be discussed hereby in connection with <u>both</u> of our clients' <u>respective</u> claims against NoPixel.

While you suggest that Mr. Tracey's contributions to the NoPixel server were "merely ideas and concepts," you are no doubt aware that one's contributions to a creative work need only contain a "modicum of creativity" to be protectable in and of themselves, and that under such standard "even a slight amount will suffice." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991). As set forth in our original correspondence, a <u>significant</u> portion of the code developed for the most recent version of the Game, as it exists on the NoPixel Server, derives

from Mr. Tracey's creative contributions, which are owned by TOVE. Since it appears that your "investigation" has failed to yield such information, we feel compelled to advise that we are in possession of multiple git repositories holding all of Mr. Tracey's contributions to Game, which we intend to submit in evidence should litigation of this dispute be necessary.

Likely understanding the utter disingenuousness of your assertion that Mr. Tracey did not provide any creative contributions to the Game, you also contend that whatever Mr. Tracey did contribute was perpetually licensed to NoPixel via its user terms of service. However, Mr. Tracey did not create a standard user account through the NoPixel website, as evidenced by the fact that his account name "Dw" contained too few characters to be registered as a new account through the site. Notwithstanding the dubious enforceability of such terms where no action has been taken to require users to affirmatively accept the same,[1] Mr. Tracey therefore did not accept such user terms of service when he joined the NoPixel server.

Instead, Mr. Tracey's account was manually created by another member of the NoPixel management team because Mr. Tracey was, by your own tacit admission, Lead Developer of the Game. Unlike other developers who worked on the NoPixel server, however, Mr. Tracey did not sign a Non-Disclosure Agreement or any other type of documentation that would have conveyed any rights in his creative contributions to NoPixel. Of course, even if the NoPixel standard user terms of service were enforceable here, they provide NoPixel with no cover by way of mandatory arbitration or limitation of liability language.

For all of the foregoing reasons, TOVE believes it possesses significant copyright infringement claims, and absolutely intends to bring any such viable claims against NoPixel if Mr. Tracey's reasonable demands brought by way of our initial January 9, 2023 correspondence are not met. Unlike Mr. Clout, TOVE is loyal to those who contribute to its success, and is prepared to do everything possible to aggressively protect the interests of Mr. Tracey, including by way of its own infringement claims, if necessary. TOVE also possesses significant resources that it is not afraid to expend to achieve a fair result in this dispute.

### 2.     Mr. Tracey's Claim for Defamation

With respect to Mr. Tracey's claim for defamation, you conspicuously avoid our assertion of fact that, following NoPixel's issuance of a false public statement, Mr. Clout made statements over Twitch directly identifying Mr. Tracey. This avoidance is telling, and likely results from your awareness that defamatory statements, as those made here when coupled with Mr. Clout's statements, can identify another, and therefore be actionable, "either expressly or by clear implication…" *Blatty v. New York Times Co.* (1984) 42 Cal.3d 1033, 1043 (emphasis added).

---

[1] "[W]here a website makes its terms of use available via a conspicuous hyperlink on every page of the website but otherwise provides no notice to users nor prompts them to take any affirmative action to demonstrate asset, even close proximity of the hyper link to relevant buttons users must click on – without more – is insufficient to give rise to constructive notice." *Long v. Provide Commerce, Inc.* 245 Cal.App.4th 855 (2016).

Accordingly, Mr. Clout's public statements made in his capacity as NoPixel's principal, which directly identified Mr. Tracey as the "former NoPixel employee" responsible for the alleged data breach, create the clear implication that NoPixel's original public statement refers to Mr. Tracey.

You also claim that "[o]n December 28, 2022, Mr. Tracey was terminated from his position with the NoPixel Server…" Yet, you have provided no evidence that this alleged termination was formally made, or that Mr. Tracey even knew such termination had occurred to put him on notice that any further access of the NoPixel Server would be unauthorized. That you fail to provide any evidence establishing Mr. Tracey's formal termination and knowledge thereof, is precisely the crux of our position that the statements made by NoPixel about Mr. Tracey's unauthorized access to the NoPixel Server were provably false and therefore defamatory.

We also feel compelled to point out – given that such evidence will be presented in any lawsuit brought against NoPixel – that your characterization of NoPixel as merely endeavoring to conscientiously and cautiously "be compliant with all state, federal and other applicable laws" is in stark contrast to NoPixel's prior approach to actual data breaches. Indeed, in or about August of 2022, an individual scraped NoPixel's APIs using unauthorized credentials and obtained personally identifiable information concerning various members of the NoPixel community (including, without limitation, emails and twitter handles), yet failed to notify the NoPixel community thereof. While our office is in possession of evidence of the breach itself, please also be advised that NoPixel has actively deleted Discord communications with Mr. Tracey evidencing NoPixel's intentional and deliberate decision not to notify the NoPixel community of such breach, in violation of the California Discovery Act.[2]

3.  **Conclusion**

Accordingly, your response, while appreciated, has done nothing to address Mr. Tracey's legitimate claims and reasonable demands. If anything, such response has made clear to Mr. Tracey – and now TOVE – that NoPixel possesses no legitimate defenses to its wrongdoing, and litigation of such conduct may therefore be necessary. Nevertheless, Mr. Tracey's most important goal remains clearing his name, and we therefore hereby renew our demand that NoPixel publish statements on behalf of itself and its principal retracting the allegation that Mr. Tracey caused any data breach of the NoPixel server.

Should our office not receive written assurance that such action will be promptly taken **within 5 days of the date of this correspondence**, our office intends to commence litigation against both NoPixel and Mr. Clout. In the interim, nothing contained herein or omitted herefrom is intended, nor shall be construed, to operate as an admission, limitation, or waiver of any of Mr. Tracey's rights, remedies or defenses, at law and/or in equity, all of which are hereby expressly

---

[2] Should this matter proceed to litigation, as appears to be the case, NoPixel's spoliation of evidence will be established, and evidentiary sanctions will be obtained. *Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1223.

reserved. Should you have any questions regarding anything contained herein, please do not hesitate to contact the undersigned.

                                    Sincerely,

                                **JOHN M. BEGAKIS, ESQ.**

# EXHIBIT 2

| | |
|---|---|
| **From:** | John Begakis |
| **To:** | larry@morrisoncooper.com |
| **Cc:** | Kat@morrisoncooper.com; Keith@morrisoncooper.com; Sheena@altviewlawgroup.com |
| **Subject:** | Re: TOVE v. Koil Content Creation - Case No. 2:23-CV-02867 |
| **Date:** | Thursday, July 13, 2023 4:37:35 PM |

Your opinion is that we have not sufficiently meet and conferred. We disagree. And we will present our side to the Court.

Best,
John

On Thu, Jul 13, 2023 at 4:18 PM <larry@morrisoncooper.com> wrote:

> John,
>
> As I have not heard back from you, I will have no choice but to inform the court that you refused to meet and confer as required under the rules.
>
> Larry
>
> **Larry Zerner**
>
> **Of Counsel**
>
> Phone: 310-773-3623
>
> **Morrison Cooper LLP**
>
> 10900 Wilshire Blvd, Suite 930, Los Angeles, CA 90024
> https://www.morrisoncooper.com
>
> CONFIDENTIALITY NOTICE: This communication (including any related attachments) may contain confidential and/or privileged material. Any unauthorized disclosure or use is prohibited. If you received this communication in error, please contact the sender immediately, and permanently delete the communication (including any related attachments) and permanently destroy any copies.
>
> ---
>
> **From:** Larry Zerner <larry@morrisoncooper.com>
> **Sent:** Tuesday, July 11, 2023 6:57 PM
> **To:** John Begakis <john@altviewlawgroup.com>
> **Cc:** Sheena@altviewlawgroup.com; Keith@morrisoncooper.com; Kat@morrisoncooper.com

**Subject:** Re: TOVE v. Koil Content Creation - Case No. 2:23-CV-02867

John,

This is not a sufficient meet and confer. If you believe that my analysis is incorrect, please tell me why that is the case.

Please let me know when you are available for a phone call to do so.

Larry

---

**From:** John Begakis <john@altviewlawgroup.com>
**Sent:** Tuesday, July 11, 2023 2:57:35 PM
**To:** larry@morrisoncooper.com <larry@morrisoncooper.com>
**Cc:** Sheena@altviewlawgroup.com <Sheena@altviewlawgroup.com>; Kat@morrisoncooper.com <Kat@morrisoncooper.com>; Keith@morrisoncooper.com <Keith@morrisoncooper.com>
**Subject:** Re: TOVE v. Koil Content Creation - Case No. 2:23-CV-02867

We will of course not be dismissing your predictable second attempt to dismiss our Complaint.  Go ahead and file.  We will consider this sufficient meet and confer efforts.

Best,

John

On Tue, Jul 11, 2023 at 2:47 PM <larry@morrisoncooper.com> wrote:

> Mr. Begakis,

I've reviewed the Amended Complaint that you filed and, unfortunately, it does not solve the problems set forth in my Motion to Dismiss. In fact, the new claim makes them worse. Accordingly, I plan to file another motion to dismiss.

The new cause of action for declaratory relief now asserts that all of Tracey's contributions to the NoPixel server are exclusively owned by TOVE (¶20).  The complaint then alleges that there is a controversy over whether Tracey granted a permanent and irrevocable license to Defendants to use Tracey's contributions (¶28).

The complaint then states that Tove is seeking the Court's determination, "as to whether TOVE possesses a claim to ownership of any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, pursuant to the Copyright Act, and whether TOVE is entitled to prevent Defendants from utilizing such contributions under the guise of a "permanent and irrevocable license" that TOVE did not grant." (¶28).

In other words, you want the court to decide that NoPixel is infringing Tracey's copyright.  This is simply a copyright infringement lawsuit worded as a "declaratory judgment" action in order to get around the requirements of a copyright infringement claim.  This is made clear in your February 6, 2023, letter to Morrison Rothman in which you expressly stated that TOVE intends to bring copyright infringement claims against NoPixel for the exact reasons stated above.  As you expressly mention the February 6th letter in the complaint, I would be allowed to introduce it as an exhibit to my motion to dismiss.

As an experienced copyright litigator, I'm sure you know that as a prerequisite to filing a copyright infringement lawsuit, you must have a registered copyright.  You cannot get around this requirement by disingenuously claiming that this is a "declaratory relief" action when the declaration you want is that NoPixel is infringing TOVE's copyright.  As you do not have a registered copyright, you must dismiss your complaint.

If you were thinking of getting around this deficiency by expediting a copyright registration, please know that will not work.  In *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), the Supreme Court held that a registration must be secured <u>before</u> the complaint is filed.  While I don't believe that TOVE could secure a copyright infringement for the work that Tracey did for NoPixel, even if it could, it must still dismiss this complaint and file a new action.

Accordingly, please let me know if TOVE will dismiss the complaint.  If not, please consider this as a request for a meet and confer pursuant to Local Rule 7-3.  Please provide me times that you are available on July 13 or 14 for a meet and confer meeting.  I am available on July 13 from 10-12 or 3-4:30 or on July 14 from 10:30-12:30. The meet and confer must be held by July 14th because the motion must be filed by July 21st.

Thank you,

Larry

**Larry Zerner**

**Of Counsel**

Phone: 310-773-3623

**Morrison Cooper LLP**

10900 Wilshire Blvd, Suite 930, Los Angeles, CA 90024
https://www.morrisoncooper.com

CONFIDENTIALITY NOTICE:  This communication (including any related attachments) may contain confidential and/or privileged material.  Any unauthorized disclosure or use is prohibited.  If you received this communication in error, please contact the sender immediately, and permanently delete the communication (including any related attachments) and permanently destroy any copies.