| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | **ALTVIEW LAW GROUP, LLP**<br>John M. Begakis, Esq. (SBN 278681)<br>john@altviewlawgroup.com<br>Sheena B. Tehrani, Esq. (SBN 326373)<br>sheena@altviewlawgroup.com<br>12100 Wilshire Blvd., Suite 800<br>Los Angeles, California 90025<br>Telephone: (310) 230-5580<br>Facsimile: (562) 275-8954 |
| 6<br>7 | *Attorneys for Plaintiff*<br>THAT ONE VIDEO ENTERTAINMENT, LLC, a<br>California limited liability company |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELLE CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN BEGAKIS IN SUPPORT THEREOF**<br><br>**Hearing**<br>Date: August 21, 2023<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A (10th Floor)<br>     350 W. First Street<br>     Los Angeles, CA 90012]<br>Judge: Hon. Stephen V. Wilson |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1

II. STATEMENT OF FACTS ..................................................................................... 1

   A. Plaintiff's Relevant Allegations ........................................................................ 1

   B. Procedural History And The Parties' Meet And Confer Efforts ...................... 3

III. LEGAL STANDARD ............................................................................................ 4

IV. ARGUMENT ......................................................................................................... 4

   A. Plaintiff's Claim For Declaratory Relief As To Ownership Is Separate and Independent From A Claim For Infringement ........................................................ 4

   B. Facts Outside Of the Pleading, Especially A Confidential Settlement Letter, Are Inappropriate To Consider At the Motion to Dismiss Stage ............................ 6

V. LEAVE TO AMEND MUST BE GRANTED ...................................................... 7

VI. CONCLUSION ...................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000) ...................................................... 5

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ............................................................................ 4, 6

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 ............................................................. 4

*Conley v. Gibson* (1957) 355 U.S. 41 .............................................................................. 4

*Hudspeth v. C.I.R.*, 914 F.2d 1207 (9th Cir. 1990) .......................................................... 6

*Oddo v. Ries*, 743 F.2d 630 (9th Cir. 1984) ..................................................................... 4

*Pye v. Mitchell*, 574 F.2d 476 (9th Cir. 1978) .................................................................. 4

*U.S. v. Corinthian Colleges* (9th Cir. 2011) 655 F.3d 984 .............................................. 7

*Zucchella v. Olympusat, Inc.*, No. CV197335DSFPLAX, 2023 WL 2633947 (C.D. Cal. Jan. 10, 2023) ........................................................................................................ 6

*Zuill v. Shanahan*, 80 F.3d 1366 (9th Cir. 1996) ............................................................. 5

**STATUTES**

17 U.S.C. § 101 .................................................................................................................. 4

17 U.S.C. § 201(a) ............................................................................................................. 4

FRCP 12(b)(6) .................................................................................................................... 1

FRCP 8(a)(2) ...................................................................................................................... 4

FRE 408(a)(2) .................................................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") hereby submits this Opposition to the Motion to Dismiss TOVE's First Amended Complaint ("FAC") filed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), by Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel") and MITCHELL CLOUT, an individual ("Clout") (collectively, "Defendants") on or about July 21, 2023 (the "Motion").

## I.   INTRODUCTION

After curing the concerns that Defendants apparently had with TOVE's Complaint (i.e., that the allegations did not clearly set forth the existence of a pending dispute), Defendants now disingenuously move the goal posts to claim that TOVE's properly alleged First Cause of Action for Declaratory Relief is actually just a copyright infringement claim in disguise. Defendants of course make this argument without any case law in support, and in the face of clear, well established authority permitting parties to seek declaratory relief on the issue of potential joint ownership of rights in a copyrighted work. As this Court will find, however, TOVE's request for a determination of ownership of rights in the NoPixel Server (and, therefore, that Defendants do not possess a perpetual, irrevocable license to such rights) is proper, and Defendants' Motion should be dismissed.

## II.   STATEMENT OF FACTS

### A.   Plaintiff's Relevant Allegations

TOVE is a content creation and business management company that hired Daniel Tracey, a talented software developer, to work as its lead developer. First Amended Complaint ("FAC") at ¶ 9. Because Mr. Tracey is a foreign national working in the United States, and TOVE is a U.S.-based company, TOVE also sponsored Mr. Tracey's work visa. *Id*. Pursuant to the terms of his employment relationship, TOVE was permitted to contract with third parties for the services of

Mr. Tracey, in exchange for Mr. Tracey's agreement that TOVE would receive all compensation paid by any such third parties for Mr. Tracey's services. *Id*. at ¶ 10.

Defendants operate a very successful videogame server, wherein individuals who play the "open world" videogame entitled "Grand Theft Auto V" (the "Game") can "role-play" with other individuals in a closed Game environment on such server (the "NoPixel Server"). *Id*. at ¶ 11. In or about early 2020, NoPixel desired to engage Mr. Tracey, in his role as a software developer, to make significant updates to the NoPixel Server (the "Services"). *Id*. at ¶ 12. Accordingly, NoPixel contracted with TOVE for the services of Mr. Tracey, in exchange for NoPixel's agreement to pay TOVE (by way of Mr. Tracey) fifty percent (50%) of Game revenue (the "Agreement"). *Id*.

From in or about early 2020 to in or about December of 2022, Mr. Tracey rendered the Services to NoPixel. *Id*. at ¶ 13. In rendering the Services, Mr. Tracey made significant creative contributions to both the "front end" visual aesthetics of the Game, and the "back end" information management systems that allow the NoPixel Server to function. *Id*. Specifically, Mr. Tracey designed and created the entire payment processing system for the NoPixel Server, which facilitated the processing of millions of dollars a year in payments to Defendants. *Id*.

In or about late 2022, a personal dispute developed between Mr. Tracey and Defendant Clout, NoPixel's founder and owner. *Id*. at ¶ 15. Their dispute ultimately culminated, on or about December 27, 2022, in Defendants terminating Mr. Tracey's role with NoPixel and, thus, his authority to access to the NoPixel Server. *Id*. Defendants, however, never informed Mr. Tracey of his termination, or of the removal of his access to the NoPixel Server, and thereafter claimed that Mr. Tracey caused a "data breach" when he attempted to access the NoPixel Server believing he still possessed access authority. *Id*. at ¶¶ 16-18.

///

///

### B. Procedural History And The Parties' Meet And Confer Efforts

TOVE filed its Complaint, and therefore commenced this action, on April 10, 2023. Dkt. No. 1. On or about May 12, 2023, TOVE effected service on Defendants, who are located in Australia. Declaration of John Begakis in Support of Opposition ("Begakis Decl.") at ¶ 2. On June 14, 2023, Defendants filed their first Motion to Dismiss the First Cause of Action for Declaratory Relief, because that claim supposedly did not set forth the existence of an actual and immediate controversy (the "First Motion to Dismiss"). Dkt. No. 14.

In the First Motion to Dismiss, Defendants claimed that TOVE's First Cause of Action for Declaratory Relief must be dismissed because it was "merely seeking an advisory opinion as to whether it is entitled to assert joint ownership…" *Id*. at 1:11-13. Because Defendants' counsel didn't even raise this argument during the parties' first meet and confer call, TOVE ultimately elected to file its FAC and address any potential legitimacy with Defendants' argument. Begakis Decl. at ¶ 5. Accordingly, (and in addition to adding a Third Cause of Action for an Accounting), the FAC now specifically alleges, in response, that the actual controversy regarding TOVE's claim to ownership arose from Defendants' claim to a perpetual, irrevocable, free license in and to TOVE's rights. FAC at ¶ 23.

After TOVE filed the FAC, the Court deemed Defendants' First Motion to Dismiss moot and vacated the hearing. Dkt. 19. Defendants, however, were predictably unsatisfied with TOVE's amendments, moving the conceptual goal posts to claim that TOVE's First Cause of Action is now "actually a claim for copyright infringement." Motion at 1:5. Defendants' counsel, as the one contemplating filing a motion to dismiss, met *his* obligation under Local Rule ("L.R.") 7-3 to contact TOVE's counsel to discuss the substance thereof. In light of the parties' prior, unproductive efforts to meet and confer, as well as the fact that Defendants clearly never intended to do anything other than file a second motion to dismiss, TOVE's

counsel promptly responded and advised Defendants' counsel that *his* obligations under L.R. 7-3 had been met. Begakis Decl. at ¶ 7.

Accordingly, this Opposition necessarily results.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint or counterclaim must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 677-78 (internal citations omitted). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what…the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT

### A. Plaintiff's Claim For Declaratory Relief As To Ownership Is Separate and Independent From A Claim For Infringement

A joint work is created when two or more authors prepare a work with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole. 17 U.S.C. § 101. Joint authors are co-owners to the copyright with an equal undivided interest in the work as a whole. 17 U.S.C. § 201(a); *Pye v. Mitchell*, 574 F.2d 476, 480 (9th Cir. 1978). And, while one co-owner cannot be liable to another co-owner for infringement, determining ownership is essential to establishing whether a co-owner is therefore entitled to an accounting of any profits received by all other co-owners. *Oddo v. Ries*, 743 F.2d 630, 632-33 (9th Cir. 1984).

It is also well established that a plaintiff can seek declaratory relief regarding ownership in a joint work without such claim automatically becoming a copyright infringement claim. For example, in *Aalmuhammed v. Lee*, the plaintiff brought a

4

claim for declaratory relief regarding co-ownership status (as well as a claim for an accounting), and the Court recognized that the declaratory relief claim was not a copyright infringement claim in disguise – noting that the "gravamen of an authorship claim" is "creation rather than infringement." *Aalmuhammed v. Lee*, 202 F.3d 1227, 1230-31 (9th Cir. 2000); *see also Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) ("Creation, rather than infringement, was the gravamen of plaintiff's co-ownership claim…"). Like *Aalmuhammed* and *Zuill*, TOVE's First Cause of Action only seeks a determination as to its ownership in Mr. Tracey's contributions to the creation and development of the NoPixel Server, which would entitle TOVE to an accounting against Defendants.

Despite this established conceptual difference, Defendants conflate TOVE's claim for declaratory relief regarding ownership with a claim for infringement, in a transparent attempt to avoid any consideration of TOVE's claim to co-ownership of the NoPixel Server. TOVE intends to use the Court's anticipated determination of co-ownership as the basis for its Third Cause of Action for an Accounting, and Defendants therefore know that they will be exposed to significant financial liability, via such accounting claim, if TOVE's First Cause of Action is permitted to proceed. Defendants' claim to possession of a perpetual, free license to non-exclusively use Mr. Tracey's contributions to the creation and development of the NoPixel Server stands in the way of TOVE's claim to ownership and an accounting, and an actual controversy <u>not</u> involving any claim of infringement therefore exists.

Defendants focus on the language in Paragraph 28 of the FAC to claim that TOVE's First Cause of Action for Declaratory Relief "is actually a claim for copyright infringement." However, Paragraph 26 of the FAC provides important context and characterization to the controversy at issue, as it makes clear that the "actual controversy" regards "the parties' respective rights in…all copyrights…and all monies generated from the exploitation thereof, **including…whether a permanent and irrevocable license for Defendants to continue exploiting or**

5

1  **otherwise utilizing such contributions was ever granted**…" FAC at ¶ 26
2  (emphasis added). The Court should therefore consider this context in finding that
3  the language of Paragraph 28 asserting that TOVE "is entitled to prevent Defendants
4  from utilizing such contributions under the guise of a 'permanent and irrevocable
5  license' that TOVE did not grant" is not an infringement claim in disguise, but,
6  rather, a necessary part of any determination that TOVE is a co-owner with free and
7  unfettered rights that entitle it to an accounting from Defendants.

8  Accordingly, Plaintiffs' declaratory relief claim is not an infringement claim,
9  and Defendants' Motion should be denied.

### B. Facts Outside Of The Pleading, Especially A Confidential Settlement Communication, Are Inappropriate To Consider At The Motion to Dismiss Stage

13  A motion to dismiss filed pursuant to FRCP 12(b)(6) considers whether the
14  *pleadings* "contain sufficient factual matter, accepted as true, to state a claim to
15  relief that is plausible on its face." *Ashcroft*, 556 U.S. at 677-78. Additionally, "a
16  statement made during compromise negotiations about the claim" are "not
17  admissible…to prove or disprove the validity of…[the] disputed claim…" Federal
18  Rules of Evidence ("FRE") 408(a)(2). A strong public policy favoring compromise
19  and settlement of disputes therefore exists and justifies preventing the introduction
20  of confidential settlement communications pursuant to FRE 408. *Zucchella v.
21  Olympusat, Inc.*, No. CV197335DSFPLAX, 2023 WL 2633947, at *11 (C.D. Cal.
22  Jan. 10, 2023) (citing *Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213–14 (9th Cir. 1990)).

23  Defendants utilize TOVE's clearly labeled confidential settlement letter to
24  convince the Court that TOVE always intended to bring an infringement claim
25  against Defendants. But the whole purpose of that communication was for both
26  sides to exchange any and all positions freely and frankly (and whether ultimately
27  determined to be legitimate or not), in an effort to resolve the dispute between them.
28  Therefore, whether or not TOVE brings claims that it mentioned in a confidential

settlement communication belies the point: TOVE is entitled (and, in fact, should be encouraged) to candidly discuss Defendants' alleged wrongdoings in the pursuit of reaching a settlement before commencing costly and protracted litigation.

Defendants' cavalier disclosure of the parties' confidential settlement communications creates the chilling effect on settlement efforts that FRE 408 was enacted to discourage, and the Court should not consider any reference to such communication in determining that TOVE's First Cause of Action for Declaratory Relief as to ownership is not the same as a copyright infringement claim.

## V.    LEAVE TO AMEND MUST BE GRANTED

"The Standard for granting leave to amend is generous…[as] the court considers five factors in assessing the propriety of leave to amend – bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *U.S. v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) (internal citations omitted). Defendants' entire argument that TOVE's First Cause of Action is actually a claim for infringement in disguise rests on a single clause in Paragraph 28 of the FAC, wherein TOVE seeks the Court's determination as to ownership, in part, to "prevent Defendants from utilizing such contributions under the guise of a 'permanent and irrevocable license'…" Therefore, if this Court believes that such language unintentionally changes the character of TOVE's First Cause of Action for Declaratory Relief, and turns it into a de facto cause of action for infringement, then granting TOVE leave to remove such language would not be futile.

///
///
///
///
///
///

## VI. CONCLUSION

Based on the foregoing, Plaintiff respectfully request that Defendants' Motion be denied, or, in the alternative, Plaintiff be granted leave to amend the FAC.

DATED: July 31, 2023          **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
SHEENA B. TEHRANI
*Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

8

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# DECLARATION OF JOHN BEGAKIS

I, John Begakis, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a founding partner at AltView Law Group, LLP and counsel for THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE"), the Plaintiff in this action. I hereby submit this Declaration in support of TOVE's Opposition to the Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), by Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel") and MITCHELL CLOUT, an individual ("Clout") (collectively, "Defendants") on or about June 14, 2023 (the "Motion"). I know all of the following facts of my own personal knowledge and, if called upon and sworn as a witness, could and would competently testify thereto.

2. On or about April 10, 2023, our office commenced this action on behalf of TOVE, by filing the operative Complaint. Thereafter, we reached out to the attorneys with whom I had previously been communicating regarding the claims we were ultimately forced to bring via the Complaint, to see if they would provide us with the courtesy of accepting service of the Complaint on behalf of Defendants. They inexplicably refused – forcing us to unnecessarily incur significant costs to serve Defendants in Australia. Despite such bad faith refusal to cooperate, we quickly served both Defendants on or about May 12, 2023.

3. On or about May 24, 2023, I conducted a meet and confer call with Defendants' newly retained litigation counsel, Larry Zerner, regarding Defendants' perceived issues with the allegations made in TOVE's Complaint. Most of those issues were based on Counsel's differing view of the facts. However, I thought I understood Mr. Zerner to be contending that the Complaint should be dismissed because TOVE's claim for declaratory relief was unnecessary since Defendants did not dispute TOVE's claim to joint ownership of the NoPixel Server. In other words, I

thought I understood Mr. Zerner to be contending that Defendants intended to "waive the white flag" and not fight TOVE's claim to joint ownership of the NoPixel Server.

4. Instead, however, Defendants' Motion simply states that TOVE's claim for declaratory relief should be dismissed because TOVE has not alleged the existence of an actual and immediate controversy over TOVE's claim for joint ownership. Had I understood this to be Defendants' position during my meet and confer call with Mr. Zerner, I would have suggested that TOVE amend its Complaint to assert concrete details regarding our office's prior communications with Defendants' other attorneys, in which such attorneys did dispute TOVE's claim to joint ownership – and even threated to bring their own claim for declaratory relief.

5. Because Mr. Zerner didn't even raise this argument during our first meet and confer call, our office ultimately filed a First Amended Complaint to cure the issue of establishing the existence of an actual controversy.

6. On or about July 7, 2023, my office filed TOVE's First Amended Complaint (the "FAC"), in which we were careful to allege the *existence* of an actual controversy evidenced by the parties' prior confidential settlement communications, with only as much of the *contents* of such communication as necessary to evidence Defendants' position regarding the existence of such controversy. The FAC also now includes a Cause of Action for an Accounting because TOVE's claim for a determination of ownership in the NoPixel Server will necessarily also include a claim for an accounting of TOVE's share of revenues generated from Defendants' exploitation thereof.

7. On or about July 11, 2023, Mr. Zerner sent me an email setting forth his perceived deficiencies with the FAC. This correspondence claimed that TOVE's First Cause of Action for Declaratory Relief was actually a claim for infringement in disguise. However, his email included no authority on this point, and I viewed it as a fairly disingenuous position both for that reason, and because it was asserted after TOVE had just complied, in good faith, with Mr. Zerner's last round of concerns and

made the presence of an existing dispute much more clear. These considerations, coupled with my experience from our last meet and confer call, wherein Mr. Zerner simply tried to litigate the facts of the dispute with me and made no mention of the argument he ultimate made by way of his first Motion to Dismiss, I promptly responded and advised Mr. Zerner that he could go ahead and file his motion. Mr. Zerner's response thereto – that my response to him was somehow "not a sufficient meet and confer" – was not only an improper recitation of *Mr. Zerner's* obligations under Local Rule 7-2, but was also simply a transparent effort to bully me into having another, unproductive telephone conversation with him over the facts of the case. In addressing Mr. Zerner's email, I simply elected not to waste either of our time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on July 31, 2023, at Los Angeles, California.

_____
JOHN BEGAKIS

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: July 31, 2023                 By:  /s/ John Begakis
                                                                                    John M. Begakis