Larry Zerner (SBN 155473)
Morrison Cooper
10900 Wilshire, Suite 930
Los Angeles, California 90024
Telephone: (310) 773-3623
Email: Larry@MorrisonCooper.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>DEFENDANTS' REPLY BRIEF RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>HEARING DATE: August 21, 2023<br>TIME: 1:30 p.m.<br>COURTROOM 10A<br><br>Action Filed: April 10, 2023<br>Trial Date: Not Set |

## I.　PLAINTIFF'S AMENDED COMPLAINT DOES NOT ALLEGE THAT THE PARTIES ARE "JOINT OWNERS" OF THE COPYRIGHT

In its Opposition, Plaintiff claims that the Amended Complaint is seeking declaratory relief as to whether Plaintiff and Defendant are joint owners of the NoPixel server. The Amended Complaint does nothing of the kind. While there was

- 1 –

Reply Brief Re Motion to Dismiss

language concerning joint ownership in the Original Complaint (See ¶23-24), there are no claims involving joint ownership in the Amended Complaint.

Instead, the Amended Complaint states that it seeks a declaration as to whether "a permanent and irrevocable license for Defendants to continue exploiting or otherwise utilizing such contributions was ever granted to Defendants." (Amended Complaint ¶26). This language belies Plaintiff's allegation that the parties are joint owners, because if NoPixel is a joint owner of the copyright, it doesn't need a license to continue to exploit the server.

Furthermore, the February 6, 2023 letter from TOVE's counsel to Defendants referred to in ¶22 of the Amended Complaint contradicts TOVE's contention that Plaintiff's are asking for a declaration about joint ownership. In the letter, TOVE's lawyer states that Mr. Tracey's contributions to the server are "owned by TOVE" and threatens to sue Defendant for copyright infringement if it continues to use these contributions.

This letter is an admission by Plaintiff that it does not consider Tracey's work on the server to constitute a joint work, but instead considers it to be completely owned by Plaintiff. If Plaintiff actually believed that a joint work existed, Plaintiff would not contend there was copyright infringement or contend that Defendant needed a license to distribute the work. As both Plaintiff and Defendant agree that Tracy's work did not make him a joint author of the server, there is no dispute between the parties - Plaintiff and Defendant are not joint authors of the server.

What Plaintiff asks for in the Amended Complaint is a declaration that TOVE is "entitled to prevent Defendants from utilizing Tracey's contributions . . ." (¶28). Such a declaration has nothing to do with determining whether Plaintiff and Defendant are joint authors and everything to do with whether Defendant is

infringing Plaintiff's alleged copyright.[1] As Plaintiff has not complied with the registration requirement, it cannot proceed with this lawsuit.

## II. THE FEBRUARY 9, 2023 LETTER IS ADMISSIBLE

### a. The Letter Does Not Violate Rule 408.

Plaintiff contends that the court should not consider the admissions contained in the February 9, 2023 letter because the letter is part of a settlement discussion. Plaintiff is incorrect.

USCS Fed Rules Evid R 408 only forbids the introduction of a statement made during compromise negotiations about a claim when offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."

Defendant is not introducing the letter to prove or disprove the validity of a claim or to impeach Plaintiff. "Rule 408 will not preclude admissibility of the statements if the evidence is not offered to prove liability for, or validity of, a claim or its amount. By its terms, the Rule does not require exclusion of any evidence otherwise discoverable simply because it is presented in the course of compromise negotiations." *ABM Indus. v. Zurich Am. Ins. Co.,* 237 F.R.D. 225, 228 (N.D. Cal. 2006)

Defendant introduced the letter solely to show the nature of the claim. The arguments in the letter are identical to the allegations in the complaint. The letter is introduced to make it clear that Plaintiff believes that its allegations are for copyright infringement, and therefore must be dismissed.

### b. By Discussing The Terms of the Letter in the Amended Complaint, Plaintiff Waived Any Objection to its Admissibility.

---

[1] Had Mr. Begakis complied with his obligations to meet and confer, I would have explained this to him, but he could not be bothered to do so.

Even if the use of the Letter did fall under the protections of Rule 408, Plaintiff's explicit reference to the letter in the Amended Complaint waives any objection to its admissibility.  Plaintiff has the temerity to contend that Defendant's inclusion of the Letter in the Motion to Dismiss creates a chilling effect on settlement efforts.  But it is Plaintiff who spends four paragraphs of the Amended Complaint detailing the contents of the supposedly confidential settlement communications between the parties.  By alleging the contents of the letter in the Amended Complaint, the Court is obligated to review the entire letter under the "incorporation by reference" doctrine.  Courts "have extended the "incorporation by reference" doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Here, Plaintiff uses the letter to show that there is a dispute between the parties, and Plaintiff does not dispute that the letter attached to the Motion was authentic.  Accordingly, the Court may review the letter. Defendant is unable to find any cases where the court refused to abide by the "incorporation by reference" doctrine simply because the document consisted of a settlement letter mentioned in the Complaint.

Finally, even assuming, *arguendo*, that the letter was inadmissible, that would not rescue the Amended Complaint.  As discussed above, the Amended Complaint seeks a declaration that Defendant is using Plaintiff's materials without a license, not about whether this is a joint work.  Plaintiff is making a claim for copyright infringement and thus the Amended Complaint must be dismissed.

### III.   PLAINTIFF CANNOT AMEND THE COMPLAINT BECAUSE ANY AMENDMENT WOULD BE FUTILE

While leave to amend is normally freely granted, that is not the case where any amendment would be futile.  *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1039 (9th Cir. 2002).  Plaintiff argues that it can cure the problems in the Amended Complaint by just removing its problematic language. It cannot.  The Amended Complaint and the February 9, 2023 letter referenced therein, set out the issue that Plaintiff wants the court to decide – whether NoPixel is using Plaintiff's code without a license.  That is an allegation of copyright infringement.  As Plaintiff concedes that it does not have a registered copyright, any amendment would be futile.  The complaint should be dismissed without leave to amend.

RESPECTFULLY SUBMITTED

Date: August 7, 2023                    MORRISON COOPER

By: /s/Larry Zerner
    Larry Zerner
    Attorney for Defendants