UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02687-SVW-JC | Date | February 14, 2024 |
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING MOTION TO DISMISS [20]

### I.   Introduction

Before the Court is a motion to dismiss filed by Defendants Mitchell Clout and Koil Content Creation PTY LTD (collectively, "Defendants")[1]. Dkt. 20 ("Mot."). For the following reasons, the motion is DENIED.

### II.   Background

The present case arises from an alleged dispute regarding copyright ownership and unpaid royalties. The following facts are drawn from the complaint.

Plaintiff That One Video Entertainment ("TOVE") is a content creation and business management company that employs various individuals in the videogame industry. Dkt. 18, First Amended Complaint ("FAC"), ¶ 9. TOVE employed a software developer named Daniel Tracey ("Tracey"). *Id.* As part of Tracey's employment agreement, TOVE was permitted to contract with third parties to sell Tracey's services and receive all compensation paid for such services. *Id.* ¶ 10.

Defendants operate a videogame server (the "Server"), where individuals who play the "open world" video game, Grant Theft Auto V, can role-play with other individuals in a closed game

---

[1] Defendant Clout is the founder and owner of Koil Content Creation PTY LTD ("Koil"). Dkt. 18, ¶¶ 2, 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

environment. *Id.* ¶ 11.

Around early 2020, Defendants contracted with TOVE to obtain Tracey's services as an independent contractor. *Id.* ¶ 12. In exchange, Defendants would pay 50% of game revenue to TOVE. *Id.* During the arrangement, TOVE did not execute an agreement stating that Tracey's contributions were "works-made-for-hire" or were otherwise owned by Defendants. *Id.*

From early 2020 to December 2022, Tracey rendered services to Defendants. *Id.* ¶ 13. These included creative contributions to the visual aesthetics of the game and to the information management systems that allowed the Server to function. *Id.* Tracey also designed and created the entire payment processing system. *Id.*

In late 2022, a personal dispute arose between Tracey and Defendant Clout, resulting in Clout terminating Tracey's role with Defendant Koil and removing his authority to access the Server. *Id.* ¶ 15.

On January 9, 2023, TOVE's counsel sent Defendants a demand to cease and desist, where TOVE asserted exclusive ownership over Mr. Tracey's contributions to the Server. *Id.* ¶ 20. On January 23, 2023, Defendants' counsel responded that Tracey's contributions were not copyrightable, and in the alternative, anything Tracey contributed was permanently and irrevocably licensed to Defendants anyway. *Id.* ¶ 21.

On February 6, 2023, TOVE sent another cease-and-desist letter, disputing their lack of ownership and making it clear that TOVE intended to file suit. *Id.* ¶ 22. Defendants responded on February 10, 2023, stating that they had a perpetual, irrevocable license, and that they would be recommending to their client that they bring an action for declaratory relief against TOVE. *Id.* ¶ 23.

Based on these allegations, TOVE brings the following claims: (1) declaratory relief, (2) breach of contract, and (3) accounting. *Id.* ¶¶ 25–37.

### III.   Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in

:
_____    _____
Initials of Preparer
                    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### IV. Discussion

Here, Defendants only seek to dismiss TOVE's first cause of action: declaratory relief. Mot. at 3. Specifically, Defendants contend that TOVE's claim for declaratory relief should fail because it is actually a copyright infringement claim brought in disguise. Mot. at 1. Furthermore, Defendant correctly states that a copyright infringement lawsuit cannot be filed before Plaintiff registers the copyright. Mot. at 5. Indeed, "[b]efore pursuing an infringement claim in court . . . a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (citing 17 U.S.C. § 411(a)). Defendants thus argue that because TOVE does not have a copyright registration in Tracey's contributions to the Server, TOVE's claim must be dismissed. Mot. at 1.

To argue that TOVE's declaratory judgment claim is a copyright claim in disguise, Defendants point to paragraph 28 of the FAC. Mot. at 4. That allegation states the following:

TOVE therefore seeks the Court's determination as to whether TOVE possesses a claim to

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

ownership of any and all copyrights derived from Mr. Tracey's creative contributions to [the Server], pursuant to the Copyright Act, and whether TOVE is entitled to prevent Defendants from utilizing such contributions under the guise of a "permanent and irrevocable license" that TOVE did not grant.

FAC ¶ 28. Defendants argue that "what Plaintiff is asking the court to declare is that Defendants are infringing Plaintiff's copyright by utilizing Tracey's contributions to [the Server], without a license." Mot. at 4. To further support this notion, Defendants point to a demand letter from Plaintiff's counsel on February 6, 2023. Mot. at 4; Dkt. 20-1, Ex. 1. Defendants state the following:

> The letter, [*sic*] begins with a heading stating, "**TOVE'S Claim for Copyright Infringement**" (Emphasis in original). Under that, the letter states that TOVE "believes it presently possesses a claim for ownership of any of Mr. Tracey's contributions to the development of the Game, as it exists on [the Server]." The letter continues, "a significant portion of the code developed for the most recent version of the Game, as it exists on [the Server], derives from Mr. Tracey's creative contributions, which are owned by TOVE." The section of the letter concludes, in pertinent part, "TOVE believes it possesses *significant copyright infringement claims*, and absolutely intends to bring any such viable claims against [Defendants] if Mr. Tracey's reasonable demands brought by way of our initial January 9, 2023 correspondence are not met." (Emphasis added).

Mot. at 4.

In response, TOVE contends that their declaratory judgment claim does not rest on infringement, and instead asserts that it is seeking a determination of joint ownership. Dkt. 22 ("Opp.") at 4. TOVE states that co-owners cannot be liable to each other for infringement, but that determining ownership is essential to establishing whether a co-owner is entitled to an accounting of any profits received by other co-owners. *Id.* at 4 (citing *Oddo v. Ries*, 743 F.2d 630, 632–33 (9th Cir. 1984)). *See also Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996). Indeed, TOVE intends to use a "determination of co-ownership as the basis for its Third Cause of Action for an Accounting." *Id.* at 5. TOVE cites to cases recognizing a distinction between direct copyright infringement claims and declaratory judgment claims seeking to determine joint ownership of the copyrighted material. *Id.* at 4–5. Specifically, these cases recognize that the statutes of limitations for declaratory judgment claims asserting co-ownership begin

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

to run when ownership is created, rather than in infringement actions where the statutes of limitations begin to run when infringement occurs. *See Aalmuhammed v. Lee*, 202 F.3d 1227, 1230–31 (9th Cir. 2000) ("Because creation rather than infringement is the gravamen of an authorship claim, the claim accrues on account of creation, not subsequent infringement, and is barred three years from "plain and express repudiation" of authorship."); *see also Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). TOVE also points to paragraph 26 of the FAC, which states the following:

> An actual controversy has arisen and now exists between TOVE and Defendants regarding the parties' respective rights in and to any and all copyrights derived from Mr. Tracey's creative contributions to [the Server], and all monies generated from the exploitation thereof, including, without limitation, whether a permanent and irrevocable license for Defendants to continue exploiting or otherwise utilizing such contributions was ever granted to Defendants.

Opp. at 5–6; FAC ¶ 26. TOVE argues that this allegation provides context to paragraph 28 of the FAC and shows that the language asserting that TOVE "is entitled to prevent Defendants from utilizing such contributions under the guise of a 'permanent and irrevocable license' that TOVE did not grant" is not an infringement claim in disguise, but "a necessary part of any determination that TOVE is a co-owner with . . . rights that entitle it to an accounting from Defendants." Opp. at 6.

Defendants reply that the allegation in the FAC that there is a controversy over "whether a permanent and irrevocable license for Defendants to continue exploiting or otherwise utilizing such contributions was ever granted" belies TOVE's allegation that the parties are joint owners. Dkt. 23 ("Reply") at 2; FAC ¶ 26. This is because if Defendants were joint owners, Defendants would not need a license to exploit the Server. Reply at 2. Thus, Defendants argue that TOVE is not asserting joint ownership. *Id.* 2–3.

The Court disagrees with Defendants that TOVE is asserting a copyright infringement claim. Instead, the Court finds that TOVE is asserting a claim for joint ownership under copyright law. At the very least, the FAC can be construed this way. TOVE seeks to determine whether it owns "any and all" copyrights from Mr. Tracey's "contributions" to the Server. FAC ¶ 28. TOVE is thus claiming co-ownership in the joint work: the Server. *See* Opp. at 5 ("Defendants conflate TOVE's claim for declaratory relief regarding ownership with a claim for infringement, in a transparent attempt to avoid

:
_____
Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

any consideration of TOVE's claim to co-ownership of [the Server]"). In paragraph 26, TOVE states that there is an actual controversy over the "parties' respective rights in and to . . . all monies generated from the [Defendants'] exploitation [of Tracey's contributions]." FAC ¶ 26. Thus, when TOVE says there is a controversy as to whether Defendants had a "permanent and irrevocable license . . . to continue . . . exploiting or otherwise utilizing such contributions," TOVE simply seeks a declaration that Defendants did not have a "license" *to operate the Server without accounting for profits to TOVE. See id.* Similarly, when TOVE seeks a declaration as to whether it "is entitled to prevent Defendants from utilizing such contributions under the guise of a 'permanent and irrevocable license' that TOVE did not grant," it seeks a declaration that Defendants could not operate the Server *under the guise of a license that allows it to keep all profits. See* FAC ¶ 28. In any case, TOVE's opposition papers confirm that it is alleging a joint ownership claim in the Server and not an infringement claim. Opp. at 4–6. TOVE would likely be judicially estopped from asserting otherwise in the future.

Defendants also argue at TOVE is asserting a copyright infringement claim in its FAC because of TOVE's demand letter. Mot. at 4. The Court is not persuaded. Regardless of what TOVE's demand letter asserts, TOVE's FAC now alleges a joint ownership claim, as confirmed by TOVE's opposition. The Court is not aware of any authority that a plaintiff's complaint is construed in light of pre-litigation demand letters or is bound by such letters.

**V.      Conclusion**

For the foregoing reasons, Defendants' motion is DENIED.

Defendants are ordered to answer the complaint within 10 days.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |