Larry Zerner (SBN 155473)
Morrison Cooper
10900 Wilshire, Suite 930
Los Angeles, California 90024
Telephone: (310) 773-3623
Email: Larry@MorrisonCooper.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>DEFENDANTS ANSWER TO COMPLAINT<br><br>REQUEST FOR JURY TRIAL |

Defendants KOIL CONTENT CREATION PTY LTD and MITCHELL CLOUT ("Defendants"), hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

**THE PARTIES**

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and deny them on that basis.

Answer to Complaint

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. To the extent that the allegations in Paragraph 4 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 4.

5. To the extent that the allegations in Paragraph 5 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 5.

## JURISDICTION & VENUE

6. Defendants deny that allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint.

8. Defendants deny the allegations of Paragraph 8 of the Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and deny them on that basis.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and deny them on that basis.

11. Defendants admit that they operate a videogame server for individuals to play Grand Theft Auto V and deny the remaining allegations of Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants admit that Tracey rendered services to Defendant Koil and deny the remaining allegations of Paragraph 13 of the Complaint.

14. Defendants admit that Tracey participated in the Game on the NoPixel Server. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 and deny them on that basis.

15. Defendants admit that Tracey's role with NoPixel was terminated on or about December 27, 2022 and deny the remaining allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants admit that Clout made a statement on Twitch on or about December 31, 2022 discussing a "former NoPixel employee" and deny the remaining allegations in Paragraph 18 of the Complaint.

19. Defendants admit that Tracey was removed from the server and deny the remaining allegations of Paragraph 19 of the Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants admit that on January 23, 2023, its counsel responded to TOVE and deny the remaining allegations of Paragraph 21.

22. Defendants admit the allegations of Paragraph 22.

23. Defendants admit the allegations of Paragraph 23.

24. To the extent that the allegations in Paragraph 24 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 24.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

25. This paragraph realleges previous allegations and does not require a response.

26. Defendants deny the allegations in Paragraph 26.

27. To the extent that the allegations in Paragraph 27 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 27

28. To the extent that the allegations in Paragraph 28 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 28.

29. To the extent that the allegations in Paragraph 29 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 29.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

30. This paragraph realleges previous allegations and does not require a response.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants admit that TOVE has demanded money from them and deny the remaining allegations set forth in Paragraph 28.

## THIRD CAUSE OF ACTION

### (For An Accounting Against All Defendants)

34. This paragraph realleges previous allegations and does not require a response.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has unreasonably delayed in bringing the claims set forth in the

Complaint, despite admitting having knowledge of such facts, and Defendants have been prejudiced by this delay on the part of Plaintiff so as to bar the claims for relief by Plaintiff.

### THIRD DEFENSE

Plaintiff, by their own conduct, has waived one or more of its claims alleged in the Defendant.

### FOURTH DEFENSE

Plaintiff's loss, damage, or injury, if any, was caused by the actions, inactions or omissions of non-parties.

### FIFTH DEFENSE

Plaintiff is estopped and barred from obtaining the relief requested in the Complaint. The Complaint and each and every claim contained therein are barred by reason of acts, omissions, representations, and courses of conduct by Plaintiff by which Defendants were led to rely to its detriment, thereby barring relief under the doctrine of equitable estoppel under any cause of action asserted by Plaintiff.

### SIXTH DEFENSE

Plaintiff have failed to mitigate their damages.

### SEVENTH DEFENSE

Plaintiff's conduct as it related to the subject matter of this action was and is equitable as to Defendants, and as such Plaintiff are barred from any relief relating to the actions of Defendants under the doctrine of unclean hands.

### EIGHTH DEFENSE

Plaintiff lacks standing to bring these claims against Defendants.

### NINTH DEFENSE

This court does not have personal jurisdiction against either Defendants

### TENTH DEFENSE

This court does not have subject matter jurisdiction over this case.

## ELEVENTH DEFENSE

This court is not the proper venue for this case.

## ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses based on information learned or obtained through discovery or further investigation

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court:

1. Enter judgment in their favor on each and every claim set forth in the Complaint.

2. Dismiss the Complaint with prejudice.

3. Award Defendants their costs and attorneys' fees in this action; and

4. Award such other and further relief as this Court may deem just and appropriate.

Date: February 26, 2024            MORRISON COOPER

By: /s/Larry Zerner
Larry Zerner
Attorney for Defendants

## DEMAND FOR TRIAL BY JURY

Defendants pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demand trial by jury of all issues so triable in the present action.

Date: February 26, 2024            MORRISON COOPER

By: /s/Larry Zerner
Larry Zerner
Attorney for Defendants