**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELLE CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 CAS (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR A BRIEF CONTINUANCE OF THE TRIAL CALENDAR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN BEGAKIS IN SUPPORT THEREOF** |

PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR A BRIEF
CONTINUANCE OF THE TRIAL CALENDAR

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff"), by and through its counsel of record, hereby respectfully requests, via this *ex parte* application, that the Court briefly continue the Trial in this action, and all related deadlines, by no more than ninety (90) days (the "Application").

This Application is made on the grounds that good cause exists to continue the Trial date, and all related deadlines, for two main reasons.

*First*, despite working diligently to conduct discovery since this matter became "at issue" less than two months ago, Defendants have still not produced the code base at issue in this dispute. TOVE has even retained an expert witness to review the code when produced. But since the deadline to disclose TOVE's expert and produce their expert report has technically already passed because of the current trial date (even though the matter has been at issue for less than two months), TOVE is unable to designate its expert to provide an opinion on the similarity between Defendants' code base and TOVE's employee's original contributions.

*Second*, Defendants' counsel has indicated that Defendants intend to not produce the code base *at all* if this Application is unsuccessful because TOVE is now, and would continue to be, technically unable to designate an expert witness to review the code. This is a clear affront to TOVE's constitutional right to a full and fair trial on the merits with respect to the primary issue in this case: whether Defendants' code base is similar to TOVE's employee's original contributions. It will also necessitate a Motion to Compel from TOVE, which will just delay the trial schedule at that time.

In light of the fact that the deadline to designate TOVE's expert and produce his report has already passed *even though Defendants have not yet produced the*

PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR A BRIEF
CONTINAUNCE OF THE TRIAL CALENDAR

*code base in discovery*, and in light of the fact that *Defendants have indicated that they will completely withhold the code base if TOVE is unable to designate an expert*, extraordinary relief via this *ex parte* application is necessary.

On April 24, 2024, TOVE's counsel gave notice of this Application to counsel for Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL, and MITCHELLE CLOUT, an individual (collectively, "Defendants"). Defendants' counsel indicated that he would not oppose this Application.

The Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of John Begakis filed herewith, all pleadings, files and records in this proceeding, all matters of which the Court may take judicial notice, and any arguments or evidence that may be presented to or considered by the Court prior to its ruling hereon.

D ATED:  April 24, 2024

**ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
SHEENA B. TEHRANI
*Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") hereby respectfully requests, via this **unopposed** *ex parte* application, that the Court briefly continue the trial in this action, and all related deadlines, by no more than ninety (90) days (the "Application").

## I.   STATEMENT OF RELEVANT FACTS

This action involves TOVE's claim to ownership of certain source code possessed by Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL, and MITCHELLE CLOUT, an individual (collectively, "Defendants"). TOVE filed is operative First Amended Complaint (the "FAC") on July 7, 2023. Dkt. No. 18. After Defendants' Motion to Dismiss the FAC was denied on February 14, 2024, Defendants filed their Answer on February 26, 2024. Dkt. Nos. 26-27.

On March 26, 2024, the Court held a New Case Status Conference. Dkt. No. 29. At this conference, the Court set July 16, 2024 as the trial date. *Id*. Counsel for both parties expressed concern about the short timeline, but the Court explained that while it preferred a short timeline it would entertain a request by the parties for a continuance upon a showing of good cause. Declaration of John Begakis ("Begakis Decl.") at ¶ 5.

On March 29, 2024, Defendants served written discovery. Begakis Decl. at ¶ 6. On April 8, 2024, TOVE also served written discovery, wherein TOVE sought access to the relevant code base. *Id*. at ¶ 7. On or about the same day, TOVE retained an expert to review such code base. *Id*. at ¶ 8; Exhibit "A" hereto.

On April 15, 2024, counsel for the parties met and conferred regarding the logistics of Defendants' production of the code base (i.e., Where was the code base presently being stored? Would a third-party e-discovery provider need to hold the code base in trust? What protective order terms would need to be in place for

1

Plaintiff's expert to review the code base?). *Id*. at ¶ 9. The parties agreed upon such logistics, which first included the Court's entry of a protective order. *Id*. Accordingly, on April 15, 2024 (i.e., that same day), Plaintiff filed a draft protective order, which the Court granted and entered on April 22, 2024. Dkt. Nos. 33, 36.

On April 24, 2024, TOVE's counsel attempted to meet and confer in good faith with Defendants' counsel regarding the Court's rejection of the parties' proposed Stipulation to continue the Trial. Begakis Decl. at ¶ 10. TOVE's counsel asked Defendants' counsel to alternatively stipulate to a revised schedule for disclosing and deposing TOVE's expert. *Id*. Believing he has leverage to game this litigation, Defendant's counsel refused, and stated that he also intended to not produce the code at all if this Application was not granted because we now had no expert to review it and testify about it at trial. *Id.*; *see* Exhibit "B" hereto.

## II.    THERE IS GOOD CAUSE FOR A CONTINUANCE

The Court has broad discretion to modify a scheduling order "for good cause." FRCP 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* Central District Local Rule ("L.R.") 16-9. Good cause exists to modify a scheduling where it is "impossible for…present counsel to meet the pretrial schedule." *Underwood v. Knowles*, 2010 WL 3505066, at *1 (E.D. Cal. Sept. 7, 2010). Here, good cause exists for the following four (4) reasons.

***First*,** the case has been at issue for less than two months, and TOVE has not only been actively conducting discovery, but it has also already retained an expert witness to review the relevant code base once it is produced. Despite this, Defendants have still not granted TOVE access to the relevant code base. And because trial is scheduled for July 16, 2024, it is impossible for TOVE to meet the pretrial schedule by having its expert review the relevant code base and provide a written report ninety (90) days before trial, as required by FRCP 26.

///

**Second**, Defendants' counsel has expressly stated his intention to game this litigation by not producing the relevant code base in discovery unless TOVE is able to designate an expert witness. This maneuver will deny TOVE of its constitutional right to a full and fair trial on the merits of its primary claim to ownership of the relevant code base. It will also necessitate the filing of a Motion to Compel Discovery, which will just force the Court to push back the Trial at that time.

**Third**, TOVE's requested continuance is modest. Though this case was filed on April 10, 2023 (Dkt. No. 1), it has only been "at issue" since February 26, 2024 (*see* Dkt. No. 27) (i.e., less than two months). TOVE is only asking that a mere three months more be given to the parties between now and trial, so that TOVE's expert can review the code base and provide a written report.

**Fourth**, TOVE's request is consistent with the Court's rationale expressed at the Initial Status Conference, when counsel for all parties expressed concern about the short timeline. In response, the Court made it clear that the short timeline would help motivate the parties to conduct discovery quickly, which absolutely has been the case. But the Court stated that it would allow the parties to come in to request a continuance if good cause existed, which TOVE is doing now because such good cause does presently exist.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully request that that the Court briefly continue the trial in this action, and all related deadlines, by no more than ninety (90) days.

DATED: April 24, 2024                    **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
SHEENA B. TEHRANI
*Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

3

## DECLARATION OF JOHN BEGAKIS

I, John Begakis, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a founding partner at AltView Law Group, LLP and co-counsel for THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff"), the Plaintiff in this action. I hereby submit this Declaration in support of TOVE's *ex parte* application requesting that the Court briefly continue the trial in action, and all related deadlines, by no more than ninety (90) days (the "Application"). I know all of the following facts of my own personal knowledge and, if called upon and sworn as a witness, could and would competently testify thereto.

2. On or about April 10, 2023, our office commenced this action on behalf of TOVE, by filing the operative Complaint. The gravamen of this dispute is over TOVE's claim to be the co-owner in certain code developed for Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL, and MITCHELLE CLOUT, an individual (collectively, "Defendants") by TOVE's employee, Daniel Tracey. Accordingly, the dispute in large part comes down to a review of Defendants' "code base" by an expert, to determine how similar such code base is to Mr. Tracey's contributions.

3. On July 7, 2023, my office filed TOVE's operative First Amended Complaint, which Defendants answered on February 26, 2024.

4. On March 18, and 19, 2024, counsel for Defendants and I exchanged Initial Disclosures pursuant to Fed. R. of Civ. P. 26.

5. On March 26, 2024, I attended the New Case Status Conference held by this Court. At that conference, the Court set trial for July 16, 2024. I and Defendants' counsel expressed concerns about the short timeline. The Court explained the reason for the short timely but advised that if a continuance was needed, the parties could come in and request one.

1
DECLARATION OF JOHN BEGAKIS

6. On March 29, 2024, my office was served with Defendants' first set of written discovery requests.

7. On April 8, 2024, my office served Defendants' counsel with TOVE's first set of written discovery requests, which seek access to the relevant code base in Defendants' possession.

8. On April 8, 2024, TOVE retained the services of an expert, named William Francis, who will be reviewing Defendants' code base to determine what (if any) similarities exist between such code and Mr. Tracey's original contributions thereto. A true and correct copy of Mr. Francis' curriculum vitae is attached hereto as Exhibit "A" and incorporated herein by this reference.

9. On April 15, 2024, I telephonically met and conferred with Defendants' counsel regarding the logistics of Defendants' anticipated production of the relevant code base for our expert's review. Among other topics, we discussed: (i) where Defendants were presently storing the relevant code base; (ii) whether a third-party e-discovery provider needed to hold the code base in trust for security purposes; (iii) whether our expert could use certain machine learning (or "AI") software to assist in, and expedite, his review of the code base; and (iv) what protective order terms the parties would need to have in place for Defendants to feel comfortable providing our office and TOVE's expert access to the code base. The parties agreed upon the logistics, including that Defendants would first file and obtain entry of a protective order before granting access to the code base to us and TOVE's expert.

10. On April 24, 2024, the very next day after learning that the Court had denied our Stipulation to continue the Trial, I attempted to meet and confer in good faith with Defendants' counsel, Larry Zerner, to resolve the issue of TOVE's inability to designate its expert witness and provide a report without Defendants having even produced the relevant code base yet. I proposed that Mr. Zerner stipulate to a revised schedule for designating TOVE's expert witness that would allow the expert time to review the code base after Defendants produced it, and allow Mr. Zerner time to

depose such expert. Believing he had leverage to game the system and deny TOVE a right to present its case in chief through an expert, Mr. Zerner laughed at this and said he would not agree to a revised expert disclosure schedule. I stated that the alternative was for us to file an *ex parte* application, which he said he would not oppose. However, he then indicated that if the Application was unsuccessful, and TOVE could not produce its expert at trial, Defendants would not be producing the code in discovery due to his view that TOVE now had no way to present its case in chief. When I objected to this position, and stated that it would necessitate the filing of a Motion to Compel, Mr. Zerner hung up on me, in violation of professional rules of conduct. He then refused to pick up my call when I tried to call back. A true and correct email of my summary of our "meet and confer" call is attached hereto as Exhibit "B" and incorporated herein by this reference.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on April 24, 2024, at Los Angeles, California.

_____
JOHN BEGAKIS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: April 24, 2024                    By:  /s/ John Begakis
                                                                                  John M. Begakis

# EXHIBIT "A"

# William J Francis

Engineering Servant Leader

- ✉ authorwjf@gmail.com
- ☎ (214) 505-5009
- 📍 Dallas, TX
- 🔗 https://bit.ly/3O6ULMZ

## ABOUT

With a passion for gaming and creative problem solving I have been lucky enough to work on gaming titles with the likes of Nickelodeon, the NBA and most recently Nexon. I am a patented inventor and have over 100 professional publication credits. I have managed teams as large as thirty and projects with multi-million dollar budgets.

## EDUCATION

BAS, University of North Texas

## PORTFOLIO

Publications: https://bit.ly/3Q9EqKf
Games: https://williamjfrancis.com
Patent: https://bit.ly/3dSsbLo

## CERTIFICATIONS

AWS Certified Architect
AWS Certified Practitioner
Scrum Certified Product Owner
SAFe Certified Agilist

## VETERAN

United States Army

## VOLUNTEER

Chairman, Collin College
Web & Mobile Curriculum Advisory

## Summary

Proven hands-on technology leader in the video game industry experienced building happy, high performing engineering teams.

## Success Stories

▪ While at **Nexon** I managed **feature development**, **tier-3 support** and **live ops** for a **top grossing mobile game**. For over 12 months my team ensured round the clock operations with **zero down time**. By identifying and prioritizing significant tech debt I was directly responsible for moving from quarterly to **monthly releases** and a **> 30% gain in team velocity**.

▪ Consulting with **Nickelodeon** I architected a strangler-pattern for moving **two native-mobile code bases to a single Unity app**. Building a POC that proved out seamless switching between native screens and Unity scenes, the team was able to continue feature development while transitioning tech stacks **without adding headcount.**

▪ Working with two of the biggest players in the **NBA** I was able to assess and **retool engineering processes** on a web-based game that was in serious danger of missing the launch date. By implementing **devops strategies**, **buy-vs-build analysis**, and some **hands-on development**, the game landed **on time and under-budget.**

## Experience

| | | |
|---|---|---|
| 2024 - Present | Infinigods | Director of Engineering |
| 2022 - 2024 | Pixelberry Studios | Engineering Manager |
| 2020 - 2022 | Raytheon Intel & Space | Principal Digital Strategist |
| 2018 - 2020 | ENO8 | Chief Architect |
| 2017 - 2018 | Accenture | Solutions Architecture Mgr |
| 2013 - 2017 | Bottle Rocket Studios | Senior Engineering Mgr |
| 2012 - 2013 | Timberhorn IT | Mobile Architect |
| 2007 - 2012 | IBM's SoftLayer | Lead Systems Engineer |
| 2006 - 2007 | Media Cart | Sr Software Engineer |
| 2004 - 2006 | NCR | Software Engineer |
| 1997 - 2004 | Linx Data Terminals | Technical Support Mgr |

## Core Competencies

**Technology:**
Unity 2D, Solar 2D, Box 2D, Android, iOS, C#, C++, Java, Lua, Lambda, ElasticBeanstalk, Dynamo, RDS, S3, Route-53, Cloudfront, SQS, SNS, IoT Gateway, API Gateway, IAM, Cognito, Firebase, Gitlab, Gitflow, Bitrise

**Project & Product Management:**
Agile Coach, Scrum Master, Roadmaps, Design Thinking, Feature One Pagers, A/B Testing, Analytics, Campaigns, Estimating, Budgeting, P&L

**Leadership**
Managing Through Managers, Managing ICs, Leading Cross-Functional Teams, Comfortable With C-Suite, Engineering COE, Mentoring

# EXHIBIT "B"

                             John Begakis <john@altviewlawgroup.com>

### Intention to File Ex Parte Application
1 message

**John Begakis** <john@altviewlawgroup.com>                          Wed, Apr 24, 2024 at 10:08 AM
To: larry@morrisoncooper.com
Cc: Sheena Tehrani <sheena@altviewlawgroup.com>

Counsel:

This email confirms the contents of our telephone conversation just now.  During the call, you informed me that you would not oppose our ex parte application, but that you do not intend to produce your client's code base in discovery unless we can designate an expert witness.  You then proceeded to hang up on me, in violation of the rules of professional conduct.

Accordingly, we will inform the Court of both your intention not to oppose and to not comply with our lawful discovery requests, in our request for a continuation of the trial.

Best,
John

--

**John M. Begakis, Esq.** | Partner
**AltView Law Group, LLP**
T: 310.230.5580 x1
F: 310.943.2540
Email: John@altviewlawgroup.com
Website: www.altviewlawgroup.com/

 

**CONFIDENTIALITY NOTICE:  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.