**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS**<br><br>**Hearing:**<br>Judge: Hon. Jacqueline Chooljian<br>Date:  July 30, 2024<br>Time:  9:30 a.m.<br>Place: Ctrm 750, 255 East Temple Street, Los Angeles, California, 90012<br><br>Action Filed: April 10, 2023<br>Trial Date: September 17, 2024 |

JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS

# TABLE OF CONTENTS

I. PLAINTIFF'S INTRODUCTORY STATEMENT PURSUANT TO L.R. 37-2.1 ............................................................................................................. 1

   A. Factual Background ........................................................................... 1

   B. Procedural Background ..................................................................... 2

II. DEFENDANT'S INTRODUCTORY STATEMENT PURSUANT TO LR 37-2.1 ......................................................................................................... 4

III. DEFENDANT'S RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS ................................................................................................. 6

   A. Plaintiff's Request No. 16 ................................................................. 6

   B. Defendant's Verbatim Response to Document Request No. 16 ....... 6

   C. Defendant's Verbatim Supplemental Response to Document Request No. 16 6

   D. Plaintiff's Contentions As To Why Defendant's Response To Plaintiff's Document Request No. 16 Is Insufficient ............................................... 7

   E. Defendant's Statement Regarding The Sufficiency Of Defendant's Response To Document Request No. 16 ..................................................... 8

IV. PLAINTIFF'S RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS ................................................................................................. 8

   A. Defendant's Request No. 2 ............................................................... 8

   B. Plaintiff's Verbatim Response to Document Request No. 2 ........... 9

   C. Defendant's Contentions As To Why Plaintiff's Response To Defendant's Document Request No. 2 Is Insufficient. .............................................. 9

   D. Plaintiff's Statement Regarding The Sufficiency Of Plaintiff's Response To Document Request No. 2 ................................................................. 10

## JOINT STATEMENT

Pursuant to Federal Rule of Civil Procedure ("FRCP") 37 and Local Rule ("LR") 37-1, Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC ("TOVE" or "Plaintiff") and Defendant KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel" or "Defendant") (collectively with Plaintiff, the "Parties"), have met and conferred regarding discovery of documents and information sought by Plaintiff's First Set of Requests for Production of Documents ("Plaintiff's Document Requests") and as to documents sought by Koil's First Set of Production of Documents ("Defendant's Document Requests"). Declaration of John Begakis ("Begakis Decl.") at ¶¶ 6, 8. The Parties are unable to reach an agreement at this time, and respectfully submit their positions.

**I.   PLAINTIFF'S INTRODUCTORY STATEMENT PURSUANT TO L.R. 37-2.1**

Plaintiff's contentions in this submission reflect the state of discovery as of June 25, 2024, the date on which Plaintiff provided its portion of this submission to NoPixel's counsel under LR 37-2.2.

**A.   Factual Background**

TOVE is a content creation and business management company that hired Daniel Tracey, a talented software developer, to work as its lead developer. First Amended Complaint ("FAC") at ¶ 9. Because Mr. Tracey is a foreign national working in the United States, and TOVE is a U.S.-based company, TOVE also sponsored Mr. Tracey's work visa. *Id*. Pursuant to the terms of his employment relationship, TOVE was permitted to contract with third parties for the services of Mr. Tracey, in exchange for Mr. Tracey's agreement that TOVE would receive a portion of the compensation paid to him in the course of rendering services for third parties. *Id*. at ¶ 10.

1   Defendants operate a very successful videogame server, wherein individuals who play the "open world" videogame entitled "Grand Theft Auto V" (the "Game") can "role-play" with other individuals in a closed Game environment on such server (the "NoPixel Server"). *Id*. at ¶ 11. In or about early 2020, NoPixel desired to engage Mr. Tracey, in his role as a software developer, to make significant updates to the NoPixel Server (the "Services"). *Id*. at ¶ 12. Accordingly, NoPixel contracted with TOVE for the services of Mr. Tracey, in exchange for NoPixel's agreement to pay TOVE (by way of Mr. Tracey) fifty percent (50%) of Game revenue (the "Agreement"). *Id*.

From in or about early 2020 to in or about December 2022, Mr. Tracey rendered the Services to NoPixel. *Id*. at ¶ 13. In rendering the Services, Mr. Tracey made significant creative contributions to both the "front end" visual aesthetics of the Game, and the "back end" information management systems that allow the NoPixel Server to function. *Id*. Specifically, Mr. Tracey designed and created the entire payment processing system for the NoPixel Server, which facilitated the processing of millions of dollars a year in payments to Defendants. *Id*.

In or about late 2022, a personal dispute developed between Mr. Tracey and Defendant Clout, NoPixel's founder and owner. *Id*. at ¶ 15. Their dispute ultimately culminated, on or about December 27, 2022, in Defendants terminating Mr. Tracey's role with NoPixel and, thus, his authority to access the NoPixel Server. *Id*. Defendants, however, never informed Mr. Tracey of his termination, or of the removal of his access to the NoPixel Server, and thereafter claimed that Mr. Tracey caused a "data breach" when he attempted to access the NoPixel Server believing he still possessed access authority. *Id*. at ¶¶ 16-18.

### B.   Procedural Background

Plaintiff therefore filed its operative FAC for Declaratory Relief, Breach of Contract, and Accounting on or about July 7, 2023. Dkt. 18. On or about April 8,

2024, Plaintiff served its first set of written discovery requests, including its First Set of Requests for Production of Documents (the "RPDs"). Begakis Decl. at ¶ 3. Because of Plaintiff's right to an accounting of all profits generated from the NoPixel Server as a potential co-owner thereof, and because of Plaintiff's potential claim to 50% of the profits via the parties' agreement, Plaintiff's RPD Number 16 requested financial documents related to NoPixel's revenues generated and costs incurred from NoPixel's operation of the NoPixel Server ("RPD No. 16").

NoPixel served its initial set of responses on or about May 8, 2024. *Id.* at ¶ 4. In response to RPD No. 16, NoPixel disingenuously asserted that the term "NoPixel Server" was ambiguous and unclear, and refused to produce any responsive documents on such basis. *Id.* On or about May 9, 2024, Plaintiff's counsel emailed Defendants' counsel regarding various deficiencies with NoPixel's discovery responses, including that NoPixel's objection to the term "NoPixel Server" was improper because it was a commonly used term for Defendants' role-play server and was one *Defendants themselves* used on their website to describe the server. *Id.* at ¶ 5; Exhibit "A" thereto.

On or about May 22, 2024, counsel for the parties met and conferred in person, as required by Local Rule 37-1, to address NoPixel's deficient discovery responses. *Id.* at ¶ 6. On the issue of whether the term "NoPixel Server" was ambiguous or unclear, NoPixel's counsel appeared to concede that it was not. *Id.* However, NoPixel's counsel was non-committal on whether NoPixel would ultimately provide financial documents responsive to RPD No. 16, suggesting that such financial documents were somehow "irrelevant" to the dispute. *Id.*

On or about June 5, 2024, NoPixel served supplemental discovery responses, including responses to certain of Plaintiff's RPDs. *Id.* at ¶ 7. However, NoPixel continued to refuse provide any financial documents responsive to RPD No. 16, and continued to contend that such documents were "unrelated to this litigation." *Id.*

3

JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS

1  Therefore, on or about June 12, 2024, Plaintiff's counsel sent Defendants' counsel
2  an email correspondence identifying such continued deficiency, but Defendants'
3  counsel's meandering response failed to indicate that NoPixel would produce
4  financial documents responsive to RPD No. 16. *Id.* at ¶ 8.

## II. DEFENDANT'S INTRODUCTORY STATEMENT PURSUANT TO LR 37-2.1

Plaintiff's Introductory Statement incorrectly states the background of the case. Defendant did hire Daniel Tracey to work as a developer. Defendant never hired TOVE or agreed that by hiring Tracey, it was actually hiring TOVE. While that subject is still up for dispute, what is not in dispute are the terms that Tracey and Koil agreed to with regard to the revenue Tracey would receive. There was never an agreement to pay Tracey (or TOVE) 50% of <u>all</u> of the revenue earned by Koil. There was only an agreement to pay Tracey 50% of the revenue received from certain specifically identified servers.

On March 22, 2022, Tracey sent Mitch Clout, owner and president of Koil, the terms of his employment on the Discord message app. Clout Decl. ¶7 and Exhibit 1 thereto. In the message, Tracey outlines the terms of his employment. First, Tracey sets out the scope of his work in a section called "Primary Responsibilities" (i.e., "leading infrastructure team," "Ensuring server setup/stability/uptime/security (for everything/all servers, even other games if we do them, etc.") Then, he mentions "Secondary Responsibilities" (i.e., (Building in-game mechanics, etc.). Third, he lists the members of the "Infrastructure Team. Fourth, and most importantly, he lists "Pay" which says

"Base: $10k

Revenue Splits:

- Current Revenue Splits:
- 50% India

4

- 50% Whitelist Prio (incl. lotto)
- 50% all international servers (Note: There were only ? international servers)1
- Ability to add revenue split at any time

A few lines down, Tracey writes: "Contract renogitations (sic) every 6 months. – This just adds/removes revenue splits that were agreed in those 6 months in the next contract (if needed)."

Koil agreed to this revenue split and paid Tracey according to these terms until Tracey's employment was terminated in December 2022. Clout Decl. ¶12

TOVE is now claiming that despite the fact that Tracey and Koil agreed that he would be paid only for the servers mentioned above, that TOVE is actually entitled to receive 50% of the revenue from <u>all</u> of Koil's servers, despite the fact that Koil never agreed to pay Tracey (or TOVE) that money, and it directly contradicts the terms of the agreement. Clout Decl. ¶13-14.

With regard to Koil's Motion to Compel, as discussed below, Koil asked TOVE to produce all of his communications with Tracey with regard to his employment with TOVE or Koil, payments received from or sent to Tracey or Koil. While TOVE inserted a boilerplate objection, it stated that it would produce all documents responsive to this request in its possession, custody or control. However, when producing the communications between TOVE and Tracey, TOVE decided to only produce communications that occurred prior to December 31, 2022. These post-2022 communications are clearly relevant and must be produced.

///
///
///

---

1 India, Whitelist Prio and International Servers refer to specific servers that earned revenue for Koil. The International Servers covered Spain and South America. See Clout Declaration ¶7-11.

### III. DEFENDANT'S RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS

#### A. Plaintiff's Request No. 16

All DOCUMENTS evidencing all revenues generated, and costs incurred, from YOUR operation of the NOPIXEL SERVER.

#### B. Defendant's Verbatim Response to Document Request No. 16

Objection. Responding Party incorporates by references its Preliminary Statement as though fully set forth herein. Responding Party objects to this Request on the grounds that it is burdensome, oppressive, overbroad, and compound. Responding Party further objects to this Request on the grounds that it is vague, ambiguous, and unintelligible.

Without waiving said objections, and after a diligent search, and a reasonable inquiry having been made in an effort to comply with said Request, Responding Party responds as follows: Based on the ambiguous and unclear definition provided for the NOPIXEL SERVER, Responding Party is unable to provide a response.

#### C. Defendant's Verbatim Supplemental Response to Document Request No. 16

Objection. Responding Party incorporates by references its Preliminary Statement as though fully set forth herein. Responding Party objects to this Request on the grounds that it is burdensome, oppressive, overbroad, and compound. Responding Party further objects to this Request on the grounds that it is vague, ambiguous, and unintelligible.

Notwithstanding and without waiving these objections, Responding Party provides the following supplemental response: The subject documents are already in the possession, custody, and control of the Propounding Party insofar as the requested documents were produced to the Propounding Party on or about May 8, 2024. The responsive documents are contained within Bates #MC0068 to Bates

#MC0072 produced herewith, which reflect the 50% net participation agreement between TRACEY and NoPixel via Discord on March 14, 2022. Propounding Party's definition of "NOPIXEL SERVER" is otherwise overbroad as it: (a) encompasses over 172 servers, (b) would require production of financial documents unrelated to this litigation, (c) wholly unrelated to any work performed by TRACEY, and (d) is, therefore, not calculated to lead to the discovery of admissible evidence.

### D. Plaintiff's Contentions As To Why Defendant's Response To Plaintiff's Document Request No. 16 Is Insufficient

Though NoPixel initially tried to avoid its obligation to produce documents responsive to RPD No. 16 on the wholly disingenuous basis that the term "NoPixel Sever" was vague, NoPixel ultimately settled on the position that it was not obligated to produce such documents because they were "wholly unrelated to any work performed…" In other words, in NoPixel's view, it need only produce evidence in discovery that it deems relevant by virtue of its determination of the merits of its opponent's claims. While this position is quite convenient for NoPixel, it is – fortunately – not how discovery works under the Federal Rules.

In reality, the scope of discovery is extremely broad, and entitles the requesting party to all relevant information, provided each request is proportionate. FRCP 26(b)(1); *See Miller*, 141 F.R.D. at 296. Because the FAC includes allegations that Plaintiff is a co-owner in the copyright of the code comprising the NoPixel Server and is entitled to fifty percent (50%) of the revenues generated therefrom pursuant to the parties' agreement, Plaintiff is entitled to discovery of all financial documents related to revenues generated and costs incurred by NoPixel's operation of the Server. Plaintiff's request for such documents is also proportional because the scope of Plaintiff's potential ownership and right to profits is broad

enough to entitle Plaintiff to half of all monies reflected in such requested documents.

### E. Defendant's Statement Regarding The Sufficiency Of Defendant's Response To Document Request No. 16

Pursuant to the Agreement that Koil made with Tracey, Koil agreed to pay Tracey, 50% of Koil revenue from four servers, the India Server, the Whitelist Prio server, and the International Servers (Spain and South America). Tracey (nor TOVE) never asked for, nor did Koil agree to pay Tracey (or TOVE) for any other servers. The agreement is set forth in the Discord messages set forth above and attached as Exhibit 1.

As there was never a request for, or an agreement to pay the revenue for any servers other than the ones mentioned in the Discord message (i.e., India, Whitelist Priority, Spain and South America), and any request for revenue earned from other servers is completely irrelevant to this case and cannot lead to the discovery of admissible evidence.

## IV. PLAINTIFF'S RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS

### A. Defendant's Request No. 2

All communications between TOVE and Daniel Tracey (hereinafter "TRACEY") that refer to or reflect the following subjects (TOVE is defined as That One Video Entertainment, LLC)

a) TRACEY'S employment status with TOVE

b) Employment agreements with TOVE

c) TRACEY'S immigration status

d) Any agreements with KOIL

e) Any agreement with Mitchell Clout (hereinafter "CLOUT")

f) Any work performed by TRACEY for Koil

8

JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS

    g) Any work performed by TRACEY for CLOUT

    h) Payments from KOIL to TRACEY

    i) Payments from KOIL to TOVE

    j) Payments from TRACEY to TOVE

    k) Payments from TOVE to TRACEY

### B. **Plaintiff's Verbatim Response to Document Request No. 2**

Objection. Responding Party incorporates by references its Preliminary Statement as though fully set forth herein. Responding Party objects to this Request to the extent that it is overbroad and unduly burdensome. Responding Party objects to this Request to the extent it contains multiple subparts. Responding Party further objects to this Request to the extent it seeks information that is protected by Responding Party's rights of privacy, or protected by the attorney-client and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents responsive to this Request that are within Responding Party's possession, custody or control. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Request.

### C. **Defendant's Contentions As To Why Plaintiff's Response To Defendant's Document Request No. 2 Is Insufficient.**

Plaintiff stated in its reply that it would produce "all non-privileged documents responsive to this Request" that were within Plaintiff's "possession, custody or control" but then only produced communications through the end of 2022.

To the extent that TOVE and Tracey were having communications in 2023 about Defendants, Tracey's work for TOVE (which TOVE claims was actually to work for Defendants) and the payments that Tracey received from TOVE after 2022

9

JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS

are clearly relevant to this case. On January 9, 2023, Mr. Begakis sent a demand letter to Koil, stating that he was representing Tracey in a potential lawsuit against Koil. A true and correct copy of the January 9, 2023 letter is attached to the Zerner Declaration as Exhibit 2. When Koil rebuffed his demands, Mr. Begakis sent (on February 6, 2023) another letter to Koil, now claiming he was representing TOVE and that TOVE was actually in an employment agreement with Tracey. A true and correct copy of this February 6, 2023 letter is attached to the Zerner Declaration as Exhibit 3.

Since these letters and TOVE's lawsuit is entirely based on Tracey's work for Koil, it is certainly possible (if not probable) that TOVE and Tracey were having communications about these claims and the lawsuit. All of these communications would certainly be relevant. Further, since Tracey is TOVE's main witness against Koil (as no one at Koil ever spoke to anyone at TOVE), any payments made by TOVE to Tracey could show bias on Tracey's part.

As these documents are clearly relevant and as TOVE agreed to produce them, the court should order them produced.

### D. **Plaintiff's Statement Regarding The Sufficiency Of Plaintiff's Response To Document Request No. 2**

***First***, Defendants intentionally fail to make clear that Plaintiff has produced all of its communications with Mr. Tracey <u>up to December 31, 2022,</u> whether with respect to payments made between them or otherwise. But it is undisputed that Mr. Tracey was terminated from his role with Defendants on or about December 27, 2022. Therefore, none of Mr. Tracey's communications with Plaintiff after December 31, 2022 are relevant to a dispute that deals with an applicable time period concluding on December 27, 2022.

***Second***, in their effort to seek irrelevant communications made after the relevant time period at issue in the dispute, Defendants reveal the real reason they

seek such communications: because they believe there has been coordination between Plaintiff and Mr. Tracey with respect to this litigation. But Plaintiff's communications with Mr. Tracey made pursuant to the parties' common interest in this dispute and regarding litigation strategy discussed during attorney-client privileged communications remain privileged in any event. Evid. Code § 952; *Costco Wholesale Corp. v. Sup. Ct.*, (2009) 47 Cal.4th 725, 733; *Citizens for Ceres v. Sup. Ct.*, (2013) 217 Cal.App.4th 889, 916-17. And, in revealing their desire to obtain such privileged communications exchanged after the relevant time period, Defendants prove that their effort is not proportional to the needs of a dispute involving a claim for copyright co-ownership and entitlement to certain profits. FRCP 26(b)(1).

**Third**, Defendants' insistence on ignoring Plaintiff's claim to be a co-owner of the copyright in the code due to Mr. Tracey's contributions to the Nopixel Server while employed by Plaintiff also does Defendants no favors here. If financial documents evidencing Plaintiff's potential right to 50% of the profits of the NoPixel Server are irrelevant to this dispute because Defendants "never hired [Plaintiff] or agreed that by hiring Tracey, [they were] actually hiring [Plaintiff]" (even though such an agreement is not a prerequisite for Plaintiff to own 50% of Mr. Tracey's contributions by virtue of his status as Plaintiff's employee at the time his contributions to the NoPixel Server were made), then Mr. Tracey's communications with Plaintiff made in the course of that employment relationship – *especially* communications made <u>after</u> Mr. Tracey was no longer contributing to the Server – are also irrelevant. Defendants cannot have it both ways.

///

///

///

///

11

JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: July 9, 2024 | **ALTVIEW LAW GROUP, LLP** |
| 3 | | |
| 4 | | By: /s/ John M. Begakis |
| 5 | | JOHN M. BEGAKIS<br>SHEENA B. TEHRANI |
| 6 | | *Attorneys for Plaintiff* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company |
| 7 | | |
| 8 | DATED: July 9, 2024 | **MORRISON COOPER, PLP** |
| 9 | | |
| 10 | | By: /s/ Larry Zerner |
| 11 | | LARRY ZERNER |
| 12 | | *Attorneys for Defendants* KOIL CREATION PTY LTD., an Australian proprietary limited company |