Larry Zerner (SBN 155473)
Morrison Cooper
10900 Wilshire, Suite 930
Los Angeles, California 90024
Telephone: (310) 773-3623
Email: Larry@MorrisonCooper.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>DEFENDANTS' SUPPLEMENTAL MEMORANDUM FOR MOTION TO COMPEL DOCUMENTS<br><br>HEARING DATE: July 30, 2024<br>TIME: 9:30 A.m.<br>COURTROOM: 750, 255 East Temple Street<br>Los Angeles, California, 90012 |

TO THE COURT:

When Plaintiff's attorney filed the Joint Stipulation Re Motion to Compel Production of Documents, it appears that the declarations of Larry Zerner and Mitchell Clout, which were referred to in the motion and which were sent to Plaintiff's attorney were omitted.

- 1 –
Defendant's Supplemental Brief re Motion to Compel

They are attached hereto.

Date: July 16, 2024                  MORRISON COOPER

                                        By: /s/Larry Zerner
                                           Larry Zerner
                                           Attorney for Defendants Mitchell Clout and Koil Content Creation Pty Ltd.

Larry Zerner (SBN 155473)
Morrison Cooper
10900 Wilshire, Suite 930
Los Angeles, California 90024
Telephone: (310) 773-3623
Email: Larry@MorrisonCooper.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>                Plaintiff,<br><br>   v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>                Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>**DECLARATION OF MITCHELL CLOUT** |

**DECLARATION OF MITCHELL CLOUT**

I, Mitchell Clout, declare as follows:

1. I am the president of Defendant Koil Content Creation PTY LTD and I have personal knowledge of each fact stated in this declaration.

2. Koil is a company based in Victoria, Australia. Koil runs the NoPixel server.

3. NoPixel is a game server for the video game Grand Theft Auto. The NoPixel Server

1

allows gamers from all over the world to log in and play cooperatively and/or competitively against other video gamers. Many of Koil's servers are free and open to the public. However, because each server (which is just a computer) can only handle a limited number of gamers at any one time (typically around 250 people) and because there are sometimes thousands of people waiting in line to enter any particular server, Koil allows people to pay to get priority and to get into the server sooner, before the people who haven't paid anything.

4. Gamers will pay from approximately $50 a month to approximately $200 a month for better access to each server.

5. A good analogy would be what an airline does for a flight. Just as people can pay the lowest fare and get a center seat in the back of the plane, travelers can pay extra for a window or aisle seat, or to be closer to the front of the plane, or to fly business or first class. Koil offers gamers extra service and faster entry into the servers depending on their monthly payment.

6. In May 2021, Koil entered into a contract with Daniel Tracey for Tracey to work as a developer. Koil paid Tracey a base salary of $10,000 per month.

7. In March 2022, Tracey proposed doing extra services in exchange for additional money from Koil. One of the things that Koil has asked Tracey to do was to set up additional international servers because at the time, the only international server was in India. Koil and Tracey communicated through the Discord messaging app. On March 22, 2022, Tracey sent the terms of this employment proposal. A true and correct copy of this message is attached hereto as Exhibit 1. In the message, Tracey outlines the terms of his employment. First, Tracey sets out the scope of his work in a section called "Primary Responsibilities" (i.e., "leading infrastructure team," "Ensuring server setup/stability/uptime/security (for everything/all servers, even other games if we do them, etc.")/ Then, he mentions "Secondary Responsibilities" (i.e., (Building in-game mechanics, etc.). Third, he lists the members of the "Infrastructure Team. Fourth, and most importantly, he lists "Pay" which says "Base: $10k. Revenue Splits: Current Revenue Splits: 50% India 50% Whitelist Prio (incl. lotto) 50% all international servers Ability to add revenue split at any time."

8. Tracey then writes: "Contract renogitations (sic) every 6 months. – This just adds/removes revenue splits that were agreed in those 6 months in the next contract (if needed)."

9. In this message, Tracey was stating that he would accept $10,000 per month as his base pay, plus 50% of the revenue from the (existing) India server. 50% from the Koil Whitelist Priority server and 50% from the international servers which he would help to get online.

10. The Whitelist priority server was a small server which was only open to people who applied and were accepted by Koil (as opposed to the other servers, which were open to everyone. The Whitelist Priority server was mainly used by content creators, such as gamers who would stream their game play on Twitch, YouTube or other live streamers.

11. Tracey eventually helped get two additional International Servers online (besides India), one for Spain and one that covered South America, running Koil's code.

12. Koil paid Tracey 50% of the revenue from these servers, which typically averaged between $40,000 and $50,000 per month to Tracey until Tracey was terminated in December 2022.

13. At no point did Tracey ever ask for or receive any money from any servers, other than the four servers agreed to (i.e., Whitelist Priority, India, South America, and Spain).

14. At no point did I ever speak to anyone at TOVE or agree to pay TOVE or Tracey money from any other server.

15. I have agreed to give Plaintiff the revenue statements for the four servers that I agreed to pay Tracey for. As there never was any agreement (and TOVE does not allege that there was any agreement) to pay Tracey or Tove for revenue from other than these four servers, I do not understand why I am being asked to provide revenue information for these other servers. They are completely outside the scope of the agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of July 2024 at New South Wales, Australia.

By: _____
   Mitchell Clout

# EXHIBIT 1

```
Contract Stuff:

Primary responsibilites:
Leading infrastructure team
Ensuring server setup / stability / uptime / security (for everything / all servers, even other games if we do them)
Roadmap management (maybe just trello?) for koil to look at
Management panel
- Management, admin, and support teams for all servers / regions
- Developer integration
-- Dev ability to restart servers / migrations / logs / database etc
- Translations
- Server insightspossibly even do admin thingies from the browser that occur in game
24/7 Support for all our server staffs (incl. international etc)
Better way of communicating issues for fixes for our server partners (instead of dms to alex etc)
- We already have a support discord for this, will just make sure people are using it primarily instead

On average 4 agreed modules will be done(tracked / agreed upon on trello) per month

(or we can do minimum hours / month and assigned hours to agreed tasks)

Secondary responsibilites:
Building in-game mechanics
Approving dev ideas / bounties if koil is being lazy


--


Infrastructure team: (will be looking at add to list, prob have to recruit dedicated devs for it)
Primary members:
Dw (already)
Alex (already)

Support members:
Sky (already)


--


Pay
```

MC 0028

```
Secondary responsibilites:
Building in-game mechanics
Approving dev ideas / bounties if koil is being lazy


--

Infrastructure team: (will be looking at add to list, prob have to recruit dedicated devs for it)
Primary members:
Dw (already)
Alex (already)

Support members:
Sky (already)


--

Pay

Base: $10k
Revenue splits:
- Current Revenue splits:
-- 50% india
-- 50% Whitelist prio (incl. lotto)
-- 50% all international servers
- Ability to add revenue split at any time

Minimum revenue split: $20k (this is already covered by wl prio alone, it also lets me re-organize my schedule etc with some guarantee)

Dw will deliver a monthly "due" amount for pay (with breakdowns) for review / breakdown / changes.

Contract renogitations every 6 months.
- This just adds / removes revenue splits that were agreed in those 6 months in the next contract (if needed)
- Will also provide the ability to re-assess the minimum split (doesn't make sense to have a minimum of $20k if all splits were discontinued etc)
```

MC 0029

Larry Zerner (SBN 155473)
Morrison Cooper
10900 Wilshire, Suite 930
Los Angeles, California 90024
Telephone: (310) 773-3623
Email: Larry@MorrisonCooper.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>DECLARATION OF LARRY ZERNER |

I, Larry Zerner declare as follows:

1.　I am an attorney admitted to practice before this Court and I am the attorney of record for Defendants in this action. The facts set forth in my declaration are known personally by me to be true and correct, and if called upon as a witness, I could and would competently testify thereto.

2. Attached hereto as Exhibit 2 is a true and correct copy of a letter that was sent from Plaintiff's lawyer, John Begakis on January 9, 2023 to Mitchel Clout, the President of Koil in which Mr. Begakis stated he was representing Daniel Tracey.

3. Attached hereto as Exhibit 23 is a true and correct copy of a letter that was sent from John Begakis on February 6, 2023 to Katayoon Iravani, a lawyer at my law firm in which Mr. Begakis stated he was representing TOVE and first notified us that TOVE had apparently hired Mr. Tracey.

4. As it is very likely that TOVE and Mr. Tracey spoke about these letters, it is important that we get access to the communications that took place after 12/31/2022.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2nd day of July 2024 in Los Angeles, CA.

/Larry Zerner/

# EXHIBIT 2



12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Tel: 310.230.5580
Fax: 562.275.8954
www.AltViewLawGroup.com

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

January 9, 2023

<u>*Via E-Mail*</u>

Mitchell Clout
koiltwitch@gmail.com

      RE:    <u>**Demand To Immediately Cease and Desist**</u>

Mr. Clout:

      Our office has been retained as litigation counsel to Danny "DW" Tracey, regarding various false and defamatory statements you have made about him both individually and via the Grand Theft Auto V (the "Game") role-play server entitled "NoPixel" (the "NoPixel Server"). Accordingly, and pursuant to the California Civil Discovery Act, you are hereby on notice of potential litigation against you, and are therefore required to preserve, and not destroy, conceal, or alter, any communications or documents relevant to this matter. Additionally, please direct all further communications concerning this matter to the undersigned.

      As you know, Mr. Tracey is a software engineer who serves as Lead Developer for the media production company That One Video Entertainment, LLC (the "Company"). We are aware that, in or about early 2020, you granted Mr. Tracey access to the NoPixel Server to work with him on developing code therefore, and that a significant portion of the code developed for the most recent version of the Game, as played on the NoPixel Server, derives from Mr. Tracey's proprietary ideas, concepts and labor. As you also know, Mr. Tracey has gained significant notoriety from streaming his Game interactions on the NoPixel Server via Twitch, where Mr. Tracey has amassed approximately 245,000 followers.

      It has come to our attention that, on or about December 28, 2022, you inexplicably removed Mr. Tracey from the NoPixel Server and community, which removal was visible to all other community members. Thereafter, you caused the NoPixel Server to issue a demonstrably false statement that a "former NoPixel employee" had allegedly caused a data breach. Following such public statement, you also made further false statements in your personal capacity to the NoPixel staff, as well as the general public via Twitch (collectively, the "Defamatory Statements"), which directly identified Mr. Tracey as the "former NoPixel employee" responsible for the alleged data breach.

Please be advised that the Defamatory Statements are objectively and provably false, as Mr. Tracey was never an employee of NoPixel, and could not have caused a data breach based on the authority Mr. Tracey had been granted to him as a developer of the Game on the NoPixel Server. Indeed, Mr. Tracey was not an employee of NoPixel because he is already gainfully employed as Lead Developer for the Company. It should also be noted that, given the terms of Mr. Tracey's employment with the Company, all of Mr. Tracey's contributions to the most recent version of the Game, as it exists on the NoPixel Server, is owned exclusively by the Company and entitles the Company to a claim for all such IP.

Given that the Defamatory Statements are false, and therefore tend to subject Mr. Tracey to public hatred, ridicule and/or contempt, all of such Defamatory Statements constitute defamation *per se*, and subject you to liability under California law. *See Bartholomew v. YouTube, LLC* (2017) 17 Cal.App.5th 1217, 1232. The harm to Mr. Tracey's reputation as a software engineer and game developer is significant, given the serious nature of the accusation leveled against him. Mr. Tracey has also lost significant streaming revenue since being unjustifiably removed from the NoPixel Server and community.

Accordingly, we hereby demand that you: (1) immediately remove any and all Defamatory Statements still residing online; (2) publish statements on behalf of NoPixel and yourself, individually, retracting the allegation that Mr. Tracey caused a data breach; (3) cease and desist from any further statements or actions online that would support or otherwise advance the false claim that Mr. Tracey caused a data breach; and (4) provide our office with written assurance of your completion of the above items **within 5 days of the date of receipt of this correspondence**.

Failure to timely comply with all of the above will leave our office with no choice but to proceed more formally against you to recover damages incurred by Mr. Tracey. In such an action, you may also be held liable for Mr. Tracey's attorneys' fees and costs incurred in pursuit of such damages. And, in the likely event that a judgement is entered against you, our office will not hesitate to proceed to enforce said judgment against your personal assets until the judgment, including all post-judgement interest, is satisfied in full.

Please understand that this law firm does not attempt to restrict constitutionally protected truthful statements, or statements of opinion. However, your actions in making demonstrably false statements about Mr. Tracey online have caused damage to his professional reputation and will result in significant and quantifiable monetary harm to Mr. Tracey if our demands set forth herein are not timely met. We trust that you understand the serious nature of this matter and look forward to your anticipated cooperation.

Nothing contained herein or omitted herefrom is intended, nor shall be construed, to operate as an admission, limitation, or waiver of any of Mr. Tracey's rights, remedies or defenses, at law and/or in equity, all of which are hereby expressly reserved. Additionally, this letter is a legal communication deemed "strictly confidential" and any publication, dissemination, or

broadcast of all or any portion of the same will constitute a breach of confidence and a violation of the U.S. Copyright Act, and you are therefore expressly prohibited from publishing this letter in whole or in part, in a written posting, online video, or via any other means of dissemination. Should you have any questions regarding anything contained herein, please do not hesitate to contact the undersigned.

Sincerely,

JOHN M. BEGAKIS, ESQ.

# EXHIBIT 3



12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Tel: 310.230.5580
Fax: 562.275.8954
www.AltViewLawGroup.com

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

February 6, 2023

<u>*Via E-Mail*</u>

Katayoon Iravani, Esq.
Morrison Rothman LLP
10900 Wilshire Blvd., Ste. 930
Los Angeles, CA 90024
kat@morrisonrothman.com

      RE:      <u>Danney Tracey v. Koil Content Creation PTY LTD, et al.</u>

Ms. Iravani:

      We are in receipt of your January 23, 2023 correspondence, wherein you attempt to address the claims made by way of our initial January 9, 2023 cease and desist letter to your clients Mitchell Clout, an individual, and Koil Content Creation PTY LTD (collectively, "NoPixel"). Please allow this correspondence to address such response, and serve as a renewal of our demand that NoPixel issue a public retraction regarding its false statements about Mr. Tracey. We look forward to your prompt attention to this, in light of the fact that your office has now been given time to review the contents of our initial correspondence, and the merits of our claims.

      **1.**      <u>**TOVE's Claim for Copyright Infringement**</u>

      First, please be advised that we now represent That One Video Entertainment, LLC, a California limited liability company ("TOVE"), with respect to any claims it may have against NoPixel for copyright infringement. For reference, Mr. Tracey entered into an employment relationship with TOVE on or about October 14, 2021 (the "Employment Agreement"), and it is pursuant to this Employment Agreement that TOVE believes it presently possesses a claim for ownership of any of Mr. Tracey's contributions to the development of the Game, as it exists on the NoPixel server. Therefore, and as it currently stands now, all claims of IP ownership <u>will</u> be discussed hereby in connection with <u>both</u> of our clients' <u>respective</u> claims against NoPixel.

      While you suggest that Mr. Tracey's contributions to the NoPixel server were "merely ideas and concepts," you are no doubt aware that one's contributions to a creative work need only contain a "modicum of creativity" to be protectable in and of themselves, and that under such standard "even a slight amount will suffice." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991). As set forth in our original correspondence, a <u>significant</u> portion of the code developed for the most recent version of the Game, as it exists on the NoPixel Server, derives

from Mr. Tracey's creative contributions, which are owned by TOVE. Since it appears that your "investigation" has failed to yield such information, we feel compelled to advise that we are in possession of multiple git repositories holding all of Mr. Tracey's contributions to Game, which we intend to submit in evidence should litigation of this dispute be necessary.

Likely understanding the utter disingenuousness of your assertion that Mr. Tracey did not provide any creative contributions to the Game, you also contend that whatever Mr. Tracey did contribute was perpetually licensed to NoPixel via its user terms of service. However, Mr. Tracey did not create a standard user account through the NoPixel website, as evidenced by the fact that his account name "Dw" contained too few characters to be registered as a new account through the site. Notwithstanding the dubious enforceability of such terms where no action has been taken to require users to affirmatively accept the same,[1] Mr. Tracey therefore did not accept such user terms of service when he joined the NoPixel server.

Instead, Mr. Tracey's account was manually created by another member of the NoPixel management team because Mr. Tracey was, by your own tacit admission, Lead Developer of the Game. Unlike other developers who worked on the NoPixel server, however, Mr. Tracey <u>did not</u> sign a Non-Disclosure Agreement or any other type of documentation that would have conveyed any rights in his creative contributions to NoPixel. Of course, even if the NoPixel standard user terms of service were enforceable here, they provide NoPixel with no cover by way of mandatory arbitration or limitation of liability language.

For all of the foregoing reasons, TOVE believes it possesses significant copyright infringement claims, and absolutely intends to bring any such viable claims against NoPixel if Mr. Tracey's reasonable demands brought by way of our initial January 9, 2023 correspondence are not met. Unlike Mr. Clout, TOVE is loyal to those who contribute to its success, and is prepared to do everything possible to aggressively protect the interests of Mr. Tracey, including by way of its own infringement claims, if necessary. TOVE also possesses significant resources that it is not afraid to expend to achieve a fair result in this dispute.

### 2. Mr. Tracey's Claim for Defamation

With respect to Mr. Tracey's claim for defamation, you conspicuously avoid our assertion of fact that, following NoPixel's issuance of a false public statement, Mr. Clout made statements over Twitch directly identifying Mr. Tracey. This avoidance is telling, and likely results from your awareness that defamatory statements, as those made here when coupled with Mr. Clout's statements, can identify another, and therefore be actionable, "either expressly <u>or by clear implication</u>…" *Blatty v. New York Times Co.* (1984) 42 Cal.3d 1033, 1043 (emphasis added).

---

[1] "[W]here a website makes its terms of use available via a conspicuous hyperlink on every page of the website but otherwise provides no notice to users nor prompts them to take any affirmative action to demonstrate asset, even close proximity of the hyper link to relevant buttons users must click on – without more – is insufficient to give rise to constructive notice." *Long v. Provide Commerce, Inc.* 245 Cal.App.4th 855 (2016).

Accordingly, Mr. Clout's public statements made in his capacity as NoPixel's principal, which directly identified Mr. Tracey as the "former NoPixel employee" responsible for the alleged data breach, create the clear implication that NoPixel's original public statement refers to Mr. Tracey.

You also claim that "[o]n December 28, 2022, Mr. Tracey was terminated from his position with the NoPixel Server…" Yet, you have provided no evidence that this alleged termination was formally made, or that Mr. Tracey even knew such termination had occurred to put him on notice that any further access of the NoPixel Server would be unauthorized. That you fail to provide any evidence establishing Mr. Tracey's formal termination and knowledge thereof, is precisely the crux of our position that the statements made by NoPixel about Mr. Tracey's unauthorized access to the NoPixel Server were provably false and therefore defamatory.

We also feel compelled to point out – given that such evidence will be presented in any lawsuit brought against NoPixel – that your characterization of NoPixel as merely endeavoring to conscientiously and cautiously "be compliant with all state, federal and other applicable laws" is in stark contrast to NoPixel's prior approach to actual data breaches. Indeed, in or about August of 2022, an individual scraped NoPixel's APIs using unauthorized credentials and obtained personally identifiable information concerning various members of the NoPixel community (including, without limitation, emails and twitter handles), yet failed to notify the NoPixel community thereof. While our office is in possession of evidence of the breach itself, please also be advised that NoPixel has actively deleted Discord communications with Mr. Tracey evidencing NoPixel's intentional and deliberate decision not to notify the NoPixel community of such breach, in violation of the California Discovery Act.[2]

3.   **Conclusion**

Accordingly, your response, while appreciated, has done nothing to address Mr. Tracey's legitimate claims and reasonable demands. If anything, such response has made clear to Mr. Tracey – and now TOVE – that NoPixel possesses no legitimate defenses to its wrongdoing, and litigation of such conduct may therefore be necessary. Nevertheless, Mr. Tracey's most important goal remains clearing his name, and we therefore hereby renew our demand that NoPixel publish statements on behalf of itself and its principal retracting the allegation that Mr. Tracey caused any data breach of the NoPixel server.

Should our office not receive written assurance that such action will be promptly taken **within 5 days of the date of this correspondence**, our office intends to commence litigation against both NoPixel and Mr. Clout. In the interim, nothing contained herein or omitted herefrom is intended, nor shall be construed, to operate as an admission, limitation, or waiver of any of Mr. Tracey's rights, remedies or defenses, at law and/or in equity, all of which are hereby expressly

---

[2] Should this matter proceed to litigation, as appears to be the case, NoPixel's spoliation of evidence will be established, and evidentiary sanctions will be obtained. *Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1223.

reserved. Should you have any questions regarding anything contained herein, please do not hesitate to contact the undersigned.

Sincerely,

JOHN M. BEGAKIS, ESQ.