**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
9454 Wilshire Blvd, Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company, <br><br> Plaintiff, <br> vs. <br><br> KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELLE CLOUT, an individual; and DOES 1-25, inclusive, <br><br> Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx) <br><br> [Assigned to the Hon. Stephen V. Wilson; Ctrm 10A] <br><br> **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S POSITIONS IN THE JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS** <br><br> **Hearing:** <br> Judge: Hon. Jacqueline Chooljian <br> Date: July 30, 2024 <br> Time: 9:30 a.m. <br> Place: Ctrm 750, 255 East Temple Street, Los Angeles, California, 90012 <br><br> Action Filed: April 10, 2023 <br> Trial Date: September 17, 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule ("L.R.") 37-2.3, Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") hereby submits this Supplemental Memorandum in support of its positions set forth in the Joint Stipulation regarding the dispute between Plaintiff and Defendant KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel" or "Defendant") over documents and information sought by way of Plaintiff's First Set of Requests for Production of Documents ("Plaintiff's Document Requests"), and documents sought by way of Defendant's First Set of Requests for Production of Documents ("Defendant's Document Requests").

## I. INTRODUCTION

Although the Court may be tempted to making a ruling granting both sides the documents they respectively seek, if only because both sides have presented an ostensible claim for entitlement thereto, Plaintiff asks that the Court look carefully at the merits of each side's respective claim. On the one hand, Plaintiff seeks uncontroversial financial documents evidencing profits generated by the NoPixel Server because Plaintiff claims to be a co-owner entitled to an accounting of such profits. On the other hand, Defendant seeks litigation strategy communications protected by the common interest privilege between Plaintiff and Daniel Tracey and made *after* the relevant time period that Mr. Tracey worked on the NoPixel Server.

Those two requests are not equal, and the Court should not treat them as such simply because both are brought by way of this discovery dispute. Rather, the Court should recognize that Plaintiff is entitled to basic financial documents, pursuant to the broad discovery rights conferred to it by the Federal Rules. Conversely, the Court must find that Defendants' request for communications made after the

1

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S POSITIONS IN THE JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS

relevant time period of Mr. Tracey's work with Defendant, and involving protected litigation strategy, is not proportionate to the issues present in this dispute.

## II. ARGUMENT

### A. Defendant's Responses to Plaintiff's Document Requests

Plaintiff reiterates that the financial documents it seeks via Request No. 16 ***are specifically relevant to Plaintiff's First Cause of Action for a determination that Plaintiff is a co-owner in the copyright to the relevant code and Third Cause of Action for an accounting of all profits generated therefrom***. Defendants conspicuously (and intentionally) avoid any discussion of the copyright ownership issue – choosing instead to only discuss the agreement that Plaintiff alleges existed via its Second Cause of Action. But the Court should not allow Defendants tactics to muddy the waters: Plaintiff's contention is that it is entitled to financial documents because such documents are related to Plaintiff's First and Third Causes of Action.

When seeking to compel discovery responses, the burden is initially on the moving party to show how the requested discovery is relevant – but that burden then shifts to the opposing party to show that the discovery should be prohibited. *Pitts v. Davis*, 2014 WL 4635464, at *4 (E.D. Cal. Sept. 15, 2014); *see also DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002). Here, Plaintiff has met its initial burden of establishing that it is entitled to financial documents regarding revenues generated from the NoPixel Server, by establishing that it has valid causes of action for a determination of co-ownership in the copyright of the NoPixel Server code, and an accounting of profits therefrom. And Defendants have done nothing to meet their heavy burden of showing why this request should be denied – other than to insist that such documents are "irrelevant" because Defendants would prefer to ignore that Plaintiff's First and Third Causes of Action exist.

Accordingly, Plaintiff is entitled to all financial documents sought via Request No. 16 of Plaintiff's Document Requests.

### B. Plaintiff's Responses to Defendant's Document Requests

To meet its own initial burden, Defendant ostensibly claims that documents evidencing communications between Plaintiff and Daniel Tracey "about Defendants, Tracey's work for [Plaintiff]…and the payments that Tracey received from [Plaintiff] after 2022 are clearly relevant to this case." But in order for Plaintiff to prevail on its first Cause of Action for a determination of co-ownership in the relevant code, Plaintiff must establish that Mr. Tracey was its employee during the time it contributed to the NoPixel Server. Accordingly, communications about Mr. Tracey's work for Plaintiff, and any payments he received in connection with such work, *after* Mr. Tracey was undisputably terminated from that position in December 2022 are irrelevant to an evaluation of whether Mr. Tracey was an employee of Plaintiff before or during 2022.

Furthermore, even if the scope of discovery is broad and therefore could encompass communications between Mr. Tracey and Plaintiff after 2022, Defendants have revealed the main reason why they want such communications: because Mr. Tracey and Plaintiff have both made claims against Defendants and Defendants believe that "[Plaintiff] and Tracey were having communications about these claims and the lawsuit." But the contents of any of those communications between Mr. Tracey and Plaintiff fall squarely within the common interest privilege over litigation strategy discussed between them. And Defendants have not established how their effort to seeks such communications is proportionate to the needs of this dispute regarding Plaintiff's claim of copyright ownership.

Accordingly, Plaintiff should not be compelled to produce communications between it and Mr. Tracey after 2022 sought via Request No. 2 of Defendant's Document Requests.

///

///

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court grant Plaintiff's request for production of financial records sought via Plaintiff's Document Requests, and deny Defendants' request for communications sought via Defendant's Document Requests.

DATED: July 16, 2024          **ALTVIEW LAW GROUP, LLP**


By:  /s/ John Begakis, Esq.
    JOHN M. BEGAKIS
    *Attorneys for Plaintiff* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

4
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S POSITIONS IN THE JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: July 16, 2024                    By:  /s/ John Begakis
                                              John M. Begakis