**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELLE CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 CAS (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR A BRIEF CONTINUANCE OF THE TRIAL CALENDAR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN BEGAKIS IN SUPPORT THEREOF**<br><br>Action Filed: April 10, 2023<br>Trial Date: September 17, 2024 |

PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR A BRIEF
CONTINUANCE OF THE TRIAL CALENDAR

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff"), by and through its counsel of record, hereby respectfully requests, via this *ex parte* application, that the Court briefly continue the Trial in this action, and all related deadlines, by no more than ninety (90) days (the "Application").

This Application is made on the grounds that good cause exists to continue the Trial date, and all related deadlines, because both sides have been diligent in discovery but nonetheless have a handful of remaining discovery issues to resolve. Additionally, both sides intend to file Motions for Summary Judgment, which could obviate the need for the parties to prepare for trial if there is sufficient time between when such Motions are heard and when Trial is set to occur.

On July 19, 2024, TOVE's counsel gave notice of this Application to counsel for Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL, and MITCHELLE CLOUT, an individual. Defendants' counsel stated that Defendants would not oppose this Application.

The Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of John Begakis filed herewith, all pleadings, files and records in this proceeding, all matters of which the Court may take judicial notice, and any arguments or evidence that the Court may consider prior to ruling.

DATED: July 22, 2024          **ALTVIEW LAW GROUP, LLP**

By:   /s/ John Begakis, Esq.
      JOHN M. BEGAKIS
      SHEENA B. TEHRANI
      *Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") hereby respectfully requests, via this **unopposed** *ex parte* application, that the Court continue the trial in this action, and all related deadlines, by no more than ninety (90) days (the "Application").

## I. STATEMENT OF RELEVANT FACTS

This action involves TOVE's claim to ownership of certain source code possessed by Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL, and MITCHELLE CLOUT, an individual (collectively, "Defendants") and used to operate the game server run by Defendants (the "NoPixel Server"). TOVE filed is operative First Amended Complaint (the "FAC") on July 7, 2023. Dkt. No. 18. After Defendants' Motion to Dismiss the FAC was denied on February 14, 2024, Defendants filed their Answer on February 26, 2024. Dkt. Nos. 26-27.

On March 26, 2024, the Court held a New Case Status Conference. Dkt. No. 29. At this conference, the Court set July 16, 2024 as the trial date. *Id*. Counsel for both parties expressed concern about the short timeline, but the Court explained that it would entertain a request by the parties for a continuance upon a showing of good cause. Declaration of John Begakis ("Begakis Decl.") at ¶ 5.

On March 29, 2024, Defendants served TOVE with written discovery. Begakis Decl. at ¶ 6. On April 8, 2024, TOVE also served Defendants with written discovery. *Id*. at ¶ 7. Throughout the months of May and June 2024, the parties responded, and supplemented their responses, to such written discovery. *Id*. at ¶ 8.

Nevertheless, a dispute remains between the parties regarding each side's contention that it is not obligated to produce certain documents in discovery. *Id*. Specifically, TOVE contends it is not obligated to produce certain communications with its employee, Daniel Tracey, on the basis that they are privileged, and Defendants contend that they are not obligated to produce certain financial records

from their operation of the NoPixel Server on the basis that they are not relevant. Accordingly, on July 9, 2024, the parties filed a Joint Stipulation regarding this dispute, which is set to be heard before the Magistrate Judge on July 30, 2024. *Id*.

On July 9, 2024, TOVE's counsel took the deposition of Defendant Clout in his capacity as the person most knowledgeable for Defendant NoPixel. *Id*. at ¶ 10. On July 11, 2024, Defendants' counsel took the deposition of Mr. Tracey, TOVE's employee who contributed to creation and development of the NoPixel Server during the course and scope of his employment with TOVE. *Id*. at ¶ 11. And, on July 12, 2024, Defendants' counsel took the deposition of the person most knowledgeable for TOVE. *Id*. at ¶ 12.

During the deposition of Defendant NoPixel, Mr. Clout stated unequivocally that there was no way for anyone to contribute to the development of the NoPixel Server without setting up an account through the NoPixel Website and expressly accepting the Terms of Service in the process. *Id*. at ¶ 13. Plaintiff has since learned, however, that this statement by Mr. Clout is provably false, and the falsity thereof is important because Defendants intend to claim that any contributions Mr. Tracey made to the NoPixel Server were owned or licensed to Defendants when he set up an account and accepted the Terms of Service. *Id*. Accordingly, on July 15, 2024, counsel for the parties agreed that TOVE would supplement its Expert Disclosure and Report by July 24, 2024, and Defendants would supplement their rebuttal expert report by July 31, 2024. *Id*.

On July 15, 2024, counsel for the parties also met and conferred regarding TOVE's intention to file a Motion for Summary Judgment as to its First Cause of Action, and in the process to seek a determination from the Court that TOVE is the joint owner of the copyright in Defendants' source code in the NoPixel Server. *Id*. at ¶ 14. Defendants' counsel also advised that Defendants intended to file their own Motion for Summary Judgment as to the FAC. *Id*. Accordingly, counsel for the

2

PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR A BRIEF CONTINAUNCE OF THE TRIAL CALENDAR

parties tentatively agreed on a schedule that they hoped the Court would accommodate, pursuant to which both sides would file their respective Motions for Summary Judgment by no later than August 30, 2024. *Id*.

TOVE therefore seeks a continuance of the trial in this matter by ninety (90) days, to December 17, 2024, so that both parties will have time to resolve their remaining discovery issues, and thereafter file Motions for Summary Judgment.

## II. THERE IS GOOD CAUSE FOR A CONTINUANCE

The Court has broad discretion to modify a scheduling order "for good cause." FRCP 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* Central District Local Rule ("L.R.") 16-9. Good cause exists to modify a scheduling order where it is "impossible for…present counsel to meet the pretrial schedule." *Underwood v. Knowles*, 2010 WL 3505066, at *1 (E.D. Cal. Sept. 7, 2010). Here, good cause exists for the following four (4) reasons.

*First*, although both sides have been diligent in conducting discovery, fact and expert discovery issues remain pending. As to fact discovery, both sides seek documents that the other side is refusing to produce absent an order from the Magistrate Judge, which order will not be issued until after the parties are heard on July 30, 2024. Defendants have also just served a subpoena that TOVE intends to oppose by way of the filing of a motion for a protective order.

As to expert discovery, TOVE must supplement its Expert Disclosure and corresponding Expert Report, pursuant to FRCP 26(e), in light of information learned during the deposition of Defendant NoPixel just two weeks ago. Defendants will also need time to rebut TOVE's supplemental Expert Report with a supplemental rebuttal expert report of their own. Furthermore, both sides will need to depose the other side's expert once fully supplemented reports are produced.

*Second*, both parties intend to file Motions for Summary Judgment that, if heard sufficiently ahead of time, could obviate the need for trial. Specifically,

3

TOVE believes that its expert has definitively established TOVE's joint ownership of the source code in the NoPixel Server, and TOVE therefore intends to file a Motion for Summary Judgment to have the Court make such determination. If the Court were to make that determination, TOVE would also likely consider dropping its Second Cause of Action, making the dispute fully resolved following a full accounting of Defendants' profits generated from operation of the NoPixel Server.

**Third**, TOVE's requested continuance is modest. Though this case was filed on April 10, 2023 (Dkt. No. 1), and this is the parties second requested continuance, this dispute over a relatively complex and technical issue has only been "at issue" since February 26, 2024 (*see* Dkt. No. 27) (i.e., five months). TOVE is only asking for three more months, so that the parties can finalize fact and expert discovery, and seek the Court's determination of critical issues before trial preparation begins.

**Fourth**, TOVE's request is consistent with the Court's rationale expressed at the Initial Status Conference, when counsel for all parties expressed concern about the short timeline. The Court made it clear that the short timeline would help motivate the parties to conduct discovery quickly, which has been the case. But the Court also stated that it would allow the parties to come in to request a continuance if good cause existed, which TOVE is doing now because good cause does exist.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully request that that the Court briefly continue the trial in this action, and all related deadlines, by no more than ninety (90) days.

DATED: July 22, 2024      **ALTVIEW LAW GROUP, LLP**

By:   /s/ John Begakis, Esq.
      JOHN M. BEGAKIS
      SHEENA B. TEHRANI
*Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

4

# DECLARATION OF JOHN BEGAKIS

I, John Begakis, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a founding partner at AltView Law Group, LLP and co-counsel for THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff"), the Plaintiff in this action. I hereby submit this Declaration in support of TOVE's *ex parte* application requesting that the Court briefly continue the trial in action, and all related deadlines, by ninety (90) days (the "Application"). I know all of the following facts of my own personal knowledge and, if called upon and sworn as a witness, could and would competently testify thereto.

2. On or about April 10, 2023, our office commenced this action on behalf of TOVE, by filing the operative Complaint. The gravamen of this dispute is over TOVE's claim to be the co-owner in certain source code developed for Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL, and MITCHELLE CLOUT, an individual (collectively, "Defendants"), by TOVE's employee, Daniel Tracey.

3. On July 7, 2023, my office filed TOVE's operative First Amended Complaint, which Defendants answered on February 26, 2024.

4. On March 18, and 19, 2024, counsel for Defendants and I exchanged Initial Disclosures pursuant to Fed. R. of Civ. P. 26.

5. On March 26, 2024, I attended the New Case Status Conference held by this Court. At that conference, the Court set trial for July 16, 2024. Defendants' counsel, Larry Zerner, and I both expressed concerns about the short timeline. The Court explained the reason for the short timely but advised that if a continuance was needed, the parties could come in and request one.

6. On March 29, 2024, my office was served with Defendants' first set of written discovery requests.

7. On April 8, 2024, my office served Defendants with TOVE's first set of written discovery requests.

8. Throughout the months of May and June 2024, the parties served their respective responses to written discovery, and subsequently supplemented the same. Despite multiple supplementations and an in-person meet and confer meeting, a dispute remains between the parties regarding each side's contention that it is not obligated to produce certain documents. Accordingly, on July 9, 2024, Mr. Zerner and I filed a Joint Stipulation on behalf of our clients regarding the parties' discovery dispute, which is set to be heard before the Magistrate Judge on July 30, 2024.

9. On June 17, 2024, my office served Defendants with TOVE's Initial Disclosure of Expert Witness, and corresponding Expert Witness Report.

10. On July 9, 2024, I took the deposition of Defendant Clout in his capacity as the person most knowledgeable for Defendant NoPixel.

11. On July 11, 2024, Mr. Zerner took the deposition of third-party witness and former employee of TOVE, Daniel Tracey.

12. On July 12, 2024, Mr. Zerner took the deposition of the person most knowledgeable for TOVE.

13. On July 15, 2024, I advised Mr. Zerner that TOVE intended to supplement its Initial Disclosure of Expert Witness, and corresponding Expert Witness Report, based on new information obtained during the July 9, 2024 deposition of Defendant Clout. Specifically, Defendant Clout testified that there was no way for anyone to contribute to the development of the NoPixel Server without setting up an account through the NoPixel Website and expressly accepting the Terms of Service in the process. But I am advised that such claim is, in fact, false. Because our expert is the only who can competently opine on such a technical issue, I determined that the best way to prove the falsity of Defendant Clout's statement is by supplementing our Initial Disclosure and corresponding Expert Report pursuant to FRCP 26(e). Accordingly, Mr. Zerner and I agreed to an extended expert disclosure

schedule, pursuant to which Plaintiff would supplement its Initial Disclosure and corresponding Expert Report by July 24, 2024, and Defendants would supplement their rebuttal expert disclosure and corresponding rebuttal expert report by July 31, 2024. Thereafter, the parties will depose each side's designated expert.

14. On July 15, 2024, I also spoke with Mr. Zerner about TOVE's intention to file a Motion for Summary Judgment as to TOVE's First Cause of Action. Mr. Zerner advised that Defendants also intended to file their own Motion for Summary Judgment. We therefore tentatively agreed on a schedule that we hoped the Court would accommodate, pursuant to which both sides would file Motions for Summary Judgment by no later than August 30, 2024. Accordingly, I prepared and filed a Stipulation seeking a continuance of the trial in this matter by ninety (90) days, to December 17, 2024, so that the parties would have time to file their respective Motions for Summary Judgment, and the Court would have time to hear them, prior to the commencement of any trial preparation.

15. On July 18, 2024, I was served with a copy of a Subpoena that Defendants served on TOVE's immigration counsel, who assisted Mr. Tracey in obtaining a visa because of his employment with TOVE. TOVE intends to oppose the production of any records sought by Defendants pursuant to that Subpoena by promptly filing a motion for a protective order.

16. On July 22, 2024, the same day the Court denied the parties' stipulation to continue the Trial, I met and conferred with Mr. Zerner regarding our intention to file an *ex parte* application to continue the trial in this action, and all related deadlines, by no later than ninety (90) days. Mr. Zerner stated he would not oppose.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on July 22, 2024, at Los Angeles, California.

_____
JOHN BEGAKIS

3
DECLARATION OF JOHN BEGAKIS

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: July 22, 2024                      By:   /s/ John Begakis     
                                                                                   John M. Begakis