**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**DECLARATION OF JOHN BEGAKIS IN SUPPORT OF PLAINTIFF'S PORTION OF THE JOINT STIPULATION REGARDING DISPUTE OVER PRODUCTION OF DOCUMENTS**<br><br>**Hearing:**<br>Judge: Hon. Jacqueline Chooljian<br>Date:   July 30, 2024<br>Time:  9:30 a.m.<br>Place:  Ctrm 750, 255 East Temple Street, Los Angeles, California, 90012<br><br>Action Filed: April 10, 2023<br>Trial Date: September 17, 2024 |

DECLARATION OF JOHN BEGAKIS IN SUPPORT OF PLAINTIFF'S
PORTION OF THE JOINT STIPULATION

# DECLARATION OF JOHN BEGAKIS

I, John Begakis, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a founding partner at AltView Law Group, LLP and co-counsel for Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff"). I hereby submit this declaration in support of Plaintiff's portion of the Joint Stipulation regarding the Plaintiff's dispute over production of documents with Defendant KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel" or "Defendant") (collectively with Plaintiff, the "Parties").

2. Plaintiff commenced this action on or about April 10, 2023. Plaintiff's current operative First Amended Complaint was filed on or about July 7, 2023.

3. On or about April 8, 2024, Plaintiff served its First Set of Requests for Production of Documents (the "RPDs") on NoPixel. Plaintiff's RPDs requested, among other documents, financial records related to NoPixel's revenues generated and costs incurred from its operation of the NoPixel Server.

4. NoPixel served its initial set of responses on my office on or about May 8, 2024. In response to RPD No. 16, NoPixel disingenuously asserted that the term "NoPixel Server" was ambiguous and unclear, and refused to produce any responsive documents on such basis.

5. On or about May 9, 2024, I emailed Defendants' counsel, Larry Zerner, regarding various deficiencies with NoPixel's discovery responses, including that NoPixel's objection to the term "NoPixel Server" was improper because it was a commonly used term for Defendants' role-play server and was one *Defendants themselves* had used on their website to describe the server. A true and correct copy of my May 9, 2024 correspondence with Defendant's counsel is attached hereto as Exhibit "A" and incorporated herein by this reference.

6. On or about May 22, 2024, I met with Mr. Zerner at my office, pursuant to Local Rule ("LR") 37-1, to address NoPixel's deficient discovery responses. On the issue of whether the term "NoPixel Server" was ambiguous or unclear, Mr. Zerner appeared to concede that it was not. However, Mr. Zerner was conspicuously non-committal on whether NoPixel would ultimately provide financial documents responsive to RPD No. 16, suggesting that such financial documents were somehow irrelevant to the dispute.

7. On or about June 5, 2024, our office received supplemental discovery responses, including responses to certain of Plaintiff's RPDs. However, NoPixel continued to refuse provide any financial documents responsive to RPD No. 16, and continued to contend that such documents were "unrelated to this litigation."

8. On or about June 12, 2024, I sent Mr. Zerner an email correspondence identifying such continued deficiency, but his associate's meandering response failed to indicate that NoPixel would produce financial documents responsive to RPD No. 16.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on July 23, 2024, at Los Angeles, California.

_____
JOHN M. BEGAKIS

# EXHIBIT "A"



Sheena Tehrani <sheena@altviewlawgroup.com>

---

## That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. (2:23-cv-02687-SVW-JC) - Request to Meet and Confer Pursuant to L.R. 37-1

---

**John Begakis** <john@altviewlawgroup.com>  Thu, May 9, 2024 at 12:49 PM
To: larry@morrisoncooper.com
Cc: Keith@morrisoncooper.com, Kat@morrisoncooper.com, Sheena Tehrani <sheena@altviewlawgroup.com>

Counsel:

We are in receipt of (1) the Subpoena to Produce Documents served on PayPal (the "Subpoena"); and (2) Defendant KOIL's responses to Plaintiff's (a) Special Interrogatories, (b) Requests for Admissions, and (c) Requests for Production of Documents (collectively, the "Responses"). The Subpoena is impermissibly broad, and the Responses are non-responsive for various reasons. Accordingly, please allow this email to constitute our identification of the issues we've identified with respect to the Subpoena and Responses, and our position regarding the same, pursuant to Central District Local Rule ("L.R.") 37-1.

**Defendants' Subpoena**

The Subpoena seeks records of all payments received and money sent from Daniel Tracey's account "from January 1, 2021 to December 31, 2023." Without waiving any privacy objections Mr. Tracey has with respect to any payment records unrelated to this dispute, it is undisputed that Mr. Tracey no longer worked with Defendants after December 31, 2022. Accordingly, any records for the calendar year of 2023 are wholly irrelevant, and the Subpoena is overly broad in its attempt to seek such records. *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006).  As such, we ask that you limit the Subpoena only to payment records from January 1, 2021 to December 31, 2022, or our office will file a Motion for a Protective Order on behalf of Mr. Tracey.

**Defendants' Responses**

Responses to Plaintiff's Requests for Admissions ("RFAs")

NOPIXEL's response to RFA No. 2 improperly objects to the defined terms "SERVICES" and "NOPIXEL SERVER" on the basis that those terms are somehow "vague and ambiguous." But "the party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Thomas v. Cate*, 715 F.Supp.2d 1012, 1030 (E.D. Cal. 2010). Defendants' objection is also disingenuous given that Defendants are more than capable of understanding those terms in providing denials favorable to their position in response to RFA Nos. 4 and 7.  Defendant KOIL must therefore remove this objection and solely admit or deny RFA No. 2.

NOPIXEL also fails to respond to RFA Nos. 8-12 on the claimed basis that the term "NOPIXEL SERVER" "does not align" with NOPIXEL's "comprehensive understanding...of server infrastructure" and supposedly "fails to capture the entirety of server operations." NOPIXEL further claims that it "cannot confirm the contents of the NOPIXEL SERVER" "without a clear delineation of the tasks encompassed within the term 'SERVICES'."  This is, of course, nonsense and a transparent attempt to avoid NOPIXEL's obligation to respond to each of these critical RFAs.

The term "NOPIXEL SERVER" is defined in the First Amended Complaint ("FAC") as the "video game server, wherein individuals who play the 'open world' video game entitled 'Grand Theft Auto V'...can 'role-play' with other individuals in a closed Game environment on such server..."  Obviously this definition incorporates a common understanding of the role-play server Defendants operate. Indeed, *even Defendants* refer [on their own website](#) to the NOPIXEL SERVER as "a Grand Theft Auto V **role-play server**, developed by Koil". For this reason, it is simply false for Defendant KOIL to now contend that the term "does not align" with its "comprehensive understanding." Moreover, the term's incorporation of the common understanding of "server" in this context is specifically to ensure that the definition "captures the entirety of server operations."

Accordingly, Defendant KOIL must remove such objections and admit or deny each of RFA Nos. 8-12.

Responses to Plaintiff's Requests for Production of Documents ("RPDs")

Based on the explanation set forth above, Defendant KOIL's contention in its response to RPD Nos. 9-14 and 16-20 that the term "NOPIXEL SERVER" is "ambiguous and unclear" is baseless, and Defendant KOIL must immediately respond and provide all documents responsive to such RPDs.

Special Interrogatories ("ROGs")

Defendant KOIL's responses to ROG Nos. 5-6 and 10 also claim that the term "NOPIXEL SERVER" "does not align" with NOPIXEL's "comprehensive understanding...of server infrastructure" and supposedly "fails to capture the entirety of server operations."  For the reasons set forth above, this claim is baseless, and Defendant KOIL must provide responses.

Defendant KOIL's response to ROG No. 13 is non-responsive, as Plaintiff did not ask Defendant KOIL to identify and describe "any server originally built by Tracey." Rather, Plaintiff asked Defendant KOIL to identify and describe "**each portion** of any new server set up..."  Accordingly, Defendant KOIL must provide a more direct response to ROG No. 13.

Defendant KOIL's response to ROG No. 14 is also non-responsive, as Plaintiff did not ask Defendant KOIL to provide his own (inherently biased) conclusion as to the percentage of similarities. Rather, Plaintiff asked Defendant KOIL to simply identify "each portion of any new server set up...that originally results from the results and/or proceeds of the SERVICES." Accordingly, Defendant KOIL must provide a more direct response to ROG No. 14.

Defendant KOIL has also simply refused to respond to ROG Nos. 15 and16, despite having no basis to do so. As to ROG No. 15, Defendant KOIL appears to refuse to respond on the basis that the information sought is "irrelevant", but the scope of discovery is broad and the information sought is clearly relevant to this dispute. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). And, as to ROG No. 16, Defendant KOIL appears to refuse to respond on the previously claimed basis that the term "NOPIXEL SERVER" is "vague and ambiguous."  But Plaintiff has already established in detail above why such objection is meritless.  Accordingly, Defendant KOIL must immediately respond to ROG Nos. 15 and 16.

Finally, Defendant KOIL's objection to ROG No. 23 is baseless, as ROG No. 23 is a single Interrogatory asking for legitimate, relevant information.  Plaintiff is not aware of any authority supporting such an objection and, for that reason, Defendant KOIL must immediately respond thereto.

\*\*\*

We are aware that Defendants claim to also have issues with Plaintiff's responses to Defendants' discovery requests. Notwithstanding your lack of compliance with L.R. 37-1 in your communications to us regarding those purported issues, we will agree to a meeting at a neutral location to address each side's pending issues with all open discovery, as permitted by L.R. 37-1.  Accordingly, please propose possible locations, dates, and times that work with your schedule for a meeting within ten (10) days from today.

Best,
John
--
**John M. Begakis, Esq.** | Partner
**AltView Law Group, LLP**
T: 310.230.5580 x1
F: 310.943.2540
Email: John@altviewlawgroup.com
Website: www.altviewlawgroup.com/

 

\*\*CONFIDENTIALITY NOTICE:  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: July 23, 2024                             By:  /s/ John Begakis
                                                          John M. Begakis