UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | July 25, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:** (IN CHAMBERS) **ORDER SUBMITTING, VACATING HEARING ON, AND GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL (DOCKET NOS. 40, 42, 43)**

### I. SUMMARY

Pending before the Court and set for a hearing on July 30, 2024 at 9:30 a.m. are the parties' Motions to Compel which have been presented to the Court in the form of a single Joint Stipulation Regarding Dispute Over Production of Document ("Joint Stipulation" or "JS") without a notice of motion. (See Local Rule L.R. 37-2 (discovery joint stipulation must be filed and served with notice of motion)).[1] Plaintiff seeks an order compelling Defendant Koil Content Creation Pty Ltd. ("Koil" or "Defendant") to produce further documents responsive to Plaintiff's Document Request No. 16 ("RFP No. 16") which calls for Defendant to produce all documents evidencing all revenues generated and costs incurred from Defendant's operation of the NoPixel Server ("Plaintiff's Motion to Compel"). Defendant seeks an order compelling Plaintiff to produce further documents responsive to Defendant's Document Request No. 2 ("RFP No. 2") which calls for Plaintiff to produce all communications between Plaintiff and Daniel Tracy that refer or reflect eleven specified subjects ("Defendant's Motion to Compel").

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motions to Compel appropriate for decision without oral argument. The hearing calendared for July 30, 2024 is hereby vacated and the Motions to Compel are taken off calendar and are submitted for decision.

---

[1] In connection with the Motions to Compel, the parties have submitted the Joint Stipulation, Plaintiff's Supplemental Memorandum, Defendant's Supplemental Memorandum, a Declaration of Mitchell Clout ("Clout Decl.") with an exhibit ("Clout Ex. 1"), a Declaration of Larry Zerner ("Zerner Decl.") with exhibits ("Zerner Ex."), and a Declaration of John M. Begakis ("Begakis Decl.") with an exhibit ("Begakis Ex. A"). (Docket Nos. 40, 42, 43, 47).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | July 25, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

  Based on the parties' submissions, the record and the pertinent facts and law, the Court grants in part and denies in part Plaintiff's Motion to Compel and Defendant's Motion to Compel as set forth below. The parties are ordered to provide the items called for by this Order within fourteen (14) days absent further order of the Court or written agreement of the parties.

**II. BACKGROUND**

  On July 7, 2023, Plaintiff That One Video Entertainment ("Plaintiff" or "TOVE") filed the operative First Amended Complaint (alternatively, "FAC") against Defendant Koil and its founder/owner Mitchell Clout ("Clout") (collectively "Defendants"), asserting claims for declaratory relief, breach of contract and an accounting. (Docket No. 18; Begakis Decl. ¶ 2). The First Amended Complaint alleges the following:

  Plaintiff is a content creation/business management company that employs various individuals in the videogame industry. (FAC ¶ 9). It employed a software developer named Daniel Tracey ("Tracey"). (FAC ¶ 9). As part of Tracey's employment agreement, TOVE was permitted to contract with third parties to sell Tracey's services and receive all compensation paid for the same. (FAC ¶ 10).

  Defendants operate a videogame server (the "NoPixel Server"), where individuals who play the "open world" video game Grand Theft Auto V (the "Game"), can role-play with other individuals in a closed game environment on the NoPixel Server. (FAC ¶ 11).

  Around early 2020, Defendants desired to engage Tracey in his role as a software developer to make significant updates to the NoPixel Server (the "Services"). (FAC ¶ 12). Defendants contracted with TOVE to obtain Tracey's Services as an independent contractor in exchange for Defendants' agreement "to pay 50% of Game revenue to TOVE by way of [] Tracey (the 'Agreement')." (FAC ¶ 12).[2]

---

  [2]Defendants deny this allegation (Answer ¶ 12; see also JS at 4-5) and Defendant Clout attests: In May 2021, Defendant Koil entered into a contract with Tracey (not TOVE) for Tracey to work as a developer. (Clout Decl. ¶ 6). Koil paid Tracey a base salary of $10,000 per month. (Clout Decl. ¶ 6). In March 2022, Tracey proposed during extra services in exchange for addiitonal money from Koil. (Clout Decl. ¶ 7). One of the things that Koil asked Tracey to do was to set up additional international servers because at the time, the only international server was in India. (Clout Decl. ¶ 7). On March 22, 2022, Tracey sent the terms of this employment proposal to Koil via the Discord messaging app. (Clout Decl. ¶ 7). Such message essentially reflects that Tracey would accept $10,000 per month as his base pay, plus 50% of the revenue from the existing India server, 50% from the Koil Whitelist Priority server, and 50% from the international servers he would help get online, and that the contract would be renegotiated every six months. (Clout Decl. ¶¶ 7-9; Clout Ex. 1). Tracey eventually helped get two additional international servers online (besides India), running Koil's code – one for Spain and one that covered South America. (Clout Decl. ¶ 11). Until Tracey was terminated in December 2022, Koil paid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | July 25, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

During the aforementioned arrangement, TOVE did not execute an agreement stating that Tracey's contributions were "works-made-for-hire" or were otherwise owned by Defendants. (FAC ¶ 12).

From in or about early 2020 to in our about December 2022, Tracey rendered Services to Defendants. (FAC ¶ 13). In the process of rendering such Services, Tracey contributed significant creative contributions to both the "front end" visual aesthetics of the Game and the "back end" information management systems that allow the NoPixel Server to function. (FAC ¶ 13). Specifically, Tracey designed and created the entire payment processing system utilized by the NoPixel Server which has facilitated the processing of millions of dollars in payments to Defendants. (FAC ¶ 13).

In late 2022, a personal dispute arose between Tracey and Defendant Clout, resulting in Clout terminating Tracey's role with Defendant Koil and removing Tracey's authority to access the Server. (FAC ¶ 15).

On January 9, 2023, Plaintiff, through counsel, thereafter advised Defendants that all of Tracey's contributions to the development of the NoPixel Server were exclusively owned by TOVE. (FAC ¶ 20).[3] On or about January 23, 2023, Defendants, through counsel, responded, claiming that Tracey had contributed nothing copyrightable to the NoPixel Server and that anything Tracey had contributed was permanently and irrevocably licensed to Defendants. (FAC ¶ 21). On or about February 6, 2024, Plaintiff, through counsel, disputed Defendants' claims of lack of ownership and the existence of a license. (FAC ¶ 21).[4] On February 10, 2024, Defendants, through counsel, again claimed that they had a perpetual, irrevocable license in and to Tracey's contributions to the NoPixel Server. (FAC ¶ 23).

As noted above, Plaintiff asserts claims for declaratory relief, breach of contract and an accounting. (Docket No. 18). As subsequently construed by the District Judge, Plaintiff's first claim for declaratory relief essentially seeks a declaration that Plaintiff is a joint owner of the NoPixel Server and

---

Tracey 50% of the revenue from the aforementioned four servers (Whitelist Priority, India, Spain and South America), which typically averaged between $40,000 to $50,000 per month. (Clout Decl. ¶ 12). At no point did Tracey ever ask for or receive any money from any server, other than the aforementioned four servers. (Clout Decl. ¶ 13). At no point did Clout ever speak to anyone at TOVE or agree to pay TOVE or Tracey money from any other server. (Clout Decl. ¶ 14).

[3]It is not clear if this letter is the same or distinct from the January 9, 2024 letter sent to Defendant Clout on behalf of Tracey (not TOVE) by Attorney John M. Begakis, who now also represents Plaintiff in this action. (See Zerner Decl. ¶ 2; Zerner Ex. 2).

[4]A copy of this letter, in which Attorney Begakis advises Defendants' counsel that he now represented both Tracy and TOVE appears to be attached to the Zerner Declaration as Exhibit 3. (See Zerner Decl. ¶ 3; Zerner Ex. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | July 25, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

that Defendants did not have a "license" to operate the NoPixel Server without accounting for profits to TOVE and could not operate the NoPixel Server under the guise of a license that allows it to keep all profits. (See Docket No. 26). Plaintiff's second claim for breach of contract alleges that Defendants have breached the Agreement in that they have failed and refused, and continue to fail and refuse, "to pay TOVE 50% of the revenue generated from the NoPixel Server." (FAC ¶ 32).[5] Plaintiff's third claim for an accounting alleges that Defendants have received money from the exploitation of Tracey's creative contributions to the NoPixel Server without a license, a portion of which is therefore due to TOVE, and the amount of which cannot be ascertained without an order requiring Defendants to account to TOVE with respect to all transactions relating to Defendants' exploitation of Tracey's creative contributions to the NoPixel Server without a license. (FAC ¶¶ 35-37).

On February 14, 2024, the District Judge denied Defendants' Motion to Dismiss the declaratory relief claim. (Docket No. 26).

On or about April 8, 2024, Plaintiff served on Defendant Koil, Plaintiff's First Set of Requests for the Production of Documents ("Plaintiff's Document Requests") containing RFP No. 16, which is in issue. (Begakis Decl. ¶ 3). Defendant served its initial responses to the Document Requests on May 8, 2024. (Begakis Decl. ¶ 4). On May 9, 2024, Plaintiff's counsel emailed Defendant's counsel regarding asserted deficiencies in Defendant's responses to the Document Requests. (Begakis Decl. ¶ 5; Begakis Ex. A). On May 22, 2024, counsel met and conferred regarding Defendant's responses to Plaintiff's Document Requests. (Begakis Decl. ¶ 6). On June 5, 2024, Defendant served supplemental responses to Plaintiff's Document Requests but continued to refuse to provide any financial documents responsive to RFP No. 16, asserting that such documents were "unrelated to this litigation." (Begakis Decl. ¶ 7). On June 12, 2024, the parties exchanged further communications but were unable to resolve their differences regarding RFP No. 16. (Begakis Decl. ¶ 8).

On an unspecified date, Defendant Koil served Plaintiff with Defendant Koil's First Set of Requests for the Production of Documents ("Defendant's Document Requests") containing RFP No. 2, which is in issue. (JS at 1, 5, 8-9). On an unspecified date, Plaintiff responded to Defendant's Document Requests. (JS at 1, 5, 8-9). The parties apparently thereafter conferred regarding Plaintiff's assertedly deficient production relative to RFP No. 2 – *i.e.*, its asserted failure to produce documents post-dating 2022 – but were unable to resolve their differences. (JS at 1, 8-11).

///
///

---

[5] In its recitation of "Facts Common to All Causes of Action," Plaintiff alleges that Defendants agreed to pay Plaintiff "fifty percent (50%) of Game revenue," but in the breach of contract claim, Plaintiff instead alleges that Defendants agreed to pay Plaintiff "50% of revenue generated from the NoPixel Server." (Compare FAC 12 with FAC 31). It thus appears that Plaintiff equates revenue from the NoPixel Server with revenue from the Game.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | July 25, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

### III. DISCUSSION AND RULINGS

    A.    **Plaintiff's Motion to Compel – RFP No. 16**

Plaintiff's RFP No. 16 calls for Defendant to produce: "All DOCUMENTS evidencing all revenues generated, and costs incurred, from YOUR operation of the NOPIXEL SERVER." (JS at 6).[6]

Defendant initially interposed multiple objections to RFP No. 16 – asserting that it is burdensome, oppressive, overbroad, compound, vague, ambiguous and unintelligible – but, without waiving such objections, and after assertedly conducting a diligent search and making reasonable inquiry, responded: "Based on the ambiguous and unclear definition provided for the NOPIXEL SERVER, Responding Party is unable to provide a response." (JS at 6).[7]

Defendant thereafter provided a supplemental response which reasserted the same objections, but notwithstanding and without waiving such objections, responded: "The subject documents are already in the possession, custody, and control of the Propounding Party insofar as the requested documents were produced to the Propounding Party on or about May 8, 2024. The responsive documents are contained within Bates #MC0068 to Bates #MC0072 produced [t]herewith, which reflect the 50% net participation agreement between TRACEY and NoPixel via Discord on March 14, 2022. Propounding Party's definition of "NOPIXEL SERVER" is otherwise overbroad as it: (a) encompasses over 172 servers, (b) would require production of financial documents unrelated to this litigation, (c) [is] wholly unrelated to any work performed by TRACEY, and (d) is therefore, not calculated to lead to the discovery of admissible evidence." (JS at 6-7).[8]

---

[6]Plaintiff has not supplied the Court with the actual Document Requests which presumably define the capitalized terms. As to the term "NOPIXEL SERVER," the Court proceeds on the assumption that it has been defined in a manner consistent with the definition thereof in the First Amended Complaint, *i.e.*, that it refers to "a videogame server, wherein individuals who play the 'open world' videogame entitled 'Grand Theft Auto V' . . . can 'role-play' with other individuals in a closed Game environment on such server" (FAC ¶ 11)," but, given the information supplied by Defendants regarding multiple servers, further presumes that even though the term is singular, the "NOPIXEL SERVER" is actually comprised of 172 servers, including the four specific servers identified by Defendants. (See supra note 2; JS at 6-7).

[7]Defendant also incorporated its "Preliminary Statement" as though fully set forth in such response but Defendant has not supplied the Court with such statement or its actual responses to Plaintiff's Document Requests which presumably contain such statement.

[8]Defendant again incorporated its "Preliminary Statement" as though fully set forth in such supplemental response but has not supplied the Court with such statement or its actual responses to Plaintiff's Document Requests which presumably contain such statement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | July 25, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

As noted above (see supra note 2), Defendant takes the position that its only agreement was with Tracey (not TOVE), that such agreement only required Defendant to pay and Defendant did pay Tracey – until Tracey's termination in December 2022 – $10,000 per month base pay and 50% of the revenue from Defendant's India, Koil Whitelist Priority, Spain and South America servers, and that at no point did Defendant's owner/founder Clout ever speak to anyone at TOVE or agree to pay TOVE or Tracey money from any other server. (JS at 8; Clout Decl. ¶¶ 7-9, 11-14; Clout Ex. 1). Defendant Clout represents that he has agreed to give Plaintiff revenue statements from the four aforementioned servers (presumably Bates #MC0068 to Bates #MC0072 referenced in Defendant Koil's supplemental response to RFP No. 16), but Defendant declines to agree to produce revenue from any other servers as they are assertedly completely outside the scope of the agreement in issue. (JS at 8; Clout Decl. ¶ 15).

Plaintiff essentially argues that Defendant's response is insufficient because Defendant's production does not include documents evidencing all revenues generated, and costs incurred, from Defendant's operation of all servers that assertedly constitute "the NOPIXEL SERVER" and instead is limited to documents evidencing revenues generated/costs incurred from only those servers that Defendant contends are relevant to the action under Defendant's theory of the case. (JS at 7). Plaintiff contends that the requested discovery is relevant and proportional to the needs of the case because the First Amended Complaint alleges that Plaintiff "is a co-owner in the copyright of the code comprising the NoPixel Server and is entitled to fifty percent (50%) of the revenues generated therefrom pursuant to the parties' agreement . . . and because the scope of Plaintiff's potential ownership and right to profits is broad enough to entitle Plaintiff to half of all monies reflected in such requested documents." (JS at 7-8).

The Court is not unsympathetic to Defendant's position – particularly given the evidence it has submitted regarding a relatively narrow agreement with Tracey versus the absence of any evidence submitted by Plaintiff to support its different/broader allegations regarding the parties to and terms of the agreement in issue. However, as relevance is determined by reference to the pleadings[9] – here, the operative First Amended Complaint – the Court is compelled to conclude that documents evidencing revenues generated and costs incurred from Defendant's operation of all of the servers that comprise the "NOPIXEL SERVER" is relevant to at least the damages assessment for the breach of contract claim and accordingly overrules Defendant's relevance/overbreadth objections. To the extent Defendant stands on its other objections, the Court likewise overrules such objections as RFP No. 16 does not appear to the Court to be compound, vague, ambiguous, or unintelligible and as Defendant has submitted no evidence that responding to RFP No. 16 would be unduly burdensome or oppressive. Having said

---

[9]Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | July 25, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

that, given the state of the record, the Court, after considering the factors referenced in Fed. R. Civ. P. 26(b)(1), does view it to be appropriate to narrow RFP No. 16 based on proportionality.

In light of the foregoing, the Court grants in part and denies in part Plaintiff's Motion to Compel a further production responsive to RFP No. 16 and orders Defendant, to the extent it has not already done so, to produce documents sufficient to evidence the total annual revenue generated, and total annual costs incurred, from Defendant's operation of all servers that comprise the "NOPIXEL SERVER"[10] for 2020, 2021, 2022, and 2023, and documents sufficient to evidence the total revenue generated, and total costs incurred for the first and second quarters of 2024.

### B. Defendant's Motion to Compel – RFP No. 2

Defendant's RFP No. 2 calls for Plaintiff to produce all communications between TOVE and Tracey that refer or reflect the following subjects: (1) Tracey's employment status with TOVE; (2) employment agreements with TOVE; (3) Tracey's immigration status; (4) any agreements with Koil; (5) any agreement with Clout; (6) any work performed by Tracey for Koil; (7) any work performed by Tracey for Clout; (8) payments from Koil to Tracey; (9) payments from Koil to TOVE; (10) payments form Tracey to TOVE; and (11) payments from TOVE to Tracey. (JS at 8-9).

Plaintiff interposed multiple objections to RFP No. 2 – asserting that it is overbroad, unduly burdensome, contains multiple subparts, and seeks information protected by Plaintiff's privacy rights, the attorney-client privilege, and/or the attorney work product doctrine – but, subject to and without waiving such objections, responded that it would "produce all non-privileged documents responsive to this Request that are within [its] possession, custody or control[,]" reserving, in light of the fact that discovery is ongoing, its "right to supplement, amplify or amend its response to this Request." (JS at 9).

Defendant asserts that notwithstanding Plaintiff's representation that it would produce all responsive non-privileged documents in its possession, custody or control, Plaintiff has withheld all responsive communications post-dating 2022. (JS at 9). Defendant essentially contends that since this action is based on TOVE's allegations that Tracey's work for Koil is attributable/compensable to Plaintiff, it is likely that Tracey and TOVE communicated regarding the same after 2022 and that such communications are relevant. (JS at 9-10). Defendant points to pre-litigation communications sent to Clout/Koil on behalf of Tracey and TOVE by Plaintiff's current counsel which assertedly support an inference that Tracey and TOVE communicated about the matters at issue after 2022. (JS at 9; Zerner Exs. 2, 3).

Plaintiff argues that (1) communications post-dating December 31, 2022 are not relevant because Defendant terminated Tracey in December 2022; (2) aside from being irrelevant, communications made

---

[10] See supra note 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | July 25, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

after 2022 are covered by the "common interest" privilege; and (3) Defendant's position is inconsistent with its position relative to Plaintiff's RFP No. 16.

First, the Court overrules Plaintiff's relevance/overbreadth objections. Initially, Plaintiff's response to Defendant's RFP No. 2 reflects that, notwithstanding its objections, it is only withholding responsive privileged documents. The Court holds Plaintiff to such representation. Further, the fact that Tracey stopped working for Koil in 2022, does not mean that he did not communicate with TOVE about such employment thereafter and does not obviate the relevance of any post-2022 communications with TOVE regarding the same. To the extent he did, such communications are relevant for the reasons argued by Defendant, irrespective of any privilege assertion which is a separate and independent issue. Defendant's assertedly inconsistent positions regarding the relevance of financial documents responsive to Plaintiff's RFP No. 16 does not alter the Court's conclusion in this regard.

Second, the Court addresses Plaintiff's "privilege" objection to which Defendant has not actually responded. As indicated above, Defendant's RFP No. 2 calls for communications between Tracey and TOVE only, not communications with their attorney. The attorney-client privilege generally does not apply to communications with or involving third parties (see United States v. Palmer, 536 F.2d 1278, 1281 (9th Cir. 1976); United States v. ChevronTexaco Corp., 241 F. Supp. 2d 1065, 1070 (N.D. Cal. 2002)), but participants in a joint or common defense or individuals with a community of interests may communicate among themselves and with the separate attorneys on matters of common legal interest, for the purpose of preparing a joint strategy, and the attorney-client privilege will protect those communications to the same extent as it would communications between each client and his own attorney. Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007). The joint defense privilege protects not only the confidentiality of communications passing from a party to his or her attorney but also from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel. United States v. Austin, 416 F.3d 1016, 1021 (9th Cir. 2005); see also United States v. Gonzalez, 669 F.3d 974, 978 (9th Cir. 2012) ("Whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.") (quoting In re Grand Jury Subpoenas, 902 F.2d 244, 249 (4th Cir. 1990)). The privilege applies irrespective of whether or not litigation has begun or is contemplated. Continental Oil v. United States, 330 F.2d 347, 350 (9th Cir. 1964); see also Hunydee v. United States, 355 F.2d 183, 185 (9th Cir. 1965) (client's admissions to his own criminal attorney in presence of co-defendant and attorney for co-defendant protected by attorney-client privilege; communications concerned common issues and were intended to facilitate representation in possible subsequent proceedings).

Here, given the above authorities, Plaintiff is not wrong in asserting that Tracey's communications with TOVE made pursuant to the parties' common interest in this dispute and regarding litigation strategy discussed may be privileged, but Plaintiff has not met its burden to demonstrate that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | July 25, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

all post-2022 communications sought by Defendant's RFP No. 2 fall within that description. The record does not reflect, for example, that Plaintiff has even produced a privilege log or a description of the nature of the communications withheld in a manner that, without revealing privileged information, enables Defendant (or the Court) to assess Plaintiff's privilege claim. See Fed. R. Civ. P. 26(b)(5)(A).

In light of the foregoing, Defendant Motion to Compel a further production responsive to Defendant's RFP No. 2 is granted in part and denied in part without prejudice. To the extent Plaintiff has not already done so, it shall produce (1) all documents in its possession, custody or control responsive to Defendant's RFP No. 2 – including documents post-dating 2022 – except those as to which it asserts the attorney-client/common interest privilege ("withheld documents"); and (2) a privilege log corresponding to the withheld documents that is compliant with Fed. R. Civ. P. 26(b)(5)(A). See e.g., Dole v. Milonas, 889 F.2d 885, 888 n.3, 890 (9th Cir. 1989) (indicating appropriate privilege log to include identity of attorney/client involved, nature of document (*i.e.*, letter, memorandum), all persons/entities shown on the document to have received/sent it, all persons/entities known to have been furnished document or informed of its substance, and date document generated, prepared or dated).

IT IS SO ORDERED.