**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 CAS (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**DECLARATION OF DANIEL TRACEY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**<br><br>[*Motion; Declarations of Jacque Khalil, William Francis, Benjamin Lau, Esq., and John Begakis, Esq.; Separate Statement of Undisputed Fact; and [Proposed] Order filed concurrently herewith*]<br><br>**Hearing**<br>Date:  September 9, 2024<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A (10th Floor)<br>         350 W. First Street<br>         Los Angeles, CA 90012<br>Judge: Hon. Stephen V. Wilson<br><br>Action Filed: April 10, 2023<br>Trial Date: September 17, 2024 |

DECLARATION OF DANIEL TRACEY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY ADJUDICATION

# DECLARATION OF DANIEL TRACEY

I, Daniel Tracey, declare and state as follows:

1. I am an individual currently residing in the County of Maricopa, State of Arizona, and am over 18 years of age. I hereby submit this Declaration in support of the Motion for Summary Adjudication (the "Motion") filed by Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("Plaintiff") against Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel") and MITCHELL CLOUT, an individual ("Clout") (collectively, "Defendants"). I know all of the following facts of my own personal knowledge and, if called upon and sworn as a witness, could and would competently testify thereto.

2. I am a software engineer and developer from the United Kingdom.

3. In or about early 2020, I joined the videogame server (the "NoPixel Server") for the "open world" videogame "Grand Theft Auto V" (the "Game") operated by Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel") and MITCHELL CLOUT, an individual ("Clout") (collectively, "Defendants"). When I joined the Server, I do not recall applying through NoPixel's standard application process and accepting the "Terms and Rules" set forth on the NoPixel website located at <www.nopixel.net> (the "Website").

4. After joining, I subsequently reached out to someone who worked for Defendant NoPixel to apply to become a developer for the NoPixel Server. I am aware that Defendant Clout claims that, before reaching out to anyone, I submitted an application that was apparently rejected. But I do not recall ever submitting any such application. When I joined, I was not asked to sign, nor did I sign, any separate written agreement regarding my services as a developer for the NoPixel Server.

///

1

DECLARATION OF DANIEL TRACEY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY ADJUDICATION

5. During my time as a developer, I contributed significantly to the development of Version 3.0 of the NoPixel Server. In fact, my contributions were so significant that on or about May 10, 2021, Defendant Clout offered to pay me to continue to perform such services, in one of our communications on the messaging application Discord. I was initially hesitant, but Defendant Clout insisted. So, a few days later, I messaged Defendant Clout on Discord and asked him how much he would pay me if I agreed to work for compensation. He offered to pay me $10,000 per month. In a subsequent conversation on Discord, on or about May 27, 2021, Defendant Clout also offered to execute a separate written agreement to memorialize the terms of my work as an independent contractor for Defendant NoPixel, but I was never presented with, nor did I ever sign, any such agreement.

6. On or about October 14, 2021, I entered into a written employment agreement with Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("Plaintiff"), pursuant to which I received a salary of $105,000 per year, plus bonuses, in exchange for my agreement to be employed full-time as "Lead Developer" (the "Employment Agreement"). Pursuant to my discussions with Plaintiff's principal, Jacque Khalil, I understood that I could be, and I in fact agreed to be, loaned out to third parties, like Defendant NoPixel, to provide lead developer services. I also understood that I would be spending, and I agreed to spend, a portion of my employment on the streaming platform Twitch streaming myself rendering development services (i.e., coding) on the NoPixel Server, and playing the Game.

7. When I entered into the Employment Agreement, Defendant Clout knew that I was working as an employee for Plaintiff because I told him. Additionally, the terms of my arrangement with Defendant NoPixel changed because Plaintiff started invoicing Defendant NoPixel for my services, and at least a few of my monthly

2

DECLARATION OF DANIEL TRACEY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY ADJUDICATION

payments were paid directly to Plaintiff. I was also elevated to the position of lead developer.

8. Because I was employed by Plaintiff, but I was not an American citizen, Plaintiff agreed to sponsor my H-1B visa application (the "Application"). I am aware that Plaintiff indicated in the Application that I would not be placed at any worksite controlled by a third-party to whom my services would be loaned out, like Defendant NoPixel. This was accurate because I worked remotely for Defendant NoPixel. I am also aware that Plaintiff indicated in the Application that approximately ten percent (10%) of my time working for Plaintiff would be dedicated to creating "video tutorials demonstrating software modifying techniques and general media content discussing software modifying strategies for interactive multimedia entertainment productions." This was accurate because I was streaming myself on Twitch coding on the NoPixel Server and playing the Game, and at the time the Application was submitted, I believed those duties would make up approximately 10% of my time.

9. During my time as lead developer for the NoPixel Server, my work and responsibilities increased to include not only software development but also (i) managing the work of other developers for the NoPixel Server, and (ii) handling technical operations and infrastructure development related work on the Server, such as developing code, fixing bugs, and generally ensuring that the Server ran properly. In other words, I effectively ran the company. In rendering my own development services on the Server, which work product Defendant NoPixel allowed me to store on my own, password protected account maintained on Github, I also contributed significantly to the development of various features of the "back end" information management systems that allowed, and continue to allow, the NoPixel Server to function, including: (i) user registration and age verification; (ii) login; (iii) notification management; (iv) programmatic payment processing for various monetization avenues; and (v) various security features. I'm aware that Defendants

3

DECLARATION OF DANIEL TRACEY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY ADJUDICATION

have retained an expert who has argued that my contributions to the Server were insignificant, in part, because I did not actually contribute to the "creation" of certain features of the NoPixel Server since the Server utilizes already-established third-parties to provide those features. But that argument belies a lack of understanding of how modern video game development works. Modern video games, like the Game, rely on many external, third-party systems to function. But, in order for games like the Game to use those systems, developers like myself must develop the code that effectively connects the relevant game to such systems through application programming interfaces (or "APIs"). Thus, my work as a developer connecting the NoPixel Server to various APIs did mean that I substantially contributed to the "creation" of various features of the NoPixel Server. In the case of my work connecting the NoPixel Server to the third party payment processor called Tebex, for example, I was able to develop a payment processing system within the Game that opened up new ways for Defendant NoPixel to monetize aspects of the game, which generated more revenue for Defendants.

10. Because my contributions as lead developer for the NoPixel Server were so significant, Defendant Clout orally agreed, over Discord, to make me his partner, and to receive fifty percent (50%) of the profits derived from the NoPixel Server. But we also agreed that most of those profits (i.e., all profits except for certain profits derived from certain international servers) would be reinvested into the business.

11. In or about late 2022, Defendant Clout and I had a personal disagreement, and, as a result of that disagreement, I was eventually terminated. I am aware that Defendants now claim that I was terminated on or about December 27, 2022, but, at the time, neither Defendant Clout nor anyone else for Defendant NoPixel informed me about my termination on that particular date.

12. Furthermore, Defendants have since accused me of causing a "data breach" to the NoPixel Server after I was terminated. However, I have still never seen

4

DECLARATION OF DANIEL TRACEY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY ADJUDICATION

any evidence supporting this accusation, despite the negative effects such a serious accusation could have on my career as a software developer.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on August 12, 2024, at Phoenix, Arizona.

_____
DANIEL TRACEY

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: August 12, 2024                         By:   /s/ John Begakis
                                                                               John M. Begakis