**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a
California limited liability company

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 CAS (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**DECLARATION OF BENJAMIN LAU IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**<br><br>[*Motion; Declarations of Jacque Khalil; Daniel Tracey, William Francis, and John Begakis, Esq.; Separate Statement of Undisputed Fact; and [Proposed] Order filed concurrently herewith*]<br><br>**Hearing**<br>Date:  September 9, 2024<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A (10th Floor)<br>       350 W. First Street<br>       Los Angeles, CA 90012<br>Judge: Hon. Stephen V. Wilson<br><br>Action Filed: April 10, 2023<br>Trial Date: September 17, 2024 |

## DECLARATION OF BEJAMIN LAU

I, Benjamin Lau, declare and state as follows:

1.      I am an attorney duly licensed to practice law in the State of California and before this Court, and am over 18 years of age. I am a principal at the law firm Jackson Lewis, P.C., which is immigration counsel for THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("Plaintiff"), the Plaintiff in this action. I hereby submit this Declaration in support of the Motion for Summary Adjudication (the "Motion") filed by Plaintiff against Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel") and MITCHELL CLOUT, an individual ("Clout") (collectively, "Defendants"). I know all of the following facts of my own personal knowledge and, if called upon and sworn as a witness, could and would competently testify thereto.

2.      Based on an email I received from Larry Zerner, Esq., who I understand to be counsel for Defendants in this action, I am aware that Mr. Zerner claims that Jacque Khalil, as the principal and Chief Operating Officer of Plaintiff, submitted an H-1B visa application for Plaintiff's employee, Daniel Tracey (the "Application"), that contained supposedly "false information." Specifically, Mr. Zerner claims that "[i]n the application, Mr. Khalil was asked if Tracey would be placed with a secondary entity and responded, 'no.'" However, the instructions for the Labor Condition Application (i.e., the Department of Labor form where the referenced question appears) clarify that **the referenced question was simply asking whether Mr. Tracey would be physically placed at a worksite controlled by a third-party business for which Plaintiff was providing Mr. Tracey's services – not whether Plaintiff would be providing Mr. Tracey's services to third-party businesses generally**. Since it is my understanding that Mr. Tracey worked remotely for

1

Defendants and was, therefore, not physically placed at any worksite controlled by Defendants, the answer to that question was "no."

3.    I am aware that Mr. Zerner also contends that Mr. Khalil submitted a letter in connection with the Application that was "untrue" because it supposedly omitted various information about the details of Mr. Tracey's arrangement with Defendants. Specifically, Mr. Zerner claims that "[t]he letter gives the approximate amount of time that Danny would be working at each task for TOVE" but that Mr. Khalil stated in his deposition that "Tracey also was required to stream himself gameplaying on Twitch" and "somehow none of this was mentioned in the letter..." However, the Application did specify that ten percent (10%) of Mr. Tracey's job duties would be to "[c]reate video tutorials demonstrating software modifying techniques and general media content discussing software modifying strategies for interactive multimedia entertainment productions." As described, this job duty would include streaming certain content on Twitch, particularly content of Mr. Tracey demonstrating coding techniques. It is also important to note that the assigned percentage is simply an estimate and is intended to serve solely as an approximation of the average amount of time Mr. Tracey would spend on such task in a given week

4.    Finally, I am aware that Mr. Zerner makes the argument that the Application was generally false or untrue because information regarding Mr. Tracey's arrangement with Defendants were omitted from the Application. However, this Court should understand that **U.S. immigration regulations do not require a visa petitioner (in this case, Plaintiff) to disclose that the beneficiary of the visa (in this case, Mr. Tracey) will be working for any particular third party (in this case, Defendant NoPixel)**. So long as the employer-employee relationship between the petitioner and the beneficiary is met, and the worksite information is correct, then the visa requirements are met.

///

DECLARATION OF BENJAMIN LAU IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY ADJUDICATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on August 12, 2024, at Los Angeles, California.

BENJAMIN LAU

DECLARATION OF BENJAMIN LAU IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: August 12, 2024          By:   /s/ John Begakis        

                                              John M. Begakis