**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION AND MOTION FOR SUMMARY ADJUDICATION**<br><br>[*Declarations of Jacque Khalil, Daniel Tracey, Benjamin Lau, Esq., and John Begakis, Esq.; Motion; and [Proposed] Order filed concurrently herewith*]<br><br>**Hearing**<br>Date: September 9, 2024<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A (10th Floor)<br>         350 W. First Street<br>         Los Angeles, CA 90012<br>Judge: Hon. Stephen V. Wilson |

SEPARATE STATEMENT OF UNDISPUTED FACTS

Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") hereby submits the following Separate Statement of Undisputed Facts together with references to supporting evidence, pursuant to Federal Rules of Civil Procedure ("FRCP") and Local Rule 56-1 of the Central District of California in support of its Motion for Summary Adjudication as to Plaintiff's First Cause of Action for Declaratory Relief in the First Amended Complaint ("FAC") filed against Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel") and MITCHELL CLOUT, an individual ("Clout") (collectively, "Defendants").

## V. SUMMARY ADJUDICATION MUST BE GRANTED AS TO PLAINTIFF'S FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 1. TOVE is a U.S.-based content creation and business management company.<br><br>Declaration of John Begakis ("Begakis Decl.") at ¶ 8, Exhibit "F" thereto, Deposition of Person Most Knowledgeable for That One Video Entertainment, LLC ("TOVE PMK Depo") at 9:23-10:23; Declaration of Jacque Khalil ("Khalil Decl.") at ¶ 2. | |
| 2. Daniel Tracey is a talented software engineer and developer from the United Kingdom.<br><br>Begakis Decl. at ¶ 7, Exhibit "E" | |

1

SEPARATE STATEMENT OF UNDISPUTED FACTS

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| thereto, Deposition of Daniel Tracey ("Tracey Depo") 14:12-13; 99:4-8; Declaration of Danny Tracey ("Tracey Decl.") at ¶ 2. | |
| 3. On or about October 14, 2021, TOVE and Mr. Tracey entered into a written employment agreement, pursuant to which TOVE agreed to pay Mr. Tracey a salary of $105,000 per year, plus bonuses, in exchange for Mr. Tracey's agreement to be employed full-time as "Lead Developer" (the "Employment Agreement").<br><br>Begakis Decl. at ¶ 4, Exhibit "B" thereto, Plaintiff's First Set of Document Production (TOVE000001-TOVE000004); Khalil Decl. at ¶ 3. | |
| 4. TOVE and Mr. Tracey also agreed that, in his position, Mr. Tracey could be loaned out to third parties to render services as a lead developer.<br><br>Khalil Decl. at ¶ 3; Tracey Decl. at ¶ 6. | |
| 5. Pursuant to that agreement, the Employment Agreement set forth that Mr. Tracey would be required to devote substantially all of his working time and attention to the business of TOVE and "any other position or responsibilities" assigned to him.<br><br>Begakis Decl. at ¶ 4, Exhibit "B" thereto, Plaintiff's First Set of | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Document Production (TOVE000001-TOVE000004). | |
| 6. Mr. Tracey's Employment Agreement also set forth that he "may be required to appear on camera and create video tutorials and general media content" around his work for TOVE.<br><br>Begakis Decl. at ¶ 4, Exhibit "B" thereto, Plaintiff's First Set of Document Production (TOVE000001-TOVE000004). | |
| 7. Additionally, Mr. Tracey's Employment Agreement does not contain a "no waiver" clause.<br><br>Begakis Decl. at ¶ 4, Exhibit "B" thereto, Plaintiff's First Set of Document Production (TOVE000001-TOVE000004). | |
| 8. Because Mr. Tracey was a foreign national working for TOVE in the United States, TOVE also sponsored Mr. Tracey's H-1B visa application (the "Application").<br><br>Khalil Decl. at ¶ 4; Tracey Decl. at ¶ 8. | |
| 9. In the Application, TOVE identified the physical location in which Mr. Tracey would be rendering services either to TOVE or to other potential third parties, and set forth an approximate percentage of time that Mr. Tracey would be spending on his various duties. | |

SEPARATE STATEMENT OF UNDISPUTED FACTS

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Khalil Decl. at ¶ 4; Tracey Decl. at ¶ 8. | |
| 10. The Application addressed whether Mr. Tracey would be placed with a secondary entity, and sought clarity from TOVE as to whether Mr. Tracey were to be placed at a worksite that was controlled by a third-party, not whether the work completed by Mr. Tracey in his job was for a third-party.<br><br>Declaration of Benjamin Lau ("Lau Decl.") at ¶ 2. | |
| 11. A letter prepared by TOVE and included with the Application also accurately stated that a percentage of Mr. Tracey's job duties, which was estimated to be approximately 10% of his time, would be spent creating "video tutorials" in the form of content streamed by Mr. Tracey on Twitch.<br><br>Khalil Decl. at ¶ 4; Tracey Decl. at ¶ 8; Lau Decl. at ¶ 3. | |
| 12. TOVE did not identify in the Application other third parties to whom Mr. Tracey would be providing lead developer services because such information was not required.<br><br>Lau Decl. at ¶ 4. | |
| 13. Defendants operate a very successful videogame server, | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| wherein individuals who play a heavily modified version of the "open world" videogame "Grand Theft Auto V" (the "Game") can "role-play" with others in a closed Game environment (the "NoPixel Server").<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, Deposition of Mitchell Clout as the Person Most Knowledgeable for NoPixel ("NoPixel PMK Depo") at 22:10-15 and 104:20-105:2. | |
| 14. Players of the Game can make significant changes to the visual aesthetics of the in-Game environment, including by changing their physical appearance, the appearance of their automobile, or the appearance of surrounding physical structures.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 96:17-25, 97:5-21, and 98:17-25. | |
| 15. Despite this unique feature of the Game, there is still a "very big difference" between a player making changes to the appearance of the in-Game environment, and a developer creating new 3D models of that environment, or other structural modifications to the Game.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 100:13- | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 23. | |
| 16. An individual aspiring to become a player of the Game typically starts by applying to become a "community member," which requires visiting the website <www.nopixel.net> (the "Website") and registering an account.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 47:16-21, 48:1-49:2, 50:7-8, 50:16-23, 58:9-24. | |
| 17. In order to thereafter be "whitelisted" and actually gain access to play on the NoPixel Server, however, each community member must also answer questions establishing that they understand how to "role play" as a created character within the Game.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 47:16-21, 48:1-49:2, 50:7-8, 50:16-23, 58:9-24 | |
| 18. Despite this process being the primary way for players to join and play on the NoPixel Server, there are other ways individuals can join and play without going through the onboarding process.<br><br>Declaration of Plaintiff's Expert William J. Francis ("Francis Decl.") at ¶ 15. | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 19. An individual aspiring to become a developer for the Game, on the other hand, can come from inside or outside of the NoPixel community, and applies separately through a much less formal process.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 52:19-53:3, 65:10-16, 66:7-10. | |
| 20. At the time Mr. Tracey applied to become a developer, Defendants also did not require developers to enter into any separate, written agreement for their services.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 65:22-25. | |
| 21. Since the commencement of this lawsuit, Defendants have changed that policy and now require all developers to execute separate, written agreements.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 68:10-17, 68:22-23. | |
| 22. When an aspiring player registers an account, they are required to accept the "Terms and Rules" set forth on the Website (the "Terms of Service").<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 52:6-18, | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 55:21-56:4, 58:9-20, 66:22-67:7, and 69:21-25. | |
| 23. However, those Terms of Service are nothing more than the standard, "out of the box" terms provided by XenForo, a company providing website forum software that Defendants used to host the Website.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo, Exhibit "6" thereto. | |
| 24. Nothing in the language of the Terms of Service indicates anywhere that such Terms apply to developers and players.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo, Exhibit "6" thereto. | |
| 25. Before ever joining the NoPixel Server as a community member, Mr. Tracey desired to, and did, make contributions to the NoPixel Server code as a developer.<br><br>Begakis Decl. at ¶ 7, Exhibit "E" thereto, Tracey Depo. at 43:6-10. | |
| 26. On or about April 22, 2020, Mr. Tracey apparently joined the NoPixel Server as a community member.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo, Exhibit | |

SEPARATE STATEMENT OF UNDISPUTED FACTS

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| "8" thereto; Tracey Decl. at ¶ 3. | |
| 27. Mr. Tracey does not recall applying through the standard onboarding process and accepting the Terms of Service.<br><br>Begakis Decl. at ¶ 7, Exhibit "E" thereto, Tracey Depo at 39:22-24; Tracey Decl. at ¶¶ 3-4. | |
| 28. Defendants have produced what they claim is a screenshot evidencing Mr. Tracey's apparent agreement to the Terms of Service, but such evidence cannot be trusted given the fact that Defendant Koil has admitted to altering other evidence in this case already.<br><br>Begakis Decl. at ¶ 5, Exhibit "C" thereto, Defendants' Document Production (MC0106-MC0109). | |
| 29. Defendant Clout also testified under oath that it was impossible for anyone to join the NoPixel Server without agreeing to the Terms of Service, but that is provably false, as evidenced by the conclusion of TOVE's expert.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 52:6-18, 55:21-56:4, 58:9-20, 66:22-67:7, and 69:21-25. | |
| 30. After jointing, Mr. Tracey formally applied to become a developer of the Game. | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 115:16-24, Exhibit "9" thereto. | |
| 31. Although his first apparent attempt to apply was apparently rejected by Defendant NoPixel, Mr. Tracey was ultimately accepted via communications with a developer for Defendant NoPixel over the digital messaging platform Discord.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 115:15-24, 116:7-117:19, Exhibit "9" thereto; Tracey Decl. at ¶ 4. | |
| 32. When Mr. Tracey became a developer, he did not execute any separate written agreement with Defendant NoPixel that addressed his anticipated contributions to the NoPixel Server as a developer.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 117:20-118:23; Tracey Decl. at ¶ 4. | |
| 33. Due to the commercial success of many of Mr. Tracey's contributions, on or about May 10, 2021, Defendant Clout offered to formally pay Mr. Tracey to render development services on the NoPixel Server.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo, Exhibit | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| "10" thereto; Tracey Decl. at ¶ 5. | |
| 34. Although initially hesitant, Mr. Tracey further inquired about the opportunity a few days later, and the parties ultimately agreed to $10,000 per month for his services in the role of "developer" on the NoPixel Server.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo 134:7-13, Exhibit "11" thereto; Tracey Decl. at ¶ 5. | |
| 35. On or about May 27, 2021, Defendant Clout offered to memorialize the terms of this agreement with a separate written contract, but no such separate contract was ever prepared or executed.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK 131:22-132:21, Exhibit "12" thereto; Tracey Decl. at ¶ 5. | |
| 36. Then, on or about October 14, 2021, Mr. Tracey became an employee of TOVE, and Mr. Tracey's arrangement with Defendant NoPixel changed.<br><br>Tracey Decl. at ¶¶ 6-7. | |
| 37. Mr. Tracey became "lead developer", and his work and responsibilities for Defendant NoPixel increased to include not | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| only developing code but also (i) managing the work of other developers on the NoPixel Server and (ii) handling technical operations and infrastructure development related work of the Server, such as deploying code, fixing bugs, and generally ensuring the Server ran properly.<br><br>Begakis Decl. at ¶ 7, Exhibit "E" thereto, Tracey Depo at 64:23-65:11; Tracey Decl. at ¶ 9. | |
| 38. In such role, Mr. Tracey had the freedom to "provide[ ] assistance in building in-game mechanics and approv[e] development ideas and/or bounties if [Defendant Clout] was unavailable to do so."<br><br>Begakis Decl. at ¶ 3, Exhibit "A" thereto, Defendant Supplemental Interrogatory Responses, No. 2. | |
| 39. TOVE also began invoicing Defendant NoPixel for Mr. Tracey's services.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo; Exhibit "13" thereto; Khalil Decl. at ¶ 5; Tracey Decl. at ¶ 7. | |
| 40. Defendant NoPixel initially paid TOVE for some of TOVE's invoices , and the remainder of them were paid to Mr. Tracey. | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Begakis Decl. at ¶ 7, Exhibit "E" thereto, Tracey Depo 165:7-17; Khalil Decl. at ¶ 5; Tracey Decl. at ¶ 7. | |
| 41. During this time, Mr. Tracey created an entirely new code base for the "back-end" information management systems of the NoPixel Server, utilizing code to connect third party systems to the Server to "create" service features for the Server that included, without limitation: (1) user registration and age verification; (2) login; (3) notification management; (4) programmatic payment processing for various monetization avenues; and (5) various security features.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo, Exhibit "16" thereto; Begakis Decl. at ¶ 7, Exhibit "E" thereto, Tracey Depo at 201:14-202:7; Tracey Decl. at ¶ 9. | |
| 42. Mr. Tracey hosted the code he developed for the NoPixel Server on his own repository.<br><br>Francis Decl. at ¶ 10. | |
| 43. When Mr. Tracey was terminated from Defendant NoPixel, approximately eighty percent (80%) of the back-end code of NoPixel Server was created by him.<br><br>Francis Decl. at ¶ 11. | |
| 44. Mr. Tracey was also the primary | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| contributor to the back-end source code of the NoPixel Server.<br><br>Francis Decl. at ¶ 13. | |
| 45. Defendants did not remove Mr. Tracey's contributions after his termination. Instead, Defendants chose to keep his original code and simply add to it as the NoPixel Server codebase expanded.<br><br>Francis Decl. at ¶ 11. | |
| 46. Because of Defendants decision not to remove Mr. Tracey's contributions, as of May 15, 2024, Mr. Tracey's contributions still made up forty percent (40%) of the back-end source code comprising the NoPixel Server.<br><br>Francis Decl. at ¶ 11. | |
| 47. Defendants' rebuttal expert compares Mr. Tracey's contributions to both the back-end source code and all of the game code that comprises the NoPixel Server, to find that Mr. Tracey's services actually amount to 0.57% of the NoPixel Server.<br><br>Francis Decl. at ¶ 12. | |
| 48. Defendants' rebuttal expert also contends that Plaintiff's expert's determination of the back-end systems Mr. Tracey contributed to the creation of is flawed because | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Mr. Tracey did not actually create those back-end systems. For example, Defendants' rebuttal expert spends a significant amount of his report explaining that the NoPixel Server utilizes an already established third party payment processor, called Tebex, that was not built by Mr. Tracey.<br><br>Francis Decl. at ¶ 14. | |
| 49. However, modern video games like the Game rely on many external, third-party systems to function. But in order for games to use these systems, developers must develop code that effectively connects the game to such systems through application programming interfaces (or, "APIs"). Thus, Mr. Tracey not only substantially contributed to the "creation" of the payment processing system by connecting it to the Tebex API, but such connection was so elegantly designed that it opened up new ways for Defendant NoPixel to monetize aspects of the Game, which resulted in commercial success to Defendants.<br><br>Begakis Decl. at ¶ 7, Exhibit "E" thereto, Tracey Depo at 201:14-202:7; Tracey Decl. at ¶ 9; Francis Decl. at ¶ 14. | |
| 50. Because of his contributions, Defendant Koil agreed to make Mr. | |

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Tracey a 50% partner in the NoPixel Server.<br><br>Begakis Decl. at ¶ 7, Exhibit "E" thereto, Tracey Depo at 55:4-21; Tracey Decl. at ¶ 10. | |
| 51. Defendant Koil also acknowledged Mr. Tracey's contributions, via a letter of support included in an application TOVE submitted to assist Mr. Tracey in changing the status of his work visa, by stating that he played a "lead and critical role" in the development of the NoPixel Server, and that, among other contributions, "Mr. Tracey is the mastermind behind NoPixel's heist system…".<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo, Exhibit "16" thereto. | |
| 52. In or about late 2022, a personal dispute developed between Mr. Tracey and Defendant Clout over the operation of the NoPixel Server.<br><br>Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 153:25-154:13; Tracey Decl. at ¶ 11. | |
| 53. This dispute ultimately culminated in Defendant NoPixel allegedly terminating Mr. Tracey on or about December 27, 2022 – though Defendant Clout never informed Mr. Tracey of such termination. | |

SEPARATE STATEMENT OF UNDISPUTED FACTS

| TOVE's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Begakis Decl. at ¶ 6, Exhibit "D" thereto, NoPixel PMK Depo at 159:16-24; Begakis Decl. at ¶ 7, Exhibit "E" thereto, Tracey Depo at 171:23-172:2; Tracey Decl. at ¶ 11. | |
| 54. Thereafter, Defendants publicly accused Mr. Tracey of causing a "data breach" to the NoPixel Server, but have never provided any evidence to support this clearly defamatory allegation.<br><br>Begakis Decl. at ¶ 7, Exhibit "E" thereto, Tracey Depo at 172:20-25; Tracey Decl. at ¶ 12. | |

DATED: August 12, 2024            **ALTVIEW LAW GROUP, LLP**

By:   /s/ John M. Begakis, Esq.
      JOHN M. BEGAKIS
      SHEENA B. TEHRANI
*Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company