Larry Zerner (SBN 155473)
Morrison Cooper
10900 Wilshire, Suite 930
Los Angeles, California 90024
Telephone: (310) 773-3623
Email: Larry@MorrisonCooper.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br> v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>    Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO QUASH<br><br>HEARING DATE: September 10, 2024<br>TIME: 9:30 p.m.<br>COURTROOM 750<br><br>Action Filed: April 10, 2023<br>Trial Date: November 5, 2024 |

## I. INTRODUCTION

Defendant opposes motion to quash on the grounds that Plaintiff TOVE was clearly involved in an illegal "pay-to-stay" immigration scheme with Danny Tracey in which TOVE would falsely claim to the Department of Labor that it had hired Mr. Tracey as its "lead developer" to obtain a H-1B visa so Mr. Tracey (a British citizen) could remain in the U.S. In reality, Mr. Tracey was required to make money by

- 1 –

streaming himself on Twitch (not a job that would qualify as a "specialty occupation"), and then from that money, pay back to Tove his supposed salary of $8,750 per month, plus overhead of a few thousand dollars, plus 30% of anything he earned over that.

Needless to say, this is completely illegal and directly contradictory to the sworn statements made by TOVE's COO, Jacques Khalil, in filing the application for the H-1B visa.

What makes this relevant to the present case is that even though Mr. Khalil swore under penalty of perjury that TOVE was hiring Mr. Tracey as *TOVE's* lead developer, TOVE claims in the present lawsuit that TOVE was actually hiring Mr. Tracey to be loaned out to Defendant Koil Content Creation PTY LTD ("Koil"), an Australian company, to be *Koil's* lead developer. This is completely false. Mr. Khalil admits Koil never asked TOVE to loan Mr. Tracey to it and that he never ever spoke with anyone at Koil. Furthermore, Koil always paid Mr. Tracey directly and neither Koil nor Mr. Tracey ever paid any portion of Tracey's salary to TOVE.

TOVE and Mr. Tracey apparently concocted this story that there was a loan-out after Koil terminated Mr. Tracey in December 2022 as a way for TOVE to file a lawsuit against Koil in the United States. The communications between TOVE and its immigration lawyer are necessary to show that when TOVE retained Mr. Lau as their immigration lawyer to prepare the H-1B visa application for Mr. Tracey, there was no mention of any "loan-out" arrangement with Koil.

## II.   FACTUAL BACKGROUND

Defendant Koil is a community of mod servers known as NoPixel, which is a collection of multiplayer mod servers that allow members of the private community to play the game entitled Grand Theft Auto 5 with other community members in custom roleplay scenarios. Clout Decl. ¶1.

In April 2020, Mr. Tracey joined the NoPixel server and began offering his developer services to Koil on a voluntary basis. *Id.* ¶2-3. In May 2021, Mr. Tracey accepted Koil's offer for a paid position as developer for $10,000 per month. *Id.* ¶4. Mr. Tracey worked as a developer at Koil until December 2022. FAC at ¶13.

At no point was there ever any "loan-out" agreement between TOVE and Koil. *Id.* ¶5. There was no need for any loan-out agreement because Koil certainly didn't need to go through TOVE to hire Mr. Tracey, he was already working for Koil at the time of this alleged arrangement. Mr. Clout never even heard of TOVE until Plaintiff brought the instant claims in 2023. Clout Decl. ¶5-7. Mr. Khalil (TOVE's COO) admits that no one at Koil ever asked TOVE to hire Mr. Tracey to work at Koil. Zerner Decl. Ex. 1. (Khalil Depo. 20:15-18)[1].

All of Mr. Tracey's salary was paid directly to him ($10,000 per month) was paid to him at his personal PayPal account. None of the salary was ever paid to TOVE. Clout Depo. ¶9.

In or about October 2021, Plaintiff filed a H-1B visa application for Mr. Tracey. The application includes both a government form and a letter written by Mr. Khalil. Mr. Khalil signed the document under penalty of perjury.[2] See. Exhibit 103 to Khalil Depo. In the Application, TOVE states that it will be hiring Mr. Tracey to work as TOVE's lead developer. In the letter, which Mr. Khalil also swore was correct under penalty of perjury, Mr. Khalil wrote the following:

"TOVE seeks to employ Mr. Farrow Tracey in the professional position of Lead Developer for a temporary period of up to thirty-six (36) months.

. . .

That One Video Entertainment wishes to employ Mr. Farrow Tracey in the specialty occupation of Lead Developer. In this position, Mr. Farrow Tracey will be

---

[1] Koil is referred to as "NoPixel" during the deposition.
[2] The application attached as an exhibit to the deposition is unsigned but Mr. Khalil admitted that he did sign the document when it was filed. Khalil Depo. p.22:2-4.

responsible for working as TOVE's lead developer and programmer on interactive multimedia entertainment productions, where he will be responsible for the research, design, and development of modifications to computer software in order to enhance interactive multimedia entertainment productions.

Specifically, Mr. Farrow Tracey will be responsible for the following:"

The letter than sets out Mr. Tracey's duties for TOVE and the amount of time he will spend at each duty, such time adding up to 100%. The letter also states that Mr. Tracey will earn an annual salary of $105,000 ($8,750 per month). See, Zerner Decl. Ex. 1.

Nowhere in the letter or in the application does TOVE state that Mr. Tracey is actually being hired to be "loaned-out" to work at Koil.

As it makes no sense that TOVE would pay Mr. Tracey $105,000 to work at Koil as its lead developer, when Koil was already paying Mr. Tracey $120,000 per year to do the same job, Mr. Khalil admitted in his deposition that the actual arrangement with Mr. Tracey was that he had a side business as a professional streamer, streaming himself playing games or coding on the Twitch network.

From the money that Mr. Tracey earned streaming, he was required to repay TOVE the $8750 per month he was supposed to be earning in salary, plus some overhead of a few thousand, plus 30% of any earning over that. Khalil Depo. p. 32:2:12, p. 62:23-63:11.

Mr. Khalil admitted that, at best, Mr. Tracey was only spending five to ten percent of his time actually doing development work for TOVE. Khalil Depo. p.47:5-19.

In other words, Mr. Tracey was not being paid to work at Koil, or even to work as a developer for TOVE. Instead, TOVE was requiring Mr. Tracey to have a side gig as a streamer and from that income, reimburse TOVE for the supposed salary he was earning, plus overhead, plus 30% of anything he earned over that.

### III. BECAUSE TOVE'S IMMIGRATION APPLICATION FALLS UNDER THE CRIME-FRAUD APPLICATION, THE COMMUNICATIONS WITH ITS LAWYER ARE DISCOVERABLE.

The purpose of the H-1B visa is to allow U.S. employers to hire nonimmigrant aliens in specialty occupations to work in the United States. Only 65,000 visa's are issued each year (with another 20,000 for people who have masters). U.S. Dept. of Labor Employment Law Guide, located at https://webapps.dol.gov/elaws/elg/h1b.htm?_ga=2.101866433.1117226641.1724100390-1527886714.1721149749.

If TOVE wanted to hire Mr. Tracey to actually work full time as its lead developer, as it swore under penalty of perjury that it would be doing, that would not be a problem. But that is not what happened. Mr. Khalil admitted that his statements in the application and the letter were false. Mr. Tracey was not hired to work full time as TOVE's lead developer, nor was he hired to be "loaned-out" to Koil (who never heard of TOVE before this lawsuit). Instead, TOVE and Mr. Tracey entered into a "pay-to-stay" arrangement, in which Mr. Tracey paid TOVE in order to stay in the United States. It does not take an expert in U.S. Immigration Law, to understand that this is illegal.

Then, after a dispute arose between Koil and Mr. Tracey, Mr. Khalil and Mr. Tracey decided to falsely claim that TOVE had "loaned-out" Mr. Tracey to Koil, as a way to bring this lawsuit in the U.S. under U.S. copyright law.[3]

Because TOVE clearly engaged in immigration fraud, the communications between it and its attorney become discoverable under the crime-fraud exception, which attaches when a client consults an attorney for advice that will serve him in the commission of a fraud. *UMG Recording, Inc. v. Bertelsmann AG (In re Napster*

---

[3] Because, at the time of filing, Mr. Tracey was a nonresident alien living in New York City, and Koil is located in Australia, Mr. Tracey would not have standing to bring a lawsuit in the U.S. Federal Court.

*Copyright Litig.)*, 479 F.3d 1078, 1090 (9th Cir. 2007). It does not matter if Mr. Lau was not aware that TOVE intended to commit a crime for the crime-fraud exception to apply ("it is the client's knowledge and intentions that are of paramount concern to the application of the crime-fraud exception; the attorney need know nothing about the client's ongoing or planned illicit activity for the exception to apply. I*n re Grand Jury Proceedings (Corporation),* 87 F.3d 377, 381-82 (9th Cir. 1996).

Plaintiff seems more concerned that Defendant's counsel warned Mr. Khalil that he was admitting to a crime then the fact that Mr. Khalil actually committed a crime. It is notable that Plaintiff's motion did not contain a declaration from Mr. Khalil stating that this "loan-out" arrangement with Koil existed. Instead, Plaintiff relies on the allegations it made in the First Amended Complaint, which are not made under penalty of perjury and, as allegations, are not actually evidence of anything.

Defendant did not serve this subpoena to harass Plaintiff. It is virtually certain that the communications between TOVE and its lawyer will show that there was never any discussion in their communications that TOVE intended to "loan-out" Mr. Tracey's services to Koil. If the court wishes to examine these documents, *in camera,* before ruling on the motion, Defendant would not object.

But as TOVE is seeking potentially millions in dollars in damages from Koil based on the allegation that this "loan-out" agreement (despite the fact that TOVE never spoke with anyone at Koil), Koil should be allowed to obtain these documents that will show that the allegations concerning the "loan-out" were concocted after the dispute arose between Mr. Tracey and Koil.

   Date: August 20, 2024          MORRISON COOPER

                                           By: /s/Larry Zerner
                                             Larry Zerner
                                             Attorney for Defendants