Larry Zerner (SBN 155473)
Morrison Cooper
10900 Wilshire, Suite 930
Los Angeles, California 90024
Telephone:   (310) 773-3623
Email: Larry@MorrisonCooper.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>DECLARATION OF LARRY ZERNER |

I, Larry Zerner declare as follows:

1.      I am an attorney admitted to practice before this Court and I am the attorney of record for Defendants in this action.  The facts set forth in my declaration are known personally by me to be true and correct, and if called upon as a witness, I could and would competently testify thereto.

1

2.    Attached hereto as Exhibit 1 are true and correct copies of the relevant pages from the deposition of the COO of TOVE, Jacques Khalil, including the Immigration Application.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20th day of August in Los Angeles, CA.

/Larry Zerner/

# Exhibit 1

```
 1                UNITED STATES DISTRICT COURT

 2            FOR THE CENTRAL DISTRICT OF CALIFORNIA

 3

 4    THAT ONE VIDEO ENTERTAINMENT, LLC, )
      a California limited liability     )
 5    company,                           )
                                         )
 6                       Plaintiff,      )
                                         )
 7        vs.                            )  Case No.:
                                         )  2:23-cv-02687 SVW
 8    KOIL CONTENT CREATION PTY LTD., an )  (JCx)
      Australian proprietary limited     )
 9    company doing business as NOPIXEL; )
      MITCHELL CLOUT, an individual; and )
10    DOES 1-25, inclusive,             )
                                         )
11                       Defendants.     )
      _____)
12

13

14

15                  REMOTE DEPOSITION OF

16                     JACQUE KHALIL

17          PMK for THAT ONE VIDEO ENTERTAINMENT

18                  TORRANCE, CALIFORNIA

19                    JULY 12, 2024

20

21

22

23

24    REPORTED BY:  SANDRA S. PETRITSCH, CSR NO. 11684

25    FILE NO. 6799456
```

                                                    Page 1

```
1        Q    (By Mr. Zerner)  And at the time you hired
2   Danny, you understood that he was being paid by NoPixel.
3   Right?
4        A    I don't know if -- maybe I asked him some
5   questions if he ever got paid some money.  I can't recall
6   exactly when I learned of his income specifically that
7   he's earned from NoPixel prior to being an employee
8   here.
9        Q    No one at NoPixel asked you to hire Danny to
10  then be working at NoPixel.  Correct?
11            MR. BEGAKIS:  Objection.  Vague, calls for a
12  legal conclusion.
13            THE WITNESS:  Sorry, can you repeat the
14  question?  I'm not sure I heard it all.
15       Q    (By Mr. Zerner)  No one at NoPixel asked you to
16  hire Danny to work at NoPixel?
17            MR. BEGAKIS:  Objection, vague.
18            THE WITNESS:  No.
19            MR. ZERNER:  I want to pull up Exhibit 102 from
20  yesterday.
21            Do you need this now that we're just talking
22  about it and we have them?
23            MR. BEGAKIS:  I think I prefer if the witness
24  have it readily available instead of referring to it on
25  the screen.
```

Page 20

```
 1                    MR. ZERNER:  No, no.  I was just talking to the
 2      court reporter.  John, if you can just forward him that
 3      e-mail that I sent to you yesterday, that would be great.
 4                    (Deposition Exhibit No. 102 was marked for
 5      identification.)
 6                    MR. BEGAKIS:  And I didn't label them.  I'm just
 7      referring to them off the e-mail originally.  Larry, which
 8      one are we looking at first?
 9                    MR. ZERNER:  The one that's called,
10      "Immigration" document.
11                    MR. BEGAKIS:  Got it.
12                    THE WITNESS:  I got your e-mail and I'm looking
13      at them all right now.  "Immigration Documents," plural?
14                    MR. BEGAKIS:  Yeah.  It's a 16-page document.
15      Immigration Documents 912 is the name of the file.  Take a
16      moment to familiarized yourself with it.
17           Q    (By Mr. Zerner)  If you could go to page 10 of
18      the document, it's TOVE 001076 on the bottom.
19           A    The "Labor Condition Application"?
20           Q    Yes.
21                This is a document that you provided through
22      your attorney to give to us.  Right?
23           A    Yes.
24           Q    And the document is unsigned; but is it safe to
25      say that there was a signed copy that was then submitted
```

                                                        Page 21

1    to immigration?

2        A    If I remember correctly, I think I had to wet

3    sign them and FedEx it to the immigration attorney's

4    office.

5        Q    And you see there right above your signature

6    there is a declaration under penalty of perjury?

7        A    Yes.

8        Q    So you understood that when you submitted these

9    documents and signed it, you were saying under penalty of

10   perjury that everything was correct.    And you understood

11   that it's a crime to submit documents that are false; you

12   understand that.    Right?

13       A    I do.

14       Q    Let's go to page 13 of the document, which is

15   TOVE 1079.    That's a letter dated September 20th of 2021

16   on TOVE letterhead.    Correct?

17           MR. BEGAKIS:    Again, Mr. Khalil, if you need a

18   moment to review a document for which you're being asked

19   questions, please speak up and do so, otherwise we're

20   going to assume that you familiarized yourself with this

21   ahead of time before we jump into it.

22           THE WITNESS:    I'm familiar with this document.

23   I remember when we were going through the process with

24   Danny.

25           MR. ZERNER:    Okay.

                                                    Page 22

1    percentage of time that he was to be working on it.

2        Q    Wasn't he required to stream enough that you

3    could clear the $8,750.00 a month that you were paying

4    him?

5            MR. BEGAKIS:   Objection.   Assumes facts not in

6    evidence.

7            THE WITNESS:   I wouldn't call it a requirement.

8    It was for both of our benefits that he streamed to earn

9    the income and the donations so that he could -- not only

10   could we pay his salary, we could cover his salary and

11   operational cost, but that he could also make more money

12   on top of that.

13       Q    (By Mr. Zerner)  Why are you taking his

14   streaming money?  He's hired as lead developer.  That

15   streaming money is completely apart from developing.

16   Right?

17           MR. BEGAKIS:  Objection, vague.  Calls for a

18   legal conclusion.

19           THE WITNESS:  I disagree.  A lot of his

20   development was done while streaming, or a lot of

21   customization in some of his work was done during

22   streaming.

23       Q    (By Mr. Zerner)  You know a lot of streamers.

24   Right?

25       A    I do.

Page 32

```
 1    Again, Danny and I shared a lot of technical knowledge
 2    with each other.  Generally, because of my curiosity of
 3    technology, I would ask him for some advice on certain
 4    things.
 5         Q    (By Mr. Zerner)  Excluding the work he was doing
 6    for NoPixel, what percentage of development work was he
 7    doing for TOVE during that period of October of 2021 to
 8    December of 2022?
 9              MR. BEGAKIS:  Objection.  Vague and misstates
10    the witness's prior testimony and assumes facts not in
11    evidence.
12              THE WITNESS:  I would say everything he was
13    doing while he was here was working for us, but you want
14    outside of the NoPixel product?
15              MR. ZERNER:  Yes.
16              THE WITNESS:  Five or ten percent, maybe.  Five
17    percent.  It's hard to quantify one line of TOVE could
18    mean a lot for me or a twenty minute discussion could save
19    hours for either of us.  So five or ten percent.
20              MR. ZERNER:  Okay.  Great.
21         Q    (By Mr. Zerner)  Did you have discussions with
22    Danny about the work he was doing for NoPixel?
23         A    Yes.
24         Q    What sort of discussion?
25         A    They're, generally, technical questions.  I
```

Page 47

1    percent and with some of the others clients it was upwards

2    of 20 percent.

3         Q    Do you know what it was for Danny?

4              MR. BEGAKIS:  Objection to the extent it calls

5    for speculation.

6              But if you know.

7              MR. ZERNER:  Asking if he knows.

8              THE WITNESS:  I believe it was 20 percent with

9    Danny.

10        Q    (By Mr. Zerner)  So if Danny got $10,000 and he

11   gets the first $2,000 and then you get the rest, right,

12   and then you split it up afterwards?

13        A    So traditionally the way it works is the

14   management firm would collect the money from what are

15   generally like marketing or influencer agencies, so they

16   would collect the money.  They would take their fees and

17   any costs that they had on there.  So if they were

18   FedExing stuff or Ubering things, sometimes you have

19   products and stuff, so they'll take their cost out and

20   then that would be sent to T-O-V-E where we would then

21   take our percentage out and then hold the rest and send it

22   to Daniel at a later date.

23        Q    And when he got money -- so the employment

24   agreement says that TOVE is only entitled to 30 percent;

25   but when he got money, TOVE would actually take the first

Page 62

1    $8,750 or 100 percent of that money before they did the

2    70/30 split.  Correct?

3         A    I don't know if I would characterize it that

4    way.  You have to look at it from like an aggregate of all

5    the income that was coming in for the month.  The salary

6    was the base, plus I think there were some operational

7    overhead which Danny and I had agreed upon.  I think that

8    was like -- 12,500 was like the number he should be aiming

9    for as a bare minimum.  Anything over that was not only my

10   taking my 30 percent and covering cost, but it was extra

11   bonus money for him.

12          If there was a sponsorship deal -- like using

13   your example of 10,000 -- we would receive 8,000.  I would

14   take -- in accounting, we would account for the the 3,000

15   and then Danny would have the extra 5,000 as a bonusable

16   income.

17      Q    Right.  So if you only make 10,000 in a month

18   and it's a single month from streaming money; did TOVE

19   keep all of that?

20          MR. BEGAKIS:  Objection.  Incomplete

21   hypothetical and assumes facts not in evidence.

22          THE WITNESS:  I would also say that it never

23   happened -- yeah, it never happened.  Until the end of

24   2022; and I think we also, at some point, agreed at the

25   end of summer or maybe the beginning of the fourth quarter

Page 63

```
 1                    REPORTER'S CERTIFICATE

 2

 3

 4           I, SANDRA S. PETRITSCH, CSR No. 11684, Certified

 5    Shorthand Reporter, certify;

 6           That the foregoing proceedings were

 7    stenographically reported by me at the time and place

 8    therein set forth and were thereafter transcribed;

 9           That the foregoing is a true and correct

10    transcript of my shorthand notes so taken.

11           I further certify that I am not a relative or

12    employee of any attorney or any of the parties nor

13    financially interested in the action.

14           I declare under penalty of perjury under the

15    laws of California that the foregoing is true and correct.

16           Dated this 26th day of July, 2024.

17

18

19           [signature]

20

             SANDRA S. PETRITSCH, CSR No. 11684

21

22

23

24

25

                                            Page 67
```

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.



| Receipt Number | | Case Type | |
|---|---|---|---|
| WAC2136051231 | | I129 - PETITION FOR A NONIMMIGRANT WORKER | |
| **Received Date** | **Priority Date** | **Petitioner** | |
| 09/24/2021 | | THE ONE VIDEO ENTERTAINMENT LLC | |
| **Notice Date** | **Page** | **Beneficiary** | |
| 10/04/2021 | 1 of 1 | FARROW TRACEY, DANIEL WILLIAM JAM | |

THE ONE VIDEO ENTERTAINMENT LLC
c/o JACQUE KHALIL CHIEF OPERATIONS OFF
2459 W 208 ST STE 101
TORRANCE  CA  90501

**Notice Type:**   Approval Notice
Class: H1B
Valid from 09/27/2021 to 01/04/2023

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. **This is a courtesy copy, not the official notice.**

**What the Official Notice Said**

The above petition and accompanying request for an extension of stay have been approved. The status of the named beneficiary(ies) in this classification is valid as indicated on the I-94 attached below. The beneficiary(ies) can work for the petitioner pursuant to this approval notice, but only as detailed in the petition and during the petition validity period indicated above, unless otherwise authorized by law. Changes in employment or training may require you to file a new Form I-129, Petition for a Nonimmigrant Worker.

The dates in the I-94 attached below might not be for the same dates as the petition validity dates above because the I-94 below may contain a grace period of up to 10 days before and up to 10 days after the petition validity period for the following classifications: CW-1, E-1, E-2, E-3, H-1B, H-2B, H-3, L-1A, L-1B, O-1, O-2, P-1, P-1S, P-2, P-2S, P-3, P-3S, TN-1, and TN-2. An I-94 for H-2A nonimmigrants may contain a grace period of up to one week before and 30 days after the petition validity period. However, the beneficiary(ies) may not work during such grace periods, unless otherwise authorized by law. The decision to grant a grace period and the length of the granted grace period is discretionary, final, and cannot be contested on motion or appeal. Please contact the IRS with any questions about tax withholding.

The petitioner should keep the upper portion of this notice. The lower portion should be given to the beneficiary(ies). The beneficiary(ies) should keep the right part (the I-94 portion) with his or her other Forms I-94, Arrival-Departure Record. The I-94 portion should be given to the U.S. Customs and Border Protection when he or she leaves the United States. The left part is for his or her records. A person granted a extension of stay who leaves the U.S. and is not visa-exempt must normally obtain a new visa before returning. The left part can be used when applying for the new visa. If a visa is not required, he or she should present it, along with any other required documentation, when applying for reentry based on this approval notice at a port of entry or pre-flight inspection station. The petitioner may also file Form I-824, Application for Action on an Approved Application or Petition, to request that we notify a consulate, port of entry, or pre-flight inspection office of this approval.

The approval of this petition does not guarantee that the beneficiary(ies) will be found to be eligible for a visa, for admission to the United States (if traveling abroad and seeking re-admission), or for a subsequent extension of stay, change of status, or adjustment of status.

**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

Number of workers: 1

| Name | DOB | COB | Class | Consulate/POE | OCC |
|---|---|---|---|---|---|
| FARROW TRACEY, DANIEL WILLIAM JAM | 02/04/1988 | UNITED KINGDOM | H1B | | 030 |

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

California Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 30111
Laguna Niguel CA 92607-0111

**USCIS Contact Center: www.uscis.gov/contactcenter**

CONFID

TOVE001067

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C  04/01/19

**EXHIBIT**

103



Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

| THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT. |
| --- |

| Receipt Number WAC2136051231 | | Case Type 1129 - PETITION FOR A NONIMMIGRANT WORKER |
| --- | --- | --- |
| Received Date 09/24/2021 | Priority Date | Petitioner THE ONE VIDEO ENTERTAINMENT LLC |
| Notice Date 09/28/2021 | Page 1 of 2 | Beneficiary FARROW TRACEY, DANIEL WILLIAM JAM |

| THE ONE VIDEO ENTERTAINMENT LLC c/o JACQUE KHALIL CHIEF OPERATIONS OFF 2459 W 208 ST STE 101 TORRANCE CA 90501 | **Notice Type:** Premium Processing Receipt Notice Amount received: $4210.00 U.S. Class requested: H1B |
| --- | --- |

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. **This is a courtesy copy, not the official notice.**

**What the Official Notice Said**

Thank you for choosing to use the U.S. Citizenship and Immigration Services' Premium Processing service. We have received the application or petition ("your case") listed above and accepted it as a Premium Processing case. You should receive a notice regarding your case within 15 calendar days from the date shown as the "Received Date" above. If we need to contact you regarding your case, we may do so by mail, telephone, facsimile, or e-mail using the information you provided.

If you need to contact us regarding your Premium Processing case, you can do so using the information immediately below. The mailing address, e-mail address, and phone number listed below are for use in relation to Premium Processing Program cases only. You can obtain case status information from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case shown above by calling the phone number listed below.

CALIFORNIA SERVICE CENTER (CSC) Premium Processing:

| I-129 PP Routine Mail: | I-129 Premium Processing, USCIS, California Service Center P.O. Box 10825, Laguna Niguel, CA 92607-0825 |
| --- | --- |
| I-129 PP Courier Address: | USCIS, California Service Center 24000 Avila Road, 2nd Floor, Room 2302, Laguna Niguel, CA 92677 |
| I-129 PP Fax: | 949-389-3460 |
| I-129 PP Phone Number: | 1-866-315-5718 |
| Email address: | CSC-Premium.Processing@uscis.dhs.gov |

This notice shows that your case was filed on the "Received Date" listed above. It does NOT grant the beneficiary any immigration status, and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.

Work authorization will only continue while this application or petition remains pending if expressly provided by statute or regulation and subject to any limitations prescribed therein.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available if you contact us about your case.

**If your address changes** - If you move while your case is pending, please visit www.uscis.gov/addresschange for information on how to update your address. Remember to update your address for all your receipt numbers.

Number of workers: 1

| Name | DOB | COB | Class | Consulate/POE | OCC |
| --- | --- | --- | --- | --- | --- |
| FARROW TRACEY, DANIEL WILLIAM JAM | 02/04/1988 | UNITED KINGDOM | H1B | | 030 |

**Return of Original Documents** - Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For

| Please see the additional information on the back. You will be notified separately about any other cases you filed. |
| --- |

| California Service Center U. S. CITIZENSHIP & IMMIGRATION SVC P.O. Box 30111 Laguna Niguel CA 92607-0111 |  |
| --- | --- |

**USCIS Contact Center: www.uscis.gov/contactcenter**

CONFID    TOVE001068

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C 04/01/19

If you are visiting a field office and need directions, including public transportation directions, please see **www.uscis.gov/fieldoffices** for more information.

---

## Notice for People with Disabilities

To request a disability accommodation:

- Go to uscis.gov/accommodations to make your request online, or
- Call the USCIS Contact Center at 800-375-5283 (TTY 800-767-1833) for help in English or Spanish. Asylum and NACARA 203 applicants must call to make their request.

If you need a sign language interpreter, make your request as soon as you receive your appointment notice. The more advance notice we have of your accommodation request, the better prepared we can be and less likely we will need to reschedule your appointment. For more information about accommodations, visit uscis.gov/accommodationsinfo.



Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number WAC2136051231 | | Case Type I129 - PETITION FOR A NONIMMIGRANT WORKER |
|---|---|---|
| Received Date 09/24/2021 | Priority Date | Petitioner THE ONE VIDEO ENTERTAINMENT LLC |
| Notice Date 09/28/2021 | Page 2 of 2 | Beneficiary FARROW TRACEY, DANIEL WILLIAM JAM |

example: if you wish to obtain your mother's birth certificate and your parents' marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

**NOTICE:** Under the Immigration and Nationality Act (INA), the information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet, or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

California Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 30111
Laguna Niguel CA 92607-0111

**USCIS Contact Center: www.uscis.gov/contactcenter**



CONFID

TOVE001070

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C   04/01/19

If you are visiting a field office and need directions, including public transportation directions, please see **www.uscis.gov/fieldoffices** for more information.

---

## Notice for People with Disabilities

---

To request a disability accommodation:

- Go to uscis.gov/accommodations to make your request online, or
- Call the USCIS Contact Center at 800-375-5283 (TTY 800-767-1833) for help in English or Spanish. Asylum and NACARA 203 applicants must call to make their request.

If you need a sign language interpreter, make your request as soon as you receive your appointment notice. The more advance notice we have of your accommodation request, the better prepared we can be and less likely we will need to reschedule your appointment. For more information about accommodations, visit uscis.gov/accommodationsinfo.

TOVE001071

OMB Approval: 1205-0310
Expiration Date: 10/31/2021

**Labor Condition Application for Nonimmigrant Workers**
Form ETA-9035 & 9035E
**U.S. Department of Labor**



*Please read and review the filing instructions carefully before completing the Form ETA- 9035 or 9035E. A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. In accordance with Federal Regulations at 20 CFR 655.730(b), incomplete or obviously inaccurate Labor Condition Applications (LCAs) will not be certified by the Department of Labor (DOL). For all submissions, both electronic (Form ETA- 9035E) or paper (Form ETA- Form 9035 where the employer has notified DOL that it will submit this form non-electronically due to a disability or received permission from DOL to file non-electronically due to lack of Internet access), ALL required fields/items containing an asterisk (\*) must be completed as well as any fields/items where a response is conditional as indicated by the section (§) symbol.*

### A. Employment-Based Nonimmigrant Visa Information

| 1. Indicate the type of visa classification supported by this application *(Write classification symbol)*: * | H-1B |
|---|---|

### B. Temporary Need Information

| 1. Job Title * LEAD DEVELOPER | |
|---|---|
| 2. SOC (ONET/OES) code * 15-1132.00 | 3. SOC (ONET/OES) occupation title * Software Developers, Applications |
| 4. Is this a full-time position? * | **Period of Intended Employment** |
| ☒ Yes   ☐ No | 5. Begin Date * 9/27/2021 *(mm/dd/yyyy)* · 6. End Date * 9/26/2024 *(mm/dd/yyyy)* |

7. Worker positions needed/basis for the visa classification supported by this application

**1**    **Total Worker Positions Being Requested for Certification ***

Basis for the visa classification supported by this application
*(indicate total workers in each applicable category)*

| 0 | a. New employment * | 0 | d. New concurrent employment * |
|---|---|---|---|
| 0 | b. Continuation of previously approved employment without change with the same employer* | 1 | e. Change in employer * |
| 0 | c. Change in previously approved employment * | 0 | f. Amended petition * |

### C. Employer Information

| 1. Legal business name * That One Video Entertainment, LLC | | |
|---|---|---|
| 2. Trade name/Doing Business As (DBA), if applicable | | |
| 3. Address 1 * 2459 West 208th Street | | |
| 4. Address 2 Suite 101 | | |
| 5. City * Torrance | 6. State * California | 7. Postal code * 90501 |
| 8. Country * United States Of America | 9. Province | |
| 10. Telephone number * +1 (310) 466-4768 | 11. Extension | |
| 12. Federal Employer Identification Number (FEIN from IRS) * ▅▅▅▅ | 13. NAICS code (must be at least 4-digits) * 711410 | |

OMB Approval: 1205-0310
Expiration Date: 10/31/2021

Labor Condition Application for Nonimmigrant Workers
Form ETA-9035 & 9035E
**U.S. Department of Labor**



## D. Employer Point of Contact Information

**Important Note**: The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section <u>must be different</u> from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer.

| 1. Contact's last (family) name *<br>Khalil | 2. First (given) name *<br>Jacque | | 3. Middle name(s) | |
|---|---|---|---|---|
| 4. Contact's job title *<br>Chief Operations Officer | | | | |
| 5. Address 1 *<br>2459 West 208th Street | | | | |
| 6. Address 2<br>Suite 101 | | | | |
| 7. City *<br>Torrance | | 8. State *<br>California | 9. Postal code *<br>90501 | |
| 10. Country *<br>United States Of America | | 11. Province | | |
| 12. Telephone number *<br>+1 (310) 466-4768 | 13. Extension | 14. E-Mail address<br>jkhalil@thatonevideogamer.com | | |

## E. Attorney or Agent Information (If applicable)

**Important Note**: The employer authorizes the attorney or agent identified in this section to act on its behalf in connection with the filing of this application.

| 1. Is the employer represented by an attorney or agent in the filing of this application? *<br>If "Yes," complete the remainder of Section E below. | | | | ☑ Yes     ☐ No | |
|---|---|---|---|---|---|
| 2. Attorney or Agent's last (family) name §<br>Lau | 3. First (given) name §<br>Benjamin | | 4. Middle name(s) | | |
| 5. Address 1 §<br>725 South Figueroa Street | | | | | |
| 6. Address 2<br>Suite 2500 | | | | | |
| 7. City §<br>Los Angeles | | 8. State §<br>California | 9. Postal code §<br>90017 | | |
| 10. Country §<br>United States Of America | | 11. Province | | | |
| 12. Telephone number §<br>+1 (213) 337-3852 | 13. Extension | 14. E-Mail address<br>Benjamin.Lau@jacksonlewis.com | | | |
| 15. Law firm/Business name §<br>Jackson Lewis P.C. | | 16. Law firm/Business FEIN § | | | |
| 17. State Bar number (only if attorney) §<br>278612 | | 18. State of highest court where attorney is in good standing (only if attorney) §<br>California | | | |
| 19. Name of the highest State court where attorney is in good standing (only if attorney) §<br>California Supreme Court | | | | | |

OMB Approval: 1205-0310
Expiration Date: 10/31/2021

Labor Condition Application for Nonimmigrant Workers
Form ETA-9035 & 9035E
**U.S. Department of Labor**



## F. Employment and Wage Information

**Important Note**: The employer must define the intended place(s) of employment with as much geographic specificity as possible. Each intended place(s) of employment listed below <u>must be the worksite or physical location where the work will actually be performed and cannot be a P.O. Box</u>. The employer <u>must</u> identify all intended places of employment, including those of short duration, on the LCA. 20 CFR 655.730(c)(5). If the employer is submitting this form non-electronically and the work is expected to be performed in more than one location, an attachment must be submitted in order to complete this section. An employer has the option to use either a single Form ETA-9035/9035E or multiple forms to disclose all intended places of employment. If the employer has more than ten (10) intended places of employment at the time of filing this application, the employer must file as many additional LCAs as are necessary to list all intended places of employment. See the form instructions for further information about identifying all intended places of employment.

### a. *Place of Employment Information* 1

| | | |
|---|---|---|
| 1. Enter the estimated number of workers that will perform work at this place of employment under the LCA.* | | 1 |
| 2. Indicate whether the worker(s) subject to this LCA will be placed with a secondary entity at this place of employment. * | | ☐ Yes   ☒ No |
| 3. If "Yes" to question 2, provide the legal business name of the secondary entity. § | | |

| 4. Address 1 * |
|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮ |

| 5. Address 2 |
|---|
| ▮▮▮▮▮ |

| 6. City *<br>NEW YORK | | 7. County *<br>New York |
|---|---|---|
| 8. State/District/Territory *<br>New York | | 9. Postal code *<br>10019 |

| 10. Wage Rate Paid to Nonimmigrant Workers * | 10a. Per: (Choose only one)* |
|---|---|
| From* $   101754 . 00    To: $   110000 . 00 | ☐ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☒ Year |

| 11. Prevailing Wage Rate * | 11a. Per: (Choose only one)* |
|---|---|
| $   101754 . 00 | ☐ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☒ Year |

| Questions 12-14. Identify the source used for the prevailing wage (PW) *(check and fully complete only one):* * |||
|---|---|---|
| 12.<br>☐ | A Prevailing Wage Determination (PWD) issued by the Department of Labor | a. PWD tracking number § |
| 13.<br>☑ | A PW obtained independently from the Occupational Employment Statistics (OES) Program ||
| | a. Wage Level *(check one):* §<br>☐ I   ☑ II   ☐ III   ☐ IV   ☐ N/A | b. Source Year §<br>7/1/2021 - 6/30/2022 |
| 14.<br>☐ | A PW obtained using another legitimate source (other than OES) or an independent authoritative source ||
| | a. Source Type *(check one):* §<br>☐ CBA   ☐ DBA   ☐ SCA   ☐ Other/ PW Survey | b. Source Year § |
| | c. If responded "Other/ PW Survey" in question 14.a, enter the name of the survey producer or publisher § ||
| | d. If responded "Other/ PW Survey" in question 14.a, enter the title or name of the PW survey § ||

OMB Approval: 1205-0310
Expiration Date: 10/31/2021

Labor Condition Application for Nonimmigrant Workers
Form ETA-9035 & 9035E
**U.S. Department of Labor**



## G. Employer Labor Condition Statements

! **Important Note**: In order for your application to be processed, you <u>MUST</u> read Section G of the Form ETA-9035CP - General Instructions for the 9035 & 9035E under the heading "Employer Labor Condition Statements" and agree to all four (4) labor condition statements summarized below:

(1) **Wages:** The employer shall pay nonimmigrant workers at least the prevailing wage or the employer's actual wage, whichever is higher, and pay for non-productive time. The employer shall offer nonimmigrant workers benefits and eligibility for benefits provided as compensation for services on the same basis as the employer offers to U.S. workers. The employer shall not make deductions to recoup a business expense(s) of the employer including attorney fees and other costs connected to the performance of H-1B, H-1B1, or E-3 program functions which are required to be performed by the employer. This includes expenses related to the preparation and filing of this LCA and related visa petition information. 20 CFR 655.731;

(2) **Working Conditions:** The employer shall provide working conditions for nonimmigrants which will not adversely affect the working conditions of workers similarly employed. The employer's obligation regarding working conditions shall extend for the duration of the validity period of the certified LCA or the period during which the worker(s) working pursuant to this LCA is employed by the employer, whichever is longer. 20 CFR 655.732;

(3) **Strike, Lockout, or Work Stoppage:** At the time of filing this LCA, the employer is not involved in a strike, lockout, or work stoppage in the course of a labor dispute in the occupational classification in the area(s) of intended employment. The employer will notify the Department of Labor within 3 days of the occurrence of a strike or lockout in the occupation, and in that event the LCA will not be used to support a petition filing with the U.S. Citizenship and Immigration Services (USCIS) until the DOL Employment and Training Administration (ETA) determines that the strike or lockout has ended. 20 CFR 655.733; and

(4) **Notice:** Notice of the LCA filing was provided no more than 30 days before the filing of this LCA or will be provided on the day this LCA is filed to the bargaining representative in the occupation and area of intended employment, or if there is no bargaining representative, to workers in the occupation at the place(s) of employment either by electronic or physical posting. This notice was or will be posted for a total period of 10 days, except that if employees are provided individual direct notice by e-mail, notification need only be given once. A copy of the notice documentation will be maintained in the employer's public access file. A copy of this LCA will be provided to each nonimmigrant worker employed pursuant to the LCA. The employer shall, no later than the date the worker(s) report to work at the place(s) of employment, provide a signed copy of the certified LCA to the worker(s) working pursuant to this LCA. 20 CFR 655.734.

| | |
|---|---|
| 1. **I have read and agree to** Labor Condition Statements 1, 2, 3, and 4 above and as fully explained in Section G of the Form ETA-9035CP – General Instructions for the 9035 & 9035E and the Department's regulations at 20 CFR 655 Subpart H. * | ☑ Yes    ☐ No |

## H. Additional Employer Labor Condition Statements –H-1B Employers ONLY

! **Important Note**: In order for your H-1B application to be processed, you <u>MUST</u> read Section H – Subsection 1 of the Form ETA 9035CP – General Instructions for the 9035 & 9035E under the heading "Additional Employer Labor Condition Statements" and answer the questions below.

### a. Subsection 1

| | |
|---|---|
| 1. At the time of filing this LCA, is the employer H-1B dependent? § | ☐ Yes    ☑ No |
| 2. At the time of filing this LCA, is the employer a willful violator? § | ☐ Yes    ☑ No |
| 3. If "Yes" is marked in questions H.1 and/or H.2, you must answer "Yes" or "No" regarding whether the employer will use this application <u>ONLY</u> to support H-1B petitions or extensions of status for exempt H-1B nonimmigrant workers? § | ☐ Yes    ☐ No |

| | |
|---|---|
| 4. If "Yes" is marked in question H.3, identify the statutory basis for the exemption of the H-1B nonimmigrant workers associated with this LCA. § | ☐ $60,000 or higher annual wage<br>☐ Master's Degree or higher in related specialty<br>☐ Both |

| H-1B Dependent or Willful Violator Employers -Master's Degree or Higher Exemptions ONLY |
|---|

| | |
|---|---|
| 5. Indicate whether a completed Appendix A is attached to this LCA covering any H-1B nonimmigrant worker for whom the statutory exemption will be based **ONLY** on attainment of a Master's Degree or higher in related specialty. § | ☐ Yes    ☐ No    ☐ N/A |

OMB Approval: 1205-0310
Expiration Date: 10/31/2021

Labor Condition Application for Nonimmigrant Workers
Form ETA-9035 & 9035E
**U.S. Department of Labor**



---

If you marked "Yes" to questions H.a.1 (H-1B dependent) and/or H.a.2 (H-1B willful violator) and "No" to question H.a.3 (exempt H-1B nonimmigrant workers), you **MUST** read Section H – Subsection 2 of the Form ETA 9035CP – General Instructions for the 9035 & 9035E under the heading "Additional Employer Labor Condition Statements" and indicate your agreement to all three (3) additional statements summarized below.

### b. Subsection 2

A. **Displacement:** An H-1B dependent or willful violator employer is prohibited from displacing a U.S. worker in its own workforce within the period beginning 90 days before and ending 90 days after the date of filing of the visa petition. 20 CFR 655.738(c);

B. **Secondary Displacement:** An H-1B dependent or willful violator employer is prohibited from placing an H-1B nonimmigrant worker(s) with another/secondary employer where there are indicia of an employment relationship between the nonimmigrant worker(s) and that other/secondary employer (thus possibly affecting the jobs of U.S. workers employed by that other employer), unless and until the employer subject to this LCA makes the inquiries and/or receives the information set forth in 20 CFR 655.738(d)(5) concerning that other/secondary employer's displacement of similarly employed U.S. workers in its workforce within the period beginning 90 days before and ending 90 days after the date of such placement. 20 CFR 655.738(d). Even if the required inquiry of the secondary employer is made, the H-1B dependent or willful violator employer will be subject to a finding of a violation of the secondary displacement prohibition if the secondary employer, in fact, displaces any U.S. worker(s) during the applicable time period; and

C. **Recruitment and Hiring:** Prior to filing this LCA or any petition or request for extension of status for nonimmigrant worker(s) supported by this LCA, the H-1B dependent or willful violator employer must take good faith steps to recruit U.S. workers for the job(s) using procedures that meet industry-wide standards and offer compensation that is at least as great as the required wage to be paid to the nonimmigrant worker(s) pursuant to 20 CFR 655.731(a). The employer must offer the job(s) to any U.S. worker who applies and is equally or better qualified for the job than the nonimmigrant worker. 20 CFR 655.739.

| 6. **I have read and agree** to Additional Employer Labor Condition Statements A, B, and C above and as fully explained in Section H – Subsections 1 and 2 of the Form ETA 9035CP – General Instructions for the 9035 & 9035E and the Department's regulations at 20 CFR 655 Subpart H. § | ☐ Yes    ☐ No |
|---|---|

## I. Public Disclosure Information

❗ **Important Note:** You must select one or both of the options listed in this Section.

| 1. Public disclosure information in the United States will be kept at: * | ☑ Employer's principal place of business<br>☐ Place of employment |
|---|---|

## J. Notice of Obligations

A. Upon receipt of the certified LCA, the employer must take the following actions:

- ○ Print and sign a hard copy of the LCA if filing electronically (20 CFR 655.730(c)(3));
- ○ Maintain the original signed and certified LCA in the employer's files (20 CFR 655.705(c)(2); 20 CFR 655.730(c)(3); and 20 CFR 655.760); and
- ○ Make a copy of the LCA, as well as necessary supporting documentation required by the Department of Labor regulations, available for public examination in a public access file at the employer's principal place of business in the U.S. or at the place of employment within one working day after the date on which the LCA is filed with the Department of Labor (20 CFR 655.705(c)(2) and 20 CFR 655.760).

B. The employer must develop sufficient documentation to meet its burden of proof with respect to the validity of the statements made in its LCA and the accuracy of information provided, in the event that such statement or information is challenged (20 CFR 655.705(c)(5) and 20 CFR 655.700(d)(4)(iv)).

C. The employer must make this LCA, supporting documentation, and other records available to officials of the Department of Labor upon request during any investigation under the Immigration and Nationality Act (20 CFR 655.760 and 20 CFR Subpart I).

*I declare under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge, the information contained therein is true and accurate. I understand that to knowingly furnish materially false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. 2, 1001,1546,1621).*

| 1. Last (family) name of hiring or designated official * <br> KHALIL | 2. First (given) name of hiring or designated official * <br> JACQUE | 3. Middle initial § |
|---|---|---|
| 4. Hiring or designated official title * <br> CHIEF OPERATIONS OFFICER | | |
| 5. Signature * | 6. Date signed * | |

---

**FOR DEPARTMENT OF LABOR USE ONLY**

Case Number: **I-200-21256-580624**   Case Status: Certified   Period of Employment: 9/27/2021 to 9/26/2024

CONFID   TOVE001076

OMB Approval: 1205-0310
Expiration Date: 10/31/2021

Labor Condition Application for Nonimmigrant Workers
Form ETA-9035 & 9035E
**U.S. Department of Labor**



## K. LCA Preparer

**Important Note**:  Complete this section if the preparer of this LCA is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.

| 1.  Last (family) name § | 2. First (given) name § | 3. Middle initial |
|---|---|---|
| LAU | BENJAMIN | C. |

| 4.  Firm/Business name § |
|---|
| JACKSON LEWIS PC |

| 5.  E-Mail address § |
|---|
| BENJAMIN.LAU@JACKSONLEWIS.COM |

## L. U.S. Government Agency Use (ONLY)

By virtue of the signature below, the Department of Labor hereby acknowledges the following:

This certification is valid from ___9/27/2021___ to ___9/26/2024___.

Department of Labor, Office of Foreign Labor Certification

9/20/2021

Certification Date (date signed)

I-200-21256-580624

Case number

Certified

Case Status

*The Department of Labor is not the guarantor of the accuracy, truthfulness, or adequacy of a certified LCA.*

## M. Signature Notification and Complaints

The signatures and dates signed on this form will not be filled out when electronically submitting to the Department of Labor for processing, but **MUST** be complete when submitting non-electronically.  **If** the application is submitted electronically, any resulting certification **MUST** be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

Complaints alleging misrepresentation of material facts in the LCA and/or failure to comply with the terms of the LCA may be filed using the WH-4 Form with any office of the Wage and Hour Division, U.S. Department of Labor.  A listing of the Wage and Hour Division offices can be obtained at www.dol.gov/whd.  Complaints alleging failure to offer employment to an equally or better qualified U.S. worker, or an employer's misrepresentation regarding such offer(s) of employment, may be filed with the U.S. Department of Justice, Civil Rights Division, Immigrant and Employee Rights Section, 950 Pennsylvania Avenue, NW, # IER, NYA 9000, Washington, DC, 20530, and additional information can be obtained at www.justice.gov.  Please note that complaints should be filed with the Civil Rights Division, Immigrant and Employee Rights Section at the Department of Justice only if the violation is by an employer who is H-1B dependent or a willful violator as defined in 20 CFR 655.710(b) and 655.734(a)(1)(ii).

## N. OMB Paperwork Reduction Act *(1205-0310)*

These reporting instructions have been approved under the Paperwork Reduction Act of 1995.  Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  Your response is required to receive the benefit of consideration of your application. (Immigration and Nationality Act, Section 212(n) and (t) and 214(c)). Public reporting burden for this collection of information, which is to assist with program management and to meet Congressional and statutory requirements, is estimated to average 75 minutes per response, including the time to review instructions, search existing data sources, gather and maintain the data needed, and complete and review the collection of information.

Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Employment and Training Administration, Office of Foreign Labor Certification, 200 Constitution Ave., NW, Box PPII 12-200, Washington, DC, 20210.  (Paperwork Reduction Project OMB 1205-0310.)  **Do NOT send the completed application to this address.**

CONFID

TOVE001077

OMB Approval: 1205-0310
Expiration Date: 10/31/2021

Labor Condition Application for Nonimmigrant Workers
Form ETA-9035 & 9035E
**U.S. Department of Labor**



---

### F. Employment and Wage Information

**Important Note**: The employer must define the intended place(s) of employment with as much geographic specificity as possible. Each intended place(s) of employment listed below <u>must be the worksite or physical location where the work will actually be performed and cannot be a P.O. Box</u>. The employer <u>must</u> identify all intended places of employment, including those of short duration, on the LCA. 20 CFR 655.730(c)(5). If the employer is submitting this form non-electronically and the work is expected to be performed in more than one location, an attachment must be submitted in order to complete this section. An employer has the option to use either a single Form ETA-9035/9035E or multiple forms to disclose all intended places of employment. If the employer has more than ten (10) intended places of employment at the time of filing this application, the employer must file as many additional LCAs as are necessary to list all intended places of employment. See the form instructions for further information about identifying all intended places of employment.

### a. *Place of Employment Information* 2

| | |
|---|---|
| 1. Enter the estimated number of workers that will perform work at this place of employment under the LCA.* | 1 |

| | | |
|---|---|---|
| 2. Indicate whether the worker(s) subject to this LCA will be placed with a secondary entity at this place of employment. * | ☐ Yes | ☑ No |

| |
|---|
| 3. If "Yes" to question 2, provide the legal business name of the secondary entity. § |

| |
|---|
| 4. Address 1 *<br>2459 WEST 208TH STREET |

| |
|---|
| 5. Address 2<br>SUITE 101 |

| | |
|---|---|
| 6. City *<br>TORRANCE | 7. County *<br>Los Angeles |
| 8. State/District/Territory *<br>California | 9. Postal code *<br>90501 |

| | |
|---|---|
| 10. Wage Rate Paid to Nonimmigrant Workers *<br><br>From* $ 101754 . 00    To: $ 110000 . 00 | 10a. Per: (Choose only one)*<br>☐ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☑ Year |
| 11. Prevailing Wage Rate *<br><br>$ 96907 . 00 | 11a. Per: (Choose only one)*<br>☐ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☑ Year |

| Questions 12-14. Identify the source used for the prevailing wage (PW) *(check and fully complete only one)*: * | | |
|---|---|---|
| 12.<br>☐ | A Prevailing Wage Determination (PWD) issued by the Department of Labor | a. PWD tracking number § |
| 13.<br>☑ | A PW obtained independently from the Occupational Employment Statistics (OES) Program | |
| | a. Wage Level *(check one)*: §<br>☐ I    ☑ II    ☐ III    ☐ IV    ☐ N/A | b. Source Year §<br>7/1/2021 - 6/30/2022 |
| 14.<br>☐ | A PW obtained using another legitimate source (other than OES) or an independent authoritative source | |
| | a. Source Type *(check one)*: §<br>☐ CBA    ☐ DBA    ☐ SCA    ☐ Other/ PW Survey | b. Source Year § |
| | c. If responded "Other/ PW Survey" in question 14.a, enter the name of the survey producer or publisher § | |
| | d. If responded "Other/ PW Survey" in question 14.a, enter the title or name of the PW survey § | |

---



September 20, 2021

<u>Premium Processing Service</u>
*USCIS California Service Center*
**Attn: I-129 H-1B Extensions**
24000 Avila Road
2nd Floor, Room 2312
Laguna Niguel, CA 92677

Re:    <u>**Form I-129 Petition for a Nonimmigrant Worker (H-1B Change of Employer)**</u>
          **Petitioner:**   That One Video Entertainment, LLC ("TOVE")
          **Beneficiary**:  Daniel William James Farrow Tracey

Dear Adjudicating Officer:

This letter is submitted in support of the above-referenced I-129 (H-1B Change of Employer)
petition for a nonimmigrant worker that That One Video Entertainment, LLC ("**TOVE**" or
"**Petitioner**"), is filing on behalf of Mr. Daniel William James Farrow Tracey ("Mr. Farrow
Tracey"). TOVE seeks to employ Mr. Farrow Tracey in the professional position of Lead
Developer for a temporary period of up to thirty-six (36) months.

<u>**Information About the Petitioner**</u>

That One Video Entertainment ("TOVE") is a content creation and business management
company focused on serving content creators working in the video game and entertainment field.
It's TOVE's goal to help content creators maximize their potential by guiding their business and
opportunities so creators can focus on what they do best, create. At TOVE, it is our philosophy
and goal to ensure that the clients' brand worth is recognized and maximized within the industry.
Whether YouTube, Instagram, Twitch, Facebook, or Snap Chat is the platform of choice, TOVE
takes the business burden on for all influencers and entertainment personalities.

<u>**The Specialty Occupation – Lead Developer**</u>

That One Video Entertainment wishes to employ Mr. Farrow Tracey in the specialty occupation
of Lead Developer. In this position, Mr. Farrow Tracey will be responsible for working as
TOVE's lead developer and programmer on interactive multimedia entertainment productions,
where he will be responsible for the research, design, and development of modifications to
computer software in order to enhance interactive multimedia entertainment productions.
Specifically, Mr. Farrow Tracey will be responsible for the following:

- (25%) Develop and implement modifications to interactive multimedia entertainment
  productions, including gameplay changes, loading screens, and total software conversions
  to modify computer software used for gameplay and overall content;

- (20%) Research, design, and develop specialized modifications to computer software used in interactive multimedia entertainment productions. The Lead Developer will be responsible for analyzing user needs and developing modifications to meet specific user requirements;

- (20%) Modify existing interactive multimedia entertainment productions to correct errors, upgrade interfaces, and improve performance. The Lead Developer will be responsible for utilizing complicated modeling and texturing software to modify existing content and to create original content within the interactive multimedia entertainment productions;

- (15%) Update and enhance software capabilities by researching, designing, and creating modeling, and making photo-realistic texture for interactive multimedia entertainment productions. Specifically, the Lead Developer will be responsible for providing scripting support and underlying code to make modifications to interactive multimedia entertainment productions;

- (10%) Collaborate with developers, engineers, and programmers to design system modifications and to obtain information on project limitations; and

- (10%) Create video tutorials demonstrating software modifying techniques and general media content discussing software modifying strategies for interactive multimedia entertainment productions.

The Lead Developer position requires the theoretical and practical application of a highly specialized body of knowledge, that can only be attained through the completion of at least a Bachelor's degree program, or its equivalent, in Computer Science, Information Technology, Applied Computer Science, or a related field with relevant work experience.

The duties of the Lead Developer position are comparable to the Department of Labor's (DOL) Occupational Outlook Handbook (OOH) for the position of "Software Developers," (SOC 15-1132) with a specific focus on the design of modifications to interactive multimedia entertainment productions. In evaluating the professional nature of the Software Developer occupation, the OOH confirms that "Most software developers have a bachelor's degree in an information- or computer-related subject such as computer science." **Therefore, the OOH confirms that most employers require at least a bachelor's degree in a specific field for entry into this occupation.** As such, and in line with the OOH, the duties of the Lead Developer position at TOVE are complex and the knowledge and skills required to perform them must be attained through at least a bachelor's degree, or its equivalent, in Computer Science, Information Technology, Applied Computer Science, or a related field.

### That One Video Entertainment Requires a Bachelor's Degree or its Equivalent for the Position for *Lead Developer*

As the Lead Developer, Mr. Farrow Tracey will be responsible for working as the lead developer and programmer on interactive multimedia entertainment productions, where he will be responsible for the research, design, and development of modifications to computer software in order to enhance interactive multimedia entertainment productions. This will include designing and implementing modifications to existing interactive multimedia entertainment productions to correct errors, upgrade interfaces, and improve performance. The Lead Developer will be responsible for utilizing complicated modeling and texturing software to modify existing content and to create original content within the interactive multimedia entertainment productions. The Lead Developer will update and enhance software capabilities by researching, designing, and creating modeling, and making photo-realistic texture for interactive multimedia entertainment productions. Specifically, the Lead Developer will be responsible for providing scripting support and underlying code to make modifications to interactive multimedia entertainment productions.

The Lead Developer with TOVE is highly advanced in nature and can only be performed by an individual who possesses at least a Bachelor's degree in Computer Science, Information Technology, Applied Computer Science, or the foreign equivalent.

### Beneficiary Meets the Requirements of the Position

Mr. Farrow Tracey is well qualified for the position of Lead Developer. Mr. Farrow Tracey earned a Bachelor's degree in Computer Science from the University of Hertfordshire in the United Kingdom in 2009. Mr. Farrow Tracey's degree has been evaluated by a qualified credential evaluation service and was found to be the equivalent of a U.S. Bachelor's degree in Computer Science. Please see the attached evaluation.

### Conclusion

That One Video Entertainment would like to employ Mr. Farrow Tracey as Lead Developer. He will report to TOVE's headquarters in Torrance, CA and will also work from his home residence in New York, NY pursuant to the company's work from home policy.  He will earn an annual salary of $105,000 and be eligible for performance bonuses.

This letter does not create a contract of employment for any length of time or a contract for benefits.  Mr. Farrow Tracey's employment relationship with TOVE is at-will.  At the option of

either Mr. Farrow Tracey or TOVE, Mr. Farrow Tracey's employment may be terminated at any time, with or without cause.

If you have questions regarding TOVE, we will be happy to provide you with further information.


Sincerely,



**Jacque Khalil**
**Chief Operations Officer**
4823-6560-3579, v. 1