**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**PLAINTIFF'S RESPONSE IN SUPPORT OF ITS MOTION FOR SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Objections to the Declarations of Larry Zerner, Mitchell Clout and Garry Kitchen; and [Proposed] Order Regarding the Same Filed Concurrently Herewith*]<br><br>**Hearing**<br>Date:  September 9, 2024<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A (10th Floor)<br>          350 W. First Street<br>          Los Angeles, CA 90012<br>Judge: Hon. Stephen V. Wilson |

RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") hereby submits this response in support of Plaintiff's Motion for Summary Adjudication of Plaintiff's First Cause of Action for Declaratory Relief in the First Amended Complaint ("FAC"), on the grounds set forth below (the "Response").

## I. INTRODUCTION

Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL and MITCHELL CLOUT, an individual (collectively, "Defendants") can only attempt to minimize Mr. Tracey's contributions to the NoPixel Server, and distract from the fact that Mr. Tracey was an employee at the time he rendered development services for Defendants. But Defendants' attempts to minimize Mr. Tracey's contributions are not persuasive, *and under any calculation of his services* Mr. Tracey contributed more than a modicum of creativity to the NoPixel Server source code. Furthermore, it makes no difference what TOVE represented regarding Mr. Tracey's employment with TOVE to anyone – so long as Mr. Tracey was an employee in California, all of the results and proceeds in the course of such employment were owned by TOVE.

Accordingly, TOVE's Motion for Summary Adjudication of its First Cause of Action for Declaratory Relief should be granted, and TOVE must be permitted to conduct an accounting of its share of the profits derived from the exploitation of the NoPixel Server immediately.

## II. DEFENDANTS' OPPOSITION FAILS TO INCLUDE A SEPARATE STATEMENT OF GENUINE DISPUTES

California Local Rule ("L.R.") 56-2 requires any party who opposes a motion for summary judgment or partial summary judgement to "serve and file with the opposing papers a separate 'Statement of Genuine Disputes' setting forth all

1

RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

material facts as to which it is contended there exists a genuine dispute necessary to be litigated." Defendants have failed to file and serve any such separate statement, thereby preventing TOVE from submitting its own response thereto, as required by L.R. 56-3. *See* Dkt. No. 53. Defendants' Opposition must therefore be rejected.

### III. SUMMARY ADJUDICATION MUST BE GRANTED AS TO TOVE'S FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF BECAUSE MR. TRACEY WAS A JOINT AUTHOR

Notably, Defendants do not dispute that the back-end source code of the NoPixel Server at issue in this dispute is entitled to copyright protection. *Integral Dev. Corp. v. Tolat*, 675 F. App'x 700, 704 (9th Cir. 2017). Instead, Defendants attempt (unsuccessfully) to undermine Mr. Tracey's role as a joint author in the development of such source code by ignoring key aspects of the facts that indisputably support TOVE's first claim for Declaratory Relief. However, TOVE has presented facts establishing each of the factors enumerated in *Alamuhammed v. Lee* 202 F.3d 1227 (9th Cir. 2000), and its Motion must therefore be granted.

**A.   Mr. Tracey Is A Joint Author Based On His Contributions**

    **1.   Mr. Tracey Exercised Control Over His Services On The NoPixel Server**

Despite clear evidence to the contrary, Defendants now disingenuously deny their previous endorsement of Mr. Tracey as a lead developer. Defendants summarily claim that Mr. Tracey lacked control by attempting to argue that he was "one of dozens of contributors to the NoPixel [S]erver." Opposition at 9:10-11. But by Defendants' own admission, Mr. Tracey was able to "provide[ ] assistance in building in-game mechanics and approving development ideas and/or bounties if [Defendant Clout] was unavailable to do so." Plaintiff's Separate Statement of Undisputed Material Facts ("UMF") at ¶ 38. Mr. Tracey also had the authority to delegate code-writing tasks to other developers, and was responsible for managing

2

RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

their work. *Id* at ¶ 37. Moreover, Defendants cannot dispute that Defendant Clout supported Mr. Tracey's visa application by stating that Mr. Tracey played a "lead and critical role" in the development of the NoPixel Server. *Id.* at ¶ 51.

Accordingly, Mr. Tracey absolutely "superintended the work," and his termination in no way negates the control he exhibited and the work he contributed to establish his status as a joint author. *Alamuhammed*, 202 F.3d at 1235. Because "control in many cases will be the most important factor," Mr. Tracey's control of the NoPixel server as lead developer supports the indisputable fact that Mr. Tracey is a joint author of the NoPixel Server. *Id.* at 1234.

### 2. Mr. Tracey and Defendants Objectively Manifested A Shared Intent To Be Co-Authors In His Contributions

Similarly, here, Defendants ignore the clear evidence indicating the parties' shared intent to be co-authors. Defendants and Mr. Tracey's two-year working relationship culminated in Defendant Clout offering Mr. Tracey fifty percent (50%) of all revenue derived from NoPixel's operation of the NoPixel Server. UMF ¶ 50. Defendants also allowed Mr. Tracey to exercise control as lead developer in supervising the work of other developers, especially when Defendant Clout was "unavailable to do so." UMF ¶¶ 37-38.

Defendants try to focus on Mr. Tracey's testimony during his deposition, wherein he stated that he owned the copyright. But any such statements merely amount to an inadmissible legal conclusion. The parties' actions (namely, working together to develop the NoPixel Server, and providing Mr. Tracey with the freedom and control to do so), objectively manifested their intent for Mr. Tracey to be a co-author based on his contributions.

///
///
///

3

RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

### 3. Mr. Tracey's Work On The NoPixel Server Does Contribute To Audience Appeal Of The Game

Mr. Tracey's contributions to the functionality of the server also unquestionably contributed to the audience appeal of the Game. Without Mr. Tracey's creation of 80% of the back-end code, the in-Game features would simply not function. In fact, as to payment processing alone, Mr. Tracey's contributions to the programmatic payment processing system within the NoPixel Server allowed NoPixel to create and offer more avenues to monetize more in-Game features that players could pay to access and interact with while playing the Game.

Defendants argue that Plaintiff's claim to co-ownership in this case would be the equivalent of a developer of the payment processing system on the Netflix streaming platform claiming co-ownership of the content streamed thereon. Notwithstanding the obvious absurdity of this argument, a developer in such a situation *would* absolutely have a claim to co-ownership of the Netflix software itself, which generates billions of dollars a year in subscription fees from millions of Netflix subscribers. This is probably why Netflix (unlike NoPixel) would never permit any of its software developers who develop source code for it to render any services without signing a written work-for-hire agreement.

### B. Mr. Tracey's Contributions Were Not *De Minimus*

Defendants also argue that Mr. Tracey's contributions to the code base were somehow *de minimus*. But, for the reasons set forth above regarding audience appeal, Defendants have yet to advance a truly logical theory as to why this Court must compare Mr. Tracey's contributions to both the back-end code *and* game code to arrive at a smaller percentage. And *even if* this Court does take Defendants' expert's determination at face value, Defendants cannot cite to a single case supporting their argument that 0.57% is an insufficient contribution under the

4

RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

extremely low bar established by the Court's "modicum of creativity" standard. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991).

### C. **Regardless Of Whether A Loan-Out Agreement Existed, Defendants Admit That Mr. Tracey Was An Employee Of TOVE And Contributed To The Development Of The Back-End Source Code In The Course And Scope Of Such Employment**

Defendants contend that TOVE cannot claim to own the copyright in Mr. Tracey's work on the NoPixel Server because "there was never a loan-out agreement for Mr. Tracey's services." However, Defendants provide no authority requiring such a written agreement, for Mr. Tracey to be loaned-out by TOVE. Furthermore, the express language of the Employment Agreement between Mr. Tracey and TOVE actually did permit TOVE to provide Mr. Tracey's lead developer services to third parties. UMF at ¶ 4. Accordingly, TOVE owns and can bring a claim against Defendants for Mr. Tracey's contributions to the NoPixel Server rendered in the course of Mr. Tracey's employment with TOVE.

Defendants also curiously deny that they knew of or ever spoke to TOVE about Mr. Tracey's loan-out arrangement, despite TOVE providing clear evidence, to which Defendants have made no objection, that: (1) Mr. Tracey told Defendant Clout about the arrangement; (2) TOVE issued numerous invoices to Defendants for Mr. Tracey's loaned-out services, and (3) Defendant NoPixel initially paid TOVE on at least some of those invoices. *Id*. at ¶¶ 39-40. Moreover, Defendant Clout provided a letter of support *to TOVE* acknowledging Mr. Tracey's services as a loaned out developer for Defendant NoPixel, which letter TOVE included in paperwork it submitted to assist Mr. Tracey with his work visa. *Id*. at ¶ 51.

Finally, Defendants claim that TOVE's principal's submission of a letter in the H-1B Visa Application setting out Mr. Tracey's time spent on certain work for TOVE, while not expressly mentioning a loan-out agreement between TOVE and

Mr. Tracey, is somehow "binding" on TOVE and means that no loan-out agreement existed. However, the authority cited by Defendants to support this argument regards sworn affidavits submitted in opposition to motions for summary judgment that contradict *prior deposition testimony*. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.") (internal citations omitted). That is not the case here, and TOVE's principal's deposition testimony did nothing more than clarify terms of the loan-out arrangement that existed all along between TOVE and Mr. Tracey.

Accordingly, because TOVE loaned-out Mr. Tracey to NoPixel, TOVE owns the contributions to the NoPixel Server rendered in the course of Mr. Tracey's employment with TOVE.

### D.    There was No License for Mr. Tracey's Developer Services

Finally, Defendants focus on the Terms of Service to argue that Mr. Tracey granted Defendants a perpetual license in his contributions to the back-end code of the NoPixel Server. But this argument clearly fails for two reasons.

***First***, Defendants ignore Plaintiff's legitimate contention that the existence of ambiguities in the Terms of Service regarding whether such Terms applied to Mr. Tracey's developer services meant that no meeting of the minds existed to bind Mr. Tracey thereto. Furthermore, as between Defendants and Mr. Tracey, Defendants were the drafters of such Terms, and must therefore be held to Mr. Tracey's interpretation of what the Terms meant with respect to such ambiguity. California Civil ("Cal. Civ.") Code § 1654; *Sands v. E.I.C., Inc.*, 118 Cal.App.3d 231 (1981). Accordingly, Defendants cannot now argue such Terms of Service bind Mr. Tracey.

***Second***, and far more importantly, Defendants ignore the agreement between Defendant Clout and Mr. Tracey to pay Mr. Tracey $10,000 in exchange for his services as a developer on the NoPixel Server. Not only were the terms of this

6

RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

agreement new and different than any terms contained in the Terms of Service, **but Defendant Clout also offered to put such terms in a separate writing to memorialize the separate agreement that they were**. This was clearly a separate agreement for Mr. Tracey's developer services, to which the Terms of Service did not apply nor are incorporated within. *See* UMF at ¶ 34.

## IV.   CONCLUSION

Based on the foregoing, TOVE respectfully requests that summary adjudication be granted as to Plaintiff's First Cause of Action in its FAC for Declaratory Relief.

DATED:  August 26, 2024           **ALTVIEW LAW GROUP, LLP**

By: /s/ John M. Begakis, Esq.
        JOHN M. BEGAKIS
        SHEENA B. TEHRANI
*Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: August 26, 2024                By:   /s/ John Begakis  
                                                                      John M. Begakis