**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a
California limited liability company

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive, <br><br> Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx) <br><br> [Assigned to the Hon. Stephen V. Wilson; Ctrm 10A] <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** <br><br> [*Response and Objections to the Declarations of Larry Zerner, Mitchell Clout and Garry Kitchen Filed Concurrently Herewith*] <br><br> **Hearing** <br> Date:  September 9, 2024 <br> Time: 1:30 p.m. <br> Dept.: Courtroom 10A (10th Floor) <br>       350 W. First Street <br>       Los Angeles, CA 90012 <br> Judge: Hon. Stephen V. Wilson |

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

# [PROPOSED] ORDER

The evidentiary objections timely filed pursuant to Federal Rule of Civil Procedure ("FRCP") 56(c)(2), by Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") came on for hearing in this Court, specifically, TOVE's objections to the Declarations of Larry Zerner, Defendant Clout, and Garry Kitchen.

The Court having read and considered the objections, hereby rules as follows:

## DECLARATION OF LARRY ZERNER

| Zerner Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 2, 2:1-3 | TOVE objects to the statement from Zerner that "Nowhere in the document does it state that Mr. Tracey is being hired to be loaned out to work at Koil," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |

## DECLARATION OF MITCHELL CLOUT

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 3, 2:8 | TOVE objects to the statement from Clout that Clout "own[s] 100% of Koil," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |

1

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 6, 2:14-17 | TOVE objects to the statement from Clout that "At this time, Mr. Tracey, like all others before and after him, were required to agree to the community's "terms and rules" ("Terms of Service" or "Terms")," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____  **Overruled:** _____ |
| ¶ 7, 2:18-2 | TOVE objects to the statement from Clout that "Those terms, which remained in place throughout Mr. Tracey's tenure, specified that any and all content creators creating content for or in the NoPixel servers granted Koil a 'non-exclusive, permanent, irrevocable, unlimited license to use, publish, or re-publish' Content in connection with the services they provided, but that they would retain copyright over the Content. 'Content' is defined in the terms of service as 'All content you submit, upload, or otherwise make available to the Service.'," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____  **Overruled:** _____ |
| ¶ 8, 3:3-6 | TOVE objects to the statement from Clout that "The Terms of Service further states that Koil may 'remove or modify any | **Sustained:** _____  **Overruled:** _____ |

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | Content submitted at any time, with or without cause, with or without notice; and that Koil may terminate 'access to all or any part of the Service at any time, with or without cause, with or without notice'," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 9, 3:6-10 | TOVE objects to the statement from Clout that "Mr. Tracey agreed to the terms of service at the time he joined," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____  **Overruled:** _____ |
| ¶ 10, 3:11-16 | TOVE objects to the statement from Clout that "At no time did Koil or NoPixel, or the Terms, ever make any distinction as to whom the Terms applied. They applied to all content uploaded or submitted by those providing said content, regardless of whether they were 'developers', 'players' or otherwise. At no time was there ever a "separate" or "more formal" process by which developers were subject to any other terms. These are the terms that I intended all persons who signed up to provide content to the NoPixel server to abide by," on the | **Sustained:** _____  **Overruled:** _____ |

3

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 11, 3:17-4:7 | TOVE objects to the statement from Clout that "Regarding those contributions, it is my understanding, based on my review of the Complaint, that either TOVE or Mr. Tracey are claiming that the code that Mr. Tracey wrote for the NoPixel server is a "joint work" as that term has been explained to me under United States Copyright laws and that either Mr. Tracey or TOVE is a 'joint author' of the code. This is untrue. I have never intended that Mr. Tracey or TOVE to be a 'joint author' of the NoPixel code. That is why the terms of service expressly state that all the contributors continue to fully own the code that they submit, they are just providing Koil with a license to use the code. I have never told Mr. Tracey or TOVE that I considered them to be joint authors, and prior to this lawsuit, Mr. Tracey never told me that he considered himself or TOVE to be a joint author. Had he ever said anything like that to me, I would have immediately told him that was | **Sustained:** _____ **Overruled:** _____ |

4

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | not the case so that there would be no confusion," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE further objects to this paragraph on the grounds that such statements constitute a legal conclusion. | |
| ¶ 12, 4:7-11 | TOVE objects to the statement from Clout that "In fact, I have never had any agreement whatsoever with TOVE. Nor have I had any communication with TOVE, whether orally or in writing; and I was unaware of their existence or alleged involvement/ownership in any content until this lawsuit. The only agreement I had with Mr. Tracey in connection with ownership or licensing of the content is contained within the Terms," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE further objects to this paragraph on the basis that this testimony is contradicted by Clout's testimony during his deposition. *See* Deposition of Michell Clout as the Person Most Knowledgeable for NoPixel ("Clout Depo") 138:2-13; 145:9-146:24; 147:11-148:23; Exhibits "13" and | Sustained: _____<br><br>Overruled: _____ |

5

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | "16" thereto. Clout cannot now make contradictory statements in order to create a genuine issue of material fact. *See See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.") (internal citations omitted). | |
| **¶ 13, 4:12-16** | TOVE objects to the statement from Clout that "In that regard, the contributions made by Mr. Tracey were part of a much larger community of work contributed by over a hundred other developers. In other words, Mr. Tracey was only one of many developers that contributed work to the NoPixel servers, with all said work incorporated into the work with the content provided by all developers," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE further objects to this paragraph on the basis that this testimony is contradicted by evidence presented in this matter and by Clout's testimony during his deposition *See* Clout Depo at 145:9-146:24; | **Sustained:** _____ <br><br> **Overruled:** _____ |

6

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | 147:11-148:23; Exhibit "16" thereto. Clout cannot now make contradictory statements in order to create a genuine issue of material fact. *See See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.") (internal citations omitted). | |
| ¶ 14, 4:16-19 | TOVE objects to the statement from Clout that "Further, because there were contributions from dozens of developers, I and Koil were responsible for overseeing and coordinating the work and content submissions. In fact, Mr. Tracey's contributions to the overall work contained on the servers was less than one percent of the total code," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 15, 4:20-5:2 | TOVE objects to the statement from Clout that "I am the sole owner of Koil, and I have always been and continue to be the person who is responsible for what is put on the | **Sustained:** _____<br><br>**Overruled:** _____ |

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | NoPixel server. It was I and Koil, and not Mr. Tracey, that supervises and controls the work, its use and exploitation on the servers. I have the final say on everything that is added to the server," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 16, 5:3-12 | TOVE objects to the statement from Clout that "Contrary to TOVE's claims, Mr. Tracey was not the 'lead developer,' nor was he responsible for managing the work of other developers or handling technical operations and infrastructure development. He did deploy code, fix bugs, and assist in ensuring the server ran properly, and he ran the infrastructure side of the development (but not development of the game). All of Mr. Tracey's work was ultimately subject to the direction of Koil, who remained responsible for coordinating, overseeing and ultimately implementing the contributions made by the dozens of deployed developers. While it is true that Mr. Tracey did aid in building in-game mechanics and reviewing development ideas, that in no way made Mr. | **Sustained:** _____<br><br>**Overruled:** _____ |

8
[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | Tracey the "lead" developer or anything other than one of many contributors," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE further objects to this paragraph on the basis that this testimony is contradicted by evidence presented in this matter and by Clout's testimony during his deposition *See* Clout Depo at 145:9-146:24; 147:11-148:23; Exhibit "16" thereto. Clout cannot now make contradictory statements in order to create a genuine issue of material fact. *See See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.") (internal citations omitted). | |
| **¶ 17, 5:13-16** | TOVE objects to the statement from Clout that "And Mr. Tracey was certainly not, at any time or in any way, the 'primary contributor to the back-end source code of the NoPixel Server.' His work was a small percentage of the overall work performed by many, many, other developers and it was | **Sustained:** _____ <br><br> **Overruled:** _____ |

9

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | always under my management and control," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. Furthermore, Clout is not qualified to provide testimony to rebut Plaintiff's expert testimony. *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 597, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006) ("Lay opinion testimony is 'not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.'") (internal citations omitted). | |
| ¶ 18, 5:16-18 | TOVE objects to the statement from Clout that "During the period that Mr. Tracey was working for Koil, there were approximately 10 other salaried developers working for Koil on the NoPixel server," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____ <br><br> **Overruled:** _____ |
| ¶ 19, 5:18-20 | TOVE objects to the statement from Clout that "Mr. Tracey was never credited as a co-author of the server, nor were any of the other developers. The credited owner of the NoPixel server is Koil," on the grounds that | **Sustained:** _____ <br><br> **Overruled:** _____ |

10

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 20, 5:20-6:5 | TOVE objects to the statement from Clout that "I have also been made aware that Mr. Tracey and TOVE claim the nature of their claimed work was to build the payment processing system. Nothing could be further from the truth. In fact, at all times, even before Mr. Tracey began making these alleged contributions, Koil utilized the third-party platform provider Tebex to process payments. The only work Tracey performed, therefore, was limited to creating some additional code to facilitate interaction with the Tebex payment platform," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 21, 6:6-11 | TOVE objects to the statement from Clout that "And the agreement Koil had for that work was never with TOVE. At no time, ever, did I enter into any agreement for TOVE to 'loan out' the services of Mr. Tracey to Koil. At no time was I ever informed by Mr. Tracey or TOVE or anyone else that he was performing said | Sustained: _____<br><br>Overruled: _____ |

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | work for TOVE or on TOVE's behalf. The first I heard of this was when the claims in this case were made. Neither did I ever enter into a contract to pay TOVE 50% of NoPixel's revenue," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 22, 6:12-19 | TOVE objects to the statement from Clout that "Further to the foregoing, the only arrangement Koil had was with Mr. Tracey, and Mr. Tracey alone. In fact, for these services Koil agreed to compensate Mr. Tracey, and only Mr. Tracey, who was paid directly. At no point did Koil ever pay TOVE or was I aware of their existence, save for two invoices that Mr. Tracey submitted for payment that had TOVE's email on it. Still, Mr. Tracey immediately informed me those invoices, which I paid, were submitted in error; after which the payments were reversed, new invoices submitted and were paid. All such payments, without exception, were made to Mr. Tracey's personal PayPal account (D@nny.co)," on the grounds that the | **Sustained:** _____ **Overruled:** _____ |

12

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 23, 6:20-7:3 | TOVE objects to the statement from Clout that "The foregoing payments began in May 2021, when we started paying Mr. Tracey directly (via deposits to his personal PayPal account) totalling approximately $10,000.00 per month. At no point did Mr. Tracey or TOVE ever inform me that Mr. Tracey began working for TOVE and that payments should be made to TOVE, rather than Mr. Tracey," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 24, 7:4-10 | TOVE objects to the statement from Clout that "But to be clear, Koil's agreement to start paying Mr. Tracey was not due to the alleged 'commercial success' of Mr. Tracey's contributions. Rather, it was to fairly compensate Mr. Tracey for his work. Period. In fact, the commercial success of the NoPixel servers was because of the game itself and the people (including many very famous streamers) who used NoPixel and the playable modification made by the dozens of contributors, and not because Mr. | **Sustained:** _____<br><br>**Overruled:** _____ |

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | Tracey made a small contribution toward facilitating the payment processing," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 25, 7:10-19 | TOVE objects to the statement from Clout that "Significantly, at no time did I or Koil ever agree to 'make Mr. Tracey a 50% partner in the NoPixel Server.' In fact, that is demonstrably false. What we did agree to was to give Mr. Tracey a revenue share on just four of the many NoPixel Servers. Namely, the priority queue sales of the White Priority Server, the India Server, the Spain Server and the South America Server only while he was working for NoPixel and delivering the promised products, helping the infra team and also developing 4 mods monthly, one including Red Dead Redemption which he never completed. That was it. And, while this agreement was in writing on Discord, there is no written or oral agreement with anyone, at any time, that Koil would pay Tracey (or TOVE) on 50% of all servers or otherwise make him a 'partner.',"  on the grounds that the | **Sustained:** _____<br><br>**Overruled:** _____ |

14

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Clout Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 26, 7:20-8:4 | TOVE objects to the statement from Clout that "In addition to the foregoing, I wish to address the claim, as stated in Plaintiff's Separate Statement of Undisputed Facts, that Mr. Tracey was a 'talented' developer and that I 'defamed' him. First, Mr. Tracey was serviceable as a developer but no more talented than the dozens of other developers that were working for Koil. More importantly, however, at no time did I ever "defame" Mr. Tracey," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |

## **DECLARATION OF GARRY KITCHEN**

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 2, 1:26-2:3 | TOVE objects to the statement from Kitchen that he "understand[s] this is a business dispute," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |

15

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 3, 2:4-6 | TOVE objects to the statement from Kitchen that Mr. Tracey "agreed to the community's *terms and rules*," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 6, 2:14-17 | TOVE objects to the statement from Kitchen that "Around the end of December of 2022, Mr. Tracey was terminated by KOIL/ NOPIXEL. Upon his departure, KOIL/NOPIXEL continued to use Mr. Tracey's work product under the "non-exclusive, permanent, irrevocable, unlimited license" granted under the terms and rules to which Mr. Tracey agreed," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE further objects to this paragraph on the grounds that Kitchen is not permitted to provide legal conclusions. *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion"). | Sustained: _____<br><br>Overruled: _____ |
| ¶ 29, 8:5-22 | TOVE objects to the statements in subsections A-B on the grounds that the statements therein are conclusory. *Hansen*, | Sustained: _____<br><br>Overruled: _____ |

16

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | 7 F.3d at 138. | |
| ¶ 30, 8:23-9:15 | TOVE objects to the statements in subsections A-C on the grounds that the statements therein are conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 31, 9:16-21 | TOVE objects to the statement from Kitchen that "There are numerous false claims that have been made about the alleged code that Mr. Tracey authored during his time working on the NoPixel project. For example, Plaintiff's attorneys states: 'Mr. Tracey designed and created the entire payment processing system utilized by the NoPixel Server, which has facilitated the processing of millions of dollars in payments to Defendants.'," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE further objects to this paragraph on the grounds that Kitchen is not permitted to provide legal conclusions. *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion"). | **Sustained:** _____<br><br>**Overruled:** _____ |

17

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| **¶ 36, 11:1-10** | TOVE objects to the statement from Kitchen that "[a] review of Mr. Francis' report reveals that, as of February 2022, not only was Tracey's BACKEND CODE not complete (as it is referred to as "code he was developing"), but in fact, as of February 2022, it appears that he was just getting started on it" on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| **¶ 37, 11:11-17** | TOVE objects to the statement from Kitchen that "all of the claims listed above… are referring to Tracey's BACKEND CODE, which was not complete as of February 2022," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| **¶ 38, 11:18-19** | TOVE objects to the statement from Kitchen that "Based on these facts, there is no way that Tracey's BACKEND CODE performs as claimed by the Plaintiffs," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |

18

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 39, 11:20-24 | TOVE objects to the statement from Kitchen that "In fact, Mr. Tracey could not have designed and created the entire payment processing system utilized by the NoPixel Server because NoPixel's current 3rd party payment processing solution - TEBEX - has been running in the NoPixel project since approximately June of 2021, well before Tracey's alleged BACKEND CODE was even started," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 45, 13:7-13 | TOVE objects to the statement from Kitchen that "As evidenced by this commit (Exhibit 3), the work was performed by nikez. Mr. Tracey's BACKEND CODE, as referenced by Mr. Francis, had nothing to do with the initial setup of the payment system as said BACKEND CODE of Mr. Tracy didn't exist in June of 2021," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |

19

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 47, 13:20-22 | TOVE objects to the statement from Kitchen that "Therefore: Mr. Tracey never 'designed and built an entire payment processing system utilized by the NoPixel Server, which has facilitated the processing of millions of dollars in payments to Defendants.'," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE objects to this paragraph on the grounds that it is irrelevant, because the terms quoted in the Terms of Service were updated on December 27, 2023, after the relevant time period of events alleged in this action. TOVE further objects to this paragraph on the grounds that Kitchen is not permitted to provide legal conclusions. *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion"). | Sustained: _____<br><br>Overruled: _____ |
| ¶ 48, 13:23-26 | TOVE objects to the statement from Kitchen that "Mr. Francis' claim that Mr. Tracey's BACKEND CODE provides the services listed above (*paragraph 32 of this declaration*) is simply not true, confirmed | Sustained: _____<br><br>Overruled: _____ |

20

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | by the fact that Mr. Francis fails to cite any files, functions, or other code as proof of the claimed functionality," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 51, 14:13-17 | TOVE objects to the statement from Kitchen that "In summary, the impressive financial and business operation capabilities Plaintiff and their expert have attributed to Mr. Tracey's code are in fact the result of NOPIXEL's deployment of TEBEX, which has been deployed as NOPIXEL's transactional partner since June of 2021, well before Mr. Tracey wrote the code in question," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____  **Overruled:** _____ |
| ¶ 52, 14:21-15:4 | TOVE objects to the statement from Kitchen that "Whether that is a right or wrong way to determine value, the theory was (I believe) if a project was 10,000 lines of code (or submits/revisions/whatever metric) and Danny was responsible for 5,000 of those, then his contribution would be calculated at 50%. And if the hypothetical 10,000 line project made | **Sustained:** _____  **Overruled:** _____ |

21

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | $100,000, then Plaintiff would negotiate for 50% of the revenue, or $50,000" on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 53, 15:5-8 | TOVE objects to the statement from Kitchen that "I do not advocate this method as applied to this dispute; and I do not feel that a programmer should be compensated a percentage of revenue based on his effort as it relates to the project whole," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 54, 15:9-17 | TOVE objects to the statement from Kitchen that ",But the method (whether I support it or not) is not valid unless you are including all of the effort that went into the entire project. This is where Mr. Francis' calculation goes 'off the rails,' as he explicitly limited his analysis to a small portion of the product from which NOPIXEL generated revenues" on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |

22

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 55, 15:18-16:2 | TOVE objects to the statement from Kitchen that "In other words, rather than calculating the percentage of effort that the identified BACKEND CODE repository represents (the numerator) as compared to the total effort on the project as a whole (the denominator), Mr. Francis carves away portions of the overall project, thus making the denominator smaller," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 56, 16:3-8 | TOVE objects to the statement from Kitchen that "In other words, Mr. Francis' conclusion and opinion is essentially: Tracey did not do much work on the GAME CODE so let's not include it in the denominator. The smaller the denominator, the bigger the percentage. In fact, if we were to eliminate every line of code that Danny did not write, the numerator and the denominator would be the same number, and the percentage would be 100%," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |

23

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 57, 16:8-19 | TOVE objects to the statement from Kitchen that "Basically, if you narrow the definition of the 'pond' enough, even the smallest minnow will appear to be the 'big fish'. As a result of only considering the 'small pond', Mr. Francis was able to make improper sweeping generalizations," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____ <br><br> Overruled: _____ |
| ¶ 58, 16:20-25 | TOVE objects to the statement from Kitchen that "Essentially, what Mr. Francis is doing is identifying a repository that was Danny's personal repository where he did his work, and then calculating a percentage of the work that he did in his own repository. With that understanding, I'm surprised the numbers aren't higher. In a nutshell, Mr. Francis' conclusions and his inflated percentages are the result of careful tailoring of 'the code base being discussed" and result in overinflated conclusions,' on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____ <br><br> Overruled: _____ |

24

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 59, 17:2-11 | TOVE objects to the statement from Kitchen that "This would mean that if you summed the statistics of those two repositories, you would have the totals for the entire project. *This is confirmed by Mr. Francis when he states on pages 11-12 of his report that the KOIL spreadsheet did not include the MANAGEMENT API & DASHBOARD REPOSTIROY, which was a repository outside of ITSKOIL/nopixel*" on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 60, 17:11-15 | TOVE objects to the statement from Kitchen that "Therefore, to find the correct percentage of Tracey's contribution, I took the statistics from ITSKOIL/nopixel-mgmt-api and divided those numbers by the entire project, as comprised of the summation of statistics from ITSKOIL/nopixel- mgmt-api and ITSKOIL/nopixel," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 62, 17:25-28 | TOVE objects to the statement from Kitchen that "To calculate the percentage that Mr. Tracey's code contributes to the | Sustained: _____<br><br>Overruled: _____ |

25

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | overall project for each category, I divided the nopixel-mgmt-api statistics by the totals for the entire project, as represented by the summation of the stats of nopixelmgmt- api and nopixel," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 63, 18:1-7 | TOVE objects to the statement from Kitchen that "to calculate a total percentage of contribution, *I used Mr. Francis' chosen methodology* of averaging the five calculated averages above … **That calculation results in a total contribution percentage for Mr. Tracey's code when compared to the entire NOPIXEL project of 0.57%**" on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained: _____**<br><br>**Overruled: _____** |
| ¶ 66, 18:19-22 | TOVE objects to the statement from Kitchen that "Mr. Francis' "Findings" on pages 8-11 of his report (which include the overinflated percentages of DW's contribution as discussed above) show that *no effort was made to identify* **source code** *from any of the myriad other file types in any of the commits in his analysis*" on the | **Sustained: _____**<br><br>**Overruled: _____** |

26

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 68, 19:1-2 | TOVE objects to the statement from Kitchen that "Thus *Mr. Francis' "findings" cannot be relied upon in any analysis fo DW's contribution of source code to the project*" on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 69, 19:5-12 | TOVE objects to the statement from Kitchen that he "disagree[s]" with Mr. Francis' conclusion in his Supplemental Expert Report, on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 70, 19:13-21 | TOVE objects to the statement from Kitchen that "In fact, Mr. Francis offers no concrete evidence that his Scenario A process actually works. Even with access to the project source, *Mr. Francis fails to cite any lines of code which prove that the navigational flow that he describes would successfully allow one to access the site and upload code and assets without having agreed to the terms of service*. In fact, if the Scenario A process actually worked as | **Sustained:** _____<br><br>**Overruled:** _____ |

27

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | claimed, there is no reason that Mr. Francis could not have simply submitted a video of himself performing the process one step at a time as described in his analysis, thus demonstrating that Scenario A is a valid way to access the site without having agreed to the terms of service. Mr. Francis offers no such proof," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 71, 19:23-25 | TOVE objects to the statement from Kitchen that "In fact, Mr. Francis' conclusion that the Scenario A process as described would allow one to join and play on the NOPIXEL server without completing the STANDARD ONBOARDING process cannot occur," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____  **Overruled:** _____ |
| ¶ 72, 19:25-20:3 | TOVE objects to the statement from Kitchen that "it is important to note that [Mr. Francis] phrases a hypothetical user's actions in the present tense - "it **is** possible, and in more than one way, to join and play on the NOPIXEL SERVER without having | **Sustained:** _____  **Overruled:** _____ |

28

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | to complete..." The correct question is whether or not it *was* possible in 2020, when Mr. Tracey registered on the website (which is April 22, 2020; *see MC 0044-MC 0046*). In that context, *Mr. Francis' analysis is irrelevant as it does not reflect how the site worked in or around April of 2020*," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE further objects to this paragraph on the grounds that Kitchen is not permitted to provide legal conclusions, specifically as to when Mr. Tracey registered on the website. *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion"). | |
| ¶ 73, 20:4-9 | TOVE objects to the statement from Kitchen that "This becomes obvious when one reviews the process of Scenario A by which Mr. Francis claims that one would bypass the standard onboarding process, as described on page 18," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____ <br><br> **Overruled:** _____ |

29

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 74, 20:11-15 | TOVE objects to the statement from Kitchen that "I assume that these are the 'connect' buttons that Mr. Francis is referring to," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 75, 20:16-22 | TOVE objects to the statement from Kitchen that "However, in the 2020 timeframe in which Mr. Tracey first registered for the community, *there were no 'connect' buttons on the www.nopixel.net website for the user to click on*. In fact, as shown on Exhibit 9 is an image from YouTube video – 'How to Join the MOST POPULAR GTA 5 RP Servers! (NoPixel, RedlineRP, GTA:World, and more!)'. This shows that, as of October 26, 2020 (the video publication date), there were choices to 'Log in' and 'Register' (highlighted) but *there was no button to directly connect,*" on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 76, 20:23-21:2 | TOVE objects to the statement from Kitchen that "Approximately seven (7) months after the above referenced | **Sustained:** _____<br><br>**Overruled:** _____ |

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | www.nopixel.com design, a small design change was made, as evidenced by the video cite contained on **Exhibit 10**, published on YouTube in May of 2021. While similar to the previous version of www.nopixel.com (above), this update added the ability to 'login using discord' (a popular multiplayer gaming helper application), once again highlighted in red. However, of note, as of May of 2021, *there were still no 'connect' buttons as required by Mr. Francis' suggested method of entry into the site*" on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 77, 21:3-6 | TOVE objects to the statement from Kitchen that "I also confirmed through archive.org that, as of May 1, 2021, www.nopixel.net *did not offer a way for a user to directly connect to a server*. This is attached hereto as **Exhibit 11** (noting the archive.org date notation in the upper right corner of the image," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |

31

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| **¶ 78, 21:7-10** | TOVE objects to the statement from Kitchen that "*Mr. Francis' claim that the Scenario A process as described would allow one to join and play on the NOPIXEL server without completing the STANDARD ONBOARDING process is, therefore, incorrect*," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |
| **¶ 79, 21:11-14** | TOVE objects to the statement from Kitchen that "*In fact, the attached evidence proves that the Scenario A method that Mr. Francis claims would enable one to bypass the Terms and Rules agreement was not available as of at least May 1, 2021, and possibly later, at least a year after Mr. Tracey is recorded as registering (April 22, 2020)*" on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE further objects to this paragraph on the grounds that Kitchen is not permitted to provide legal conclusions, specifically as to when Mr. Tracey registered on the website. *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal | Sustained: _____<br><br>Overruled: _____ |

32

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | conclusion"). | |
| ¶ 80, 21:15-22 | TOVE objects to the statement from Kitchen that "In addition, to the extent that one was to question the authenticity of the documents (*MC 0044-MC 0046*), which show Tracey's registration date on the site of April 22, 2020, *an equally relevant and irrefutable date is July 31, 2020, which is documented by Github as the first date that Mr. Tracey made a code commit to one of the Koil nopixel source repositories*, specific itsKoil/nopixel, as shown below left (the list of commits on July 31, 2020) and the activity report of 2020, showing that Mr. Tracey's code work started at the end of July of that year. **Exhibit 12**," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE further objects to this paragraph on the grounds that Kitchen is not permitted to provide legal conclusions, specifically as to when Mr. Tracey registered on the website, and as to what constitutes a "relevant" date. *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a | **Sustained:** _____ <br><br> **Overruled:** _____ |

33

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | matter of law amounting to a legal conclusion"). | |
| ¶ 81, 21:23-27 | TOVE objects to the statement from Kitchen that "In other words, even if one were to question the date of Mr. Tracey's registration, *it is irrefutable that Mr. Francis' Scenario A process could not have been used to bypass the Terms and Rules agreement until well after Mr. Tracey began submitting code to the NOPIXEL project*," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| ¶ 82, 21:27-22:3 | TOVE objects to the statement from Kitchen that "In addition, the Scenario A flowchart presented by Mr. Francis on page 20 of his supplemental report is no longer valid because, as I've shown above, *at the time when Mr. Tracey joined the organization, the 'connect' button, which would activate the 'Attempt Join Server' function and start the Scenario A flow, was not available on https://www.nopixel.com*. **Exhibit 13**," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| ¶ 83, 22:4-11 | TOVE objects to the statement from Kitchen that "While it is not explicitly stated as such, in my opinion, a software expert such as Mr. Francis would understand the above request for opinion to be referring to the codebase we have examined **running under normal operation**," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 84, 22:12-16 | TOVE objects to the statement from Kitchen that "Scenario B suggests that a third party individual with ADMIN credentials may have helped Mr. Tracey bypass the terms of service of the website," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 85, 22:17-23 | TOVE objects to the statement from Kitchen that "First, this is not a valid answer to the question being proposed. Mr. Francis has been asked to opine on whether **the codebase that we have been examining, running under normal operation**, allows an individual to access the NOPIXEL servers without agreeing to the terms of | Sustained: _____<br><br>Overruled: _____ |

35

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | service. In other words, whether there anything that a user can do during the normal and regular onboarding process **as it is written in the examined codebase** to skip the point at which they must agree to the terms of service and still join and play on the server," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | |
| ¶ 86, 22:24-28 | TOVE objects to the statement from Kitchen that "Scenario B, as offered by Mr. Francis, suggests having a third party, such as an ADMIN, run **software routines that would not normally run in the registration and login onboard process**. This scenario clearly violates the spirit of the analysis, which is specifically asking about the operation of the normal and regular onboarding process **as it is written in the examined codebase**," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 87, 23:1-9 | TOVE objects to the statement from Kitchen that "Mr. Francis is describing a very serious scenario, in which a 3rd party | Sustained: _____<br><br>Overruled: _____ |

36

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | ADMIN (or Koil employee) stepped in to bypass the security safeguards in the system in order to allow an outsider to bypass the terms of service of the site. A breach of this nature could very well lead to a situation where one could attempt to falsely claim ownership of intellectual property that has been uploaded to the NOPIXEL server. If Mr. Francis believes that such a scenario was used when Mr. Tracey joined the NOPIXEL community, further investigation (even potentially criminal in nature) may need to be undertaken," on the grounds that the statement is conclusory. *Hansen*, 7 F.3d at 138. TOVE objects to this paragraph on the grounds that Kitchen is not permitted to provide legal conclusions, specifically, what constitutes a "breach," the results and/or consequences thereof, or any criminal activity. *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion"). TOVE objects to this paragraph as the opinions provided therein go beyond the scope and/or purpose of Kitchen's expert report and/or analysis. | |

37

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

| Kitchen Decl. | TOVE'S Objections | Court's Ruling |
|---|---|---|
| | TOVE further objects to this paragraph to the extent it is irrelevant when determining TOVE's causes of action in the First Amended Complaint. | |

DATED: _____

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT
COURT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: August 26, 2024                    By:   /s/ John Begakis
                                               John M. Begakis