**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 CAS (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**PLAINTIFF'S RESPONSE IN SUPPORT OF ITS MOTION TO QUASH, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing:**<br>Judge: Hon. Jacqueline Chooljian<br>Date:   September 10, 2024<br>Time:   9:30 a.m.<br>Place:  Ctrm 750, 255 East Temple Street, Los Angeles, California, 90012<br><br>Action Filed: April 10, 2023<br>Trial Date: November 5, 2024 |

RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") hereby submits this response in support of its motion for an order quashing the Subpoena served upon TOVE's immigration attorneys on or about July 18, 2024 by Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL, and MITCHELL CLOUT, an individual (collectively, "Defendants"), or, in the alternative, for an order preventing Defendants from obtaining any attorney-client privileged documents sought from such Subpoena (collectively, the "Motion"), on the grounds set forth below (the "Response").

## I. INTRODUCTION

As if to confirm that Defendants' efforts to seek attorney-client privileged communications are nothing more than a desperate attempt to intimidate and harass, Defendants' threadbare Opposition does almost nothing to substantively address the detailed arguments made in TOVE's Motion. Defendants' Opposition contains no declaration from an immigration law expert or attorney to support Defendants' counsel's preposterous allegations of "immigration fraud." And the Opposition barely even substantively or coherently responds to each of the requests for relief TOVE seeks via its Motion.

Because Defendants have not asserted any facts to establish a *prima facie* case for application of the crime-fraud exception, and because Defendants cannot articulate how the privileged communications sought would be relevant to the question of whether TOVE is a co-owner in certain source code, the Subpoena must be quashed, or, in the alternative, a protective order limiting its scope issued.

///
///
///

## II. THE SUBPOENA MUST BE QUASHED BECAUSE DEFENDANTS HAVE NOT ESTABLISHED A *PRIMA FACIE* CASE FOR APPLICATION OF THE CRIME-FRAUD EXCEPTION

As set forth in TOVE's Motion, the mere assertion of fraud is insufficient to assert the crime-fraud exception to the attorney client privilege. *BP Alaska Exploration, Inc. v. Sup. Ct.* (1988) 199 Cal.App.3d 1240, 1262; *see also Nowell v. Sup. Ct.* (1963) 223 Cal.App.2d 652, 657 ("[I]t would be destructive of the privilege to require disclosure on the mere assertion of opposing counsel."). Defendants cite to no authority to contradict this standard, and, yet, they cite to no facts that would make Defendants' allegation of "immigration fraud" anything other than a mere assertion. Accordingly, Defendants have failed to put forth sufficient *prima facie* evidence that their allegations of illegality as to the applicable Visa Application (the "Application") has some foundation in fact. *See Nowell,* 223 Cal.App.2d at 657.

Despite having many supposed bases to claim "immigration fraud" in his threatening emails to TOVE's counsel, Defendants counsel interestingly did not advance any of such arguments in Defendants' Opposition. Instead, Defendants appear to have settled on the lone argument that TOVE's failure to articulate its right to loan-out Mr. Tracey's services meant TOVE misrepresented that Mr. Tracey was hired to work only as TOVE's lead developer. But as TOVE's immigration counsel set forth in the Motion, any failure to specify that TOVE's employment of Mr. Tracey included the right to loan out his lead developer services does not constitute a "submission of false information." *See* Declaration of Benjamin Lau, Esq. in Support of Motion ("Lau Decl.") at ¶ 5.

It should also be noted that Mr. Khalil did not "admit" in his deposition "that his statements in the application and the letter were false," Opposition at 5:12-13. Rather, the contents of Mr. Khalil's deposition testimony cited by Defendants substantiates that TOVE considered *all the work* Mr. Tracey performed in the role of

lead developer (which included being loaned out) as work for TOVE. *See* Declaration of Larry Zerner in Support of Opposition at ¶ 2, Exhibit "1" thereto ("I would say everything he was doing while he was here was working for us."). Defendants have therefore failed to put forth sufficient *prima facie* evidence of the existence of the crime-fraud exception, and the Subpoena must be quashed.

### III. IN THE ALTERNATIVE, A PROTECTIVE ORDER LIMITING THE SCOPE OF THE SUBPOENA MUST BE ISSUED BECAUSE GOOD CAUSE EXISTS

Defendants also argue that the privileged communications they seek are relevant because "as TOVE is seeking potentially millions in dollars in damages from Koil based on the allegations that this 'loan-out' agreement … Koil should be allowed to obtain these documents that will show that the allegations concerning the 'loan-out' were concocted after the dispute arose…" Opposition at 6:20-24. **First**, TOVE is seeking a declaration of co-ownership in the relevant code, not "potentially millions in dollars in damages…" **Second**, this claim alone does nothing to address TOVE's *specific* arguments as to why communications between TOVE and its immigration counsel are irrelevant.

To begin with, it makes no difference whether TOVE expressly set forth in the Application that it intended to loan-out Mr. Tracey's services as part of his employment for TOVE. It also makes no difference whether Defendants knew about the loan-out relationship. ***All that matters is that Mr. Tracey was an employee of TOVE at the time he rendered services as a contractor for NoPixel***, and that Defendants did not require him to sign any document expressly granting all rights in his contributions to them.

TOVE's statements in certain documents in the Application also do not "prove" that it did not loan-out Mr. Tracey's services. This is because – as TOVE's immigration counsel set forth in the Motion – such documents were not included to

3

RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

establish whether Mr. Tracey would be loaned out generally, but whether he would be physically placed at other locations during the course of his employment with TOVE. And, *even if* such statements were false, they constitute inadmissible character evidence irrelevant to TOVE's copyright co-ownership claim.

Furthermore, Defendants conspicuously fail to address the fact that the balance of interests still favors limiting the Subpoena even if TOVE's communications with its immigration counsel are somehow found to be relevant. This is likely because Defendants cannot deny that the important public policy of preserving the sanctity of the attorney-client relationship far outweighs any minimal value the evidence sought would have. In fact, Defendants' silence on this issue proves that any supposed value in the communications is minimal because, if Defendants believe that the evidence of false statements on immigration paperwork "prove" that TOVE did not loan out Mr. Tracey's services to Defendants, ***then the documents themselves are the best evidence to make that argument***.

## V.  CONCLUSION

Accordingly, TOVE respectfully requests that that the Court grant the Motion and quash the Subpoena, or, in the alternative, issue an order prohibiting Defendants from subpoenaing, and obtaining documents evidencing attorney-client privileged communications from, TOVE's immigration attorneys.

DATED:  August 26, 2024            **ALTVIEW LAW GROUP, LLP**

By:  /s/ John Begakis, Esq.
JOHN M. BEGAKIS
SHEENA B. TEHRANI
*Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

4

RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: August 26, 2024                By:   /s/ John Begakis
                                            John M. Begakis