**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson; Ctrm 10A]<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE-FILED SEPARATE STATEMENT IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**<br><br>**Hearing**<br>Date: September 9, 2024<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A (10th Floor)<br>      350 W. First Street<br>      Los Angeles, CA 90012<br>Judge: Hon. Stephen V. Wilson |

PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE-FILED SEPARATE STATEMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") hereby submits this objection to Defendants' KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL and MITCHELL CLOUT, an individual (collectively, "Defendants") late-filed Separate Statement of Genuine Disputes (the "Separate Statement") in Opposition to Plaintiff's Motion for Summary Adjudication of Plaintiff's First Cause of Action for Declaratory Relief in the First Amended Complaint ("FAC") (the "Motion"), on the grounds set forth below (the "Objection").

## I.  INTRODUCTION

Defendants finally filed their Separate Statement only after Plaintiff filed its Response in Support of its Motion highlighting Defendants' failure to comply with Local Rules by omitting its Separate Statement. However, given that Defendants dispute over half of Plaintiff's Statement of Undisputed Material Facts, and even *add twenty-three* (23) "additional facts," Defendants' dilatory filing of the Separate Statement cannot cure the Defendants' failure to adhere to the relevant FRCP and Local Rule deadlines. Plaintiff faces a heavy burden of establishing that no genuine dispute of material fact exists, and, without the opportunity to respond to all allegedly disputed facts, including Defendants' twenty-three "additional facts," Plaintiff was blamelessly unable to meet its burden. Accordingly, Defendants' Opposition must be disregarded.

///
///
///
///
///

1

PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE-FILED SEPARATE STATEMENT

## II. DEFENDANTS' OPPOSITION FAILS TO INCLUDE A SEPARATE STATEMENT OF GENUINE DISPUTES IN VIOLATION OF LOCAL RULES AND IN DEROGATION TO THE PURPOSE OF THE FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure ("FRCP") 1 sets for the purpose of the FRCP, imploring the court and parties to "construe[ ], administer[ ], and employ[ ] the rules" in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. Summary judgment (and therefore, partial summary judgement, or adjudication, under FRCP 56) "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action'" as set forth in FRCP 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In fact, this Court's New Case Order explicitly states in the very first paragraph that the Court "fully adheres" to FRCP 1 and its purpose. (Dkt. 12).

District courts "have broad discretion in interpreting and applying their local rules." *Delange v. Dutra Constr. Co., Inc.*, 183 F.3d 916, 919 (9th Cir.1999). Some courts, including those in California, have indicated that **strict compliance** with local rules governing summary judgment is appropriate, as justified "both by the nature of summary judgment and the rule's purposes." *United States v. Burrell*, No. 2:11-CV-03079-GEB, 2013 WL 1858424, at *1 (E.D. Cal. May 2, 2013) (citing *Gardels v. Cent. Intelligence Agency,* 637 F.3d 770, 773 (D.C.Cir.1980)). The Court's New Case Order repeatedly references the Central District's Local Rules (the "Local Rules" or "L.R."), and requires compliance with such Local Rules with regard to various procedural aspects in the matters assigned to it. (Dkt. 12).

Local Rule 56-2 requires any party who opposes a motion for summary judgment or partial summary judgement to "serve and file with the opposing papers

2

PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE-FILED SEPARATE STATEMENT

a separate 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." Defendants failed to timely file and serve any such separate statement (the "Separate Statement"), thereby preventing TOVE from submitting its own response thereto, as required by L.R. 56-3. *See* Dkt. No. 53. Federal Rule 56(c) also sets forth that a party opposing a motion must cite to particular parts of materials in the record.

Defendants filed their Separate Statement a full week after its Opposition, and only after Plaintiff filed its Response in support of its Motion highlighting Defendants' failure to timely file the Separate Statement. Upon reviewing the late-filed Separate Statement, Defendants object to and/or dispute fully or in part thirty-one (31) of Plaintiff's fifty-four (54) Statement of Undisputed Material Facts. Defendants also **add *twenty-three*** (23) "additional facts," only sixteen (16) of which are actually referenced in its Opposition. Thus, the only way for Plaintiff to substantively respond to the remaining seven (7) "additional facts" absent from Defendants' Opposition was via inserting its response and providing the relevant support in Defendants' Separate Statement.

Local Rule 56-3 sets forth the specific method for a moving party to respond to a Separate Statement in Opposition to its summary judgment motion. However, without reviewing and having time to respond to the late-filed Separate Statement, Plaintiff is unable to comply with Local Rule 56-3 and set forth its full response in support of its Motion in advance of the September 9, 2024 hearing date. Defendants' failure to adhere to the relevant deadlines, therefore, has not afforded Plaintiff the ability to secure a "just, speedy and inexpensive determination" of its action. Furthermore, because the burden rests with Plaintiff as the moving party to establish no genuine dispute of material fact exists, the inability to respond to Defendants Separate Statement prohibits Plaintiff from adequately meeting such burden,

through no fault of Plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The pertinent Local Rules expressly indicated to Defendants that they have an "affirmative burden to list genuine issues with appropriate record citations in order to withstand" Plaintiff's Motion. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988). Given the strict deadlines set forth in the FRCP and Local Rules, it is apparent Plaintiff was not afforded the proper and adequate time to respond to the Opposition and Separate Statement such that Plaintiff could fully meet its burden and comply with L.R. 56-3. Granting Plaintiff's Motion because of Defendants' failure to support its Opposition is appropriate, especially given that the Central District has made such a determination before. *See Nilsson*, 854 F.2d 1538 (holding that granting plaintiff's summary judgment was appropriate in light of defendants' failure to adequately support its opposition and neglected to cite the court to a single evidentiary fact.).

Defendants should not be permitted to flout the FRCP and Local Rules to the detriment of Plaintiff, and Defendants' Opposition must therefore be rejected.

### III. PLAINTIFF ALTERNATIVELY REQUESTS THIS COURT PERMIT IT TO FILE A "SUR-REPLY" IN RESPONSE TO THE LATE-FILED SEPARATE STATEMENT

If the Court is inclined to allow Defendants' late-filed Separate Statement in Opposition to the Motion, Plaintiff requests, in the alternative, the opportunity to file a "sur-reply" to the Separate Statement. Without the opportunity to reply, the late-filed Separate Statement leaves any response Plaintiff has to the "additional facts" and to Defendants' objections open-ended. As it is not the obligation of the court to "examine the entire file" in making its determination for summary adjudication because of Defendants' failure, Plaintiff respectfully requests the opportunity to fully respond to Defendants' objections and/or disputes, as well as the twenty-three

4

PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE-FILED SEPARATE STATEMENT

"additional facts" to meet its burden under the Local Rules, and guide the Court in makings its decision. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.").

## IV. CONCLUSION

Based on the foregoing, TOVE respectfully requests that Defendants' Opposition be rejected, or, in the alternative, that Plaintiff be permitted to file a "sur-reply" in response thereto.

DATED: August 30, 2024           **ALTVIEW LAW GROUP, LLP**

By:  /s/ John M. Begakis, Esq.
           JOHN M. BEGAKIS
           SHEENA B. TEHRANI
*Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: August 30, 2024                                By:   /s/ John Begakis
                                                                        John M. Begakis