UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | August 30, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**    (IN CHAMBERS)

**ORDER (1) DIRECTING COUNSEL FURTHER TO MEET AND CONFER AND TO MAKE SUPPLEMENTAL SUBMISSIONS REGARDING PLAINTIFF'S MOTION TO QUASH, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER (DOCKET NO. 50); AND (2) CONTINUING HEARING ON MOTION**

Pending before the Court and set for a hearing on September 10, 2024 at 9:30 a.m. is Plaintiff's Motion to Quash, or, in the Alternative, for a Protective Order ("Plaintiff's Motion"), filed on August 8, 2024. Plaintiff requests that the Court issue an order quashing a subpoena served on Plaintiff's immigration attorneys on or about July 18, 2024, by Defendants, or, in the alternative an order preventing Defendants from obtaining any attorney-client privileged documents sought through the subpoena. On August 20, 2024, Defendants filed an Opposition to Plaintiff's Motion, essentially arguing that the communications sought by the subpoena fall under the crime-fraud exception to the attorney-client privilege and are otherwise discoverable, pointing out that such communications will likely reveal that there were no discussions with counsel that Plaintiff intended to "loan-out" Mr. Tracey's services to Defendants. On August 26, 2024, Plaintiff filed a Response to the Opposition.

First, the parties do not address whether federal or state privilege law applies. Plaintiff cites to state privilege law and Defendants cite to federal privilege law but neither expressly address or analyze whether the Court should apply federal or state privilege law. As best as the Court can discern, federal jurisdiction in this case is predicated solely on the Declaratory Judgment Act, 28 U.S.C. § 2201, with supplemental jurisdiction afforded to the other claims under 28 U.S.C. § 1367. (See First Amended Complaint ¶ 6). The parties are directed to confer regarding this issue. If they agree, they shall file a stipulation so reflecting. If they disagree, they shall file supplemental briefs by September 10, 2024, addressing the issue.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | August 30, 2024 |
|---|---|---|---|
| Title | That One Video Entertainment LLC v. Koil Content Creation PTY LTD., et al. | | |

    Second, it appears to the Court that Defendants have subpoenaed communications between Plaintiff and its immigration counsel for the purpose of establishing a negative – that Plaintiff did not mention to its immigration counsel that there was a "loan-out" agreement – something that arguably would support Defendants' theory that Plaintiff concocted the story that there was a loan-out agreement after Defendants terminated Tracey in December 2022. (Opposition at 2, 6). As whether or not Plaintiff communicated the existence of the loan-out agreement to its immigration attorney is a discrete issue, the Court directs counsel further to confer as to whether the instant dispute could be resolved by a brief declaration from immigration counsel attesting to whether or not the existence of any such loan-out agreement was shared with him contemporaneous with the visa application or not. The parties shall update the Court regarding such discussions and any impact on Plaintiff's Motion by September 10, 2024 through the filing of status reports (or a joint status report). Alternatively, to the extent the parties are submitting supplemental briefs per the prior paragraph, they may update the Court therein.

    In light of the foregoing, the hearing on Plaintiff's Motion is continued to September 24, 2024 at 9:30 a.m. Absent further Order of the Court, such hearing will be conducted telephonically with the Clerk providing call-in information prior thereto.

    IT IS SO ORDERED.