Larry Zerner (SBN 155473)
Law Office of Larry Zerner
1801 Century Park East
Suite 2400
Los Angeles, California 90067
Telephone:  (310) 773-3623
Email: larry@zernerlaw.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>Hon. Stephen V. Wilson<br><br>DEFENDANTS NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Filed or lodged concurrently herewith: (1) Declaration of Keith L. Cooper; (2) Declaration of Larry Zerner; and (3) Proposed Order.]<br><br>Date: December 9, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 10A<br><br>Action Filed: April 10, 2023 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 9, 2024 at 1:30 p.m. or as soon thereafter as the parties may be heard, before the Honorable Stephen V. Wilson, United States District Judge, in Courtroom 10A, located at 350 W. First Street, Los Angeles, California 90012, Defendants Mitchell Clout and Koil Content Creation Pty Ltd. (collectively, "Defendants") will and hereby do move the Court for an award of reasonable attorney's fees pursuant to Section 505 of the Copyright Act (17 U.S.C. § 505) on the ground that they are the prevailing party in this copyright action.

Defendants seek an award of attorney's fees in the amount of **$232,578.42** *plus* whatever fees are incurred in preparing a Reply to any Opposition by Plaintiffs to this Motion, to be established in a supplemental Declaration to be filed with that Reply.

This Motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities attached hereto, the Declarations of Keith L. Cooper, and Larry Zerner filed concurrently herewith, the file and record in this case, and any further argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 30, 2024.

Dated: November 7, 2024            Respectfully submitted,

                                   **ZERNER LAW**

                                   By: /s/Larry Zerner
                                        Attorneys for Defendants Koil Content
                                        Creation Pty. Ltd. *and* Mitchell Clout

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION …………………………………………………….. 6

II.   RELEVANT PROCEDURAL HISTORY………………………………6

III.  RELEVANT UNDISPUTED FACTS…………………………………… 7

IV.   POINTS & AUTHORITIES……………………………………..…..10

      a.  The Facts of This Case are Undisputed……………………….…..10

      b.  Defendants are the "Prevailing Parties" ……………………..…..11

      c.  As Prevailing Party, Defendants are entitled to Attorneys' Fees...……11

V.    COURT DISCRETION TO AWARD FEES………………..…………..…..16

      1.  The Degree of Success Obtained.……………………………..16

      2.  Frivolousness and Objective Unreasonableness………………..…..17

      3.  Improper Motivation.………………………………………..…..19

      4.  Awarding Attorneys' Fees and Costs Would Deter Meritless Infringement Claims……………………………………………..21

VI.   DEFENDANTS' ATTORNEYS' FEES AND COSTS REASONABLE...…25

      A.  Defendants' Attorneys' Rates Are Reasonable………………..……...25

      B.  Counsel for Defendant Spent Reasonable Amount Of Time Litigating The Merits Of Plaintiff's Action, Considering How Much Work Was Involved. ……………………………………….…………….27

      C.  Defendants Requests An Award of Allowable Costs…………,,,..…..28

      D.  Defendants are Also Entitled To Recover Fees And Costs Incurred In Connection With This Motion………………………………….29

VII.  CONCLUSION……………………………………………………....29

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AF Holdings LLC v. Navasca*,

    No. C12-2396 EMC, 2013 WL 3815677 (N.D. Cal. July 22, 2013)………........21

*Blum v. Stevenson*, 465 U.S. 886 (1984) ...………....……..……….......................25

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008)……………..29

*Doc's Dream, LLC v. Dolores Press, Inc.*,

    959 F.3d 357, 363 (9th Cir. 2020)………………….…….........12, 13, 14, 15, 16

*DuckHole Inc. v. NBCUniversal Media LLC*,

    No. CV-12-10077-BRO, 2013 WL 5797204 (C.D. Cal. Oct. 25, 2013)….............17

*Erickson Prods. Inc. v. Kast*,

    No. 5:13-CV05472-HRL, 2016 WL 3951659, (N.D. Cal. July 22, 2016)…….....18

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001)…………………...25

*Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994)…………………………….....16, 17, 24

*Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992)………………….....26

*Gilbert v. New Line Prods., Inc. et al.*,

    No. CV 09-02231-RGK, 2010 WL 5790688 (C.D. Cal. Dec. 6, 2010)…...........17

*Glass v. Sue*,

    No. CV 09-8570-RGK SHX, 2011 WL 561028 (C.D. Cal. Feb. 8, 2011…...17, 18

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)………………………………………...11, 26

*Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016)………..13, 16, 18, 22, 24

*Lawrence v. Sony Pictures Ent. Inc.*,

    No. CV-04737-SVW, 2011 WL 13217267 (C.D. Cal. Nov. 5, 2011)…..............17

*Marcus*, 2017 WL 5592470……………………………………………………....19

*Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996)…………………...........25

*Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992)…………...……………….........25

*Perfect 10, Inc. v. Giganews, Inc.*,

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

No. CV 11- 07098-AB SHX, 2015 WL 1746484, *aff'd*, 847 F.3d 657

(9th Cir. 2017)……………………………………………………17, 18

*Rano v. Sipa Press, Inc*, 987 F.2d 580, 584 (9th Cir. 1993)………………...........14

*Scott v. Meyer*,

No. CV 09-6076 ODW(RZX), 2010 WL 2569286

(C.D. Cal. June 21, 2010)……………………………………………..21

*Shame on You Prods., Inc. v. Banks*, 893 F.3d 661 (9th Cir. 2018)……………19, 20

*Tresóna Multimedia, Ltd. Liab. Co. v. Burbank High Sch. Vocal Music*

*Ass'n,* 953 F.3d 638, 653 (9th Cir. 2020)……………………………………..16

**STATUTES**

17 U.S.C. § 505………………………………………………………………..*passim*

28 U.S.C. §§ 2201…………………………………………………………………15

**RULES**

C.D. Cal. R. 54-1………………………………………………………………11

C.D. Cal. R. 56-3………………………………………………………………11

Fed. R. Civ. P. 56(e)………………………………………………………10, 11

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff filed the present lawsuit under the Copyright Act falsely claiming that it had a joint copyright ownership in Defendants' computer servers and that Plaintiff was therefore entitled to 50% of the profits in the revenue earned from these servers.

The Court granted Defendants' motion for summary judgment (the "MSJ"), after Plaintiff did not file an opposition to the MSJ and instead stipulated that the court should grant judgement in Defendants favor.  In doing so, Plaintiff impliedly conceded that its case was without any factual basis.

As the prevailing party, Defendants are entitled to recover their attorneys' fees and costs pursuant to the Copyright Act because (i) Defendants achieved a complete victory in their defense against Plaintiff's claims, (ii) Plaintiff asserted an objectively unreasonable if not frivolous claim, (iii) Plaintiff's conduct before and during the litigation shows Plaintiff's improper motivations in pursuing its claims, (iv) an award of attorneys' fees is necessary to advance considerations of compensation (i.e., to ensure that other defendants are not discouraged from protecting their legitimate rights) and deterrence (i.e., to discourage other plaintiffs from asserting similarly unmeritorious claims), **and** (v) these factors also further the purposes of the Copyright Act.

The fees that Defendants seek are manifestly reasonable considering the prevailing market rates for attorneys with a similar level of experience and expertise and the time necessarily spent in the defense of Plaintiff's claims. Defendants therefore, respectfully request that the Court award their reasonable attorneys' fees and costs in the total amount of $222,183.42, in addition to the $10,395.00 in fees they incurred in connection with this motion.

## II.    RELEVANT PROCEDURAL HISTORY

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

On July 7, 2023, Plaintiff That One Video Entertainment ("TOVE") filed its First Amended Complaint ("FAC") asserting three causes of action against Defendants KOIL CONTENT CREATION PTY LTD., dba NOPIXEL and MITCHELL CLOUT (collectively "Defendants"). The three causes of action are: (1) Declaratory Relief; (2) Breach of Contract; and (3) Accounting.

Specifically, Plaintiff sought a declaration concerning the parties' respective rights in and to certain *copyrighted material* provided to Defendants. It was based on alleged "creative contributions" made by its alleged employee (Daniel Tracey).

Plaintiff expressly made these claims "**pursuant to the <u>Copyright Act</u>**" (FAC at Paragraph 23). It also sought a determination of the parties' respective rights ***<u>in and to any and all copyrights</u>*** (*FAC* at Paragraph 22) and ***<u>joint ownership interest</u>*** *in and to any and all copyrights* (FAC at Paragraph 23).

On September 10, 2024, Plaintiff moved for summary judgment on its FAC. That motion was ***denied***. On October 21, 2024, NoPixel and Clout (collectively, the "Defendants") moved for summary judgment. Plaintiff did ***not*** oppose the motion, which was subsequently ***granted*** by this court.

## III.    <u>RELEVANT UNDISPUTED FACTS</u>

As Defendants' motion for summary judgment was unopposed, the following are the *undisputed* facts relevant to the current motion. *All factual references*

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

*contained herein are included in Defendants' Separate Statement of Facts, supported by documents and declarations, in Defendants' <u>unopposed</u> Motion for Summary Judgment.*

In 2016, Defendants created and began operating the "NoPixel Servers," which allows players of the video game "Grand Theft Auto V" to create and play new and unique scenarios that are not part of the base Grand Theft Auto game. In April 2020, Daniel Tracey acquired an account as a player on the NoPixel server. When he signed up, he was required to agree to the NoPixel terms of service ("**Terms**"). *Tracey did, in fact, sign up and agree to be bound by those Terms.* Defendants produced evidence of <u>*Tracey's acceptance of these terms*</u>.

The Terms ***expressly*** stated that (1) a content provider, such as Tracey, granted Defendants a "non-exclusive, permanent, irrevocable, unlimited license to use, publish, or re-publish" the "Content"; (2) the content provider would retain copyright ownership over the Content; and (3) "Content" is defined as "All content you submit, upload, or otherwise make available to the Service." Tracey did ***not*** deny that he agreed to these Terms, which applied to all copyrightable material provided by the members on the server. Tracey further acknowledged this in his deposition, affirming that he owned the copyright to the work he created prior to working for Plaintiff, while Plaintiff owned the copyright to his contributions created thereafter.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

Despite this Plaintiff has argued that the copyrighted material was a "joint work" or "jointly owned," presumably to get this matter before this court (see below: if there was no dispute over copyright ownership this matter would not be in Federal Court). Yet, the undisputed facts demonstrate there was no "joint ownership" and no intent to create a joint work (the Terms clearly state the content is owned by Tracey and licensed to Defendants). Further, Plaintiff never proffered any evidence that Defendants intended for this to be a "joint work" or jointly owned. In fact, the Terms indicate the contrary (Defendants were not asserting any ownership over it). In any case, Tracey's contribution to the overall code was less than one percent of the total code contained on the servers as Tracey was only one of *dozens* of contributors.

Additionally, Plaintiff failed to produce any evidence that it even owns Tracey's copyrightable contributions. Plaintiff failed to produce evidence that, as Plaintiff alleged, it entered into an agreement with Defendants to "loan out" the services of Tracey to Defendants (as a precursor to its ownership). Plaintiff did produce an "employment agreement" with Tracey, which unequivocally failed to mention anything about lending his services to third parties. Plus, Plaintiff admitted it **never** spoke to Defendants about Tracey, Tracey's employment, Tracey's contributions, joint ownership or any agreement at all.

In fact, at the time of the alleged employment with Plaintiff, *Tracey had been working for Defendants as a developer for over a year*. All invoices for Tracey's

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

work were paid to Tracey personally, without any reference to Plaintiff. Additionally, in preparing an H-1B visa application that would enable Plaintiff to hire Tracey (so Tracey could remain in the United States), Plaintiff's principal (Jacques Khalil) stated, under penalty of perjury, that he was hiring Tracey to work full-time as *Plaintiff's* developer and lead designer. Nowhere did it mention Tracey would be spending all or any part of his workdays working for Defendants. And Tracey kept 100% of the money he was paid by Defendants. Despite this, Plaintiff claims Defendants agreed to make Tracey a "50% partner" despite the **<u>undisputed</u>** evidence to the contrary that Tracey was entitled to some revenue from only 4 of the over 170 servers.

In sum, Plaintiff asserted numerous claims against Defendants without providing any supporting facts or evidence, including in opposition to Defendants' motion for summary judgment. Plaintiff presented no evidence of copyright ownership, joint authorship, or any relevant agreements with Defendants. Consequently, Plaintiff has effectively conceded that its claims are frivolous, lack merit, and were brought for an improper purpose.

## IV.    <u>POINTS & AUTHORITIES</u>

### (a) The Facts of This Case are Undisputed

Section 56(e) Federal Rule of Civil Procedure states, in pertinent part, if a party fails to properly address another party's assertion of fact, the court may

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

consider the fact undisputed. Fed. R. Civ. P. 56(e). The Court may also assume that material facts claimed and supported by a moving party (in an MSJ) are admitted to exist without controversy unless controverted by declaration or other evidence. C.D. Cal. R. 56-3.

In the present case, Plaintiff has presented **no** evidence to controvert the now-undisputed facts that: (1) Tracey granted Defendants a license to incorporate his code into the NoPixel server; (2) there was no agreement to "loan out" Tracey's services to Defendants; **and** (3) the code is not a joint work, and neither Tracey nor Plaintiff qualifies as a joint author thereof.

**(b) Defendants are the "Prevailing Parties"**

Pursuant to Local Rule 54-1 a "prevailing party" is "the party in whose favor a judgment is rendered. . ." C.D. Cal. R. 54-1. Summary judgment is a judgment that favors the party in whose favor the judgment was granted thereby establishing them as the prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (A prevailing party is one who has been awarded some relief by the court, which includes winning a motion for summary judgment).

Defendants prevailed on their unopposed motion for summary judgment and are, therefore, the prevailing party in this action.

**(c) As Prevailing Party, Defendants are entitled to Attorneys' Fees**

The United States Copyright Act provides for the recovery of attorney's fees in favor of a prevailing party. 17 U.S.C. § 505. The fee award may be made "as part

of the costs" and applies to "any party other than the United States or an officer thereof." *Ibid*. Attorney's fees may be awarded pursuant to the court's discretion, in "any civil action" under Title 17. *Ibid*.

A "civil action" under Title 17 is *not* limited to claims of copyright infringement. In fact, a claim for Declaratory Relief premised on the need to construe the provisions of the Copyright Act allows the court to grant attorney fees to the prevailing party. *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 363 (9th Cir. 2020) (*citing* Nimmer on Copyright, Section 14.10, Attorney Fees).

In *Doc's Dream*, the federal district court granted summary judgment in favor of defendant on plaintiff's complaint seeking a declaration that defendant abandoned his works to the public domain. *Id* at 358. The defendant moved for attorney's fees under the Copyright Act on the grounds that U.S. Code Title 17, §505 allows the court to award a reasonable attorney's fee to the prevailing party in "any civil action under this title." *Ibid*. The district court denied the motion, holding that attorney's fees were not available because the determination of copyright abandonment did not require "construction" of the Copyright Act. *Id* at 359.

However, on appeal, the appellate court held that, ***even when asserted as a claim for <u>declaratory relief</u>***, any action that turns on the existence of a valid copyright and whether that copyright has been infringed invokes the Copyright Act, and thus attorney's fees may be available under §505. *Ibid* (emphasis added). Of note, the defendant in *Doc's Dreams* argued it was eligible for attorney's fees where,

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

*similar to the present case*, the plaintiff's claim for declaratory relief was (1) unreasonable given its slim chance of success, (2) brought in bad faith, and (3) worthy of deterrence as a meritless claim that forced defendant to incur defensive legal costs. *Id* at 359 (citing *Kirtsaeng v. John Wiley & Sons, Inc.* 136 S. Ct. 1979, 1985 (2016)).

The *Doc's Dream* case noted that defendants' appeal raised an issue of first impression in the Ninth Circuit: *whether Doc's Dream's underlying action seeking declaratory relief sufficiently invoked the Copyright Act as to allow for an award of attorney's fees under* §505. *Ibid* (emphasis added). The Appeals Court then reaffirmed that, in any civil action under title 17, the court in its discretion may allow the recovery of full costs against any party…[and] may also award a reasonable attorney's fees to the prevailing party. *Ibid*.

The Appeals Court found it was not necessary for a declaratory relief action to require "construction" of the Copyright Act. *Ibid*. It also did not matter whether the claim was based on "equity". *Ibid*. It found that "construction" of the Copyright Act was not so limited. *Id* at 361. It then referred to an example of a case where one party sued another seeking a declaration regarding copyright (e.g., whether defendant performed services on a for-hire basis, whether one party owned the copyright…***or as an equal co-owner)***. *Ibid* (emphasis added).

The Court found that, in that example, jurisdiction in federal court arises under the Declaratory Relief Act *as well as being premised on the need to construe the*

*provisions of the Copyright Act: So, the Copyright Act allows courts, in their discretion, to grant attorney's fees to the prevailing party under those circumstances*. *Ibid* (emphasis added). And the same consideration controls any time the action at hand requires construction of the Copyright Act, such as a claim for a declaration the work falls outside the scope of copyright protection, or the rights accorded to the copyright owner. *Ibid*.

Lastly, the *Doc's Dream* court held that, while a contract dispute over royalties due under an *accepted copyright* (not a dispute over copyright ownership) may be beyond the scope of federal law, where the scope of the copyrights is at issue, i.e., *where the parties dispute copyright ownership or usage,* allows for the discretionary award of attorney's fees. *Doc's Dream* at 361 – 362 (emphasis added). In that case, <u>*as here*</u>, the <u>*complaint specifically invoked the Copyright Act*</u>: "[A]n action arises under the federal copyright laws *if...the <u>complaint</u> is for a remedy expressly granted by the Act...or asserts a claim requiring construction of the Act*." Id at 362 (citing *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 584 (9th Cir. 1993)).

In the present case, *Plaintiff's complaint specifically invokes the Copyright Act and seeks a declaration concerning joint ownership rights*. Plaintiff alleged:

(1) "An actual controversy has arisen and now exists between TOVE and Defendants **regarding the parties' respective rights in and to any and all copyrights** derived from Mr. Tracey's creative contributions to the NoPixel Server." *FAC* at P. 22.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

(2)  TOVE seeks the Court's determination as to *whether TOVE is entitled to assert a **joint ownership interest in and to any and all copyrights** derived from Mr. Tracey's creative contributions to the NoPixel Server, **pursuant to the Copyright Act**. Id* at P. 23.

(3)  An actual and justifiable controversy has arisen and now exists between TOVE and Defendants ***regarding TOVE's claim to joint ownership of any and all copyrights*** derived from Mr. Tracey's creative contributions to the NoPixel Server, and a declaration from this Court is therefore warranted under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., to establish such parties' respective rights and obligations." *Id* at P. 24.

Regarding this last claim, it is important to note that the *Doc's Dream* case specifically held that, asserting the case was not brought under the Copyright Act but rather one that was brought under the Declaratory Judgment Act ('DJA')", fails as it is based on a misunderstanding of the scope of the DJA and the interplay required between it and federal questions of law. *Doc's Dream* at 363. It held: The DJA and Copyright Act work in tandem. *Ibid*. And, in certain circumstances, "jurisdiction in federal court arises under the Declaratory Relief Act as well as being premised on the need to construe the provisions of the Copyright Act." (*Id*, citing Nimmer §14.10[B][1][b]) ("[T]he kinds of issues which give right of entrance to federal courts...was not altered by the Declaratory Judgment Act."). The court noted *it is*

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

"unclear how, absent the Copyright Act, Doc's Dream would have asserted federal court jurisdiction." *Id* at 363 (emphasis added). **This is precisely what occurred in the present case**.

## V. <u>COURT DISCRETION TO AWARD FEES</u>

Defendant is entitled to its costs and reasonable attorney fees. As noted above, Section 505 of the Copyright Act authorizes the recovery of full costs, and the award of reasonable attorney's fees to the prevailing party as part of the costs. "A court may not treat prevailing plaintiffs and prevailing defendants differently [in a copyright case]." *Kirtsaeng v. John Wiley & Sons*, 579 U.S. 197, 202 (2016); *see also Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994). Costs and fees are awarded in the discretion of the court, not as a matter of course (*Kirtsaeng* at 4) nor in the court's "unconstrained discretion," (*Kirtsaeng* at 6), but rather in discretion informed by several nonexclusive factors (discussed below). *Fogerty* at 517-18.

In deciding whether to award attorneys' fees, courts conduct a case-by-case analysis and consider, but are not limited to, the following five factors: (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence. *Tresóna Multimedia, Ltd. Liab. Co. v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) (*citing*

Wall Data Inc. v. L.A. County Sheriff's Dep't, 447 F.3d 769, 787 (9th Cir. 2006)); *see also* Fogerty, 510 U.S. at 534 n.19.

### 1. **The Degree of Success Obtained**.

In this case, Defendants achieved complete success on the merits. The first factor "weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." *DuckHole Inc. v. NBCUniversal Media LLC*, No. CV-12-10077-BRO, 2013 WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013) (citing *Fogerty*, 510 U.S. at 556). Here, Defendants prevailed on *all* of Plaintiff's claims on a motion for summary judgment, which constitutes complete success on the merits. *Lawrence v. Sony Pictures Ent. Inc.*, No. CV-04737-SVW, 2011 WL 13217267, at *1 (C.D. Cal. Nov. 5, 2011) (Wilson, S. presiding); aff'd 534 Fed. App'x. 651 (9th Cir. 2013) (the "[d]efendants achieved complete success on the merits" where the court granted the defendants motion for summary judgment by "dismissing [p]laintiff's three copyright claims on the merits"); *Gilbert v. New Line Prods., Inc*. et al., No. CV 09-02231-RGK, 2010 WL 5790688 (C.D. Cal. Dec. 6, 2010) (same).

### 2. **Frivolousness and Objective Unreasonableness**.

"Objective unreasonableness" is used to describe claims that have no legal or factual support. *Glass v. Sue*, No. CV 09-8570-RGK SHX, 2011 WL 561028, at *4 (C.D. Cal. Feb. 8, 2011) (citing *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007)). Further, a claim that is not objectively unreasonable at the outset

can become so if the litigant continues to pursue it after the litigant knew or should have known that his or her claims had no legal or factual support. *Erickson Prods. Inc. v. Kast*, No. 5:13-CV05472-HRL, 2016 WL 3951659, at *2 (N.D. Cal. July 22, 2016). When a district court rules on the merits of a copyright claim, as in this case, it "can easily assess whether the losing party advanced an unreasonable claim or defense." *Kirtsaeng*, 579 U.S. at 206. Similarly, a claim is considered frivolous "when the 'result is obvious, or the arguments are wholly without merit.'" *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11- 07098-AB SHX, 2015 WL 1746484 (*citing* Glass, 2011 WL 561028, at *3), aff'd, 847 F.3d 657 (9th Cir. 2017).

In this case, Plaintiff's claims at all times were frivolous and unreasonable. Not only were they never supported by evidence, but Plaintiff also *admitted* the claims lacked merit by, among other things, ***not*** even opposing the evidence presented by Defendants. Thus, e.g., while Plaintiff claimed there was a dispute regarding the parties' respective rights in and to any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, after two years of litigation, Tracey admitted either he or Plaintiff solely owned the content, and he did not deny that he signed the Terms expressly licensing it to Defendants. *Plaintiff knew these facts prior to filing the lawsuit*.

Further, when Plaintiff filed its FAC seeking the "Court's determination as to *whether TOVE is entitled to assert a **joint ownership interest in and to any and all***

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

*copyrights* derived from Mr. Tracey's creative contributions" it knew there was no joint interest in the copyrights. It knew it never had an agreement to loan Tracey out to Defendants and it knew that Tracey licensed the content to Defendants. Plaintiff admitted this by not opposing the undisputed facts.

Despite this, to avoid imposition of an attorney fee award under Section §505 of the Copyright Act, Plaintiff claims it was not seeking relief under that Act, despite (a) expressly stating in its FAC that its claims were "***pursuant to the Copyright Act***"; and (b) seeking a determination concerning its rights under the copyright joint authorship and ownership doctrines. Here, Plaintiff cited the Declaratory Judgment Act in support of the requested relief, but as demonstrated above, that does not remove this controversy from consideration of the Copyright Act.

### 3. **Improper Motivation**.

Plaintiff's litigation conduct demonstrates that *Plaintiff threatened and filed this lawsuit to coerce a settlement from Defendants*. Such misconduct demonstrates improper motivation and militates in favor of an award of fees. A finding of bad faith may be based on a plaintiff's conduct that "suggests an intent to force Defendant to expend significant resources on litigation in order to coerce a settlement." *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661 (9th Cir. 2018). Bad faith, while not necessary to an award of fees, can be based on a plaintiff's actions both in bringing the lawsuit and during the course of the litigation. *Marcus*, 2017 WL 5592470, at *4.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

In this case, Plaintiff's improper motivation has been clear from the outset. For example, on January 9, 2023, Plaintiff's counsel made the initial demand *on behalf of Tracey* (not Plaintiff), to "cease and desist" from making allegedly defamatory statements about *Tracey*. (KC Decl., ¶ 43 and Exh. 1.) There was absolutely no claim of copyright infringement. In fact, the demand was to "immediately remove" the allegedly defamatory statements and to "retract" them.

Not content with Defendants' response, *however*, on February 6, 2023 Plaintiff's counsel wrote again, this time on behalf of both Tracey and Plaintiff, now "with respect to any claims it may have against NoPixel for **copyright infringement**." (KC Decl., ¶ 3 and Exh. 3.) Yet *it was clear that pursuing damages for alleged copyright claims was not Plaintiff's motivation*. Instead, Plaintiff's counsel threatened it "intends to bring any such viable [copyright] claims against NoPixel *if Mr. Tracey's reasonable demands brought by way of our initial January 9, 2023 correspondence are not met*." In other words, *Plaintiff threatened to sue for copyright infringement to compel Defendants to retract an allegedly defamatory statement*. This "suggests an intent to force Defendant to expend significant resources on litigation in order to coerce a settlement." *See Shame on You*, supra.

When Defendants again declined, Plaintiff made good on its threat to sue. Only neither Plaintiff nor Tracey sued for alleged defamation. Instead, Plaintiff creatively styled its complaint as an action for "declaratory relief", instead of

copyright infringement, because Plaintiff was aware it had no copyright registration. It manufactured a claim that it had an agreement with Defendants to "loan out" the services of Tracey to create copyrighted material that would be jointly owned between Plaintiff and Defendant.

Plaintiff then refused to dismiss the claim for two years until Defendants presented the instant motion for summary judgment and, when presented with the opportunity to create an issue of fact or provide any evidence it had a contract with Defendants, loaned out Tracey to work for Defendants, created a jointly owned work or that Tracey did not license the subject work to Defendants, Plaintiff admitted that none of their claims had merit by not even filing an opposition. In sum, Plaintiff forced Defendants to call Plaintiff's bluff and incur over $222,183.42 in fees (see below) before finally conceding and admitting it had no claim.

4. **Awarding Attorneys' Fees and Costs Would Deter Meritless Infringement Claims**.

This factor is intended to deter opportunistic plaintiffs from bringing frivolous and unreasonable claims and to ensure that defendants are encouraged to protect their legitimate rights. *Scott v. Meyer*, No. CV 09-6076 ODW(RZX), 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010) ("Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudable ends."); *AF Holdings*

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

*LLC v. Navasca*, No. C12-2396 EMC, 2013 WL 3815677, at *3 (N.D. Cal. July 22, 2013) ("[T]here is a strong argument in favor of awarding fees as a deterrent, both with respect to [plaintiff] and other persons or entities that might contemplate a similar business model that is not intended to protect copyrighted work but instead designed to generate revenues through suits and coerced settlements."). Awarding fees in cases like this is vital because it provides parties with "every incentive to keep fighting" against meritless infringement claims "no matter that attorney's fees in a protracted suit might be as or more costly than a settlement." *Kirtsaeng*, 579 U.S. at 205.

Thus, this factor also supports a fee award in this case, given that (i) circumstances demonstrate Plaintiff had an improper motivation for filing this lawsuit, (ii) Plaintiff has now admitted it had no evidence in support of its claims; ***and*** (iii) Defendants were forced to protect their rights against a meritless claim via summary judgment rather than capitulate to inappropriate settlement pressure and tactics.

In fact, as outlined in Defendant's undisputed Motion for Summary Judgment and Statement of Facts, Plaintiff admitted it never communicated with Defendants nor had any agreement regarding a "joint work," "joint authorship," or "joint ownership." Additionally, there is no factual dispute that Plaintiff's employee, Tracey, signed Terms confirming that he would own the copyright in his

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

contributions while granting Defendants a non-exclusive, perpetual license to use the material. When these undisputed facts were presented, Plaintiff *failed* to oppose them or provide any evidence supporting its claims.

Given that (a) it was undisputed there was no joint authorship or joint ownership, (b) Plaintiff owned the copyright and clearly granted Defendants a license to use it, *and* (c) Plaintiff failed to present or oppose any evidence disputing these facts, it is evident that Plaintiff's complaint and claims are frivolous, unreasonable, and asserted for an improper purpose. Simply, this matter should never have been brought before this Court.

In such circumstances, only through an award of attorney fees in favor of Defendants can Plaintiff be deterred and Defendants compensated as a result of having to defend against frivolous and unreasonable claims up to and through the Motion for Summary Judgment stage. This includes, without limitation, having to defend against Plaintiff's Motion for Summary Judgment, which was immediately denied by this Court. In fact, had Plaintiff's claims and allegations had any merit, Plaintiff would have opposed Defendant's Motion for Summary Judgment, instead of finally rolling over after nearly two years of litigation and tacitly admitting its claims were frivolous, meritless and objectively unreasonable.

This is precisely the type of conduct that this Court should deter; and Defendants should be compensated as a result of having to pursue a meritorious

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

defense to a patently meritless copyright claim. In that regard, the U.S. Supreme Court in both *Fogerty* and *Kirtsaeng* endorsed and approved the use of fee awards to incentivize a party, whether a defendant or plaintiff, to keep fighting against an unreasonable opposing party, noting that the "successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim." *Fogerty*, 510 U.S. at 527. The *Kirtsaeng* case is even more enlightening: When a litigant, whether plaintiff or defendant, ***is clearly correct***, the likelihood that he will recover fees from the opposing (i.e. unreasonable) party gives him an incentive to litigate the case all the way to the end. *Kirtsaeng* 579 U.S. at 7 (emphasis added).

As discussed above, Plaintiff has no reasonable claim against Defendants, and it never should have brought suit against them in the first instance. But now, having done so, Plaintiff should be charged for the full amount of cost and expense it has forced Defendants to bear. Defendants should be fully compensated to deter Plaintiff from pursuing similar overaggressive and frivolous claims. This is especially true given that Plaintiff was informed of these facts at every stage of this dispute and throughout the litigation, with these points repeatedly clarified to Plaintiff. Failing to award fees to the prevailing defendant here will only encourage the filing of even more frivolous cases by Plaintiff if Plaintiff risks no downside by filing them. In any case, the requested award is the only way to compensate Defendants for having to

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

defend against patently frivolous claims (thereby removing the need to file a Malicious Prosecution action).

## VI.    **DEFENDANTS' ATTORNEYS' FEES AND COSTS ARE REASONABLE**

### A. **Defendants' Attorneys' Rates Are Reasonable**

District courts use the lodestar method to calculate an award for attorneys' fees. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). This method takes the number of hours reasonably expended on the litigation and multiplies it by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). The prevailing market rate in the community is indicative of an attorney's reasonable hourly rate. *Blum v. Stevenson*, 465 U.S. 886, 895-96 n.11 (1984) (the requested rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

"There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" *Morales*, 96 F.3d at 363 n.8 (citing *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) and *Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992)).

Finally, although a prevailing party must provide evidence to support the hours spent on litigating meritless claims, "[t]he party opposing the fee application

has a burden of rebuttal that requires submission of evidence to the district court

challenging the accuracy and reasonableness of the hours charged or the facts

asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*,

987 F.2d 1392, 1397-98 (9th Cir. 1992). The fee applicant's records need not be

extraordinarily detailed but should identify the general subject matter of the claimed

time expenditures. See *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12.

Defendants' counsel consistently staffed this matter with the original team

since day one of pre-litigation, maintaining continuity and efficiency throughout the

litigation. The legal team at all times comprised of partner, Keith Cooper and

associate Katayoon Iravani, with Larry Zerner as the lead litigator. (KC Decl., ¶ 8.)

This small but dedicated team handled all aspects of the defense from start to finish,

ensuring cost-effective management despite the demands and complexity of the case.

Mr. Cooper has 30 years of experience in intellectual property and litigation,

having previously served as a partner at Morrison Cooper LLP and Morrison

Rothman LLP, and currently as a partner at Cooper & Iravani, LLP. Mr. Cooper is

admitted to practice in California. Mr. Cooper has been involved in this matter since

its inception in January 2023, initially overseeing pre-litigation efforts and later

working alongside Mr. Zerner and Ms. Iravani when the case phased into litigation.

Mr. Cooper's average billing rate for this matter was $525 per hour, and he did not

bill for many of his contributions, underscoring the firm's commitment to efficient

case management.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants' lead counsel, Mr. Zerner, is a seasoned attorney with 33 years of experience in entertainment and intellectual property litigation, admitted to practice in California. He serves as Of Counsel to Cooper & Iravani, LLP, and formerly with the firms Morrison Cooper LLP and Morrison Rothman LLP. His expertise and experience have been invaluable to the defense of this matter, as he provided strategic oversight on all litigation phases. Mr. Zerner applied his standard billing rate of $525 per hour.

Katayoon Iravani, currently a third-year associate and a 2019 graduate of Loyola Law School, was previously with Morrison Cooper LLP (and Morrison Rothman LLP), and is now with Cooper & Iravani, LLP. Ms. Iravani has managed this matter from the initial response in pre-litigation discussions with Plaintiff's counsel through all stages of litigation, including this fee motion. Billing at an average rate of $425 per hour, Ms. Iravani has been actively involved and integral in defending against Plaintiff's claims, preparing motions, handling discovery, and correspondence throughout the case.

B. **Counsel for Defendant Spent Reasonable Amount Of Time Litigating The Merits Of Plaintiff's Action, Considering How Much Work Was Involved**.

There is no question that Defendants' counsel expended a significant amount of time defending against Plaintiff's claims from January 2023 (when Plaintiff first asserted its claims) through October 24, 2024 (when the Court granted and entered

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

the MSJ). Over the duration of this period, Defendants' counsel billed the following aggregate hours:

| Attorney/Staff | Hours |
|---|---|
| Larry Zerner (Lead Litigator) | 156.9 |
| Keith L. Cooper (Partner) | 64.7 |
| Katayoon Iravani (Associate) | 123.6 |
| Kylie Sanders (Paralegal) | 16.7 |
| Ryan O'Connor (Paralegal) | 0.7 |
| Conor McClelland (Paralegal) | 0.5 |
| Wileen Leu (Senior Counsel) | 0.3 |
| Sean Ulrich (Senior Counsel) | 0.4 |
| **Total Hours** | **363.8** |

Based on the foregoing, Defendants respectfully request that the Court award Defendants the sum of $222,183.42 on account of their attorneys' fees incurred through October 31, 2024, after the Court granted Defendants' MSJ.

## C. **Defendants Requests An Award of Allowable Costs**

Defendants also seek $43,917.24 in allowable costs incurred in this litigation. The Court has the discretion to award litigation costs to Defendant pursuant to 17 U.S.C. §505. These costs, which include deposition reporting and transcripts, parking, PACER charges, FedEx charges associated with service of court filings, expert witness retention and supplemental costs, and FedEx charges associated with subpoenas also are reasonable and appropriate. (KC Decl., ¶ 19 and Exh. 5.)

D. **Defendants are Also Entitled To Recover Fees And Costs Incurred In Connection With This Motion**

"'[T]ime spent in establishing the entitlement to and amount of the fee is compensable.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (citing *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985)). Defendants incurred approximately $10,395.00 in additional fees in connection with attempting to negotiate a settlement with Plaintiff to avoid this motion, as well as researching, drafting and revising this fee motion, the supporting declarations and supporting exhibits. (KC Decl. ¶ 20.)

VII.    **CONCLUSION**

For all the reasons set forth above, Defendant respectfully requests that the Court award Defendants their reasonable attorneys' fees and costs in the amount of **$222,183.42**, plus **$10,395.00** in fees they incurred in connection with this motion, as well as any additional fees incurred in connection with any supplemental briefing or hearing relating to this fee motion.


Dated: November 7, 2024          Respectfully submitted,

                                **ZERNER LAW**

                                By: /s/Larry Zerner
                                    Larry Zerner
                                    Attorneys for Defendants Koil Content
                                    Creation Pty. Ltd. *and* Mitchell Clout

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS