Larry Zerner (SBN 155473)
Law Office of Larry Zerner
1801 Century Park East
Suite 2400
Los Angeles, California 90067
Telephone: (310) 773-3623
Email: larry@zernerlaw.com

Attorney for Defendants Mitchell Clout
And Koil Content Creation Pty Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>                Plaintiff,<br><br>  v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive,<br><br>                Defendants. | Case No. 2:23-CV-02687 SVW (JCx)<br><br>Hon. Stephen V. Wilson<br><br>DECLARATION OF LARRY ZERNER IN SUPPORT OF DEFENDANTS MOTION FOR ATTORNEY'S FEES; EXHIBIT<br><br>[Filed or lodged concurrently herewith: (1) Notice of Motion and Motion; (2) [Proposed] Order; and (3) Keith L. Cooper Declaration.]<br><br>Date: December 9, 2024<br>Time: 1:30pm<br>Place: Courtroom 10A<br><br>Action Filed: April 10, 2023<br>Trial Date: Not Set |

- 1 –
DECLARATION OF LARRY ZERNER IN SUPPORT OF DEFENDANTS
MOTION FOR ATTORNEY'S FEES

**DECLARATION OF LARRY ZERNER**

I, Larry Zerner, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner at the partner of Zerner Law, attorney for Defendants Koil Content Creation Pty. Ltd. *and* Mitchell Clout (collectively, the "Defendants"). I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify to them.

2. I am submitting this declaration in support of Defendants Motion for Attorney's Fees (the "Fee Motion").

**Litigation History**

3. On April 10, 2023 Plaintiff filed a Complaint in the United States District Court for the Central District of California. This time, Plaintiff represented only TOVE and asserted three causes of action.

4. Prior to filing any response to Plaintiff's Complaint, Defendants' counsel met and conferred with Plaintiff's counsel regarding the substance of its intended motion to dismiss the action. Plaintiff (through counsel) continued to insist that its claims were meritorious and declined to dismiss the action.

5. On June 14, 2023, Defendants filed a motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, pointing out deficiencies in the filing and arguing that no actual controversy existed for Plaintiff to seek declaratory relief, that there were insufficient grounds to establish federal court jurisdiction, and that no personal claim could be maintained against Mitchell Clout individually.

6. Although Plaintiff's counsel filed an Opposition to Defendants' motion to dismiss on June 26, 2023, correcting the deficiencies made in its initial Complaint, this led Defendants to submit a Reply in support of their motion on July 3, 2023. However, on July 7, 2023, Plaintiff's counsel proceeded to file a First

Amended Complaint, without leave from the Court, aiming to address the deficiencies highlighted in Defendants' motion to dismiss. Consequently, on July 12, 2023, the Court acknowledged the filing of the First Amended Complaint and declared Defendants' original Motion to Dismiss moot. (See ECF Nos. 16, 17, 18, and 19.)

7. Following the filing of the First Amended Complaint ("FAC"), Defendants submitted a renewed motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on July 21, 2023. In this motion, Defendants again argued that no actual controversy existed to support Plaintiff's request for declaratory relief, that federal court jurisdiction was insufficiently established, and that no personal claim could proceed against Mitchell Clout individually. (ECF No. 20.)

8. Although the motion was fully briefed by September 2023, the district court did not act on the motion until February 14, 2024, when the court denied Defendants' motion to dismiss the FAC and ordered Defendants to answer Plaintiff's FAC within 10 days. (ECF No. 26.)

9. Defendants' Answer was filed with the court on February 26, 2024. (ECF No. 27.)

10. After filing the Answer, the parties proceeded with the necessary preparations for the Rule 26(f) conference. This involved organizing key case materials, identifying potential discovery needs, and establishing a preliminary framework for case management, as required under the Federal Rules of Civil Procedure.

11. Following the completion of the Rule 26(f) conference, we prepared Defendants' Initial Disclosures and drafted written discovery requests, including Interrogatories, Requests for Production, and Requests for Admission, to serve on Plaintiff. Once Plaintiff eventually provided its own Initial Disclosures, Mr. Cooper,

3

Ms. Iravani, and I carefully reviewed those materials in detail and prepared accordingly.

12. After Plaintiff served its discovery requests on April 8, 2024—comprising Interrogatories, Requests for Production, and Requests for Admission, and seeking proprietary and confidential information from Defendants, such as the code for the servers—the parties, through their counsel, filed a Joint Application for Protective Order for Discovery on April 15, 2024. The Protective Order was subsequently issued on April 22, 2024. (ECF Nos. 33 and 35.)

13. At that time, Plaintiff had *not* yet retained an expert witness, let alone designated its witnesses, and with the trial date and discovery cut-off approaching, Plaintiff requested Defendants' agreement to a 60-day continuance. Defendants agreed, and the parties filed a Stipulation to Continue with the court on April 17, 2024. However, the court *denied* this stipulated request on April 23, 2024. (ECF Nos. 34 and 37.)

14. Following the denial, Plaintiff filed an Ex Parte Application to Continue the trial date on April 24, 2024, which the court granted, providing a 60-day extension and rescheduling the trial for September 17, 2024. (ECF No. 39.)

15. In this time, Defendants retained Garry Kitchen as an expert to rebut the findings of Plaintiff's expert, Mr. Francis, which was provided on June 17, 2024. Mr. Kitchen's rebuttal report was submitted to Plaintiff's counsel on July 17, 2024. In response, Plaintiff's counsel submitted an "addendum" from Mr. Francis on July 24, 2024, which prompted Mr. Kitchen to provide a supplemental report addressing the addendum's contents on July 30, 2024. The total cost for Mr. Kitchen's expert services amounted to $36,475.00.

16. After extensive back-and-forth between the parties regarding unresolved discovery issues, a Joint Stipulation for Discovery was filed, leading to *multiple* Motions to Compel (ECF Nos. 40, 42, and 43). On July 25, 2024, Magistrate Judge

4

Jacqueline Chooljian issued an order granting in part and denying in part the Motions to Compel, vacating the hearing initially set for July 30, 2024, and taking the motions off calendar for a decision. The order required the parties to comply with its directives within fourteen days, unless further modified by court order or written agreement between the parties. (ECF No. 48.)

17. The following day, on July 26, 2024, Judge Stephen V. Wilson also granted Plaintiff's Ex Parte Application for a brief continuance of the trial calendar. The jury trial was rescheduled for November 5, 2024, with a pretrial conference set for October 28, 2024. The court indicated that no further continuances would be entertained. (ECF No. 49.)

18. During this period, the parties also scheduled and took depositions of the following individuals: (i) William Francis (Plaintiff's expert witness), (ii) Jacque Khalil (Plaintiff's CEO and Person Most Knowledgeable), (iii) Daniel Tracey, and (iv) Mitchell Clout (designated as the Person Most Knowledgeable for Koil Content Creation Pty. Ltd). Preparing for these depositions required significant time and effort from both parties, as each witness held critical information that could impact the case's outcome.

19. Our team conducted extensive document reviews, identified key issues related to the discovery answers, including each witness's role, and crafted targeted questions to either support or challenge the opposing party's position. To manage costs effectively, Ms. Iravani and Mr. Cooper took on the bulk of the preparatory work, leaving me to focus on essential tasks, helping keep my time and associated billable hours minimized.

20. In preparing for these complex proceedings, including extensive depositions, our team dedicated significant time to reviewing documents, developing discovery responses, and crafting targeted questions—work that ultimately required careful management to control costs. Despite Plaintiff's decision

*not* to depose Defendants' expert, Garry Kitchen, the discovery phase remained labor-intensive, with both parties filing numerous motions and countermotions.

21. Key filings included Plaintiff's Motion to Quash or, alternatively, for a Protective Order on August 8, 2024 (ECF No. 50) regarding Plaintiff's immigration matter, and a Motion for Summary Adjudication on August 12, 2024 (ECF No. 51), *both* of which demanded substantial response efforts.

22. Defendants opposed the Summary Adjudication on August 19 (ECF Nos. 52, 53) and engaged in further exchanges throughout late August, including filing objections (ECF Nos. 55, 56, 57, 58).

23. This extensive back-and-forth culminated in Magistrate Judge Chooljian's order on August 30, 2024, directing the parties to meet further on the Motion to Quash and extending the hearing to September 24, 2024 (ECF No. 59).

24. After additional filings and discussions, Judge Wilson ultimately **denied** Plaintiff's Motion for Summary Adjudication on September 9, 2024 (ECF No. 61), with Plaintiff notably choosing *not* to oppose Defendants' own Motion for Summary Adjudication.

25. Plaintiff subsequently *withdrew* their Motion to Quash on September 16, 2024 (ECF No. 65).

26. Defendants then filed their Motion for Summary Judgment on September 23, 2024 (ECF No. 66), which was **granted** on October 24, 2024 (ECF No. 73), securing a favorable resolution for Defendants.

27. Given the substantial time and resources expended throughout these proceedings, and the remedies afforded under law, Defendants are now pursuing this motion for attorneys' fees.

### Fee Motion in Compliance with Local Rule 7-3

28. On October 30, 2024, following this Court's orders *denying* Plaintiff's Motion for Summary Adjudication and *granting* Defendants' Motion for Summary

Judgment, I had a telephone conversation with John Begakis, Plaintiff's counsel of record. We discussed Defendants' intent to file this Fee Motion to recover its attorneys' fees and costs incurred in defending against Plaintiff's lawsuit. In this exchange, Mr. Begakis and I briefly discussed the grounds for the motion based on the applicable standards, and Mr. Begakis shared his reasons for disagreeing with our overall assessment.

### The Reasonableness of the Hourly Rates Charged

29. I am an experienced attorney with 33 years in entertainment and intellectual property litigation, admitted to practice law in California. Currently, I serve as Of Counsel to Cooper & Iravani, LLP, with prior Of Counsel positions at Morrison Cooper LLP and Morrison Rothman LLP. My extensive expertise has contributed significantly to Defendants' defense strategy, including the strategic oversight throughout all litigation phases. My standard billing rate is $525 per hour. As Of Counsel at Morrison Cooper LLP and Morrison Rothman LLP, I would submit invoices from my law practice, which, as I understood it, the firm administrators and paralegals would incorporate into the firm's invoices, issued on their letterhead and under their names. For the avoidance of doubt, the descriptions for the billing entries would reflect my name and time.

30. Prior to drafting this declaration, I researched the hourly rates charged by partners and litigators with comparable experience and expertise at similar law firms in the Los Angeles area. I also reviewed recent fee declarations filed in federal cases through PACER, including relevant court decisions from this court, the Central District of California.

31. Based on these standards, and the reasons mentioned above, the hourly rates charged by myself —are reasonable and consistent with prevailing rates for attorneys with comparable experience in the region.

32. Given this market research, I believe in good faith that our team's customary rates for this matter are reasonable and align with the standard billing practices in the Los Angeles legal community for attorneys at similar levels and with comparable expertise.

33. Defendant incurred approximately $10,395.00 in fees related to researching, drafting, and finalizing this Fee Motion and its supporting papers, including the declaration and attached exhibits prepared by myself, Mr. Cooper and Ms. Iravani. To date, Mr. Cooper has expended approximately 12.2 hours, I expended approximately 2.8 hours, and Ms. Iravani expended approximately 16.7 hours in preparing this Fee Motion and supporting documentation. This results in a total request of **$232,578.42** in attorneys' fees and costs for this litigation from inception through the preparation and filing of this Fee Motion.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on November 7, 2024, in Los Angeles, California.

By: /s/Larry Zerner
Larry Zerner