**ALTVIEW LAW GROUP, LLP**
John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Sheena B. Tehrani, Esq. (SBN 326373)
sheena@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff*
THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual; and DOES 1-25, inclusive, <br><br> Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx) <br><br> [Assigned to the Hon. Stephen V. Wilson; Ctrm 10A] <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES; DECLARATION OF JOHN BEGAKIS IN SUPPORT THEREOF** <br><br> [*Objections to Evidence; [Proposed] Order Granting Objections to Evidence Filed Concurrently Herewith*] <br><br> **Hearing:** <br> Judge: Hon. Stephen V. Wilson <br> Date:  December 9, 2024 <br> Time:  1:30 p.m. <br> Place: Courtroom 10A (10th Floor) <br>         350 W. First Street <br>         Los Angeles, California, 90012 <br><br> Action Filed: April 10, 2023 <br> Trial Date: September 17, 2024 |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  RELEVANT PROCEDURAL HISTORY ........................................................ 1

III. ARGUMENT ........................................................................................................ 2

     A.    Defendants' Motion Should Be Denied Because Defendants Are Not Entitled To Attorneys' Fees In Connection With Plaintiff's Declaratory Relief Action ................................................................... 2

     B.    Defendants' Motion Should Be Denied Because The Factors That Determine Whether To Award Attorneys' Fees Weigh In Plaintiff's Favor ............................................................................... 3

          1.    Degree of Success Obtained ........................................................ 3

          2.    Frivolousness and Objective Reasonableness ............................ 4

          3.    Motivation ..................................................................................... 4

          4.    Awarding Attorneys' Fees Would Not Advance Considerations Of Compensation And Deterrence ...................... 5

     C.    If The Court Grants Defendants' Motion, The Court Should Limit The Amount Of Attorneys' Fees Awarded To Defendants .......... 5

V.  CONCLUSION .................................................................................................... 6

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES

# TABLE OF AUTHORITIES

**CASES**

*Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357 (9th Cir. 2020) .................. 2

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ........................................................ 3

*In re Yaikian*, 508 B.R. 175 (Bankr. S.D. Cal. 2014) ................................................ 4

*Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022)
   ................................................................................................................................. 5

*Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484
   (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017)............................... 6

*Stewart v. Wachowski*, No. CV03-2873 MMMVBKX, 2004 WL 5618386 (C.D. Cal.
   Sept. 28, 2004)......................................................................................................... 5

*Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638
   (9th Cir. 2020) .................................................................................................... 3, 5

*Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769 (9th Cir. 2006) .................. 3

**STATUTES**

17 U.S.C. § 505 ............................................................................................................ 3

**RULES**

Federal Rule of Evidence 408 ..................................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff") hereby submits this Opposition to the Motion for Attorney's Fees (the "Motion") filed by Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL, and MITCHELL CLOUT, an individual (collectively, "Defendants").

## I.  INTRODUCTION

Defendants are not entitled to attorneys' fees because only Plaintiff's First Claim for Declaratory Relief could potentially permit an award of fees, and such claim did not sufficiently address the scope of any copyright. And *even if* the Court found that Plaintiff's first of only two claims for relief could give it the authority to award fees, the Court should not use its discretion to do so because (i) the parties merely stipulated to a final judgment, (ii) that stipulated judgment did not then retroactively make Plaintiff's positions entirely frivolous from the outset, and (iii) Defendants' only basis for asserting that Plaintiff's claims were in bad faith is a inadmissible settlement communication on which they cannot rely. Finaly, in the event the Court finds that an award of attorneys' fees is warranted, the Court must still use its discretion to significantly reduce the amount requested by Defendants.

## II.  RELEVANT PROCEDURAL HISTORY

On April 10, 2023, Plaintiff brought this action for a determination that Mr. Tracey was an owner in his contributions to Defendants' videogame server running the "open world" videogame entitled "Grand Theft Auto V" (the "NoPixel Server"), and for damages resulting from Defendants' alleged breach of an oral agreement purportedly entered into with Plaintiff. Dkt. No. 1. On July 7, 2023, Plaintiff filed its First Amended Complaint (the "FAC"). Dkt. No. 18. On February 14, 2024, the Court denied Defendants' Motion to Dismiss the FAC, and Defendants subsequently filed their Answer on February 26, 2024. Dkt. Nos. 26-27.

///

The parties thereafter conducted all necessary written discovery and took all necessary depositions. Declaration of John Begakis ("Begakis Decl.") at ¶ 5.

On August 12, 2024, Plaintiff filed its Motion for Summary Judgment as to its First Claim for Declaratory Relief ("Plaintiff's MSJ"). Dkt. No. 51. On August 19, 2024, Defendants filed their Opposition. Dkt. No. 52. On September 16, 2024, the Court denied Plaintiff's MSJ, signaling in the process that the Court did not agree with Plaintiff's positions, and theories of liability, being advanced. Dkt. No. 63.

On September 23, 2024, Defendants filed their own Motion for Summary Judgment as to the entire FAC ("Defendants' MSJ"). Dkt. No. 66. Defendants argued therein that no controversy existed as to whether Mr. Tracey owned his contributions to the NoPixel Server because Defendants were not making any claim to ownership thereof. Dkt. No. 66. Since it was now clear, however, that the Court did not plan to rule in its favor at trial, Plaintiff elected not to oppose Defendants' MSJ, and to stipulate to grant the same. Begakis Decl. at ¶ 11; *see also* Dkt. No. 71.

### III. ARGUMENT

#### A. Defendants' Motion Should Be Denied Because Defendants Are Not Entitled To Attorneys' Fees In Connection With Plaintiff's Declaratory Relief Action

Defendants are not entitled to an award of attorneys' fees because Plaintiff's First Claim for Declaratory Relief[1] did not actually address the scope of any copyright. Section 505 of the Copyright Act allows the discretionary award of attorneys' fees in a declaratory relief action when the scope of the copyright is at issue. *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 361 (9th Cir. 2020). Here, however, the parties did not adjudicate a dispute over the extent and scope of ownership of the copyright in the NoPixel Server because Defendants admitted to

---

[1] Plaintiff's Second Claim for Breach of Contract also provides no basis for an award of fees because the oral agreement that Plaintiff alleged was breached did not contain an attorneys' fee provision. *See* Dkt. No. 18.

2

Mr. Tracey's ownership of his contributions to the creation thereof. Dkt. No 66 at 15:15-22. ("There is, in fact, no controversy regarding the parties' respective rights in and to copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server…the content creator himself, Daniel Tracey testified that he owns the copyright to the work he created…**and Defendants make no claim to copyright ownership**.") (emphasis added).

Accordingly, there was never any controversy over the extent and scope of ownership of the copyright in the NoPixel Server by either party, and, as a result, there can be no entitlement to an award of attorneys' fees under the Copyright Act.

### B. Defendants' Motion Should Be Denied Because The Factors That Determine Whether To Award Attorneys' Fees Weigh In Plaintiff's Favor

Even if this Court finds that the scope of the copyright in the NoPixel Server was at issue in Plaintiff's First Claim for Declaratory Relief, the Court is only obligated to use its *discretion* to award attorneys' fees – and should not award any such fees in this case for the reasons set forth below. 17 U.S.C. § 505; *see Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). As cited by Defendants in their Motion, the Court may utilize several factors to guide its discretion, including "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) (citing *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006). Additionally, "[s]ubstantial weight should be accorded to the fourth factor." *Id.*

#### 1. Degree of Success Obtained

Defendants claim that they prevailed by achieving "complete success on the merits" – but the parties merely stipulated to a final judgment based on the relief

3

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES

sought in Defendants' unopposed MSJ (i.e., without having litigated any of the facts or theories set forth therein). And because this stipulated result was merely the product of Plaintiff's efforts to conclude this lawsuit knowing the Court did not plan to rule in Plaintiff's favor at trial, it was more the result of negotiation than the product of a decision on the merits. *See In re Yaikian*, 508 B.R. 175, 179 (Bankr. S.D. Cal. 2014); *see also* Begakis Decl. at ¶ 11. Accordingly, this factor weighs in favor of Plaintiff, and not in favor of Defendants.

### 2. Frivolousness and Objective Reasonableness

In their Motion, Defendants combine the second and fourth factors of their analysis and argue that Plaintiff's claims in the FAC were frivolous and unreasonable because they were "never supported by evidence…" Dkt. No. 75 at 18:15. To begin with, Plaintiff's MSJ was only denied by the Court because the Court found that material facts remained in dispute. Dkt. No 63. Thus, the Court cannot now find that Plaintiff's FAC lacked merit or evidence because of that ruling.

Furthermore, just because the parties stipulated to the granting of Defendants' MSJ without Plaintiff filing any opposition does not mean that Plaintiff's FAC lacked merit or evidence, for two reasons. **First**, the Court cannot rely upon the facts asserted in Defendants' MSJ on the basis that they are "undisputed" because the Court never considered evidence or ruled upon whether any of such facts were actually *and materially* undisputed. **Second**, even if the Court does find that such facts are "undisputed" (despite being "undisputed" only by stipulation), the Court cannot retroactively rule that such facts were *always* undisputed such that they make the claims in the FAC frivolous and unreasonable from the outset.

As such, these factors weigh in favor of Plaintiff, not in favor of Defendants.

### 3. Motivation

Defendants rely on a confidential settlement communication to manufacture nefarious intent by Plaintiff in initiating this action. However, representations and

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES

contentions made in a confidential demand letter cannot now be used against Plaintiffs, as the purpose of keeping settlement communications confidential is to promote non-litigious solutions to disputes, and to prevent "adverse consequences when the negotiations fail…" *Stewart v. Wachowski*, No. CV03-2873 MMMVBKX, 2004 WL 5618386, at *3 (C.D. Cal. Sept. 28, 2004); Federal Rule of Evidence 408. Therefore, the Court should ignore such inadmissible evidence and, therefore, find that Plaintiff had no improper motive for bringing its claims because Defendants' sole basis to prove improper motive was such inadmissible evidence.

Thus, this factor weighs in favor of Plaintiff, not in favor of Defendants.

### 4. Awarding Attorneys' Fees Would Not Advance Considerations Of Compensation And Deterrence

Plaintiff's FAC did not include "overreaching claims" related to copyright, or claims that were frivolous and unreasonable. *See Tresóna*, 953 F.3d at 654. The Court's denial of Defendants' Motion to Dismiss the FAC alone proves that Plaintiff's claims could not have been overreaching or "wholly without merit" and "entirely lacking in legal or factual support." *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1023 (C.D. Cal. 2022). Furthermore, and as argued above, Plaintiff's stipulation granting Defendants' MSJ does not mean that the facts set forth therein were actually and materially "undisputed," or that Plaintiff's advancement of contradictory facts is now, all of a sudden, retroactively deemed frivolous and unreasonable from the moment such facts were asserted.

Therefore, this factor weighs in favor of Plaintiff, not in favor of Defendants.

### C. If The Court Grants Defendants' Motion, The Court Should Limit The Amount Of Attorneys' Fees Awarded To Defendants

Even if the Court determines that attorneys' fees are awardable with respect to Plaintiff's First Claim for Declaratory Relief, and even if the Court determines, in its discretion, to award fees, Defendants are only entitled to – at most – half of the

5

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES

fees they seek. This is because only Plaintiff's First Claim for Relief carries the potential for an award of attorneys' fees to the prevailing party. The Court should also carefully review and consider whether all of the fees Defendants' counsel claims to have incurred were reasonable given their assertion that they spent over *three hundred and sixty hours* on a case with only two claims for relief. *See Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *5 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (noting that the Court has the authority to make "across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application" when faced with "a massive fee application.").

## V. CONCLUSION

For the foregoing reasons, TOVE respectfully requests that that the Court deny Defendants' Motion, or, in the alternative, significantly reduce the amount of attorneys' fees that it awards to Defendants.

DATED: November 18, 2024     **ALTVIEW LAW GROUP, LLP**

By: /s/ John Begakis, Esq.
JOHN M. BEGAKIS
SHEENA B. TEHRANI
*Attorneys for* THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company

**DECLARATION OF JOHN BEGAKIS**

I, John Begakis, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a founding partner at AltView Law Group, LLP and co-counsel for THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company ("TOVE" or "Plaintiff"), the Plaintiff in this action. I hereby submit this Declaration in support of Plaintiff's opposition to the Motion for Attorneys' Fees (the "Motion") filed on November 7, 2024 by Defendants KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL ("NoPixel"), and MITCHELL CLOUT, an individual ("Clout") (collectively, "Defendants"). I know all of the following facts of my own personal knowledge and, if called upon and sworn as a witness, could and would competently testify thereto.

2. On April 10, 2023, our office commenced this action on behalf of Plaintiff.

3. On July 7, 2023, our office filed the First Amended Complaint for Declaratory Relief and Breach of Contract (the "FAC").

4. On February 14, 2024, the Court denied Defendants' Motion to Dismiss the FAC.

5. On February 26, 2024, Defendants filed their Answer.

6. The parties thereafter conducted all necessary written discovery and took all necessary depositions.

7. On August 12, 2024, Plaintiff filed its Motion for Summary Judgment as to its First Claim for Declaratory Relief ("Plaintiff's MSJ").

8. On August 19, 2024, Defendants filed their Opposition to Plaintiff's MSJ.

///
///

1
DECLARATION OF JOHN BEGAKIS

9. On September 16, 2024, the Court denied Plaintiff's MSJ. During the hearing thereon, the Court clearly signaled to counsel that it did not agree with Plaintiff's positions, and theories of liability, advanced in the FAC.

10. On September 23, 2024, Defendants filed their own Motion for Summary Judgment as to all claims for relief in the FAC ("Defendants' MSJ").

11. Because it was clear to Plaintiff at this point that the Court did not plan to rule in Plaintiff's favor on the merits of its claims at trial, Plaintiff elected not to expend any more client resources litigating the matter. Our office therefore sought to dismiss the case, but Defendants would only agree to end the dispute via a stipulation granting Defendants' MSJ. Accordingly, the parties stipulated to the relief requested in Defendants MSJ on October 18, 2024.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on November 18, 2024, at Los Angeles, California.

_____
JOHN BEGAKIS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: November 18, 2024   By: /s/ John Begakis
John M. Begakis