Larry Zerner (SBN 155473)
Law Office of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, California 90067
Telephone:  (310) 773-3623
Email: Larry@Zernerlaw.com

Attorney for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT ONE VIDEO ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KOIL CONTENT CREATION PTY LTD., an Australian proprietary limited company doing business as NOPIXEL; MITCHELL CLOUT, an individual, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-02687 SVW (JCx)<br><br>[Assigned to the Hon. Stephen V. Wilson;  Ctrm 10A]<br><br>DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES |

Defendants KOIL CONTENT CREATION PTY, LTD. and MITCHELL CLOUT hereby respectfully submit this Reply Brief to Plaintiff's opposition to Defendants' Motion for Attorney Fees:

# Table of Contents

**I.**   **INTRODUCTION** ................................................................... …………1

**II.**   **ARGUMENT** ........................................................................ …………1

   (a)   **Plaintiff Denies its Own Claims and Ignores the Law** ............................. 1

   (b)   **The Applicable Factors favor an Award of Fees to Defendants** ............ 7

   (c)   **Plaintiff Counsel's Letters are Admissible**. ............................................... 8

   (d)   **The Motion To Dismiss is Irrelevant**……………………………….…11

**III.**   **FEE AMOUNT** .................................................................... ……….12

**IV.**   **CONCLUSION..**................................................................... ……….13

# TABLE OF AUTHORITIES

## Cases

*Athey v. Farmers Ins. Exchange*, 234 F.3d 357 (8th Cir. 2000) .................................. 10

*Ball v. LeBlanc*, 881 F.3d 346, 354 (5th Cir. 2018) ...................................................... 9

*Coakley & Williams v. Structural Concrete Equip.*, 973 F.2d 349 (4th Cir. 1992) ... 10

*Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 363 (9th Cir. 2020) ....... 2, 4

*Head v. Medford*, 62 F.3d 351 (1995) ........................................................................... 6

*In re Yaikian*, 508 B.R. 179 (Bankr S.D. Cal. 2014) ..................................................... 6

Kraft v. St. John Lutheran Church, 414 F.3d 943, 947 (8th Cir. 2005) ....................... 9

*Mallon v. Marshall*, 268 F. Supp. 3d 264, at 266 (D. Mass. 2017) .............................. 2

*Martin v. Finley*, 349 F. Supp. 3d 391, 422 n. 3 (M.D. Pa. 2018). ............................... 9

*Ogborn v. UFCW Union, Local No. 881*, 305 F.3d 763, 770 (7th Cir. 2002) ............. 6

*Tresona Multimedia, LLC v. Burbank High School Vocal Music Ass'n,* 953 F.3d 638) .................................................................................................................................. 7

## Statutes

Federal Rule of Evidence Section 408 ........................................................................... 8

Rule 408 ........................................................................................................................ 10

## I. INTRODUCTION

Plaintiff's opposition perfectly demonstrates why Defendants should be awarded attorney fees. In its opposition, Plaintiff incredulously argues that Defendants are not entitled to attorney fees because "*there was **never any controversy** over the extent and scope of ownership of the copyright by either party*".

This stunning admission, where Plaintiff *finally* acknowledges what Defendants have argued since before this case began, is in direct contrast to Plaintiff's own complaint, where *Plaintiff alleged (1) "an actual **controversy**" exists between [Plaintiff] and Defendants regarding their rights to certain **copyrights***; (2) *such **controversy** is definite, concrete, real, substantial and can only "be relieved through Court decree"*; and (3) *an actual and justifiable **controversy** exists regarding Plaintiff's claim to ownership of **copyrights***.

Plaintiff thus filed a complaint alleging a copyright controversy (*citing the "Copyright Act"*) when it *knew that no controversy ever existed*. Consequently, Defendants were forced to spend over $200,000.00 defending against frivolous claims that Plaintiff knew then and now concedes lack merit. Thus, for these and other reasons set forth herein, Defendant's motion should be GRANTED.

## II. ARGUMENT

(a) **Plaintiff Denies its Own Claims and Ignores the Law**

- 1 -

Plaintiff's opposition to Defendant's Motion for Attorney Fees lacks legal support. Plaintiff argues Defendants are not entitled to an award of fees because its Declaratory Relief cause of action "did not actually address the scope of any copyright." *Plaintiff completely ignores the relevant case law* cited by Defendants, which holds that a claim for **Declaratory Relief** premised on the need to construe the provisions of the **Copyright Act**, allows the court to grant attorney fees to the prevailing party. *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 363 (9th Cir. 2020) (citing Nimmer on Copyright, Section 14.10, Attorney Fees). And further, where the **Declaratory Relief** action sufficiently invokes the **Copyright Act** (as Plaintiff did) *attorney fees may be awarded*. *Id.*

In so holding, the *Doc's Dream* case cited relevant examples. There the court found that attorney fees could be awarded in a case where a party was seeking a declaration concerning its rights as a **co-owner of a copyright**. *Id*. Or where a party seeks a declaration that a work falls outside the scope of copyright protection; or that the exploitation at hand falls outside the rights accorded to the copyright owner. *Ibid*. Further, fees can be considered after summary judgment, where Plaintiff seeks a *declaration* it is co-author and co-owner of a copyright *without an infringement claim. Mallon v. Marshall*, 268 F. Supp. 3d 264, at 266 (D. Mass. 2017).

In seeking to avoid application of this established legal authority, Plaintiff argues that "the parties did not 'adjudicate' a dispute over the extent and scope of ownership of the copyright…because Defendants admitted to Mr. Tracey's

(Plaintiff's alleged employee) ownership of his contributions." They conclude that, because there was "never any controversy over the extent and scope of the ownership of the copyright…" the motion for attorneys' fees should be denied.

However, in making this argument, Plaintiff completely misstates the nature of the dispute. This case is not about whether **Mr. Tracey** owned the copyright to his code (Mr. Tracey is not a party to this lawsuit), this case is entirely about whether **Plaintiff** owned the copyright to Mr. Tracey's contributions.[1]

Plaintiff's position is flawed for another reason: in *Doc's Dream*, the defendant prevailed and was awarded attorney fees where the Plaintiff's **complaint** invoked the Copyright Act: "An action arises under the federal copyright laws

---

[1] See FAC, ¶¶28-29: "TOVE therefore seeks the Court's determination *as to whether **TOVE** possesses a claim to ownership of any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server, pursuant to the Copyright Act,* and whether TOVE is entitled to prevent Defendants from utilizing such contributions under the guise of a "permanent and irrevocable license" that TOVE did not grant.
29. Accordingly, an actual and justifiable controversy has arisen and now exists between TOVE and Defendants *regarding **TOVE's** claim to ownership of any and all copyrights derived from Mr. Tracey's creative contributions to the NoPixel Server* and whether Defendants possess a license thereto, and a declaration from this Court is therefore warranted under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., to establish such parties' respective rights and obligations." (Emphasis added).

if…the ***complaint*** is for a remedy expressly granted by the Act…or ***asserts a claim*** requiring construction of the Act. *Doc's Dream* at 362 (citing *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 584 (9th Cir. 1993).

It was not required to "'adjudicate' a dispute over the extent and scope of ownership of the copyright." It did not matter that "there was never any controversy of the extent and scope of the ownership of the copyright." Plaintiff is inventing law and failing to cite any legal authority for its position. In fact, *Doc's Dream* found it only mattered if the Plaintiff's ***Complaint for Declaratory Relief*** either (a) invokes the Copyright Act or (b) seeks a remedy expressly granted by the Copyright Act. *Doc's Dream* at 361-362. All that matters is a copyright *allegation*. *Ibid*.

In this case, **Plaintiff's Complaint did exactly that**. Here, it was *Plaintiff* who alleged there was a dispute "***regarding the parties' respective rights in and to any and all <u>copyrights</u>***." It was *Plaintiff* that sought a declaration there was a "***joint ownership interest in and to any and all copyrights…<u>pursuant to the Copyright Act</u>***". And it was *Plaintiff* that alleged there was a controversy "***regarding TOVE's claim to <u>joint ownership</u> of any and all <u>copyrights</u>.***"

Now, however, despite Plaintiff expressly alleging in its complaint that there *was* a "controversy" regarding the copyrights (under the Copyright Act), Plaintiff claims "there was *never any controversy*" regarding copyrights. In short, Plaintiff

claimed there was a controversy when it served their purpose but denies it now when faced with the consequences of its frivolous suit.[2]

This inconsistent position is, in fact, the very reason why Defendants are entitled to an award of fees: For two years, Plaintiff forced Defendants to defend against a claim that Plaintiff now admits never even existed. In fact, this could and should have been determined by Plaintiff prior to filing its complaint. Thus, e.g., prior to filing its complaint Plaintiff was aware that Tracey signed the Terms of Service (a) retaining sole ownership of his copyrighted contributions and (b) granting a license for Defendants to use it. Yet, assuming Plaintiff did not learn this until after discovery commenced, Plaintiff should have dismissed its complaint before forcing Defendants to take depositions, hire experts, and oppose and file motions.

Meantime had Plaintiff not filed a frivolous complaint making allegations that Plaintiff now denies existed, Defendants would have saved over $200,000.00. But because Plaintiff asserted a cause of action it admits lacked merit, Defendant are entitled to recover its fees for having to defend against it. It is not required that the matter be "fully adjudicated" as Plaintiff suggests. All that is required is that Plaintiff included allegations concerning copyright in its complaint and Defendant was thereafter determined to be the *prevailing party*.

---

[2] It should also be noted that if there is no copyright issue to be decided by the Court, then this Court would not have jurisdiction to hear the case.

Knowing this, Plaintiffs suggests, again without citing relevant legal authority, that Defendants were *not* the prevailing party entitled to recover fees. Plaintiff suggests Defendants were not a prevailing party achieving complete success on the merits because the parties *stipulated* to a final judgment. This position is contrary to the actual stipulation, which states (1) the Court should *grant the Motion for Summary Judgment* filed by Defendants, and (2) Summary Judgment is to be *entered in favor of Defendants*.

In that regard, the party in whose favor judgment is entered is generally considered to be the "prevailing party". *See Ogborn v. UFCW Union, Local No. 881, 305 F.3d 763, 770 (7th Cir. 2002)*. *See also Head v. Medford*, 62 F.3d 351 (1995) (Defendants were the "prevailing party" entitling them to fees and costs following summary judgment in their favor).

Plaintiff instead asserts an unsubstantiated personal *opinion* based on inapplicable law. Here, e.g., Plaintiff claims that the judgment in this case wasn't actually a judgment because it was stipulated. Plaintiff cites no authority for the conclusion that a stipulated judgment is not a judgment. Instead, Plaintiff claims "it was more the result of negotiation than a product of a decision on the merits (citing the bankruptcy case of In re Yaikian, 508 B.R. 179 (Bankr S.D. Cal. 2014).

To reach *that* conclusion, Plaintiff lifted a concept taken *out of context*. Thus, in the *Yaikian* case, the issue was *the effect a stipulated judgment had on the application of issue preclusion and collateral estoppel*. *Id* at 179 (emphasis added).

There, the Court held: "Generally, stipulated judgments in California are afforded *claim preclusive effect*, but not *issue preclusive effect*…[because] these judgments are the product, not of litigation but of negotiation." *Ibid*.

In this case, however, neither issue nor claim preclusion are relevant to whether a judgment in Defendants' favor (whether after hearing or entered as the result of a stipulation) entitles Defendant to attorney fees.

**(b) The Applicable Factors favor an Award of Fees to Defendants**

For the foregoing reasons, Defendants' did, in fact, achieve "complete success on the merits", which means this Court may determine that factor weighs in favor of Defendant when exercising its discretion to award fees. (*see* Tresona Multimedia, LLC v. Burbank High School Vocal Music Ass'n, 953 F.3d 638).

Next, and *again without citing any legal authority*, Plaintiff claims their case was fair and objectively reasonable because (1) the court never "considered evidence or ruled upon whether any of the facts that were actually and materially undisputed; and (2) the court cannot determine that the facts were "always" undisputed to make the claims asserted in their FAC frivolous and unreasonable.

Plaintiff's self-serving and unsubstantiated argument is, once again, flawed. And Plaintiff again ignores the actual law, which states, in pertinent part, if a party fails to properly address another party's assertion of fact, *the court may consider the fact undisputed*. (see Sections 56(c) and (e) of the Federal Rule of Civil Procedure). And that the Court may assume that material facts claimed and supported by a moving

party in an MSJ are admitted to exist without controversy *unless controverted by evidence*. (*see* CD CA Rule 56-3).

Therefore, and despite Plaintiff's effort to pretend these circumstances don't exist, *in reality* the factors demonstrating that Plaintiff's case was both *unfair* and *unreasonable* can be determined in Defendants' favor without having to make a determination under Plaintiff's made up law (i.e. that the facts were "actually and materially undisputed" or "always" undisputed). The unfair and unreasonable nature of the claim can be determined by the *undisputed facts*, which were made undisputed after Plaintiff declined to oppose them. Rather than challenging the facts, Plaintiff instead simply relies upon non-existent law and unsupported conclusions to claim the undisputed facts don't matter. This "argument" is consistent with Plaintiff's new position that the claims in their complaint don't actually exist.

(c) **Plaintiff Counsel's Letters are Admissible**.

Plaintiff next endeavors to argue that evidence of their improper motivation cannot be derived from their own letters, asserting that said communications were privileged. In support, Plaintiff cites Federal Rule of Evidence Section 408; however, Section 408 doesn't apply in this instance.

Rule 408 states that certain evidence is not admissible, "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:" Here, Defendants did not introduce the letters for either of those purposes.

Rather, the evidence was introduced to demonstrate Plaintiff's *intent*. In that regard, courts have recognized that Rule 408 should not exclude "more than required" to effectuate its goals, which would contradict the fundamental policy favoring the admission of all relevant evidence. (*See, e.g.*, Ball v. LeBlanc, 881 F.3d 346, 354 (5th Cir. 2018).

When *not* used to "prove or disprove the validity or amount of a disputed claim," settlement evidence *is* admissible when offered for "another purpose, such as proving a witness's bias or prejudice…." (Fed.Rules.Evid. Section 408).

Whether settlement evidence should be allowed for "another purpose" is *entirely within the discretion of the trial courts*. (*See, e.g.*, Hudspeth v. C.I.R., 914 F.2d 1207, 1213–14 (9th Cir.1990) (recognizing that the trial court properly factored in the rule's policy when excluding evidence, but finding that the evidence should have been admitted to show a witness's bias as per Rule 408(b)). Among other things, courts have allowed settlement communications to prove a party's knowledge of certain facts. (*see e.g.*, Kraft v. St. John Lutheran Church, 414 F.3d 943, 947 (8th Cir. 2005).

Courts have also allowed such evidence of settlement negotiations as evidence of a party's *intent or purpose*. See, e.g., *Martin v. Finley*, 349 F. Supp. 3d 391, 422 n. 3 (M.D. Pa. 2018). In *Martin*, the plaintiff sued the defendants for abuse of process, alleging that defendants filed a complaint and *used it to coerce him to settle*. There, the court *allowed* evidence of settlement negotiations, reasoning that the negotiation was "the crux" of the plaintiff's claim and that **the settlement evidence could be used**

***to show the defendants' <u>intent or purpose</u>***. *Ibid* (emphasis added). *This* was the reason Defendants introduced the evidence: To demonstrate that *Plaintiff's <u>intent</u> was to coerce Defendants to settle an alleged defamation claim by <u>threatening</u> to sue for copyright infringement* (see below).

    Under federal law there is support for Defendants' use of the subject letters. In that regard, courts have held that , under Rule 408 settlement offers are "***only inadmissible when offered to prove liability or damages***". *Coakley & Williams v. Structural Concrete Equip.*, 973 F.2d 349 (4th Cir. 1992). Rule 408 is *inapplicable* when compromise evidence is offered for a purpose <u>other than</u> to prove the validity, invalidity, or amount of a disputed claim. See for example *Athey v. Farmers Ins. Exchange*, 234 F.3d 357 (8th Cir. 2000) (evidence of settlement offer was properly ***admitted to prove insurer's <u>bad faith</u>***); Coakley, supra, (evidence of settlement is not precluded by Rule 408 where offered ***to prove a party's <u>intent</u>*** with respect to the scope of a release); *Uforma/Shelby Bus. Forms, Inc. v. NLRB*, 111 F.3d 1284 (6th Cir. 1997) (***<u>threats</u> made in settlement negotiations were admissible*** and Rule 408 is inapplicable when the claim is based upon a wrong that is committed during the course of settlement negotiations).

    In this case, the letters were submitted, not to prove the amount of a disputed claim but, rather, to demonstrate the Plaintiff's ***<u>bad faith</u>***, ***<u>improper intent</u>*** and ***<u>illegitimate threats</u>*** made against Defendants (i.e., threatening to file a copyright infringement case if Defendants didn't retract an allegedly defamatory statement).

Even if this Court were to exclude such evidence, however, one inescapable fact remains: Defendants are the prevailing party based on claims that Plaintiff now admits had no basis in fact. And, when Plaintiff had the opportunity to contest those facts (namely, that there was no joint ownership of the copyrighted material, there was no agreement between Plaintiff and Defendants and that Plaintiff licensed the material to Defendants), Plaintiff conceded the entire action had no merit by not even opposing Defendants' motion for summary judgment.

**(d) The Motion To Dismiss is Irrelevant**

Lastly, Plaintiff seeks to avoid imposition of attorney fees by claiming that, just because Defendants' motion to dismiss Plaintiff's FAC was denied, the FAC had merit and "factual support." This is simply not the case. In fact, it is hornbook law that, when ruling on a Motion to Dismiss a complaint the court is required to construe the complaint in the plaintiff's favor, accept all well-pleaded allegations as true, and draw all reasonable inferences in favor of the plaintiff. (Citations omitted).

That is an entirely different standard than what we are confronted with here. In this case, Plaintiff survived the initial pleading where the allegations were construed as true and in Plaintiff's favor, then (1) lost on its motion for summary judgment and (2) lost on Defendants' motion for summary judgment. This is because, once the undisputed facts were before this court, it became apparent that Plaintiff had no claim. This becomes clear based on Plaintiff's striking new admission: Plaintiff's

FAC made a factual allegation that there was a "controversy" over copyright ownership, which Plaintiff now admits that was never true.

In sum, Plaintiff survived the Motion to Dismiss by relying on factual allegations that were never true, where the court was required to assume it was solely for purposes of *that* motion, and where Plaintiff now admits no controversy ever existed, which is in direct contrast to the claim it made in the FAC.

### III.    FEE AMOUNT

Naturally, Plaintiff seeks to reduce the fee award by claiming the hours spent and amount charged was unreasonable. In support, Plaintiff offers nothing to demonstrate the amount of time spent or rates charged were unreasonable, other than its own opinion. Instead, what was unreasonable, was a need to defend against a frivolous law suit that Plaintiff has now conceded was frivolous both by bailing out of the case when it came time to contest the evidence; and by admitting there was never any controversy despite alleging in its complaint that there was.

In terms of those fees, upon review this court will find there was no double billing, and the rates are generally at or below market rate for attorneys with 30 years of experience. And, as set forth in the declaration in support of Defendants' Motion for Attorney Fees, much of the time spent was written off (not billed to the client). At all times counsel for Defendants billed both ethically and responsibly and only incurred the time they did because Plaintiff refused to accept the fact their claim lacked merit and they dragged this case out for two years until the eve of trial.

## IV. CONCLUSION

Plaintiff filed a frivolous complaint, asserting a claim it admits did not exist. Plaintiff lost its MSJ and, before losing on Defendant's MSJ, abandoned its case by failing to file an opposition, admitting to all facts raised by Defendants. Plaintiff then tried to stipulate around the inevitable judgment, claiming it was resolved through "negotiation." This transparent attempt to avoid paying for its misguided case should not be sustained.

Date: November 25, 2024　　　　　　　Law Office of Larry Zerner

　　　　　　　　　　　　　　　　　　By: /s/ Larry Zerner
　　　　　　　　　　　　　　　　　　Larry Zerner
　　　　　　　　　　　　　　　　　　Attorney for Defendants Koil Content
　　　　　　　　　　　　　　　　　　Creation Pty. Ltd. and Mitchell Clout