UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02687-SVW-JC | Date | March 19, 2025 |
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES [75]

### I.  Introduction

Before the Court is a motion for attorney's fees brought by Defendants Koil Content Creation PTY LTD and Mitchell Clout (collectively, "Defendants"). Motion for Attorney's Fees, ECF No. 75 ("Mot."). For the following reasons, the motion is DENIED.

### II.  Factual and Procedural Background

Plaintiff That One Video Entertainment ("TOVE") is a content creation and business management company that employs various individuals in the videogame industry. First Amended Complaint, ECF No. 18, ("FAC") ¶ 9. TOVE employed a software developer named Daniel Tracey ("Tracey"). *Id.* As part of Tracey's employment agreement, TOVE was permitted to contract with third parties to sell Tracey's services and receive all compensation paid for such services. *Id.* ¶ 10. Defendants operate a videogame server (the "Server"), where individuals who play the "open world" video game, Grant Theft Auto V, can role-play with other individuals in a closed game environment. *Id.* ¶ 11.

Around early 2020, Defendants contracted with TOVE to obtain Tracey's services as an independent contractor. *Id.* ¶ 12. From early 2020 to December 2022, Tracey rendered services to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | March 19, 2025 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

Defendants. *Id.* ¶ 13. These included creative contributions to the visual aesthetics of the game and to the information management systems that allowed the Server to function. *Id.* Tracey also designed and created the entire payment processing system. *Id.*

In late 2022, a personal dispute arose between Tracey and Defendant Clout, resulting in Clout terminating Tracey's role with Defendant Koil and removing his authority to access the Server. *Id.* ¶ 15. Subsequently, on January 9, 2023, TOVE's counsel sent Defendants a demand to cease and desist, where TOVE asserted exclusive ownership over Mr. Tracey's contributions to the Server. *Id.* ¶ 20. On January 23, 2023, Defendants' counsel responded that Tracey's contributions were not copyrightable, and in the alternative, anything Tracey contributed was permanently and irrevocably licensed to Defendants anyway. *Id.* ¶ 21. On February 6, 2023, TOVE sent another cease-and-desist letter, disputing their lack of ownership and making it clear that TOVE intended to file suit. *Id.* ¶ 22. Defendants responded on February 10, 2023, stating that they had a perpetual, irrevocable license, and that they would be recommending to their client that they bring an action for declaratory relief against TOVE. *Id.* ¶ 23.

Based on these allegations, TOVE brought claims for (1) declaratory relief, (2) breach of contract, and (3) accounting. *Id.* ¶¶ 25–37.

Defendants brought a motion to dismiss, arguing that TOVE's first claim for declaratory relief was in fact a copyright infringement claim requiring registration of the copyright as a prerequisite to file suit. Motion to Dismiss, ECF No. 14. The Court denied the motion, finding that the claim was properly stated as seeking declaratory relief that Tracey was a joint author of the Server. Order Denying Motion to Dismiss, ECF No. 26.

Subsequently, TOVE brought a motion for summary adjudication of the declaratory relief claim, which the Court denied, finding that issues remained in factual dispute. TOVE's Motion for Summary Adjudication, ECF No. 51; Order Denying TOVE's Motion for Summary Adjudication, ECF No. 61.

Defendants then filed a motion for summary judgment. Defendants' Motion for Summary Judgment, ECF No. 66. After this motion was filed, and before the Court ruled on it, the parties filed a stipulation to grant summary judgment in favor of Defendants. Stipulation, ECF No. 71. The Court

:
_____
Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | March 19, 2025 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

approved the stipulation, granting summary judgment and closing the case. Order Granting Summary Judgment, ECF No. 73.

Defendants now move for attorney's fees pursuant to Section 505 of the Copyright Act on the ground that they are the prevailing party in this copyright action. Mot. TOVE opposes the motion. Opposition to Motion for Attorney's Fees, ECF No. 78.

### III. Discussion

The Court finds in its discretion that the factors analyzed in weighing whether to award fees in a copyright case weigh against awarding fees to Defendants in this case. Therefore, the Court denies Defendants' motion for attorney's fees.

#### A. Court's Ability to Award Fees

Section 505 of the Copyright Act allows for a discretionary award of attorney's fees "in any action where the scope of the copyright is at issue." *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 361-62 (9th Cir. 2020); 17 U.S.C. § 505. A claim for declaratory relief premised on the need to construe the provisions of the Copyright Act invokes Section 505 even if brought under the Declaratory Judgment Act rather than the Copyright Act. *Id.* at 362-63. Here, TOVE sought declaratory relief under the Declaratory Judgment Act that Tracey was a joint author of the Server. This declaratory relief squarely places the scope of the copyright in the Server at issue and is premised on a need to construe the Copyright Act. Therefore, a discretionary fee award under Section 505 may be proper.

Defendants are also the prevailing parties for attorney's fees purposes. Summary judgment is a judgment that favors the party in whose favor the judgment was granted, thereby establishing them as the prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (finding that party may be considered a prevailing party for attorney's fees purposes "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit"). Here, the parties stipulated to a grant of summary judgment in Defendants' favor, making Defendants the prevailing parties.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02687-SVW-JC | Date | March 19, 2025 |
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

In sum, Section 505 enables Defendants to be awarded fees as the prevailing party in this litigation regarding a claim for declaratory relief premised on the need to construe provisions of the Copyright Act.

**B.   Court's Discretion to Award Fees**

However, the factors that govern an award of attorney's fees under Section 505 weigh against awarding fees to Defendants. The touchstone of the decision to award attorneys' fees is whether the successful defense, and the circumstances surrounding it, further the Copyright Act's "essential goals." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209 (2016). "Courts may consider (but are not limited to) five factors in making an attorneys' fees determination ... (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective reasonableness of the losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) (quoting *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006)) (cleaned up). The fourth factor is accorded "substantial weight." *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018) (citing *Kirtsaeng*, 579 U.S. at 202, 209). The Court analyzes each factor in turn.

   1.   **Degree of Success Obtained**

A fee award is less justified when "copyright defendants do not ... reach the merits, prevailing instead on technical defenses." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996). Here, while Defendants prevailed on summary judgment, they did so not because of this Court's adjudication of the merits but pursuant to a stipulation by the parties. At no point did the Court issue a final ruling on the merits of the litigation. The Court therefore finds that Defendants "obtained a relatively small degree of success for the purposes of determining a fee award." *Nutrivita Lab'ys, Inc. v. VBS Distribution Inc.*, 160 F. Supp. 3d 1184, 1190 (C.D. Cal. 2016), *aff'd*, 697 F. App'x 559 (9th Cir. 2017); *see also Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 843 (M.D. Tenn. 2004) ("[A] stipulation of dismissal with prejudice is clearly a much lesser degree of success than a judicial vindication of the defendants' position."), *aff'd*, 226 Fed. Appx. 491 (6th Cir. 2007), *DRK Photo v. McGraw-Hill Glob. Educ. Holdings LLC*, No. CV-16-04536-PHX-DJH, 2019 WL 450882 (D. Ariz. Feb. 5, 2019) (finding same). This factor therefore weighs only minimally in favor of a fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | March 19, 2025 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

    **2.**    **Frivolousness and Objective Unreasonableness**

"Objective unreasonableness is generally used to describe claims that have no legal or factual support." *Washington v. ViacomCBS, Inc.*, 2021 WL 6134375, at *2 (C.D. Cal. Dec. 9, 2021) (cleaned up). Relatedly, "a claim is appropriately considered to be frivolous when the result is obvious or the arguments are wholly without merit." *Id.* (citations and internal quotation marks omitted); s*ee also Glass v. Sue*, No. CV 09-8570-RGK SHX, 2011 WL 561028, at *3 (C.D. Cal. Feb. 8, 2011).

Courts evaluate the objective reasonableness of the plaintiff's claims "both in the factual and in the legal components of the case." *Perfect 10, Inc. v. CCBill LLC,* 488 F.3d 1102, 1120 (9th Cir.2007). To do so, courts consider whether a plaintiff has pleaded any facts that would somehow connect a defendant to the alleged claims. *See, e.g., Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir.2010). Additionally, "[w]hen a court weighs whether to grant attorney's fees, a legal argument that loses is not necessarily unreasonable." *Shame On You Prods.*, 893 F.3d at 666 (citing *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 887 (9th Cir. 2016), and *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013)).

Here, the result of the case was not obvious and TOVE's arguments were not wholly without merit, nor were TOVE's claims objectively unreasonable. As a first matter, the mere fact that this Court denied Defendants' motion to dismiss would tend to indicate that TOVE's case was not entirely unmerited or at least that TOVE's claims were not entirely lacking in legal or factual support. *See Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1023 (C.D. Cal. 2022) (finding that plaintiff's claim was not "wholly without merit" despite *granting* motion to dismiss).

Further, TOVE pleaded facts that connected Defendants to the alleged claims. TOVE sought declaratory relief that Tracey was a joint author in the Server, and in support of this claim alleged that Tracey rendered services to Defendants, including creative contributions to the visual aesthetics of the game and the information management systems allowing the Server to function, as well as designing and creating the entire payment processing system. These allegations connect Defendants to the alleged claim for declaratory relief. Therefore, the Court finds TOVE's claims were not objectively unreasonable. If the Court had made the factual determinations that Tracey did in fact make these contributions and these contributions were significant enough to warrant joint authorship in the Server,

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | March 19, 2025 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

TOVE could have prevailed.

Defendant also made arguments that a Terms of Service that Tracey signed constituted a work for hire agreement that would have disqualified him as a joint author. However, again, TOVE made colorable arguments that this Terms of Service 1) was not signed by Tracey at all and 2) did not apply to Tracey's contributions. While the Court did not grant TOVE's motion for summary adjudication that advanced these arguments, it also did not fully reject these arguments, finding only that factual dispute remained. While TOVE's arguments did not lead to it prevailing on that motion, they were not objectively unreasonable.

Therefore, both of these factors, one of which is accorded "significant weight," weigh against awarding fees in this instance.

### 3. Motivation

"[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." *Marcus v. ABC Signature Studios, Inc.*, No. 17CV00148RSWLAJWX, 2017 WL 5592470, at *4 (C.D. Cal. Nov. 20, 2017) (quoting *Frost–Tsuji Architects v. Highway Inn, Inc.*, No. CV 13–00496 SOM/BMK, 2015 WL 5601853, at *7 (D. Haw. Sept. 23, 2015)) (internal quotation marks omitted). Such a finding of bad faith or improper motive "can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." *Id.* Bad faith or improper motive may be found where the plaintiff's "primary motivation was not receipt of the documents in question, but rather draining Defendants' resources in order to force a settlement." *Shame On You Prods.*, 893 F.3d at 668.

Here, Defendants argue that TOVE threatened to sue for copyright infringement in order to compel Defendants to retract an allegedly defamatory statement, suggesting an intent to "force Defendant to expend significant resources on litigation in order to coerce a settlement." Mot. at 20. The Court finds Defendants' argument unpersuasive, for several reasons.

*First*, as Defendants admit in their motion, no defamation claim was ever involved in this case. If TOVE's motivation in filing this suit was primarily to compel Defendants to retract an allegedly

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | March 19, 2025 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

defamatory statement, as Defendants suggest, it is illogical to suggest that TOVE would bring this suit without bringing the defamation claim itself. Defendant's theory is essentially that TOVE improperly buttressed its defamation claim with a meritless copyright claim. Not only has the Court already found that TOVE's copyright claim was not frivolous or objectively unreasonable, but there was no defamation claim to buttress, because one was never brought.

*Second*, while the initial demand letter Defendants argue demonstrates this improper motive certainly discusses allegedly defamatory statements, it also asserts that "all of Mr. Tracey's contributions to the most recent version of the Game, as it exists on the [Server], is owned exclusively by [TOVE] and entitles [TOVE] to a claim for all such IP." Mot., Ex. 1. It is therefore far from clear, as Defendants assert, that pursuing damages for alleged copyright claims was not TOVE's motivation. The evidence submitted by Defendants indicates that from the very start, copyright ownership was in TOVE's mind as a motivation for bringing this lawsuit.

Therefore, the Court finds that there is no evidence of an improper motive or bad faith, and that this factor weighs against awarding fees in this case.

    4.    **Need for Compensation and Deterrence**

For similar reasons, the Court finds that considerations of copyright compensation or deterrence would also not be served by awarding fees. While "[t]he successful defense against a plaintiff's copyright infringement claims may assure that a defendant's literary work remains available to the public, thus furthering the goal of stimulating artistic creativity for the general public good and perhaps lead to further creative pieces ... it is not the purpose of the Copyright Act to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful." *Smith v. Weeknd*, 2020 WL 8174617, at *4 (C.D. Cal. Sept. 4, 2020) (cleaned up).

Again, while the parties ultimately stipulated to a grant of summary judgment in Defendants' favor, TOVE's claims were not frivolous or objectively unreasonable, and no evidence persuasively establishes any sort of improper motive or bad faith. Accordingly, the Court does not view this case as one in which an award of fees would serve the Copyright Act's purpose to "encourage the production of original literary, artistic, and musical expression for the good of the public." *Velasquez v. 2048 Partners,*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02687-SVW-JC | Date | March 19, 2025 |
|---|---|---|---|
| Title | *That One Video Entertainment LLC v. Koil Content Creation PTY LTD. et al* | | |

*LLC*, No. 18-CV-06184-JD, 2020 WL 3035791, at *2 (N.D. Cal. June 5, 2020) (quoting *SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013)) (finding that considerations of compensation or deterrence were not served when plaintiff "attempt[ed] to vindicate his good-faith belief in his…rights").

In sum, the relevant factors weigh overwhelmingly against an award of fees. Therefore, the Court in its discretion declines to award Defendant attorney's fees in this case.

**IV.   Conclusion**

For the foregoing reasons, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |